Ann McFarland Draper (SBN 065669)
courts@draperlaw.net
**Draper Law Offices**
75 Broadway, Suite 202
San Francisco, California 94111
Tel: (415) 989-5620

**Attorneys for Defendants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC., a California corporation,<br><br>          Plaintiff,<br>vs.<br><br>DAN RASURE, THESHOP DOT BUILD, LLC, a Kansas limited liability company (sued herein under the name TECHSHOP 2.0 LLC), THESHOP DOT BUILD SAN FRAN, LLC, a Kansas limited liability company (sued herein under the name TECHSHOP 2.0 SAN FRANCISCO LLC),<br><br>          Defendants. | **Case No. 4:18-cv-01044-HSG**<br><br>**Hearing**<br>Date & Time: **August 16, 2018 at 2:00 p.m.**<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Location: Courtroom 2, 4th Floor<br>1301 Clay Street<br>Oakland, CA  94612<br><br>Trial Date: None Set<br>Action Filed: January 16, 2018 |

**NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES
[FRCP 12(b)(1), 12(b)(6), 12(b)(7), 17 and 19]**

---
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
[FRCP 12(b)(1), 12(b)(6), 12(b)(7), 17 and 19]

# NOTICE OF MOTION AND MOTION

TO:   PLAINTIFF AND TO ITS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT ON Thursday, August 16, 2018, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of Hon. Haywood S. Gilliam, Jr., Courtroom 2, located at 1301 Clay Street, Oakland, CA  94612, Defendants DAN RASURE ("Rasure"), THESHOP DOT BUILD, LLC, a Kansas limited liability company ("Build LLC"),[1] and THESHOP DOT BUILD SAN FRAN, LLC, a Kansas limited liability company ("Build SF LLC")[2] (collectively "Movants"), will and hereby do move to dismiss the action for failure to join a party or to bring the action in the name of, or join or substitute, the real party in interest.

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, and the accompanying Request for Judicial Notice and Declaration of Ann McFarland Draper filed and served herewith, and upon all the papers, records and pleadings filed herein.

DATED:  May 15, 2018

Respectfully Submitted,

DRAPER LAW OFFICES

By   /s/ Ann McFarland Draper

Ann McFarland Draper
Attorneys for Defendants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC

---

[1]   Build LLC was sued herein under its former name "TechShop 2.0 LLC".
[2]   Build SF LLC was sued herein under its former name "TechShop 2.0 San Francisco LLC".

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
[FRCP 12(b)(1), 12(b)(6), 12(b)(7), 17 and 19]

- 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

TechShop, Inc. ("Debtor"), as plaintiff, filed this trademark infringement action on January 16, 2018 and served Defendants on February 22, 2018.  Exhibit "A" to the Request for Judicial Notice *"RJN").  Four days later, on February 26, 2018, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition"), commencing its bankruptcy case.  Exhibit "B" to the RJN.  Doris A. Kaelin has been appointed Trustee in the Chapter 7 case ("Trustee").  Draper Declaration, ¶ 5.

Upon filing of the Petition, a bankruptcy estate was created.  11 U.S.C. §541.  The bankruptcy estate is comprised of all property, including intangible property a debtor had prior to the commencement of the bankruptcy case, including any and all possible causes of action.  See 11 U.S.C. §541(a)(1); *United States vs Whiting Pools, Inc.*, 462 U.S. 198, 205 and n.9; *Gordon v. Hines (In re Hines)*, 147 F.3d 1185, 1189 (9th Cir. 1998).

In a case under Chapter 7, the trustee is the sole representative of the estate.  11 U.S.C. §323(a).  Only the Trustee "has the capacity to sue and be sued." 11 U.S.C. §323(b).  The Debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed, or to conduct or manage the litigation; only the trustee can do so.  See *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988).

A federal court cannot exercise jurisdiction over a matter unless the party seeking relief has standing to sue.  The Trustee is now the owner of the marks, the federal registrations, and the claims sued upon in this action.  Thus, the Debtor lacks prudential standing to pursue the claims sued upon. *Ibid; see also Cusano v. Klein,* 264 F.3d 936, 945.  Because Debtor lacks standing to proceed with this action, dismissal is appropriate pursuant to Rule 12(b)(1).

In addition, because the Trustee, rather than the Debtor, is the owner of the marks, registrations and claims sued upon, the real party in interest in this case is no longer Debtor, but is the Trustee.  The Trustee is the sole real party in interest by virtue of Fed. R. Civ. Proc. Rule 17(a) and UU U.S.C. § 323(a) and (b).  An action must be prosecuted in the name of the real party in interest.  Fed. R. Civ. Proc. Rule 17(a)(1).  Defendants have requested that the Trustee be

---
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
[FRCP 12(b)(1), 12(b)(6), 12(b)(7), 17 and 19]

- 2

substituted in place of Debtor as Plaintiff in this action.  Draper Declaration, ¶¶ 7-9, ¶ 12.  A reasonable time has passed for the real party in interest to join or be substituted into the action, but neither Debtor nor the Trustee has done so; instead, plaintiff expects Defendants to answer or respond to the Complaint as originally filed.

The Trustee is the owner of the marks and federal registrations sued upon, as well as the owner of the claims asserted in this action.  The Debtor cannot bring this action, as it does not own the marks, registrations or claims sued upon.  Absent the Trustee, the court cannot accord complete relief among the existing parties.  Thus, the Trustee is a required party within the meaning of Fed. R. Civ. Proc. Rule 19(a)(1).   Normally, the Complaint should be amended and the Trustee substituted in as plaintiff's successor; however, to date, both Debtor and the Trustee have not done so.  The Court cannot simply join the Trustee as a defendant (as is often sometimes done in the case of involuntary co-plaintiffs) because there is no other plaintiff who has standing to sue.   When the sole owner of the claims is not willing to join as a party plaintiff, the action must be dismissed under Rules 12(b)(7), 17 and 19 of the Federal Rules of Civil Procedure.

When the only plaintiff named lacks standing to bring the lawsuit and is not the real party in interest, it cannot state a claim upon which relief can be granted and thus its claims should be dismissed pursuant to Rule 12(b)(6).

Accordingly, Defendants respectfully request that the Court dismiss this action based on failure to join, or to bring the action in the name of, or join or substitute, the Trustee as plaintiff herein.  To avoid dismissal, the Trustee must be joined to this action as a party plaintiff.

DATED:  May 15, 2018

Respectfully Submitted,

DRAPER LAW OFFICES

By_____/s/ Ann McFarland Draper_____

Ann McFarland Draper
Attorneys for Defendant Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC

---

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
[FRCP 12(b)(1), 12(b)(6), 12(b)(7), 17 and 19]

- 3