James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TECHSHOP, INC., | ) Case Number: **4:18-cv-01044-HSG** |
|---|---|
| Plaintiff, | ) **PLAINTIFF'S STATEMENT RE: ADR DISCOVERY** |
| vs. | ) |
| DAN RASURE, et al. | ) |
| Defendants. | ) |

Plaintiff TechShop, Inc. ("Plaintiff"), and Defendants Dan Rasure, TechShop 2.0 LLC., and TecShop 2.0 San Francisco LLC. (collectively "Defendants") file this Joint Statement regarding ADR in response to the Court's Order of June 5, 2018. That Order provided:

> **The parties are directed to meet and confer by June 12, 2018 and e-file a joint statement regarding whether there is an agreement to voluntarily exchange key documents and information in order to facilitate an early settlement conference with a Magistrate Judge.**

The parties met and conferred for more than an hour and a half on June 11, 2018 and agreement was not reached.

**Plaintiff's Statement**

In terms of documents, Plaintiff believes that it needs documents related to:

1) financial documents related to Mr. Rasure and the TechShop 2.0 entities, including assets, revenues, financial forecasts, and membership numbers from the November 2017 to April 2018 period;

2) use of the allegedly infringed marks, including documents reflecting how various TechShop materials using the marks were altered by Defendants; and

3) documents reflecting instances of actual confusion.

In addition, Plaintiff believes that the deposition of at least Mr. Rasure is necessary. Plaintiff understands that Defendants refuse to provide, *inter alia*, financial information at least on the grounds that Defendants object to disclosing financial material to opposing counsel. Plaintiff is amenable to document production using the Court's Model Protective Order.

One area of potential agreement that might facilitate settlement is resolution of the legal issue of potential measure of damages. In particular, the parties dispute whether: 1) damages may be based on lost licensing revenue / sale of the marks; or 2) if damages are limited to Defendants' profits. While Plaintiff believes that resolution of that issue earlier on may facilitate settlement, Plaintiff understands that Defendants are unwilling/able to indicate that early resolution will make settlement more likely.[1]

Dated: 6/12/18

_____
Counsel for plaintiff

---

[1] Plaintiff's counsel attempted to jointly file this document and provided a draft copy to Defendants' counsel at 11:30 am on June 12 and notified Ms. Draper that he had a hard deadline at 5:00pm. At 4:30pm, Ms. Draper sent extensive edits that there was insufficient time to review. Ms. Draper also refused to incorporate the parties differing statements into a single document that could be filed on or near 5:00pm.