Ann McFarland Draper (SBN 065669)
courts@draperlaw.net
**Draper Law Offices**
75 Broadway, Suite 202
San Francisco, California 94111
Tel: (415) 989-5620

**Attorneys for Defendants**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC., a California corporation,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>DAN RASURE, et al,<br><br>　　　　　　　　　　　Defendants. | **Case No. 4:18-cv-01044-HSG**<br><br>**DEFENDANTS' STATEMENT IN LIEU OF JOINT STATEMENT REGARDING DISCOVERY FOR POTENTIAL EARLY SETTLEMENT**<br><br>Judge:　　　　Hon. Haywood S. Gilliam, Jr.<br>Trial Date:　　None Set<br>Action Filed:　January 16, 2018 |

Defendants Dan Rasure, the Defendant sued herein as "TechShop 2.0 LLC" (which is now known as "TheShop dot Build LLC1") and the Defendant sued herein as "TechShop 2.0 San Francisco LLC" (which is now known as "TheShop dot Build San Fran LLC") (collectively "Defendants") file this *Defendants' Statement In Lieu Of Joint Statement Regarding Discovery For Potential Early Settlement* in response to the Court's order of June 5, 2018 that:

> **The parties are directed to meet and confer by June 12, 2018 and e-file a joint statement regarding whether there is an agreement to voluntarily exchange key documents and information in order to facilitate an early settlement conference with a Magistrate Judge.**

This *Defendants' Statement* follows a draft provided by counsel for Plaintiff, as the parties were unable to timely agree on wording for a joint report.[1]

---

[1] Counsel for Defendants disputes the inferences and last sentence of fn 1 of Plaintiff's separate report. Counsel was occupied by a 1:30pm hearing. Upon return, counsel for Defendants first sent a set of revisions, then (at the request of Plaintiff's counsel) reorganized the revisions to clarify what Plaintiff said vs what Defendants said, then again reorganized the edits into Plaintiff's statement followed by Defendants' statement, all of which were rejected by counsel for Plaintiff.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' STATEMENT IN LIEU OF JOINT STATEMENT REGARDING DISCOVERY FOR POTENTIAL EARLY SETTLEMENT

The parties met and conferred for more than an hour and a half on June 11, 2018, but **did not reach an agreement for voluntary exchange of key documents** sufficient to prepare the parties for early settlement.  They did however identify a legal issue which, if resolved, might facilitate early settlement.  Following is Defendants' report.

Depositions

Plaintiff states that it believes that the deposition of at least Mr. Rasure is necessary.  Defendants agree to produce Mr. Rasure for deposition.  No other deposition witnesses were discussed during the "meet and confer" call.

Production of Documents

During the "meet and confer" Plaintiff identified nine categories of documents, but in its draft report Plaintiff listed only the following three categories as documents which it believes it needs to be ready for early settlement discussions:

    1)  financial documents related to Mr. Rasure and the TechShop 2.0 entities, including assets, revenues, financial forecasts, and membership numbers from the November 2017 to April 2018 period;

    2)  use of the allegedly infringed marks, including documents reflecting how various TechShop materials using the marks were altered[2] by Defendants; and

    3)  documents reflecting instances of actual confusion.

Defendants do not categorically refuse to produce all documents "identified" above.  Many of these documents will certainly be produced.  However, Plaintiff's listing raises three issues:

First, some of Plaintiff's categories above are so generic that it is not clear exactly what documents are requested.[3]  However, certainly many documents within these categories will be

---

[2]    Defendants do not agree with Plaintiff's characterization that documents were "altered."

[3]    For example, in Plaintiff's Item 1), "financial documents related to … the TechShop 2.0 entities".  Also, Defendants do not believe that Mr. Rasure's personal finances or assets are discoverable at this time.

produced, and Defendants agree that Defendants agree that all documents evidencing instances of actual confusion (if any) (Plaintiff's Item 3) should be produced.

Second, defendants may object to providing certain documents to James Pistorino (counsel for Plaintiff) because of his roles as a founder, officer (CFO), director and donor to Maker Nexis, who is a competitor of defendants in the local area.  Such documents would include financial documents as well as membership lists, customer lists, business and operating plans, financial projections and other trade secrets.  Mr. Pistorino's history and apparent conflict is likely to cause Defendants to take a more narrow view of sensitive discovery requests than might be the case with other opposing counsel.

Third, although counsel for defendants is generally amenable to using the Court's Model Protective Order, it may not be suitable in the circumstances of this case.  Defendants are concerned that additional and/or different provisions will need to be fashioned for certain types of information, particularly as regards membership lists, customer lists, business and operating plans, financial projections and other trade secrets and confidential information.

Legal Issue Impacting Settlement

The parties did agree that resolving a legal issue as to the available measures of damages in this case could facilitate settlement.  Plaintiff had previously stated that it intends to claim damages measured by the value of the licensing fee that should or would have been paid had a license been negotiated.[4]  Defendants believe licensing fees are not legally available as a measure of damages for trademark infringement in this case.  Defendants also note that if such a measure of damages is available under the law, there will be subsidiary issues regarding the appropriate time frame and whether such a measure is inherently speculative for this Plaintiff.

However, the parties do agree that resolution of the legal issue might facilitate settlement. Defendants believe that one way this issue might properly come before the court would be if

---

[4] In its draft of the Joint Statement, Plaintiff expressed this as "damages may be based on lost licensing revenue / sale of the marks," which varies from Plaintiff's earlier statement.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' STATEMENT IN LIEU OF JOINT STATEMENT REGARDING DISCOVERY FOR POTENTIAL EARLY SETTLEMENT

Plaintiff amends its complaint to particularize its damage allegations, and Defendants then moved to strike the licensing component of damages.

In the process of attempting to draft a Joint Statement, the parties disagreed on how resolving the damages theories available might facilitate early settlement. Plaintiff demanded that Defendants "commit" ahead of time to negotiate settlement in the six-figure range if the Court allowed Plaintiff's to seek damages based on a licensing fee. Defendants state that such a commitment is unwarranted because other factors also bear on the appropriate negotiating range. However, there is no question that such a ruling would change the proverbial playing field and enhance the likelihood of reaching a settlement.

DATED: June 12, 2018                    Respectfully Submitted,
                                        DRAPER LAW OFFICES

                                        By_____*/s/ Ann McFarland Draper*_____

                                           Ann McFarland Draper
                                           Attorneys for Defendants Dan Rasure, TheShop dot
                                           Build LLC, and TheShop dot Build San Fran LLC

_____
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' STATEMENT IN LIEU OF JOINT STATEMENT REGARDING DISCOVERY FOR
POTENTIAL EARLY SETTLEMENT