**DRAPER LAW OFFICES**

75 BROADWAY, SUITE 202
SAN FRANCISCO, CALIFORNIA 94111
TEL. (415) 989-5620

July 3, 2018

The Honorable Haywood S. Gilliam, Jr.
United States District Court
Oakland Courthouse, Courtroom 2, 4th Floor
1301 Clay Street
Oakland, CA  94612

    Re:    Letter Brief Regarding Hypothetical License Fee As Damages
                  *TechShop, Inc. v. Dan Rasure, et al* (CAND 4:18-cv-01044-HSG)

Dear Judge Gilliam:

Defendants submit this Letter Brief pursuant to this Court's order made at the June 19 further case management conference directing the parties to file simultaneous letter briefs (5-page maximum) by July 3, 2018 regarding the damages issue raised at the June 5, 2018 case management conference.  The parties have met and conferred, and have agree that the exact question to be addressed in the simultaneous briefs is:

> Whether Plaintiff can recover, as a component of damages for infringement of the two federally-registered service marks for TECHSHOP, a license fee that Plaintiff would have obtained from Defendants if Defendants had obtained a license from Plaintiff, even though there was no prior license agreement between the parties.

For the reasons set forth below, Defendants state that Plaintiff cannot recover a license fee as a component of damages for the alleged infringement.

Plaintiff has sued Defendants for the alleged infringement of its two federally registered service marks for TECHSHOP.  Liability for infringement of registered marks is governed by 15. U.S.C. §1114, and damages by §1117.

In this case, Plaintiff seeks the unorthodox remedy of a hypothetical license fee that Plaintiff would have obtained from Defendants had Defendants licensed the marks from Plaintiff.  The cases typically refer to this hypothetical calculation as a

"reasonable royalty." However, reasonably royalty / license fee is not among the types of damages available for trademark infringement.

The types of damages available to a plaintiff who establishes infringement are potentially (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. See 15 U.S.C. §1117(a). Nothing in §1117(a) states that reasonable royalties or hypothetical license fees are an appropriate measure of damages for trademark infringement claims.

It is significant that §1117(a) does not include reasonable royalties or a hypothetical license fees as a measure of damages, in contrast to the law governing patent infringement. A reasonable royalty is commonly used as a measure of damages in patent cases where the patent holder is unable to prove actual damages. *See* 15 U.S.C. §1117(a) with 35 U.S.C. § 284 ("[T]he court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer."). Unlike the Patent Act, however, there is no provision in the Trademark Act of 1946 (the Lanham Act) referring to a reasonable royalty as an appropriate measure of damages. Indeed, in his venerable trademark treatise, Professor mcCarthy unequivocally states that:

> "The imposition of a compulsory license, permitting the infringer to continue by paying a court-determined royalty to the trademark owner, is *not* a proper remedy."

5 *McCarthy on Trademarks and Unfair Competition* §30:85 (4th ed.) (emphasis added).

**No Ninth Circuit decision has ever approved royalties based upon a hypothetical negotiation as a measure of damages in a trademark infringement action.**

Some district courts within the Ninth Circuit have expressly rejected the use of reasonable royalties in trademark actions except in the limited circumstances where the loss of a royalty constitutes *actual damages*, such as where the plaintiff is in the business of licensing its marks and an appropriate royalty rate has been established by prior trademark licenses between the parties. See, e.g., *Trovan, Ltd. v. Pfizer, Inc.*, 2000 U.S. Dist. LEXIS 7522, at *50-58 (C.D. Cal. May 24, 2000), where the Court stated:

> The Ninth Circuit does not recognize reasonable royalties as a measure of damages where there is no evidence that a party intended to license their trademark.

The underlying rationale is that "[t]rademark remedies are guided by tort law principles," and "damages which result from a tort must be established with *reasonable certainty*." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407-08 (9th Cir. 1993) (emphasis added). "There is no question that an award of a reasonable royalty, lacking any previous negotiations among the parties, 'rests on a legal fiction.'" *Trovan*, 2000 U.S. Dist. LEXIS 7522 at *57-58 (quoting *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1159 (6th Cir. 1978), and vacating the jury's reasonable royalty award as having "no basis in reality, much less any basis in fact").

As the Ninth Circuit observed in *Lindy*, "[m]any courts have denied a monetary award in infringement cases when damages are remote and speculative." *Id*. (collecting cases). See, also *M2 Software Inc. v. Viacom Inc.*, 223 Fed. Appx. 653, 655 (9th Cir. 2007), where the Ninth Circuit held that "[i]n the absence of a legitimate proposed basis on which to calculate a royalty, awarding a reasonable royalty . . . would be impermissibly speculative."

