PARRISH LAW OFFICES
JAMES C. PISTORINO (California Bar No. 226496)
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: 650-400-0043
Email: james@dparrishlaw.com

Attorneys for Plaintiff TECHSHOP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>DAN RASURE, an individual residing in Kansas, TECHSHOP 2.0 LLC, a Kansas limited liability corporation, TECHSHOP 2.0 SAN FRANCISCO LLC, a Kansas limited liability corporation,<br><br>Defendants. | Case No.: 4:18-cv-01044-HSG<br>Judge Haywood Gilliam<br><br>**FIRST AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Doris A. Kaelin, in her capacity as Chapter 7 trustee for TechShop, Inc., by and through it undersigned counsel, hereby submits the following First Amended Complaint against Defendants Dan Rasure, TechShop 2.0 LLC, and TechShop 2.0 San Francisco LLC (collectively, "Defendants") as follows:

### PARTIES

1. Plaintiff Doris A. Kalein is acting as the Chapter 7 trustee for TechShop, Inc. TechShop, Inc. is a California corporation with its principal place of business located at 274 Redwood Shores Parkway, Suite 275, Redwood City, CA 94065.

- 1 -

2. On information and belief, Defendant Mr. Dan Rasure is a resident of the state of Kansas residing at 1570 Road 65, Goodland, Kansas 67735. On information and belief, Mr. Rasure may be located and served in this district at 926 Howard St, San Francisco, CA 94103.

3. On information and belief, Defendant TechShop 2.0 LLC is a Kansas limited liability corporation with its principal place of business located at 2130 Grand Ave #2, Des Moines, Iowa 50312. On information and belief, TechShop 2.0 LLC has been doing business in this district, although it has not registered with the Secretary of State to do so.

4. On information and belief, Defendant TechShop 2.0 San Francisco LLC is a Kansas limited liability corporation with its principal place of business located at 2130 Grand Ave #2, Des Moines, Iowa 50312. On information and belief, TechShop 2.0 San Francisco LLC has been doing business in this district, though it has not registered with the Secretary of State to do so.

## JURISDICTION AND VENUE

5. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq*. This court has subject matter jurisdiction over the trademark claims pursuant to 15 U.S.C. §§ 1114, 1121, 1125(a), and § 1125(c) and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

6. The amount in controversy between the parties exceeds $75,000.

7. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over the Defendants because they have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have caused TechShop 2.0's products and services to be advertised, promoted, and sold in this judicial

district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused injury to Plaintiff in this judicial district.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

**TechShop's Business and the TECHSHOP® Trademark**

9. On February 26, 2018, TechShop, Inc. filed a voluntary petition for relief under Chapter 7 (the "Petition") in the United States Bankruptcy Court for the Northern District of California, commencing its bankruptcy case, designated Case No. 18-50398.

10. Upon filing of the Petition, a bankruptcy estate was created, comprised of all property that TechShop, Inc. had prior to the commencement of the bankruptcy case. The bankruptcy estate specifically includes the marks sued upon, the federal registrations, and all causes of action of TechShop, Inc. at the time of filing its bankruptcy case.

11. Doris A. Kaelin has been appointed Trustee in the Chapter 7 case, and is the sole representative of the bankruptcy estate.

12. The Trustee is now the owner of the marks and the federal registrations sued upon in this action, and sues herein in her capacity as Chapter 7 Trustee for the estate of TechShop, Inc.

13. Since 2006, Plaintiff has been a leader in the field of offering spaces where members of the public can make items from a variety of materials (e.g., wood, metals, plastics, cardboard, textiles, fabric, and leather) using high quality, advanced equipment available on a membership model. In addition, Plaintiff offered classes on how to use the equipment and other

skills and techniques for fabricating items for novices, hobbyists, semi-professionals, and professionals. Places of this type are commonly referred to as "makerspaces."

14. As an early pioneer in makerspaces and the maker movement, Plaintiff gained a national and international reputation for providing access to high quality equipment, innovative classes, fostering creativity, promoting small businesses, and encouraging youth to explore science, technology, engineering, and mathematics (STEM) through camps and interactive instruction.

15. Plaintiff's activities and offerings enjoyed such a positive reputation and were so widely admired that Plaintiff's agents were frequently called to participate in activities focused on innovation, small businesses and STEM education with the President of the United States and various White House initiatives. Indeed, in 2014, then President Obama visited Plaintiff's Pittsburgh location for an event related to fostering innovation.

16. By 2017, Plaintiff operated ten (10) locations in the United States (three in the Bay Area) as well as four international locations in partnership with country-specific entities.

17. Since 2006, Plaintiff has continuously used the TECHSHOP® trademark to market and sell its services throughout the United States and the world.

18. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the TECHSHOP® trademark and the services offered thereunder. As a result of Plaintiff's efforts, the public has come to recognize and rely upon the TECHSHOP® mark as an indication of the high quality and innovative services associated with Plaintiff's makerspaces.

19. On November 20, 2012, the United States Patent and Trademark Office issued to TechShop, Inc. U.S. Trademark Registration No. 4,247,529 for the mark TECHSHOP® in

connection with, *inter alia*, "training in the field of custom fabrication of goods from wood, metal plastic, cardboard textiles ..." A true and correct copy of a printout from the USPTO TESS database reflecting the registration is attached as Exhibit A.

