1  Ann McFarland Draper (SBN 065669)
    courts@draperlaw.net
2  **Draper Law Offices**
   75 Broadway, Suite 202
3  San Francisco, California 94111
   Tel: (415) 989-5620
4
5  **Attorneys for Defendants and Counter-**
   **Claimants Dan Rasure, TheShop dot Build**
   **LLC, and TheShop dot Build San Fran LLC**
6
7
8              **UNITED STATES DISTRICT COURT**
9            **NORTHERN DISTRICT OF CALIFORNIA**

10 | TECHSHOP, INC., a California corporation, | Case No. 4:18-cv-01044-HSG
   | DORIS A. KAELIN, in her capacity as
11 | Chapter 7 trustee for TECHSHOP, Inc., a
   | California corporation,                   | **ANSWER AND AFFIRMATIVE DEFENSES**
12 |                                            | **OF DEFENDANTS DAN RASURE,**
   |                                            | **THESHOP DOT BUILD LLC AND**
13 |                     Plaintiff,             | **THESHOP DOT BUILD SAN FRAN LLC;**
   |          vs.                               | **AND JURY DEMAND**
14
   | DAN RASURE, THESHOP DOT BUILD,
15 | LLC, a Kansas limited liability company (sued
   | herein under the name TECHSHOP 2.0 LLC),
16 | THESHOP DOT BUILD SAN FRAN, LLC, a
   | Kansas limited liability company (sued herein
17 | under the name TECHSHOP 2.0 SAN
   | FRANCISCO LLC),
18 |                     Defendants.
19 | DAN RASURE, et al,
   |                     Cross-Complainants,    | Judge:      Hon. Howard S. Gwilliam
20 |          vs.                               | Trial Date: June 3, 2019
   |                                            | Action Filed: February 16, 2018
21 | TECHSHOP, INC., et al,
   |                     Cross-defendants.
22

23         Defendants DAN RASURE ("Rasure"), THESHOP DOT BUILD, LLC, a Kansas limited

24 liability company sued herein under its former name "TECHSHOP 2.0 LLC" (hereinafter "BUILD

25 LLC"), and THESHOP DOT BUILD SAN FRAN, LLC, a Kansas limited liability company sued

26 herein under its former name "TECHSHOP 2.0 SAN FRANCISCO LLC" (hereinafter "BUILD

27 SF LLC"), (collectively "Defendants"), hereby answer the First Amended Complaint ("FAC")

28
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                    - 1
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAN RASURE, THESHOP DOT
BUILD LLC AND THESHOP DOT BUILD SAN FRAN LLC; AND JURY DEMAND

filed by DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TechShop, Inc., who was the original plaintiff herein, and assert their affirmative defenses, as set forth below.

## DEFENDANTS' ANSWER

1.    Answering the headings which appear throughout the FAC [for example, *inter alia*, "PARTIES" on page 1, "JURISDICTION AND VENUE" on page 2, "FACTUAL BACKGROUND" on page 3, "TechShop's Business and the TECHSHOP® Trademark" on page 3, and so on], Defendants state that no response thereto is required, as such headings are not allegations but are included for reference and ease of navigation.

2.    Answering allegations arising from or implicit in the use of conclusory and/or pejorative terms (such as "illegal" and similar terms) appearing throughout the FAC, Defendants state that such terms are argument or legal conclusion, and accordingly no response thereto is required; but that to the extent a response is deemed to be required, Defendants and each of them deny the allegations.

3.    Answering allegations arising from or implicit in the use of compound, disjunctive, convoluted and/or unintelligible syntax and/or phrases which have not been defined in the FAC (such as "makerspace services" in Paragraph 35), which appear throughout the FAC, Defendants state that they are unable to answer such syntax and phrases; and to the extent a response is deemed to be required, Defendants and each of them deny the allegations.

4.    Defendants do not deny the allegations of the first sentence of Paragraph 1 of the FAC. Defendants admit that Doris A. Kaelin ("Trustee") is the appointed and acting Chapter 7 Trustee for the Chapter 7 bankruptcy case  filed by TechShop, Inc. on February 26, 2018 as Case No. 18-50398.

