Ann McFarland Draper (SBN 065669)
  courts@draperlaw.net
**Draper Law Offices**
75 Broadway, Suite 202
San Francisco, California 94111
Tel: (415) 989-5620

**Attorneys for Defendants and Cross-
Claimants Dan Rasure, TheShop dot Build
LLC, and TheShop dot Build San Fran LLC**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, Inc., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DAN RASURE, et al,<br>                    Defendants. | **Case No. 4:18-cv-01044-HSG** |
| DAN RASURE, et al,<br>                    Cross-Complainants,<br><br>          vs.<br><br>TECHSHOP, INC., et al,<br>                    Cross-defendants. | **Hearing**<br>Date & Time: **August 16, 2018 at 2:00 p.m.**<br>Judge:          Hon. Haywood S. Gilliam, Jr.<br>Location:      Courtroom 2, 4th Floor<br>                    1301 Clay Street<br>                    Oakland, CA  94612<br>Trial Date:    June 3, 2019<br>Action Filed:  February 16, 2018 |

**CROSS-COMPLAINANTS' MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO MOTION OF
CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS
CROSS-COMPLAINT [FRCP 12(B)(6)]**

1  Defendants and Cross-Complainants DAN RASURE ("Rasure"), THESHOP DOT

2  BUILD, LLC, a Kansas limited liability company ("Build LLC"),[1] and THESHOP DOT BUILD

3  SAN FRAN, LLC, a Kansas limited liability company ("Build SF LLC")[2], (collectively "Cross-

4  Complainants"), oppose the motion filed by DORIS A. KAELIN ("Ms. Kaelin" or "Trustee") in

5  her capacity as Chapter 7 trustee for TechShop, Inc.,[3] to dismiss the fraud and  wire fraud claims

6  in their Cross-Complaint filed in this action under Docket No. 42.

7

8  **INTRODUCTION**

9  TechShop, Inc. ("TSINC"), as plaintiff, filed this trademark infringement action on

10  January 16, 2018 and served Defendants on February 22, 2018.  Four days later, on February 26,

11  2018, Debtor filed a Chapter 7 bankruptcy case, and  Ms. Kaelin was appointed Trustee in

12  TSINC's Chapter 7 bankruptcy case.

13  On May 15, 2018, Cross-Defendants (as defendants) filed a pre-answer motion to dismiss

14  Plaintiff's complaint because Ms. Kaelin, who was the real party in interest, had not been joined.

15  (See Docket No. 20 et seq.)  On August 13, 2018, Plaintiff filed its First Amended Complaint,

16  naming Ms. Kaelin as the plaintiff.  (See Docket No. 45.)  On August 27, 2018, Defendants

17  (Cross-Complainants herein) filed their Answer to the First Amended Complaint.  (See Docket

18  No. 50.)

19  In the meantime, on July 26, 2018, Defendants/Cross-Complainants filed their Cross-

20  Complaint, while the pre-answer motion to dismiss was still pending.  (See Docket No. 42.)  The

21  Cross-Complaint, which asserts Cross-Defendants' counterclaims, claims for relief, and cross-

22  claims against TSINC, Ms. Kaelin, James Newton ("Newton") and Daniel Woods ("Woods").[4]

23  The Cross-Complaint alleges four claims for relief:

24  ---
[1]     Build LLC was sued herein under its former name "TechShop 2.0 LLC".

25  [2]     Build SF LLC was sued herein under its former name "TechShop 2.0 San Francisco LLC".
[3]     TechShop, Inc. was the original plaintiff in this action, but filed a Chapter 7 bankruptcy

26  case shortly after filing the action.  Ms. Kaelin, as the Chapter 7 Trustee, has succeeded to the
bankruptcy estate off TechShop, Inc.

27  [4]     Mr. Newton and Mr. Woods were former CEOs of TSINC.

28  *Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                    -1
CROSS-COMPLAINANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION OF CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS CROSS-COMPLAINT
[FRCP 12(B)(6)]

1. Cancellation of Federal Trademark Registration No. 4247529 against counter-defendant TSINC and its successor, cross-defendant Kaelin, based on non-fraud challenges to the trademark;

2. Cancellation of Federal Trademark Registration No. 4294110 against counter-defendant TSINC and its successor, cross-defendant Kaelin, based on non-fraud challenges to the trademark;

3. Fraud (against TSINC, Newton and Woods) by affirmative misrepresentation, fraudulent concealments, and false promises; and

4. Wire fraud in violation of 18 U.S.C 1343 (against TSINC, Newton and Woods) by a scheme of deceit and false promises.

In this motion, the Trustee, on behalf of TSINC, seeks to dismiss the cross-complaint – or at least the fraud and wire fraud claims – under Fed.R.Civ.P. 9(b), contending that the fraud and wire fraud claims are insufficient to comply with the requirement of "particularity" required by the rule.  The motion has no merit.[5]

## LEGAL ANALYSIS

## I.      THE FRAUD ALLEGATIONS ARE SUFFICIENTLY PLED

### A.      The Cross-Defendants Are Sufficiently Differentiated

TSINC begins its attack on the Cross-Complaint by contending that the Cross-Defendants are insufficiently differentiated to inform each of them of the allegations surrounding his or her participation in the fraud.  See TechShop's Motion to Dismiss ("Motion to Dismiss") 3:4-17.  This is not so.

