James C. Pistorino (SBN 226496)
 james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, in her capacity as the Chapter 7 trustee of the estate of TECHSHOP, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br>  Defendants. | Case Number: **4:18-cv-01044-HSG** <br><br> **DECLARATION OF JAMES PISTORINO IN SUPPORT OF MOTION TO COMPEL** |

I, James Pistorino, declare:

1. I am a partner with the Parrish Law Offices ("Law Firm"). This Declaration is filed in support of the TechShop's Motion to Compel.

2. In 1993, I graduated from Duke University with a Bachelors of Science degree in Computer Science (with distinction). In 1996, I graduated from Duke University Law School with a J.D.

3. In 1996, I was admitted to the State Bar of Texas. In 2003, I was admitted to the State Bar of California. I am also admitted to practice before the United States Patent & Trademark Office, numerous federal courts around the country, the Federal Circuit, the Fifth Circuit, and the United States Supreme Court. Through 2015, I was a partner with Perkins Coie before joining Parrish Law Office where I am also a partner.

4. `Thus, at this time, I have more than 20 years of experience almost exclusively practicing intellectual property litigation in federal courts.

**Exhibits**

5. Attached as Exhibit A is a true and correct copy of Defendants' Initial Disclosures served on June 15, 2018.

6. Attached as Exhibit B is a true and correct copy of Plaintiff's First Set of Requests for Production (Nos. 1-13) served on June 26, 2018.

7. Attached as Exhibit C is a true and correct copy of email message sent by Defendants' counsel (Ms. Ann Draper) on August 15, 2018.

8. Attached as Exhibit D is a true and correct copy of an email message with attached PDF sent by Defendants' counsel on August 21, 2018.

9. Attached as Exhibit E is a true and correct copy of an email message sent by Defendants' counsel on August 22, 2018.

10. Attached as Exhibit F is a true and correct copy of an email message and attached PDF sent by Defendants' counsel on August 25, 2018.

11. Attached as Exhibit G is a true and correct copy of the decision in *Fidelity National Title Insurance Co. v. Castle*, 2014 WL 3945590, N.D. Ca. August 11, 2014 (Gonzalez Rogers, J.).

12. Attached as Exhibit H is a true and correct copy of a billing statement reflecting time spent on this matter. My standard billing rate is $515/hour. I believe that rate is in the low to mid-range for partners with comparable experience in this practice area in the San Francisco area.

13. Attached as Exhibit I will be true and correct copies of exemplars of documents produced by Defendants on September 4, 2018 beginning at 12:50pm. No other materials or identifying information was provided and no indication of which Request that they are responsive to, if any, is specified, and no privilege log was provided. By email, Defendants'

counsel has indicated that these documents are confidential. Accordingly, Plaintiff will separately move to file these documents under seal.

**Efforts to Avoid Court Intervention**

14. Staring with efforts to prepare the Joint Case Management Statement, counsel for Defendants (Ms. Draper) has informed me of her desire to have a protective order and her objection to the production of documents to me, personally, based on her apparent belief that I would violate my duties as an attorney with regard to confidentiality. I offered to stipulate to either the Court's Standard Model Protective Order or the Standard Model Protective Order for Patent and Trade Secret cases and also indicated that I was willing to consider any protective order proposal from Ms. Draper. Ms. Draper indicated the she felt the model protective orders were insufficient and that she would propose something. To date, Ms. Draper has not done that.

15. On June 15, 2018, Defendants served their Initial Disclosures. With regard to documents, the disclosures merely listed categories of documents but did not provide their location. Exhibit A.

16. On June 26, 2018, Plaintiff served its First Set of Requests for Production.

17. On July 25, 2018, Defendants' counsel requested a two week extension of serving responses n the grounds that communication with Mr. Rasure was difficult because he was occupied with a family health issue. The request for an extension was granted bringing the response date to August 13, 2018.

18. No responses or documents were received on August 13, 2015.

19. On August 15, 2018, I contacted Defendants' counsel Ms. Draper who responded by contending that the responses had been mailed. Exhibit C.

20. On August 21, 2018, Ms. Draper forwarded a PDF of responses allegedly sent on August 13. I reviewed the file data for this PDF and determined that the PDF itself was created on August 21, 2018.

21. On August 21 and 22, 2018, I conducted more than three and half hours of meet and confers with Defendants' counsel. During the meet and confers, Defendants' counsel

provided her view that the trademarks at issue were "shit" and that opposing counsel was a "bad boy" who would be disbarred.

22. In response to Plaintiff's efforts to determine whether there were good faith objections, *inter alia*, Defendants' counsel sought explanation of the legal terms "successors", "assigns", "principals", "partners" individually. In addition, *inter alia*, Defendants' counsel indicated that for several requests no search of any kind had been conducted (e.g., Requests 4 and 7) and that Defendants' counsel did not believe that requests - such as Request No. 1 called for the actual communications between Mr. Rasure and Plaintiff. This was so, Defendants' counsel contended because the Requests used the phrase "refer or relate to" when requesting such communications and Defendants' counsel preferred the terms "comprising" or "constituting"[1]

23. Later, on August 22, Defendants wrote Plaintiff's counsel stating that "amended" responses would be served on Friday, August 24, 2018 and that documents would be produced on or before Monday, August 27, 2018. Exhibit E. No responses were received on August 24.

24. Early in the morning of August 25, Defendants served by email "amended" responses and also contended that a copy had been sent by regular mail. Exhibit F. Again, these responses lacked in good faith basis and simply repeated many of the prior objections. Further, these responses were unsigned and also included an unsigned certification that the responses had been mailed. No mailed copy of the responses has ever been received.

25. No documents were received on or before Monday, August 27. As this motion was being finalized, beginning at 12:50pm on September 4, 2018, Defendants produced 947 images. Attached as Exhibit I will be exemplars of this production, which include pictures out of plane windows and large numbers of pictures of apparently random pieces of equipment.

---

[1] The Requests themselves define the terms "refer to" and "relate to" to mean, *inter alia*, "comprising" or "constituting". See Exhibit B at 2.

26. Since the beginning of this case, Defendants have asserted the need for a protective order and Plaintiff has indicated that it does not oppose entry of either the standard or patent/trade secret Model Protective Order and is also open to any reasonable proposal from Defendants. Defendants have never agreed to any of the standard model protective orders or proposed any other specific protective order.

27. On September 4, 2018, at 12:50pm as this motion was being finalized, Defendants produced, electronically, 994 images. As indicated above, the documents are not alleged to correspond to any of the requests, no privilege log was provided and no financial information appears to be included.

I declare under penalty of perjury, except for statements made upon information and belief, that the statements made herein are true and correct and if called upon as a witness I would testify thereto. Executed this 4th day of September, 2018 at Menlo Park, California.

_____
James Pistorino