# EXHIBIT F

## James Pistorino

| | |
|---|---|
| **From:** | Ann Draper <ann@draperlaw.net> |
| **Sent:** | Saturday, August 25, 2018 1:07 AM |
| **To:** | James Pistorino |
| **Subject:** | RE: TechShop v Rasure - requests for documents |
| **Attachments:** | D Response to TS 1st Req for Dox_Amended.pdf |

Hello James --

Attached please find Defendants' Amended Responses to the first set of request for production of documents. The wet-ink original has been mailed to you.

Ann Draper

---

**From:** Ann Draper
**Sent:** Wednesday, August 22, 2018 4:46 PM
**To:** 'James Pistorino'
**Subject:** TechShop v Rasure - requests for documents

James --

Following the "meet & confer" sessions, I have conferred with my client regarding your position on Defendants' responses to Plaintiff's requests for production of documents. As I have stated, my goal is to provide you with documents so that this dispute can be resolved without unnecessary cost.

I will prepare and send to you a proposed protective order along the lines we discussed today, working off the model forms, and hope we can get something entered promptly.

Defendants will withdraw most of their objections and limitations, and refine others, along the lines we discussed in our telephone calls. Defendant will produce many of the documents to which they had previously objected, including documents relating to negotiations with TechShop, communications with all the persons listed in Request No 9, and documents requesting passwords (for the Deep Freeze system). The principal issues remaining in contention seem to be the marital privileges, the confidentiality of customer/ member and email prospect lists, financial privacy, and materials relating to Defendants' vendors, expansion and other business issues.

Defendants will provide amended written responses to your inspection demands on Friday, August 22, via U.S. mail with a courtesy PDF sent via email.

Documents will be produced electronically, in PDF with Bates#ing where possible, together with a privilege log identifying documents and categories being withheld with sufficient particularity for you to determine whether the privilege or protection applies. Defendants will begin producing documents on or before Monday, August 27 and will continue producing documents over the ensuing week, with production completed on or before Tuesday, September 4, 2018.

Ann Draper

**DRAPER LAW OFFICES**
75 Broadway, Suite 202
San Francisco, CA  94111

1  Ann McFarland Draper (SBN 065669)
   courts@draperlaw.net
2  **Draper Law Offices**
   75 Broadway, Suite 200
3  San Francisco, California 94111
   Tel: (415) 989-5620
4
   **Attorneys for Defendants Dan Rasure,**
5  **TheShop dot Build LLC, and TheShop**
   **dot Build San Fran LLC**
6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10  TECHSHOP, INC.,                          Case No. **4:18-cv-01044-HSG**

11                      Plaintiff,

12          vs.                              **DEFENDANTS' AMENDED RESPONSES**
                                             **TO PLAINTIFF TECHSHOP'S FIRST SET**
13  DAN RASURE, et al,                       **OF REQUESTS FOR PRODUCTION**
                        Defendants.
14

15      Propounding Party:     Plaintiff TECHSHOP, INC.

16      Responding Party:      Defendants DAN RASURE, THESHOP DOT BUILD LLC and
                               THESHOP DOT BUILD SAN FRAN LLC
17
        Set Number:            ONE (1)
18

19      Defendants DAN RASURE ("Rasure"), THESHOP DOT BUILD, LLC, a Kansas limited

20  liability company ("Build LLC"),[1] and THESHOP DOT BUILD SAN FRAN, LLC, a Kansas

21  limited liability company ("Build SF LLC")[2] (collectively "Responding Parties") hereby amend

22  their answers, objections and responses to Plaintiff's First Set of Requests for Production (Nos. 1-

23  13) propounded by Plaintiff TECHSHOP, INC. to Responding Parties.

24      These amended responses result from the parties' "meet and confer" discussions, and are

25  not intended to waive any further objection to discovery or production.

26

27  [1]     Build LLC was sued herein under its former name "TechShop 2.0 LLC".
28  [2]     Build SF LLC was sued herein under its former name "TechShop 2.0 San Francisco LLC".

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                              - 1
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR
PRODUCTION

## Response and Objections to Prefatory Definitions and Instructions

A.      Responding Parties object to the prefatory definitions "YOU" and "YOUR" on the grounds that incorporation of the definition into individual requests: renders the requests to be vague, uncertain, confusing, convoluted and incomprehensible; results in requests that do not describe the documents to be produced with reasonable particularity; results in the requests being overbroad and unduly burdensome; calls for information and documents that are privileged and/or protected (invading the attorney-client, marital, taxpayer and tax preparer privileges, and the protections afforded work product, trade secrets, confidential commercial information and privacy rights); calls for information and documents concerning other persons that are not relevant to this trademark infringement suit and are beyond the scope of permissible discovery; and results in requests that are not proportional to the needs of the case; and also because a privity determination calls for a legal conclusion and Responding Parties are not able to ascertain the identity of the persons and entities referred to by the phrase "any person in privity with them regarding the matters inquired about here." The vice of this prefatory definition is particularly evident in the unwarranted attempt to extend the scope of discovery to include "any parent" or "all ... former partners" of Defendant Rasure (a natural person), regardless of whether his parents and former partners had anything to do with the events leading to this trademark infringement action.