Of all the circuits that have *considered* whether reasonable royalty is an appropriate form of monetary relief in trademark infringement actions, only one circuit has actually permitted such an award absent a prior licensing relationship. See *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 (7th Cir. 1992) (affirming royalty award in part), remanded and aff'd, 34 F.3d 1340 (7th Cir. 1994). ). The *Trovan* Court found the *Sands* decision unpersuasive in the absence of a prior licensing arrangement. *Trovan*, at *57-58. See, also, *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 208-09 (3rd Cir. 1999) (observing that but for *Sands,* all of the decisions to consider the issue have permitted a royalty only when the parties had a prior licensing relationship.

Here, plaintiff apparently seeks a reasonably royalty / license fee as a form of damages for lost profits, as it focuses on the hypothetical licensing fees that Defendant did not pay for a hypothetical licensing arrangement that never existed between the parties. The difficulty for Plaintiff in pursuing this theory is that like other modes of calculating lost profits, a reasonable royalty / license fee must be proved with "reasonably certainty."

Hon. Haywood S. Gilliam, Jr.
July 3, 2018
Page 4 of 5

Plaintiff did not license its marks in the United States; it was in the business of operating maker-spaces. Although Plaintiff did enter into complex agreements with a handful of foreign maker-space operators (that included licensing of its marks outside the United States), those agreements were well before Plaintiff ceased its U.S. operations and publicly announced its intention to file a Chapter 7 bankruptcy. Attempting to use the older foreign transactions to calculate a hypothetical license fee is necessarily speculative and cannot establish damages wit hanya reasonably certainty.

The few cases that discuss the issue require a plaintiff to be able to establish a reasonable royalty with reasonable certainty, such as if the parties had a prior licensing agreement for the mark, such that their actual damages constitute lost profits they are unable to obtain through a reasonable royalty. See, e.g., *A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 208-09 (3d Cir. 1999) ("Even when the courts have awarded a royalty for past trademark infringement, it was most often for continued use of a product beyond authorization, and damages were measured by the license the parties had or contemplated."). By contrast, as a matter of law, a party is not entitled to a reasonable royalty in cases such as this – where plaintiff cannot establish with reasonable certainty that the royalty constitutes their actual damages (i.e., if the royalty is speculative rather than based in concrete facts).

Here, there was no prior licensing relationship and thus no basis for establishing a non-speculative hypothetical license fee with any resonable certainty. In *Trovan*, the court vacated the jury's reasonable royalty award because the plaintiff and defendant had no history of licensing agreements between them. 2000 U.S. Dist. LEXIS 7522, at *58. The *Trovan* court found a determination of reasonable royalties would have "no basis in reality, much less any basis in fact" because "the reasonable royalty device conjures a willing licensor and licensee," and plaintiff and defendant had no prior history of a licensor-licensee relationship. *Id.*, at *56-58 (quoting *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1159 (6th Cir. 1978)); see also *Tokidoki, LLC v. Fortune Dynamic, Inc.*, 2009 U.S. Dist. LEXIS 65665, at *42-43 (C.D. Cal. July 28, 2009) ("Due to the absence of evidence that Tokidoki was willing to license the [mark], Tokidoki could not show with reasonable certainty that royalties were lost. Therefore, no basis exists for an award of reasonable royalties.").

Two other cases in this Circuit reaching the same conclusion in different contexts are *Quia Corp. v. Mattel, Inc.*, 2011 U.S. Dist. LEXIS 76157, at *21 (N.D. Cal. July 14, 2011) and *South Cone, Inc. v. Timex Corp.*, 2002 U.S. Dist. LEXIS 28362, at *3 (S.D. Cal. Apr. 10, 2002). In *Quia*, the Court granted summary judgment,

Hon. Haywood S. Gilliam, Jr.
July 3, 2018
Page 5 of 5

and precluded a reasonable royalty damage as a matter of law where "the record contains no evidence of a prior license or licensing negotiations between the parties, a prior license or negotiations with respect to Plaintiff's mark with a third party," or any evidence of an intent to license the trademark.  In *South Cone,* the Court granted a motion in limine to strike a claim for reasonable royalty damages, noting "Here, there is no licensing history between the parties whatsoever. Ms. Bothun's calculations lack any sort of reliability with respect to these parties, and therefore, plaintiff will be precluded from presenting Ms. Bothun's royalty calculations."

      The fact pattern here dictates the same results. A reasonable royalty or hypothetical license fee is simply not available as a component or measure of damages in this case because the parties have no history of negotiating a license agreement, nor are they in industries with established licensing practices.  Moreover, Plaintiff had failed in business, shut down, and filed a Chapter 7 bankruptcy.

      The hypothetical license fee that Plaintiff seeks is wholly unrelated to any lost profits it might claim, and is instead based on a hypothetical negotiation that never occurred. This type of windfall damages is contrary to law and is speculative where, as here, there was no prior licensing relationship.

      Plaintiff simply cannot recover, as a component of damages for infringement of the two federally-registered service marks for TECHSHOP, a license fee that Plaintiff would have obtained from Defendants if Defendants had obtained a license from Plaintiff.

      Respectfully Submitted,

      DRAPER LAW OFFICES

By_____
    Ann McFarland Draper
Attorneys for Defendants

/ms