20. On February 26, 2013, the United States Patent and Trademark Office issued to TechShop, Inc. U.S. Trademark Registration No, 4,294,110 for the mark TECHSHOP® in connection with, *inter alia*, "providing workshop facilities for fabrication of products, devices, and product parts from a wide variety of materials." A true and correct copy of a printout from the USPTO TESS database reflecting the registration is attached as Exhibit B.

21. The TechShop's trademark registrations are in full force and effect on the PTO's Principal Register, and give rise to presumptions in favor of Plaintiff with respect to the validity, ownership, and exclusive right to use the TECHSHOP® mark throughout the United States.

22. Because of its long registration, the '529 mark has become incontestable.

**Unauthorized Use of TECHSHOP Trademark**

23. In mid-November 2017, TechShop, Inc. was experiencing financial difficulties and closed the doors of its U.S. locations in anticipation of a bankruptcy filing.

24. Shortly, before the filing, TechShop was approached by Mr. Dan Rasure about a possible deal that would allow the TechShop locations to re-open. In light of the fact that such an arrangement would be advantageous to its customers, TechShop delayed filing to negotiate.

25. As negotiations continued and became protracted, Mr. Rasure (using the TechShop2.0 LLC entities) began using the TECHSHOP® marks without authorization.

26. On information and belief, on December 1, 2017, Mr. Rasure incorporated or caused to be incorporated TechShop 2.0 LLC as a Kansas limited liability corporation, with his wife (Megan Drew Wieslander) as the resident agent.

27. On information and belief, no later than December 2, 2017, Mr. Rasure registered or caused to be registered the domain name www.techshop2.com.

28. On information and belief, no later than December 8, 2017, Mr. Rasure created the Facebook group "TechShop 2.0." Mr. Rasure controls the Facebook group through his position as administrator.

29. On information and belief, on January 20, 2018, Mr. Rasure incorporated or caused to be incorporated TechShop 2.0 San Francisco LLC as a Kansas limited liability corporation, with his wife (Megan Drew Wieslander) as the resident agent.

30. On or around February 12, 2018, Defendants announced plans to re-open the TechShop location at 926 Howard St., San Francisco, CA and on February 19, 2018 and began soliciting memberships using the TechShop 2,0 name. Memberships offered ranged from $150/month to $1,499/year.

31. Starting in December 2017, Mr. Rasure's (and the TechShop 2.0 LLC entities') use of the name TechShop 2.0 resulted in numerous instances of actual confusion with TechShop's members attempting to determine what association, if any, Defendants had with TechShop.

32. On information and belief, at all times, Defendants had constructive notice of the TechShop trademark registrations because the TECHSHOP® marks with the registration symbol were prominently displayed, including on the TechShop, Inc. web page (www.techshop.ws).

33. TechShop has demanded that Defendants cease using the TECHSHOP® marks but Defendants have continued to use the marks without authorization.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a)**
**against all Defendants)**

34. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-29 of this Complaint.

35. The action of Defendants described above and specifically, without limitation, their unauthorized use of the TECHSHOP® trademarks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell makerspace services throughout the United States, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

36. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the TECHSHOP® trademarks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

37. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, an accounting for profits made by Defendants in connection with use on the TECHSHOP® trademarks, including on memberships to makerspaces and classes, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the action of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
**(Contributory Trademark Infringement against all Defendants)**

38. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-33 of this Complaint.

39. The actions of Defendants described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the TECHSHOP®

trademarks and confusingly similar variations thereof, in commerce to advertise, market, and sell makerspace services throughout the United States and California, constitute contributory trademark infringement in violation of federal law.

40. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the TECHSHOP® trademarks, and injury to Plaintiff's business.

41. On information and belief, the action of Defendants described above were and continue to be deliberate and willful.

### THIRD CAUSE OF ACTION
### (Vicarious Trademark Infringement against all Defendants)

42. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-37 of this Complaint.

43. The actions of Defendants described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the TECHSHOP® trademarks and confusingly similar variations thereof, in commerce to advertise, market, and sell makerspace services throughout the United States and California, constitute vicarious trademark infringement in violation of federal law. Each of the Defendants has the ability to control the other Defendants, fund the activities of each other, and derive a direct financial benefit from the illegal acts of each other.

44. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the TECHSHOP® trademarks, and injury to Plaintiff's business.

45.     On information and belief, the action of Defendants described above were and continue to be deliberate and willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

A.     That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.* and federal common law of contributory trademark infringement and vicarious trademark infringement; specifically all of their respective offices, agents, servants, representative, employees, attorneys and all other persons acting in concert with them be enjoined from using the TECHSHOP® marks, or any mark confusingly similar to the TECHSHOP® marks, in connection with the marketing promotion, advertising, or sale of makerspace services including classes and providing facilities.

B.     That Defendants be required to account to Plaintiffs for all profits realized by Defendants from Defendants' unauthorized use of Plaintiff' TECHSHOP® marks and for all damages sustained by Defendants on account of the infringement.

C.     That such profits and damages by be trebled and awarded to Plaintiff and that it be awarded its costs, attorney's fees and expenses in this suit pursuant to 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

D.     That Plaintiff be granted pre-judgment and post-judgment interest; and

E.     That Plaintiff be granted such further relief as the Court may deem just.

Dated: August 13, 2018     PARRISH LAW OFFICE

_____,
James C. Pistorino (CA Bar No. 226496)
Attorney for Plaintiff
DORIS A. KAELIN, in her capacity as the

1 | Chapter 7 trustee for TECHSHOP, INC.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28