5.    Answering the allegations of the second sentence of Paragraph 1 of the FAC, Defendants do not deny that TechShop, Inc. ("TSINC") is a California corporation, but Defendants deny that its principal place of business is or was located at 274 Redwood Shores Parkway, Suite 275, Redwood City, CA 94065.  Defendants are informed and believe and on that basis state: that TSINC closed all locations on November 15, 2017 and no longer has any place of

business; that "274 Redwood Shores Parkway, Redwood City, CA 94065" is the location of "Postal Annex #4108," a mailbox rental facility, and that there are no "suites" and the number "275" refers to a mailbox number.  Defendants lack knowledge and information sufficient to form a belief as to whether TSINC or the Chapter 7 Trustee continues to maintain the referenced mailbox or any mailbox at the stated address.

6.    Answering the allegations of the first sentence of Paragraph 2 of the FAC, Defendants admit that Rasure is a resident of the State of Kansas and the city therein of Goodland, but deny that Rasure resides at 1570 Road 65.  Answering the allegations of the second sentence of Paragraph 2 of the FAC, Defendants deny that Defendant Rasure is located at 926 Howard Street, but state that from time to time Defendant Rasure can be found at that address.

7.    Answering the allegations of the first sentence of Paragraph 3 of the FAC. Defendants state that BUILD LLC was formed December 1, 2017 as a Kansas limited liability company initially under the name "TechShop 2.0 LLC," but that the entity name was changed to "TheShop dot Build LLC."  Defendants deny that its principal place of business is, or has ever been, at 2130 Grand Ave or any other location in Des Moines, Iowa.  Answering the allegations of the second sentence of Paragraph 3 of the FAC, Defendants deny that Build LLC is or has been transacting intrastate business in this district or state.

8.    Answering the allegations of the first sentence of Paragraph 4 of the FAC. Defendants state that BUILD SF LLC was formed January 20, 2018 as a Kansas limited liability company formed initially under the name "TechShop 2.0 San Francisco LLC," but that the entity name was changed to "TheShop dot Build San Fran LLC."  Defendants deny that its principal place of business is, or has ever been, at 2130 Grand Ave or any other location in Des Moines, Iowa.  Answering the allegations of the second sentence of Paragraph 4 of the FAC, Defendants admit that Build SF LLC is transacting intrastate business in this district, and further state that its registration in California as a foreign entity is in process.

9.    Answering the allegations of Paragraph 5 of the FAC, Defendants state that no response thereto is required, as the allegations of this paragraph purport to state argument or legal

conclusion, or the legal theory underlying its basis for subject matter jurisdiction.

10.     Answering the allegations of Paragraph 6 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying its basis for subject matter jurisdiction; to the extent a response is deemed to be required, Defendants deny on information and belief that the amount in controversy exceeds $75,000.

11.     Answering the allegations of Paragraph 7 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying its basis for asserting personal jurisdiction over any defendant or for laying venue in the Northern District of California; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 7, specifically deny that Build LLC is subject to personal jurisdiction in this district, and also specifically deny that Defendants or any of them are the legal cause of injury to Plaintiff in this district or at all.

12.     Answering the allegations of Paragraph 8 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying its basis for laying venue in the Northern District of California.

13.     Defendants admit the allegations of Paragraph 9 of the FAC.

14.     Answering the allegations of Paragraphs 10, 11 and 12 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of these paragraphs purport to state argument or legal conclusion, or the legal theory underlying its basis for plaintiff's ownership or standing to bring this action; but Defendants do not deny the allegations of Paragraphs 10, 11 and 12.