---

[5]      TSINC does not challenge the first two claims for relief for cancellation in this motion. Thus there is no basis to dismiss the complaint in its entirety, as requested by TSINC. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3 1097, 1105 (9th Cir. 2003) [where fraud is not an essential element of a claim, only allegations of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)]. As this opposition to the motion will demonstrate, there is also no basis to dismiss the latter two claims for relief.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                           -2
CROSS-COMPLAINANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION OF CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS CROSS-COMPLAINT
[FRCP 12(B)(6)]

In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.  *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007*); Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  **Here, Cross-Complainants have specifically alleged what each cross-defendant has done -- specifically**:

♦ In the last two weeks of November 2017, after TSINC had declared bankruptcy Rasure had extensive discussions with Woods and Newton with a view to reopening some or all of TSINC's former location under new ownership.  Woods and Newton (officers of TSINC) repeatedly promised to provide Rasure with specific documents required for due diligence.   Cross-Complaint ¶¶ 6, 7, 43-44.

♦ On December 1, 2017 TSINC publicly announced that new ownership sought to re-open its former locations.  Cross-Complaint ¶¶ 46.

♦ While Rasure continued with due diligence, TSINC continued to delay providing the due diligence information, and Woods and TSINC were pressuring Rasure to immediately employ and pay Newton and bother personnel before the transaction closed.  Cross-complaint ¶¶ 6, 47, 49, 50(B).

♦ TSINC, Newton and Woods represented that certain payments necessary to complete the deal had to be made immediately .  Rasure made these payments on November 29th and 30th and immediately after December 1, with the understanding that he would be credited for the payments when the deal with finalized.  Cross-Complaint ¶¶ 51.

♦ • On December 1 TSINC and Woods insisted that Rasure fund the employment of a former TSINC employee (Louise Larsen) to help with the

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                    -3
CROSS-COMPLAINANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS CROSS-COMPLAINT [FRCP 12(B)(6)]

transition.  Rasure agreed to pay from the deal funding $250 for 5 hours of work,   Cross-Complaint ¶¶ 52

♦   A few days later, TSINC, Woods and Newton pressured Rasure to pay TSIJNC's Google G-Suite account as necessary to keep TSINC's documents and email accounts active.  Rasure authorized a one-time charge on his credit card to pay the Google fees on December 6, 2017.  Cross-Complaint ¶¶ 53.

♦   On December 6th Louise Larsen presented a bill for $1100 for her services, which far exceeded the amount authorized by Rasure.  TSINC claimed that it was urgently necessary that the entire bill be paid.  Rasure finally paid the bill on the evening of December 11, 2017.  Cross-Complaint ¶¶ 52, 54-55.

♦   Between December 6th and the evening of December 11th TSINC, Woods and Newton concealed the fact that it was going to unilaterally terminate the transaction.  Cross-Complaint ¶¶ 55.

♦   On the morning of December 12, 2017, TSINC unilaterally terminated the transaction with Rasure. Cross-Complaint ¶¶ 56.

♦   TSINC, Woods and Newton entered into a scheme to defraud Rasure using the wires (including mail and telephone) to transfer funds from his account to pay bills and expenses of TSINC by fraudulent misrepresentations.  Cross-Complaint ¶¶ 73-76.


TSINC implies that attributing actions to all three cross-defendants is somehow improper, referring to this as a "canned phrase", as "not allowed," and claiming that it does not put the cross-defendants on notice "with particularity" of what they are alleged to have done.  *See* Motion to Dismiss 3: 11, 16.  TSINC offers no legal authority to support this contention because there is

1    none.  It is unclear what TSINC contends *would* be sufficient differentiation.  TSINC concedes

2    that at various times the Cross-Complaint distinguishes among the three defendants when alleging

3    conduct.  *See* Motion to Dismiss 3:12-13.  *See e.g., Pearson Educ., Inc. v. Alahmad*, 2013 U.S.

4    Dist. LEXIS 53991, *10 [sufficient complaint did not merely state that certain defendants acted

5    fraudulently along with the other defendants; it alleged the specific actions each took].