B.      Responding Parties object to the prefatory definition "TECHSHOP" on the grounds that incorporation of the definition into individual requests:  renders the requests to be vague, uncertain, confusing, convoluted and incomprehensible; results in requests that do not describe the documents to be produced with reasonable particularity; results in the requests being overbroad and unduly burdensome (particularly given the potentially large number of employees and agents potentially drawn into the definition); calls for information and documents that are not relevant to this trademark infringement suit and are beyond the scope of permissible discovery; and results in requests that are not proportional to the needs of the case; and also because a privity determination calls for a legal conclusion and Responding Parties are not able to ascertain the identity of the

1  persons and entities referred to by the phrase "any person in privity with them regarding the

2  matters inquired about here."

3      C.      Responding Parties object to the prefatory definition "MARKS" on the grounds

4  that the reference to unspecified variants renders the requests to be vague, uncertain and confusing

5  and, in some cases, nonsensical.  Responding Parties disagree that "TechShop 2.0" and "TechShop

6  2.0 San Francisco" are variants of the TECHSHOP mark but understand that propounding party

7  intends its definition of MARKS to include both "TechShop" and "TechShop 2.0."

8      D.      Responding Parties object to the prefatory definitions "refer to," "referring to,"

9  "relate to," and "relating to" on the grounds that use of such omnibus terms to modify general

10  categories in the individual requests makes prevents Responding Parties from determining which

11  of numerous documents may conceivably fall within the scope of the individual requests and be

12  relevant and non-privileged thus: rendering the requests to be vague, uncertain and overbroad;

13  resulting in requests that do not describe the documents to be produced with reasonable

14  particularity; calling for information and documents that are privileged and/or protected (invading

15  the attorney-client, marital, taxpayer and tax preparer privileges, and the protections afforded work

16  product, trade secrets, confidential commercial information and privacy rights); calling for

17  information and documents that are not relevant to this trademark infringement suit and are

18  beyond the scope of permissible discovery; and resulting in requests that are not proportional to

19  the needs of the case.

20      E.      Responding Parties object to the prefatory definition of the terms "and" and "or"

21  insofar as the proposed construction is inconsistent with the plain meaning of these words.

22  Responding Parties will generally interpret "and" and "or" consistent with the plain and ordinary

23  meaning of the requests incorporating this term.

24      F.      Responding Party objects to Instruction No. 2 insofar as it seeks to impose a

25  different or greater duty in responding than is required under the Federal Rules of Civil Procedure,

26  the local rules of this district, and/or applicable law, particularly insofar as the instruction demands

27  Responding Parties identify and index each individual document withheld, on the grounds that the

28

1  instruction as written is unduly burdensome and oppressive, calls for information that is privileged

2  and/or protected (including invasive of the attorney-client privilege, the work product protection,

3  and rights of privacy), and seeks information that is unnecessary as well as not proportional to the

4  needs of the case.   Responding Parties will comply with FRCP Rule 26(b)(5), which requires only

5  that Responding Parties describe "the nature of the documents, communications or tangible things

6  not produced … in a manner that, without revealing information itself privileged or protected, will

7  enable other parties to assess the claim."

8       G.      Responding Party objects to Instruction No. 5 insofar as it seeks to impose a

9  different or greater duty in responding than is required under the Federal Rules of Civil Procedure,

10  the local rules of this district, and/or applicable law.  Electronically stored documents will be

11  produced in PDF format, as agreed by the parties during their Rule 26 conference.

12       H.      Responding Party objects to Instruction No. 6 insofar as it seeks to impose a

13  different or greater duty in responding than is required under the Federal Rules of Civil Procedure,

14  the local rules of this district, and/or applicable law.  For most of the electronically stored

15  documents, there is no "original" and the documents will be produced according to the manner in

16  which the documents are retrieved; some documents may be grouped according to the request to

17  which they are responsive.  Responding Parties will no produce multiple copies of the same

18  document.

19       I.      Responding Party objects to Instruction No. 7 insofar as it seeks to impose a

20  different or greater duty in responding than is required under the Federal Rules of Civil Procedure,

21  the local rules of this district, and/or applicable law.  Responding Parties will identify the data

22  source of electronically stored information produced in response to these requests, but object to

23  the demand that Responding Parties prepare or maintain an index containing the specified source

24  and access information for individual documents, on the ground that the instruction as written is

25  unduly burdensome and oppressive, calls in some cases for information that is privileged and/or

26  protected (including invasive of the attorney-client privilege), and seeks information that is

27  unnecessary as well as not proportional to the needs of the case.