15.     Answering the allegations of Paragraph 13 of the FAC, Defendants deny the allegations of the first two sentences as framed (i.e., with respect to Plaintiff Trustee) and further state as follows.  Defendants are informed that predecessors of TSINC began operating a

makerspace in Menlo Park in 2006, and that TSINC and its location-specific subsidiaries eventually opened or acquired makerspaces in approximately 10 locations.   Defendants deny that access to any of its makerspace facilities was available to "members of the public;" and state on information and belief that access was limited to "members" who joined and paid membership fees.  Defendants admit that equipment was available to members at these facilities but denies the characterization of such equipment as "high quality" and "advanced," as some of the equipment was neither.  Defendants do not deny that TSINC and/or its location-specific subsidiaries offered classes at their makerspaces, including safety classes and classes in skills and techniques for novices and hobbyists, but Defendants lack sufficient information and belief to be able to admit or deny whether classes were provided for semi-professionals or professionals and on that basis deny that portion of the allegations in the second sentence of the allegations of Paragraph 13.

16.     Answering the allegations of Paragraph 14 of the FAC, Defendants deny the allegations thereof as framed (i.e., with respect to Plaintiff Trustee) and further state as follows. Defendants state that some of the principals of TSINC and/or its predecessors (particularly James Newton, Mark Hatch and Dan Woods) became active and vocal in the maker movement. Defendants deny the characterization of TSINC as an "early pioneer" in makerspaces and the maker movement, as makerspaces have existed for centuries in many different forms.  Defendants deny that TSINC and its location-specific subsidiaries provided access to "high quality" equipment or had a reputation for doing so.  Defendants also deny that TSINC and its location-specific subsidiaries – as distinguished from the makerspace facility and the collegiality of other members – fostered creativity or promoted small businesses, and further state on information and belief that TSINC and its location-specific subsidiaries sometimes kicked out small businesses.

17.     Answering the allegations of Paragraph 15 of the FAC, Defendants deny the allegations thereof as framed (i.e., with respect to Plaintiff Trustee), and further state as follows. Defendants deny that Plaintiff's "activities and offerings" are "widely admired."  The name and reputation of TSINC suffered greatly in 2015 when it delayed and/or stopped paying its instructors and contractors.  Defendants deny that TSINC's agents were "frequently called to participate;"

Defendants state, on information and belief, that speaking activities and appearances of James Newton and Mark Hatch resulted from their respective individual involvements in the maker movement and not from the name or reputation of TSINC. Defendants do not deny the allegations of the second sentence of Paragraph 15 of the FAC insofar as the reference is to then President Obama's visit to the TechShop makerspace facility in Pittsburg, which occurred shortly before (and was a prelude to) the "White House Maker Faire" being put on by Make magazine.

18.     Answering the allegations of Paragraph 16 of the FAC, Defendants deny the allegations thereof as framed (i.e., with respect to Plaintiff Trustee), and further state as follows. Defendants deny that TSINC was operating the specified makerspace facilities. Defendants are informed that the ten (10) locations in the United States (including the three in the San Francisco Bay Area) were operated by location-specific subsidiaries, all of which were shut down and closed at about 8:00 a.m. on November 15, 2018. Without admitting that any international activities are relevant to this action, Defendants also deny, on information and belief, that TSINC was operating any international locations, either directly or in partnership with country-specific entities.

19.     Answering the allegations of Paragraph 17 of the FAC, Defendants deny the allegations thereof as framed (i.e., with respect to Plaintiff Trustee), and further state as follows. Defendants deny that Plaintiff Trustee and her predecessors have continuously used the registered TECHSHOP word marks to market or sell TSINC's services throughout the United States. TSINC ceased and discontinued use of the registered TECHSHOP word marks in the United States on November 15, 2017 and abandoned the mark in the United States when it shut down all U.S. locations and publicly announced that it was doing so and would be filing Chapter 7 bankruptcy. Defendants also state that TSINC and its managing agents have frequently used the term TECHSHOP, as a nominative, and in a merely descriptive or generic manner, and in a functional manner identifying the makerspace facility, rather than as a service mark. Defendants further state that Plaintiff frequently used the term TECHSHOP in a manner inconsistent with its claim that TECHSHOP is a service mark.