6    　　The Cross-Complaint here clearly sets forth the specific acts and omissions by each

7    defendant.  The fact that the defendants are alleged to have operated together at some points does

8    not mean they are improperly "lumped together," and is not a basis for dismissing the Cross-

9    Complaint under Rule 9(b). The Cross-Complaint sufficiently differentiates the cross-defendants.

10

11    　　**B.**　　**The Cross-Complaint Sufficiently Avers the "Who, What, When, Where and**

12    　　　　　　**How" of the Frauds**

13    　　TSINC next complains that the allegations of the Cross-Complaint "simply never provide

14    the basic who, what, when where, and how of the alleged fraud."  *See Motion to Dismiss* 3:21-23.

15    However, the particularity requirement of Rule 9(b) does not require absolute particularity or a

16    recital of the evidence.  A complaint need not allege a precise time frame, describe in detail a

17    single specific transaction or identify the precise method used to carry out the fraud.  *United States*

18    *v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

19    　　It is sufficient for a complaint or cross-complaint to allege the identity of the speakers;

20    allege the fraudulent statements and omissions; allege with respect to groups the names of the

21    individuals who purportedly made the fraudulent statements or failed to disclose facts; and allege

22    the specific dates on which and locations at which the statements were made or omissions

23    occurred. *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 2015 U.S. Dist. LEXIS 192159,

24    *41-42.   As the statement of the allegations of the fraud causes of action listed above shows

25    without any uncertainty, the pleading requirements for fraud are amply met in this case.

26

27

28    *Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                    -5
　　　CROSS-COMPLAINANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
　　　TO MOTION OF CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS CROSS-COMPLAINT
　　　[FRCP 12(B)(6)]

1    TSINC does not even attempt to make a showing to the contrary.  Choosing one paragraph

2    (¶50) out of an 83-paragraph cross-complaint, TSINC asks a series of questions without any

3    reference to legal authority suggesting that the claimed defects are, in fact, dispositive – or even

4    relevant – to the requirement of particularity.  Briefly, in response to TSINC's specific examples:

5         ♦   Motion to Dismiss 4:8-13:  As to "who" did the conduct alleged in

6    ¶50, the Cross-Complaint is clear:  USNIC, Woods, Newton "and each of

7    them."  As discussed in Part II.A, above, Cross-Complainants are not

8    required to set forth each action as to each cross-defendant separately.

9         ♦   Motion to Dismiss 4:14-18:  The "what" does not require verbatim

10   statements of misrepresentations.  The "what" refers to what specific acts

11   the defendants did to cause the fraud.  See *Andrews Farms v. Calcot, Ltd.*,

12   527 F. Supp. 2d 1239, 1251 (E.D. Cal. 2007).  The Cross-Complaint does

13   that.

14        ♦   Motion to Dismiss 4:19-21:  The "when" is not required to be a

15   specific date; it must simply be sufficient to allow the defendant to know

16   the time frame in which the fraud is alleged to have occurred.  See *ibid*.

17   ["every year since 1983 in the specifically identified correspondence" is

18   sufficient].  The Cross-Complaint has number allegations as to time frame

19   (including in ¶ 50), and often alleges specific dates.

20        ♦   Motion to Dismiss 4:22-26:  "where" and "how" do not require

21   specifics of the method by which the misrepresentations were made.  *See*

22   *e.g., In re ConAgra Foods, Inc*., 908 F.Supp.2d 1090, 1100-1101 (C.D.Cal.

23   2012) (concluding that plaintiffs had adequately pled "how" packaging was

24   misleading by alleging what plaintiffs understood the packaging to

25   communicate and why such a statement was misleading, and by alleging

26

27

28

CROSS-COMPLAINANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION OF CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS CROSS-COMPLAINT
[FRCP 12(B)(6)]

that they and reasonable consumers were misled).  And it certainly does not

require such information with respect to fraudulent concealment.

Because TSINC focuses solely on ¶ 50, its discussion ignores numerous other allegations in the Cross-Complaint describing where and how the frauds were committed. *See e.g.,* ¶¶ 47-58,74-76.

TSINC's broad claims that "[e]very single allegation of the 'cross-complaint' suffers from one or more of these defects" (Motion to Dismiss 5:2-3) is not supported by the allegations of the Cross-Complaint, not justified by any legal authority, not demonstrated by the motion and is, frankly, just an example of pointless puffery.

**C.    The Cross-Complaint Sets Forth Facts Showing Why Cross-Defendants' Statements and Omissions were False or Misleading**

TSINC's separate argument regarding the requirement that there be an explanation as to why a statement or omission complained of was false or misleading is puzzling as logically this subject is subsumed into the preceding discussion of "who, what, where, when and how." However, TSINC seems to be attacking the sufficiency of the Cross-Complaint with respect to the legal theory of promissory fraud.  *See* Motion to Dismiss 5:7-8:6.