28

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR
PRODUCTION

- 4

J.     Most of the documents requested are electronically stored information ("ESI").  In responding to these requests, Responding Parties have conducted a reasonable search for responsive documents from the data sources in their possession, custody or control and have requested a search of data sources subject to their control which are not in the possession or custody of Responding Parties.

K.     Some of the documents requested are publicly available digital information accessible on various internet websites (including Court and government websites), public social media sites (such as public FaceBook pages), internet magazines and blogs, online archives, other sites available to the public, or in the news media, pleadings filed in this action or in the TechShop, Inc. bankruptcy case, documents available on the USPTO website, or any other public information that is equally available to propounding party.  Although Responding Parties will produce some documents that are also publicly available, Responding Parties object, on the grounds of undue burden and cost and lack of proportionality, to the requests insofar as they demand that Responding Parties conduct any search of, or produce any, information and documents that are publicly available, or equally available to propounding party.

L.     Responding Parties object to the time, method and manner of the requested production.  Almost all of the documents requested are electronically stored information ("ESI"). Although counsel for the parties conferred on ESI, an ESI protocol was not finalized for this case and a protective order has been discussed but not yet been entered.   Moreover, the number of search terms necessary to identify documents responsive to these requests far exceeds the numeric range discussed by counsel during the Rule 26 conference.   Following a "meet and confer," Responding Parties have agreed to begin production on Monday, August 27, 2018 and intend to complete production on or before Tuesday, September 4, 2018.  Responding Parties will amend this response or otherwise place all parties on notice should additional time be required to complete the production.

Upon request by Plaintiff, Responding Parties are willing to meet and confer regarding their response to this document demand and/or any portion thereof.

1

<u>**Specific Responses**</u>

2 <u>**REQUEST NO. 1:**</u>

3        All documents and things referring or relating to communications between YOU and

4 TECHSHOP, including direct communications to or from YOU and/or TECHSHOP,

5 communications by YOU with third parties about communications with TECHSHOP, and YOUR

6 internal communications referring or relating to TECHSHOP.

7 <u>**RESPONSE TO REQUEST NO. 1:**</u>

8        This request is comprised of three distinct categories of documents, lumped together in a

9 single request.  Insofar as this Request seeks documents and things that are ESI, and to the extent

10 that Responding Parties understand this Request, Responding Parties have made a reasonable

11 search for documents and things responsive to this Request.  To the extent that Responding Parties

12 understand this Request, Responding Parties will produce the unprivileged documents and things

13 in their possession, custody or control, except as follows:

14        Responding Parties object to this request insofar as it seeks documents and things protected

15 by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties

16 will not produce any confidential or privileged communications with any of their attorneys,

17 including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick

18 Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce

19 any attorney work product.

20        Responding Parties object to this request insofar as it seeks documents and things protected

21 by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential

22 communications between Rasure and his wife (Megan Drew Weislander) will be produced.

23        Responding Parties object to this request insofar as it seeks documents and things protected

24 as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties

25 will not produce any trade secrets or confidential commercial information, including but not

26 limited to:  business methods, analyses, strategies, plans and projections; member lists, customer

27 lists, marketing lists and other documents and communications that identify its members or

28

1  customers; and business dealings with its landlords, vendors, investors, corporate customers
2  and/or prospects.

3       Responding Parties objects to this Request on the grounds of privacy, tax privilege and
4  relevance insofar as it seeks documents or things revealing Responding Parties' tax returns, tax
5  workpapers, or communications with tax preparers.  Responding Parties will not produce
6  documents or things revealing information regarding the assets, liabilities, net worth, or finances
7  of any Responding Party.

8       Responding Parties object to this request on the ground that it is overbroad, unduly
9  burdensome and beyond the scope of discovery in that it places no limitation on the time frame
10  relevant to this action.

11       Responding Parties object to this request on the ground that it is overbroad, unduly
12  burdensome and beyond the scope of discovery in that a request for "all communications" in the
13  context of this case does not describe the documents to be produced with reasonable particularity,
14  effectively seeking what appears to be every scrap of paper, including documents and things that
15  have nothing to do with the marks in question and those that are not relevant to the claims and
16  defenses asserted in this action.  As a result, Responding Parties also object to this request as
17  lacking proportionality to the needs of the case considering (1) the marginal importance of the
18  many of the materials to the infringement and cancellation claims and defenses in this litigation
19  and (2) the substantial cost to identify and review the numerous documents requested balanced
20  against the amount in controversy.

21       Upon request by Plaintiff, Responding Parties will further meet and confer regarding their
22  response to this Request and/or any portion thereof.