20.     Answering the allegations of Paragraph 18 of the FAC, Defendants deny the allegations thereof as framed (i.e., with respect to Plaintiff Trustee), and further state as follows. Insofar as the allegations of the first sentence of Paragraph 18 refer to the time, effort and resources devoted by TSINC (rather than Plaintiff Trustee), Defendants lack sufficient information and belief to be able to admit or deny the allegations, which are conclusory, and on that basis deny them.  Insofar as the allegations of the second sentence of Paragraph 18 refer to the efforts of TSINC (rather than Plaintiff Trustee), Defendants lack sufficient information and belief to be able to admit or deny the allegations, which are conclusory, and on that basis deny them, and further deny, on information and belief, that the public recognizes the term TECHSHOP as a mark or as an indication of high quality or innovative services associated with TSINC's former makerspaces.

21.     Answering the allegations of the first sentence of Paragraph 19 of the FAC, Defendants admit that on November 20, 2012, the USPTO issued certificate of registration No. 4,247,529 (the " '529 Mark") for the word mark TECHSHOP in Class 35 (business services) and Class 41 (educational services), and that the description of services for Class 41 includes "training in the field of custom fabrication of goods from wood, metal,  plastic, cardboard, textiles, fabric, leather, and other materials."  The registration is for a word mark, without claim to any particular font, style, size or color as a feature of the mark.  Defendants deny the allegations of the second sentence of Paragraph 19 of the FAC; no exhibits were attached to the FAC.

22.     Answering the allegations of the first sentence of Paragraph 20 of the FAC, Defendants admit that on February 26, 2013, the USPTO issued certificate of registration No. 4,2494,110 (the " '110 Mark") for the word mark TECHSHOP in Class 40 (treatment of materials), and that the description of services includes "providing workshop facilities for fabrication of products, devices, and product parts from a wide variety of materials."  The registration is for a word mark, without claim to any particular font, style, size or color as a feature of the mark.  Defendants deny the allegations of the second sentence of Paragraph 20 of the FAC; no exhibits were attached to the FAC.

23.     Answering the allegations of Paragraph 21 of the FAC, Defendants state that the allegations are argument or legal conclusion, and accordingly no response thereto is required.  To the extent a response is deemed to be required, Defendants and each of them deny the allegations and further respond as follows.  The '529 and '110 Marks are not currently used in commerce in the United States; the '529 and '110 Marks were not continuously used in commerce in the United States for a period of five years after registration; the '529 and '110 Marks were not continuously used in commerce in the United States in connection with all listed services for a period of five years after registration; and Plaintiff has not filed any *Declaration of Use of Mark in Commerce Under Section 8* for either the '529 Mark or the '110 Mark, and cannot do so now because the marks are no longer in use.

24.     Answering the allegations of Paragraph 22 of the FAC, Defendants state that the allegations are argument or legal conclusion, and accordingly no response thereto is required.  To the extent a response is deemed to be required, Defendants and each of them deny the allegations and further respond as follows.  The '529 Mark has not become incontestable; the '529 Mark is not currently used in commerce in the United States; the '529 Mark was not continuously used in commerce in the United States for a period of five years after registration; the '529 Mark was not continuously used in commerce in the United States in connection with all listed services for a period of five years after registration;  Plaintiff has not filed any *Declaration of Use of Mark in Commerce Under Section 8* for the '529 Mark, and cannot do so now because the marks are no longer in use; and Plaintiff has not filed any *Declaration of Incontestability of a Mark Under Section 15* for the '529 Mark, and cannot do so now because the marks are no longer in use and the validity of that mark and registration are at issue in this action.

25.     Answering the allegations of Paragraph 23 of the FAC, Defendants state that they do not deny the allegations thereof, but state that TSINC was experiencing financial difficulties long before the November 15, 2017 closure and public announcement.