The Cross-Complaint clearly alleges that the promises alleged in the complaint were made without the intention to perform them.  *See* Cross-Complaint ¶ 60. And, contrary to TSINC's claim that there is no allegations of fact from which the Court could infer that the promises were false when made (*see* Motion 6:4-6), there are plenty of facts from which such falsity can be inferred.

A complaint alleging promissory fraud is sufficient if it alleges facts, beyond mere non-performance of the promise, which constitute circumstantial evidence giving rise to an inference of fraudulent intent. *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, *supra*, at 45.  For example, fraudulent intent can be inferred from circumstantial evidence, including the promisor's

failure even to attempt performance or continued assurances of performance after it was clear he would not perform.  Courts have viewed a failure even to *attempt* performance as circumstantial evidence of a lack of intention to perform. Courts have likewise viewed continued assurances in the face of non-performance as raising an inference of fraud. *Id.* at 45-46.

Cross-Complainants have alleged all these facts.  *See* Cross-Complaint ¶¶ 44, 47, 49-50. This is more than enough to sufficiently allege facts from which is can be inferred that Cross-Defendants did not intend to perform their promises.

**D.     The Cross-Complaint Sufficiently Alleges Cross-Defendants' Connection To The Credit Card Frauds**

Finally, TSINC complains that there are no facts connecting the Cross-Defendants to the allegations regarding unauthorized use of Rasure's credit cards.  *See* Motion 6:8-23.  Once again, the Cross-Complaint refutes this claim.

The Cross-Complaint alleges that Rasure paid various bills for TSINC on a "one-time" charge basis.  *See* Cross-Complaint ¶¶ 51.A., 53, 57.  Newton created a G-Suite Login for Rasure so that he could make payments using his credit card.  Rasure made two payments to Google on this basis. These payments were made on November 29th and December 6th; each one was designated as a one-time charge. *See* Cross-Complaint ¶¶ 50.A., 53, 57.

Two days after the second payment Rasure could not access the G-Suite account because his login no longer worked.  *See* Cross-Complaint ¶ 57.  Nevertheless, on January 31, 2018 Google charged Rasure's account over $5,000.  Google claims the charge was authorized.  *See* Cross-Complaint ¶¶ 57-58.

Since Rasure could not access the G-Suite to make a payment, the obvious inference is that some other person with access to that account authorized it—the person who set it up:  Newton, While Cross-Complainants have not been able to do discovery in this action yet, it must rely on inferences from facts that it does have.  At the very least, there is sufficient facts from which it can

1  be inferred that Newton (and thus TSINC) made unauthorized use of Rasure's credit card
2  information and defrauded him of substantial assets.

3

4                                    **CONCLUSION**

5          The factual allegations of the Cross-Complaint clearly state claims against the Cross-
6  Defendants for various frauds.  TSINC's motion is devoid of any legal authorities or even
7  sufficient argument to raise an issue that might justify dismissal.  Therefore, based on the
8  arguments and authorities stated herein, the Motion to Dismiss must be denied.  If for any reason
9  the Court feels the pleading to be insufficient, Cross-Complainants respectfully request leave to
10  amend.

11  DATED:  August 30, 2018

12                                   Respectfully Submitted,

13                                   DRAPER LAW OFFICES

14

15                                   By_____ */s/ Ann McFarland Draper*_____

16                                        Ann McFarland Draper

17                                   Attorneys for Defendants and Cross-Claimants Dan
                                     Rasure, TheShop dot Build LLC, and TheShop dot
18                                   Build San Fran LLC

19

20

21

22

23

24

25

26

27

28
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                    -9
CROSS-COMPLAINANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION OF CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS CROSS-COMPLAINT
[FRCP 12(B)(6)]

**CERTIFICATE OF SERVICE**

I, Ann McFarland Draper, hereby declare and certify as follows:

1.      I am an attorney at law over the age of eighteen (18) years and not a party to this action.  My business address is 75 Broadway, Suite 202, San Francisco, CA  94111.

2.      On August 30, 2018, I electronically served true and correct copies of the foregoing document *CROSS-COMPLAINANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF CROSS-DEFENDANT CHAPTER 7 TRUSTEE TO DISMISS CROSS-COMPLAINT [FRCP 12(B)(6)]* by electronically filing said document with the Clerk of the Court using the CM/ECF system and transmission of the Notice of Electronic Filing for such document via the Court's NEF system to the following persons, each of whom is deemed to have consented by electronic service by NEF:

James C. Pistorino          james@dparrishlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 30th day of August, 2018, at San Rafael, State of California.

_____
*/s/ Ann McFarland Draper*

Ann McFarland Draper