23

24  **REQUEST NO. 2:**

25       All documents and things referring or relating to the MARKS or use of the MARKS,
26  including documents related to the formation or TechShop 2.0 LLC and/or TechShop 2.0 San

27

28  *Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR
PRODUCTION

- 7

1   Francisco LLC, when YOU began using the MARKS and any date when you contend YOU

2   stopped using the MARKS

3   **RESPONSE TO REQUEST NO. 2:**

4       This request is comprised of five distinct categories of documents, lumped together in a

5   single request.  Responding Parties interpret the defined term MARKS to refer to the two

6   registered marks sued upon and to the name and moniker "TechShop 2.0," as indicated in their

7   above-stated objection to the definition of MARKS.  Insofar as this Request seeks documents and

8   things that are ESI, and to the extent that Responding Parties understand this Request, Responding

9   Parties have made a reasonable search for documents and things responsive to this Request.  To

10   the extent that Responding Parties understand this Request, Responding Parties will produce the

11   unprivileged documents and things in their possession, custody or control, except as follows:

12       Responding Parties object to this request insofar as it seeks documents and things protected

13   by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties

14   will not produce any confidential or privileged communications with any of their attorneys,

15   including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick

16   Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce

17   any attorney work product.

18       Responding Parties object to this request insofar as it seeks documents and things protected

19   by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential

20   communications between Rasure and his wife (Megan Drew Weislander) will be produced.

21       Responding Parties object to this request insofar as it seeks documents and things protected

22   as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties

23   will not produce any trade secrets or confidential commercial information, including but not

24   limited to:  business methods, analyses, strategies, plans and projections; member lists, customer

25   lists, marketing lists and other documents and communications that identify its members or

26   customers; and business dealings with its landlords, vendors, investors, corporate customers

27   and/or prospects.

28

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR
PRODUCTION

- 8

1   Responding Parties objects to this Request on the grounds of privacy, tax privilege and

2   relevance insofar as it seeks documents or things revealing Responding Parties' tax returns, tax

3   workpapers, or communications with tax preparers.  Responding Parties will not produce

4   documents or things revealing information regarding the assets, liabilities, net worth, or finances

5   of any Responding Party.

6   Responding Parties object to this request on the ground that it is overbroad, unduly

7   burdensome and beyond the scope of discovery in that it places no limitation on the time frame

8   relevant to this action.

9   Responding Parties object to this request on the ground that it is overbroad, unduly

10   burdensome and beyond the scope of discovery in that a request for "all" documents and things

11   that refer, relate, mention, comment on, discuss, analyze, explain, reflect, etc., directly or

12   indirectly, the MARKS in the context of this case does not describe the documents to be produced

13   with reasonable particularity, effectively seeking what appears to be every scrap of paper,

14   including documents and things that have nothing to do with the marks in question, numerous

15   similar documents that are excessively cumulative, and thousands of pages that are not relevant to

16   the claims or defenses asserted in this action.  As a result, Responding Parties also object to this

17   request as lacking proportionality to the needs of the case considering (1) the marginal importance

18   of the many of the materials to the infringement and cancellation claims and defenses in this

19   litigation and (2) the substantial cost to identify and review the numerous documents requested

20   balanced against the amount in controversy.

21   Upon request by Plaintiff, Responding Parties will further meet and confer regarding their

22   response to this Request and/or any portion thereof.

23

24   **REQUEST NO. 3:**

25   All documents and things referring or relating to any alleged permission or acquiescence of

26   YOUR use of the MARKS.

27

28

**RESPONSE TO REQUEST NO. 3:**

Responding Parties interpret the defined term MARKS to refer to the two registered marks sued upon and to the name and moniker "TechShop 2.0," as indicated in their above-stated objection to the definition of MARKS. Insofar as this Request seeks documents and things that are ESI, and to the extent that Responding Parties understand this Request, Responding Parties have made a reasonable search for documents and things responsive to this Request. To the extent that Responding Parties understand this Request, Responding Parties will produce the unprivileged documents and things in their possession, custody or control, except as follows:

Responding Parties object to this request insofar as it seeks documents and things protected by the attorney-client privilege and/or the attorney work-product protection. Responding Parties will not produce any confidential or privileged communications with any of their attorneys, including but not limited to the following attorneys (and their firms): Wesley Smith; John Patrick Deveny; David Icaacson; Steven Allison; or Ann Draper. Responding Parties will not produce any attorney work product.

Responding Parties object to this request insofar as it seeks documents and things protected by the marital privileges. Responding Party Rasure asserts all marital privileges; no confidential communications between Rasure and his wife (Megan Drew Weislander) will be produced.

Responding Parties object to this request insofar as it seeks documents and things protected as trade secrets, confidential commercial information and/or privacy rights. Responding Parties will not produce any trade secrets or confidential commercial information, including but not limited to: business methods, analyses, strategies, plans and projections; documents and communications that identify its members or customers; and business dealings with its landlords, vendors, investors, corporate customers and/or prospects.

Upon request by Plaintiff, Responding Parties will further meet and confer regarding their response to this Request and/or any portion thereof.

1    **REQUEST NO. 4**:

2          All documents and things referring or relating to this litigation, including communications

3    with third parties.