26.     Answering the allegations of the first sentence of Paragraph 24 of the FAC, Defendants do not deny that Rasure approached TSINC, and further state as follows.  Rasure

became aware, from an article he saw on Yahoo News late on November 16, 2017, that TSINC had shut down all U.S. locations and operations on November 15 and had announced it would be filing a Chapter 7 bankruptcy case; on November 16, Rasure initiated some late night communications indicating his interest in a possible deal that would allow him to reopen some of the former TSINC locations under new ownership and management. The following day, Rasure heard from a representative of AutoDesk (TSINC's largest creditor) as well as from Dan Woods (who was TSINC's CEO); Defendants deny sufficient information and belief as to whether a Chapter 7 filing was imminent at this time and on that basis denies the characterization of Rasure's contact as being "Shortly, before the filing." Defendant lack sufficient information and belief to be able to admit or deny the allegations of the second sentence of Paragraph 24 of the FAC, and on that basis deny it.

27. Answering the allegations of Paragraph 25 of the FAC, which are vague, conclusory and lack a referential time frame, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying its claims. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 25 and deny that negotiations became protracted; Defendants specifically deny that any Defendant has adopted marks identical to the registered marks sued upon, and further deny that Rasure used the registered TECHSHOP marks, either at all or without authorization.

28. Answering the allegations of the Paragraph 26 of the FAC, Defendants state as follows. Defendants admit that Rasure caused a Kansas limited liability company to be formed on December 1, 2017 under the name "TechShop 2.0 LLC," but Defendants state that the name of said business entity has been changed to "TheShop dot Build LLC" (i.e., the entity referred to herein as BUILD LLC). Defendants also admit that Megan Drew Weislander is the Kansas resident agent for this LLC and that Ms. Weislander is Rasure's wife.

29. Defendants deny the allegations of Paragraph 27 of the FAC.

30. Defendants deny the allegations of Paragraph 28 of the FAC.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                   - 9

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAN RASURE, THESHOP DOT BUILD LLC AND THESHOP DOT BUILD SAN FRAN LLC; AND JURY DEMAND

31.     Answering the allegations of the Paragraph 29 of the FAC, Defendants state as follows.  Defendants admit that Rasure caused a Kansas limited liability company to be formed on January 20, 2018 under the name "TechShop 2.0 San Francisco LLC," but Defendants state that the name of said business entity has been changed to "TheShop dot Build San Fran LLC" (i.e., the entity referred to herein as BUILD SF LLC).  Defendants also admit that Megan Drew Weislander is the Kansas resident agent for this LLC and that Ms. Weislander is Rasure's wife.

32.     Answering the allegations of the first sentence of Paragraph 30 of the FAC, Defendants deny the allegations as framed and further state as follows.  There was no confusion between the registered TECHSHOP marks and the name and moniker "TechShop 2.0," and the maker world was well aware of the difference.  Announcements made clear that the new company had leased the space formerly occupied by the TechShop entity and that the new company had different ownership and management and was not affiliated with TechShop.  Defendants were already using the new name (TheShop dot Build) before the February 19 opening.

33.     Answering the allegations of Paragraph 31 of the FAC, Defendants deny the allegations thereof, and specifically deny that there was actual confusion as to the source of the services resulting from Defendants' use of the TechShop 2.0 name or otherwise.

34.     Answering the allegations of Paragraph 32 of the FAC, Defendants deny the allegations thereof, and specifically deny that the registered TECHSHOP word marks were prominently displayed with the registration symbol ®.

35.     Answering the allegations of Paragraph 33 of the FAC, Defendants deny the allegations thereof, and further state as follows.  Defendants specifically deny that Plaintiff or TSINC demanded, at any time prior to the filing of this action, that Defendants or any of them cease using the name "TechShop 2.0," and specifically deny the allegations that any Defendant used the registered TECHSHOP word marks without authorization.  Defendants further state that no defendant is currently using the registered TECHSHOP word marks or the name and moniker "TechShop 2.0."

36.     Answering the allegations of Paragraph 34 of the FAC, Defendants state that no answer is required because this paragraph merely incorporates by reference the allegations of other paragraphs, and those incorporated provisions have already been answered.