4    **RESPONSE TO REQUEST NO. 4**:

5          Responding Parties object to this request in its entirety on the grounds that this Request is

6    facially overly broad and unduly burdensome, in that it uses omnibus terms (such as "referring or

7    relating to") to modify a general category ("this litigation").  Responding Parties will not produce

8    any documents in response to this request because there is no portion of this request that has

9    sufficient particularity for Responding Parties to determine which of numerous documents may

10   conceivably fall within its scope and be relevant and non-privileged.  In making this objection,

11   Responding Parties do not intend to waive any privilege, protection or privacy they may have to

12   any individual document that comes within the scope of this request.

13         Upon request by Plaintiff, Responding Parties will further meet and confer regarding their

14   response to this Request and/or any portion thereof.

15

16   **REQUEST NO. 5**:

17         All documents and things referring or relating to YOUR revenues, profits, losses, and/or

18   expenses for the period January 1, 2018 to the present, including revenues from memberships and

19   membership lists, and forecasts and projections of the same.

20   **RESPONSE TO REQUEST NO. 5**:

21         This request is comprised of four distinct categories of documents, lumped together in a

22   single request.  Responding Parties interpret the defined term YOUR to refer to Responding

23   Parties.  Insofar as this Request seeks documents and things that are ESI, and to the extent that

24   Responding Parties understand this Request, Responding Parties have made a reasonable search

25   for documents and things responsive to this Request.  To the extent that Responding Parties

26   understand this Request, Responding Parties will produce the unprivileged documents and things

27   in their possession, custody or control, except as follows:

28

1    Responding Parties object to this request insofar as it seeks documents and things protected

2  by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties

3  will not produce any confidential or privileged communications with any of their attorneys,

4  including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick

5  Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce

6  any attorney work product.

7    Responding Parties object to this request insofar as it seeks documents and things protected

8  by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential

9  communications between Rasure and his wife (Megan Drew Weislander) will be produced.

10    Responding Parties object to this request insofar as it seeks documents and things protected

11  as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties

12  will not produce any trade secrets or confidential commercial information, including but not

13  limited to:  business methods, analyses, strategies, plans and projections; member lists, customer

14  lists, marketing lists and other documents and communications that identify its members or

15  customers; and business dealings with its landlords, vendors, investors, corporate customers

16  and/or prospects.

17    Responding Parties further object to this request on the ground that the request seeks

18  information beyond the scope of discovery in that Plaintiff is not entitled to recover damages or

19  disgorgement of profits in this case, for the reasons, *inter alia*, set forth in the briefing submitted

20  July 3, 2018.  Nonetheless, without waiving this objection, Responding Parties will produce

21  accounting documents sufficient to show gross revenues (including revenues from memberships),

22  certain expenses, and net loss from operating TheShop dot Build's makerspace in San Francisco

23  during the period January 1, 2018 through July 31, 2018.

24    Responding Parties objects to this Request on the grounds of privacy, tax privilege and

25  relevance insofar as it seeks documents or things revealing Responding Parties' tax returns, tax

26  workpapers, or communications with tax preparers.  Responding Parties will not produce

27

28

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR
PRODUCTION

12

1  documents or things revealing information regarding the assets, liabilities, net worth, or finances
2  of any Responding Party.

3        Responding Parties object to this request on the ground that it is overbroad, unduly
4  burdensome and lacking in proportionality in seeking "all documents and things" that refer, relate,
5  mention, comment on, discuss, analyze, explain, reflect, etc., directly or indirectly, any individual
6  revenue or expense, particularly in light of the lack of profits to date, and in demanding production
7  of numerous similar documents that are excessively cumulative, and thousands of pages that
8  would need to be reviewed and redacted.  As a result, Responding Parties also object to this
9  request as lacking proportionality to the needs of the case considering (1) the marginal importance
10  of the many of the materials to the infringement and cancellation claims and defenses in this
11  litigation and (2) the substantial cost to identify and review the numerous documents requested
12  balanced against the amount in controversy.

13        Upon request by Plaintiff, Responding Parties will further meet and confer regarding their
14  response to this Request and/or any portion thereof.

15

16  **REQUEST NO. 6**:

17        All documents and things referring or relating to promotions or communications with
18  TECHSHOP members or former members.

19  **RESPONSE TO REQUEST NO. 6**:

20        This request is comprised of two distinct categories of documents (promotions and
21  communications), lumped together in a single request.  Insofar as this Request seeks documents
22  and things that are ESI, and to the extent that Responding Parties understand this Request,
23  Responding Parties have made a reasonable search for documents and things responsive to this
24  Request.  To the extent that Responding Parties understand this Request, Responding Parties will
25  produce the unprivileged documents and things in their possession, custody or control, except as
26  follows:

27

28

1    Responding Parties object to this request insofar as it seeks documents and things protected
2  by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties
3  will not produce any confidential or privileged communications with any of their attorneys,
4  including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick
5  Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce
6  any attorney work product.

7    Responding Parties object to this request insofar as it seeks documents and things protected
8  by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential
9  communications between Rasure and his wife (Megan Drew Weislander) will be produced.