37.     Answering the allegations of Paragraph 35 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its federal trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 35 and each of them.  Defendants further specifically deny that Defendants or any of them has made unauthorized use of the registered TECHSHOP word marks, deny that there was any confusion in the marketplace, and specifically deny that Defendants or any of them has made unauthorized use of "confusingly similar variations" of the registered TECHSHOP word marks, and specifically deny that Defendants' use of the name or moniker "TechShop 2.0" was unauthorized or is likely to cause confusion with the registered TECHSHOP word marks as to the source of services.

38.     Answering the allegations of Paragraph 36 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its federal trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 36 and each of them, and further state as follows.  Defendants deny that Plaintiff is entitled to injunctive relief; Defendants deny that Plaintiff has suffered diminution in the value of, or goodwill associated with, the registered TECHSHOP trademarks or any other loss or damage, either at all or as the legal result of Defendants' conduct.  Defendants further deny that Plaintiff has suffered any loss or injury to Plaintiff's business, either at all or as the legal result of Defendants' conduct.

39.     Answering the allegations of Paragraph 37 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its federal trademark

infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 37 and each of them, and further state as follows.  Defendants deny that Plaintiff is entitled to recover damages from Plaintiff in any amount.  Defendants deny that Plaintiff is entitled to an accounting from Defendants, and further deny that Defendants obtained any profits on its makerspace memberships and classes.  Defendants specifically deny that Defendants undertook any actions willfully or with the intention of causing confusion, mistake or deception; and specifically deny that this is an exceptional case and that Plaintiff is entitled to recover attorney's fees or treble damages.

40.    Answering the allegations of Paragraph 38 of the FAC, Defendants state that no answer is required because this paragraph merely incorporates by reference the allegations of other paragraphs, and those incorporated provisions have already been answered.

41.    Answering the allegations of Paragraph 39 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its contributory trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 39 and each of them, and Defendants further specifically deny that Defendants or any of them knowingly participated, induced or contributed to any unauthorized use of the registered TECHSHOP word marks or any "confusingly similar variations" thereof.

42.    Answering the allegations of Paragraph 40 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its contributory trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 40 and each of them.

43.    Answering the allegations of Paragraph 41 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its contributory

trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 41.

44.    Answering the allegations of Paragraph 42 of the FAC, Defendants state that no answer is required because this paragraph merely incorporates by reference the allegations of other paragraphs, and those incorporated provisions have already been answered.

45.    Answering the allegations of Paragraph 43 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its vicarious trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 43 and each of them.

46.    Answering the allegations of Paragraph 44 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its vicarious trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 44 and each of them.

47.    Answering the allegations of Paragraph 45 of the FAC, Defendants state that no response thereto is required to the extent that the allegations of this paragraph purport to state argument or legal conclusion, or the legal theory underlying the basis for its vicarious trademark infringement claim; to the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 45.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and distinct affirmative defenses to Plaintiff's First Amended Complaint and the purported causes of action therein.  In asserting these defenses, Defendants do not admit to or assume the burden of proof for any issue with respect to which applicable law places the burden of proof upon Plaintiff or the registrant of the marks sued upon.

48.    Defendants allege that the FAC, and each cause of action therein, fails to state facts sufficient to constitute a claim for relief against Defendants or any of them.

49.     Plaintiff's claims are barred, in whole or in part, because TECHSHOP is not a protectable mark because it is merely descriptive and lacks secondary meaning.  Plaintiff does not have a valid service mark for the registered word marks sued upon.

50.     TSI does not have a valid service mark for THERAPY for Class 35 or for business services because it is not distinctive and lacks secondary meaning.

51.     TSI does not have a valid service mark for THERAPY for Class 40 or for treatment of materials because it is not distinctive and lacks secondary meaning.

52.     TSI does not have a valid service mark for THERAPY for Class 41 or for educational services because it is not distinctive and lacks secondary meaning.

53.     TSI does not have a valid service mark for THERAPY for Class 35 or for business services because it is merely descriptive and not distinctive.