10    Responding Parties object to this request insofar as it seeks documents and things protected
11  as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties
12  will not produce any trade secrets or confidential commercial information, including but not
13  limited to:  business methods, analyses, strategies, plans and projections; member lists, customer
14  lists, marketing lists and other documents and communications that identify its members or
15  customers; and business dealings with its landlords, vendors, investors, corporate customers
16  and/or prospects.

17    Responding Parties object to this request on the ground that it is overbroad, unduly
18  burdensome and beyond the scope of discovery in that it places no limitation on the time frame
19  relevant to this action and no requirement that a communication relate to any of the claims or
20  defenses at issue in this action.  Propounding Party has defined TECHSHOP to include not only
21  TechShop, Inc. (which ceased doing business on November 15, 2017), but *inter alia* all former
22  employees, officers, agents, consultants, etc.

23    Responding Parties object to this request on the ground of lack of relevance and beyond
24  the scope of discovery in that this case relates to infringement and cancellation of registered
25  service marks, and Plaintiff has not asserted claims for competitive injuries or other business torts.
26  Without waiving these objections, Responding Parties will produce exemplars of unprivileged
27  promotional materials, including exemplars of emails, newsletters and announcements describing

28

promotions available for former members of TechShop locations, as well as exemplars of membership agreements, paperwork and invoices for promotions available for former members of TechShop locations.  Responding Parties will not, however, produce individual communications with TECHSHOP members or former members or identifying information relating to any member or customer of a Responding Party.

Responding Parties objects to this Request on the grounds of privacy, tax privilege and relevance insofar as it seeks documents or things revealing Responding Parties' tax returns, tax workpapers, or communications with tax preparers.  Responding Parties will not produce documents or things revealing information regarding the assets, liabilities, net worth, or finances of any Responding Party.

Responding Parties also object to this request as lacking proportionality to the needs of the case considering (1) the marginal importance of the many of the materials to the infringement and cancellation claims and defenses in this litigation and (2) the substantial cost to identify and review the numerous documents requested balanced against the amount in controversy.

Upon request by Plaintiff, Responding Parties will further meet and confer regarding their response to this Request and/or any portion thereof.

**REQUEST NO. 7**:

All documents and things referring or relating to TECHSHOP membership or former membership lists or information (including email addresses), including documents referring or relating to accessing databases with such lists or information (including email addresses) and/or accessing TECHSHOP computers with such lists or information (including email addresses), including documents sufficient to show which person or persons provided passwords or other access information to retrieve information from password protected websites, computers, or files.

**RESPONSE TO REQUEST NO. 7**:

This request is comprised of five distinct categories of documents (promotions and communications), lumped together in a single request.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR PRODUCTION

15

1    Responding Parties object to this request in its entirety on the grounds of lack of relevance
2    and beyond the scope of discovery, and will not produce any documents in response thereto.  This
3    case relates to infringement and cancellation of registered service marks, and Plaintiff has not
4    asserted claims for competitive injuries or other business torts.  In making this objection,
5    Responding Parties do not intend to waive any privilege, protection or privacy they may have to
6    any individual document that comes within the scope of this request.

7    Responding Parties further object to this request insofar as it seeks documents and things
8    protected by the attorney-client privilege and/or the attorney work-product protection.
9    Responding Parties will not produce any confidential or privileged communications with any of
10   their attorneys, including but not limited to the following attorneys (and their firms):  Wesley
11   Smith; John Patrick Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties
12   will not produce any attorney work product.

13   Responding Parties further object to this request insofar as it seeks documents and things
14   protected by the marital privileges.  Responding Party Rasure asserts all marital privileges; no
15   confidential communications between Rasure and his wife (Megan Drew Weislander) will be
16   produced.

17   Responding Parties further object to this request insofar as it seeks documents and things
18   protected as trade secrets, confidential commercial information and/or privacy rights.  Responding
19   Parties will not produce any trade secrets or confidential commercial information, including but
20   not limited to:  business methods, analyses, strategies, plans and projections; member lists,
21   customer lists, marketing lists and other documents and communications that identify its members
22   or customers; and business dealings with its landlords, vendors, investors, corporate customers
23   and/or prospects.

24   Upon request by Plaintiff, Responding Parties will further meet and confer regarding their
25   response to this Request and/or any portion thereof.

26
27
28
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR
PRODUCTION

16

1  **REQUEST NO. 8**:

2      All documents and things referring or relating to communications between YOU and

3  Fujitsu and/or the San Francisco Unified School District (SFUSD).

4  **RESPONSE TO REQUEST NO. 8**:

5      Insofar as this Request seeks documents and things that are ESI, and to the extent that

6  Responding Parties understand this Request, Responding Parties have made a reasonable search

7  for documents and things responsive to this Request.  To the extent that Responding Parties

8  understand this Request, Responding Parties will produce the unprivileged documents and things

9  in their possession, custody or control, except as follows:

10      Responding Parties object to this request insofar as it seeks documents and things protected

11  by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties

12  will not produce any confidential or privileged communications with any of their attorneys,

13  including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick

14  Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce

15  any attorney work product.