54.     TSI does not have a valid service mark for THERAPY for Class 40 or for treatment of materials because it is merely descriptive and not distinctive.

55.     TSI does not have a valid service mark for THERAPY for Class 41 or for educational services because it is merely descriptive and not distinctive.

56.     TSI does not have a valid service mark for THERAPY for Class 35 or for business services because it merely expresses the functional features.

57.     TSI does not have a valid service mark for THERAPY for Class 40 or for treatment of materials because it merely expresses the functional features.

58.     TSI does not have a valid service mark for THERAPY for Class 41 or for educational services because it merely expresses the functional features.

59.     Plaintiff has discontinued use in the United States of the marks sued upon.

60.     Plaintiff has abandoned in the United States the marks and registrations sued upon.

61.     Plaintiff's claims are barred, in whole or in part, because Defendants' use of the name and moniker "TechShop 2.0" is a fair use, and otherwise constitutes permissible and good faith use other than as a trademark.  Any use by Defendants of the trademarked term TECHSHOP

within "TechShop 2.0" was for its nominative or descriptive meaning, and not for its secondary meaning.

62.     The relief sought by Plaintiff herein is barred by the equitable doctrine of laches. Plaintiff's predecessor TSINC unreasonably delayed in notifying Defendants of its position that it considered Defendants' use of "TechShop 2.0" to infringe on TSINC's marks; Plaintiff's predecessor TSINC also unreasonably delayed in notifying Defendants that it considered "TechShop 2.0" to be confusingly similar to TSINC's word mark, and in demanding that Defendants cease using "TechShop 2.0".  During the period of delay, Defendants continued to invest substantially in their business under the TechShop 2.0 name, making it unfair for Plaintiff to now claim it has superior rights or seek damages from Defendants.

63.      The relief sought by Plaintiff herein is barred by the equitable doctrine of estoppel. Plaintiff's predecessor consented, affirmed and/or acquiesced in, and did not object to, Defendants' use of "TechShop 2.0".  Defendants relied upon said consent, affirmation, acquiescence and lack of objection in proceeding with the TechShop 2.0 name and moniker instead of adopting a different name, as a result of which Defendants have been prejudiced in their defense and injured.

64.     Plaintiff's predecessor TSINC misused its registrations and engaged in bad faith by appending the ® to an unregistered logo that incorporated elements of a variant of the registered mark, to deceive the public into thinking that the logo was registered.

65.     The relief sought by Plaintiff herein is barred by the equitable doctrine of consent and acquiescence.  Plaintiff's predecessor consented, affirmed and/or acquiesced in, and did not object to, Defendants' use of "TechShop 2.0".

66.     Defendants were not the legal cause of any injuries suffered by Plaintiff through Defendants' use of "TechShop 2.0."  Plaintiff's damages, if any, have not been and will not be caused in fact by Defendants, nor proximately caused by any action or conduct of Defendants.

67.     Plaintiff cannot be heard to complain because her predecessor TSINC ratified Defendants' adoption and use of "TechShop 2.0."

68.     The relief sought by Plaintiff herein is barred in whole or in part by the doctrine of unclean hands, arising out of the conduct of Plaintiff's predecessor TSINC in misusing its registered marks and in making widespread use of the term TechShop in a nominative, descriptive, and/or functional manner, without distinguishing the mark from the word or term, so that Defendants and others were misled as to when the term was used as a mark and when it could be used generally.

69.     Defendants are and were good faith adopters in adopting and using "TechShop 2.0" as a moniker, business name and mark with the apparent approval and/or acquiescence of TSINC.

70.     Any infringement that may have occurred is innocent infringement.  In adopting and using "TechShop 2.0," Defendants had no intent to deceive.

71.     Defendants never received any actual notice from Plaintiff or its predecessor TSINC to cease use of "TechShop 2.0" prior to the filing of this action.