16      Responding Parties object to this request insofar as it seeks documents and things protected

17  by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential

18  communications between Rasure and his wife (Megan Drew Weislander) will be produced.

19      Responding Parties object to this request insofar as it seeks documents and things protected

20  as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties

21  will not produce any trade secrets or confidential commercial information, including but not

22  limited to:  business methods, analyses, strategies, plans and projections; member lists, customer

23  lists, marketing lists and other documents and communications that identify its members or

24  customers; and business dealings with its landlords, vendors, investors, corporate customers

25  and/or prospects.  Without waiving these objections, Responding Parties will produce unprivileged

26  email and calendar invite communications and photographs relating to an opportunity for a

27  Responding Party to provide services at SFUSD.

28

1    Upon request by Plaintiff, Responding Parties will further meet and confer regarding their

2  response to this Request and/or any portion thereof.

3

4  **REQUEST NO. 9**:

5    All documents and things referring or relating to communications between YOU and:

6      (a) Michael Erickson

7      (b) Tiffani Mascarella

8      (c) Will Brick

9      (d) Eric Hess

10      (e) Louise Larsen

11      (f) Jon Barbara

12      (g) Ryan Spurlock

13      (h) Justin Leathers

14  **RESPONSE TO REQUEST NO. 9**:

15    Insofar as this Request seeks documents and things that are ESI, and to the extent that

16  Responding Parties understand this Request, Responding Parties have made a reasonable search

17  for documents and things responsive to this Request.  To the extent that Responding Parties

18  understand this Request, Responding Parties will produce the unprivileged documents and things

19  in their possession, custody or control, except as follows:

20    Responding Parties object to this request insofar as it seeks documents and things protected

21  by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties

22  will not produce any confidential or privileged communications with any of their attorneys,

23  including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick

24  Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce

25  any attorney work product.

26

27

28

1    Responding Parties object to this request insofar as it seeks documents and things protected
2  by the marital privileges. Responding Party Rasure asserts all marital privileges; no confidential
3  communications between Rasure and his wife (Megan Drew Weislander) will be produced.

4    Responding Parties object to this request insofar as it seeks documents and things protected
5  as trade secrets, confidential commercial information and/or privacy rights. Responding Parties
6  will not produce any trade secrets or confidential commercial information, including but not
7  limited to: business methods, analyses, strategies, plans and projections; member lists, customer
8  lists, marketing lists and other documents and communications that identify its members or
9  customers; and business dealings with its landlords, vendors, investors, corporate customers
10  and/or prospects.

11    Upon request by Plaintiff, Responding Parties will further meet and confer regarding their
12  response to this Request and/or any portion thereof.

13

14  **REQUEST NO. 10**:

15    All documents and things referring or relating to communications received by YOU
16  intended for TECHSHOP, inquiries as to whether you are TECHSHOP, and/or confusion between
17  YOU and TECHSHOP.

18  **RESPONSE TO REQUEST NO. 10**:

19    This request is comprised of three distinct categories of documents, lumped together in a
20  single request. Insofar as this Request seeks documents and things that are ESI, and to the extent
21  that Responding Parties understand this Request, Responding Parties have made a reasonable
22  search for documents and things responsive to this Request. To the extent that Responding Parties
23  understand this Request, Responding Parties will produce the unprivileged documents and things
24  in their possession, custody or control, except as follows:

25    Responding Parties object to this request insofar as it seeks documents and things protected
26  by the attorney-client privilege and/or the attorney work-product protection. Responding Parties
27  will not produce any confidential or privileged communications with any of their attorneys,

28

including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce any attorney work product.

Responding Parties object to this request insofar as it seeks documents and things protected by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential communications between Rasure and his wife (Megan Drew Weislander) will be produced.

Responding Parties object to this request insofar as it seeks documents and things protected as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties will not produce any trade secrets or confidential commercial information, including but not limited to:  business methods, analyses, strategies, plans and projections; member lists, customer lists, marketing lists and other documents and communications that identify its members or customers; and business dealings with its landlords, vendors, investors, corporate customers and/or prospects.

Upon request by Plaintiff, Responding Parties will further meet and confer regarding their response to this Request and/or any portion thereof.

**REQUEST NO. 11**:

All documents and things referring or relating to Dan Woods, Jim Newton, and/or Doug Busch.

**RESPONSE TO REQUEST NO. 11**:

Responding Parties object to this request in its entirety on the grounds that this Request is facially overly broad and unduly burdensome, in that it uses omnibus terms (such as "referring or relating to") to modify a general category (in this case, three individuals, two of whom are cross-defendants).  Nonetheless, although there is no portion of this request that has sufficient particularity for Responding Parties to determine which of numerous documents may conceivably fall within the scope of this Request and be relevant and non-privileged, Responding Parties will, without waiving this objection, produce emails and other documents in response to other requests

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR PRODUCTION

20

in this set.  In making this objection, Responding Parties do not intend to waive any privilege, protection or privacy they may have to any individual document that comes within the scope of this request.