72.     Plaintiff suffered no actual injury as a result of Defendants' adoption and use of "TechShop 2.0."

73.     Plaintiff is seeking to recover lost profits or damages that are completely speculative in nature.

74.     Plaintiff's claims are barred, in whole or in part, because Plaintiff and its predecessor TSINC failed to mitigate any alleged damages.

75.     Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if she were awarded the relief she seeks.

76.     Plaintiff's claims for damages must be reduced for setoffs for amounts owed by Plaintiff and its predecessor TSINC, including but not limited to the claims alleged in the Cross-complaint filed herein on July 26, 2018 as Document No. 42.

77.     In addition to the defenses alleged hereinabove, Defendants reserve the right to allege additional defenses as they become known during the course of discovery, investigation and preparation of the cause for trial.

//

1    WHEREFORE, Defendants, and each of them, pray as set forth below.

2    **<u>PRAYER FOR RELIEF</u>**

3    WHEREFORE, Defendants and Counterclaimants request judgment against Plaintiff and

4    Counterdefendants as follows:

5    1.     That Plaintiff take nothing by its Complaint herein;

6    2.     That the Court issue an order directing the U.S. Trademark Office to cancel

7    forthwith TSINC's Registration No. 4247529 for the mark TECHSHOP and strike the registration

8    from the Principal Register;

9    3.     That the Court issue an order directing the U.S. Trademark Office to cancel

10   forthwith TSINC's Registration No. 4294110 for the mark TECHSHOP and strike the registration

11   from the Principal Register;

12   4.     That Defendants and Counterclaimants be awarded their costs of suit in this action

13   together with the reasonable attorneys' fees incurred in the defense of the FAC and/or the

14   prosecution of their Counterclaims, subject to such apportionment, if any, as the Court deems

15   appropriate;

16   5.     That Defendants and Counterclaimants be awarded such other and further relief as

17   this Court deems just and proper.

18   DATED:  August 27, 2018

19                                      Respectfully Submitted,

20                                      DRAPER LAW OFFICES

21

22                                      By_____ */s/ Ann McFarland Draper*_____

23                                          Ann McFarland Draper

                                        Attorneys for Defendant Dan Rasure
24

25

26

27

28

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                    - 17
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAN RASURE, THESHOP DOT
BUILD LLC AND THESHOP DOT BUILD SAN FRAN LLC; AND JURY DEMAND

**JURY DEMAND**

Defendants and Counterclaimants, and each of them, hereby demand a trial by jury on all issues triable by right to a jury that are raised for determination by Plaintiff's Complaint, First Amended Complaint, and all amendments thereof.

DATED:   August 27, 2018

Respectfully Submitted,

DRAPER LAW OFFICES

By_____/s/ Ann McFarland Draper_____

Ann McFarland Draper

Attorneys for Defendant Dan Rasure

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAN RASURE, THESHOP DOT BUILD LLC AND THESHOP DOT BUILD SAN FRAN LLC; AND JURY DEMAND

1

**CERTIFICATE OF SERVICE**

2
    I, Ann McFarland Draper, hereby declare and certify as follows:

3
    1.     I am an attorney at law over the age of eighteen (18) years and not a party to this

4
action.  My business address is 75 Broadway, Suite 202, San Francisco, CA  94111.

5
    2.     On August 27, 2018, I electronically served true and correct copies of the foregoing

6
document *ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAN RASURE,*

7
*THESHOP DOT BUILD LLC AND THESHOP DOT BUILD SAN FRAN LLC; AND JURY*

8
*DEMAND* by electronically filing said document with the Clerk of the Court using the CM/ECF

9
system and transmission of the Notice of Electronic Filing for such document via the Court's NEF

10
system to the following persons, each of whom is deemed to have consented by electronic service

11
by NEF:

12
         James C. Pistorino           james@dparrishlaw.com

13
    I declare under penalty of perjury under the laws of the United States of America that the

14
foregoing is true and correct and that this declaration was executed this 27th day of August, 2018,

15
at San Rafael, State of California.

16
                         */s/ Ann McFarland Draper*

17
                         Ann McFarland Draper

18

19

20

21

22

23

24

25

26

27

28