Responding Parties object to this request insofar as it seeks documents and things protected by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties will not produce any confidential or privileged communications with any of their attorneys, including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce any attorney work product.

Responding Parties object to this request insofar as it seeks documents and things protected by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential communications between Rasure and his wife (Megan Drew Weislander) will be produced.

Responding Parties object to this request insofar as it seeks documents and things protected as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties will not produce any trade secrets or confidential commercial information, including but not limited to:  business methods, analyses, strategies, plans and projections; member lists, customer lists, marketing lists and other documents and communications that identify its members or customers; and business dealings with its landlords, vendors, investors, corporate customers and/or prospects.

Upon request by Plaintiff, Responding Parties will further meet and confer regarding their response to this Request and/or any portion thereof.

**REQUEST NO. 12:**

All documents and things referring or relating to the modification of images using the TECHSHOP name/MARKS to put "2.0" on the images, including documents sufficient to show who performed the modification and who ordered or authorized it.

**RESPONSE TO REQUEST NO. 12**:

Insofar as this Request seeks documents and things that are ESI, and to the extent that Responding Parties understand this Request, Responding Parties have made a reasonable search for documents and things responsive to this Request.  To the extent that Responding Parties understand this Request, Responding Parties will produce the unprivileged documents and things in their possession, custody or control, except as follows:

Responding Parties have requested the responsive documents not in their custody or possession so that they can be produced in response to this request.  Responding Parties believe that responsive information not in their possession, custody or control may be obtained from: Jerry Gable; 3126 W El Caminito Dr.; Phoenix, AZ 85051 (address obtained from Schedules filed by propounding party in its Chapter 7 case).

Responding Parties object to this request insofar as it seeks documents and things protected by the attorney-client privilege and/or the attorney work-product protection.  Responding Parties will not produce any confidential or privileged communications with any of their attorneys, including but not limited to the following attorneys (and their firms):  Wesley Smith; John Patrick Deveny; David Icaacson; Steven Allison; or Ann Draper.  Responding Parties will not produce any attorney work product.

Responding Parties object to this request insofar as it seeks documents and things protected by the marital privileges.  Responding Party Rasure asserts all marital privileges; no confidential communications between Rasure and his wife (Megan Drew Weislander) will be produced.

Responding Parties object to this request insofar as it seeks documents and things protected as trade secrets, confidential commercial information and/or privacy rights.  Responding Parties will not produce any trade secrets or confidential commercial information, including but not limited to:  business methods, analyses, strategies, plans and projections; member lists, customer lists, marketing lists and other documents and communications that identify its members or customers; and business dealings with its landlords, vendors, investors, corporate customers and/or prospects.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR PRODUCTION

22

1    Upon request by Plaintiff, Responding Parties will further meet and confer regarding their

2    response to this Request and/or any portion thereof.

3

4    **REQUEST NO. 13**:

5    All documents and things referred to in YOUR Initial Disclosures.

6    **RESPONSE TO REQUEST NO. 13**:

7    Responding Parties will produce the unprivileged documents identified in their Initial

8    Disclosures that are not work product, trade secrets or subject to the right of privacy.  For

9    clarification, Responding Parties are producing the documents referenced in in their Initial

10   Disclosures, which are not "all" documents that might exist in a particular category but merely

11   particular documents falling within the category.

12   Upon request by Plaintiff, Responding Parties will further meet and confer regarding their

13   response to this Request and/or any portion thereof.

14

15   DATED:  August 24, 2018

Respectfully Submitted,

16
DRAPER LAW OFFICES

17

18

19   By_____

20   Ann McFarland Draper
Attorneys for Defendants Dan Rasure, TheShop dot
Build LLC, and TheShop dot Build San Fran LLC

21

22

23

24

25

26

27

28

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR
PRODUCTION

23

## CERTIFICATE OF SERVICE

I, Ann McFarland Draper, hereby declare and certify as follows:

1.     I am an attorney at law over the age of eighteen (18) years and not a party to this action. My business address is 75 Broadway, Suite 202, San Francisco, CA 94111.

2.     On August 24, 2018, I served a true and correct copy of the foregoing document *DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF TECHSHOP'S FIRST SET OF REQUESTS FOR PRODUCTION* on the interested parties by depositing a sealed envelope containing a true copy thereof, with postage thereon fully prepaid, into the United States mails in San Rafael, California, addressed as follows:

> James C. Pistorino, Esq.
> Parrish Law Offices
> 224 Lexington Dr.
> Menlo Park, CA 94025

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 24th day of August, 2018, at San Rafael, State of California.

_____

Ann McFarland Draper