1

James C. Pistorino (SBN 226496)
    james@dparrishlaw.com

2

Parrish Law Offices
224 Lexington Dr.

3

Menlo Park, CA  94025
Telephone: (650) 400-0043

4

Attorneys for Plaintiff

5

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

DORIS A. KAELIN, in her capacity as the          )   Case Number: **4:18-cv-01044-HSG**
Chapter 7 trustee of the estate of TECHSHOP, )

9

INC.,                                                                    )

10

                                                                            )
                    Plaintiff,                               )   **TECHSHOP'S REPLY IN SUPPORT OF**

11

                                                                            )   **MOTION TO DISMISS**

12

        vs.                                                       )
                                                                            )   **NOVEMBER 29, 2018 AT 2:00PM**

13

DAN RASURE, et al.                              )   **OAKLAND, COURTROOM 2, 4TH**
                                                                            )   **FLOOR**

14

                    Defendants.                          )

15

16

TechShop's motion should be granted.

17

Undifferentiated Allegations

18

        As noted in TechShop's moving papers, fraud plaintiffs are required "*to differentiate*

19

their allegations when suing more than one defendant and *inform each defendant separately* of

20

the allegations surrounding his alleged participation in the fraud." *See Swartz v. KPMG LLP*, 476

21

F.3d 756, 764-65 (9th Cir. 2007) (emphasis added).

22

        Frankly, it is difficult to follow Defendants' opposition.  In the face of the requirement to

23

"differentiate their allegations" and "inform each defendant separately of the allegation,

24

Defendants continue to use the canned phrase "TSINC, Woods, and Newton."  Opp. at 3-4.  That

25

is simply not sufficient to comply with FED.R.CIV.P. 9(b).

26

        Defendants' claim that "TSINC concedes that at various times the Cross-Complaint

27

distinguishes among the three defendants when alleging conduct." (Opp. at 5) is incorrect.  What

28

TechShop pointed out was that in two instances, Defendants used the phrases "TSINC *and* Woods" or "Woods *and* TSINC." Mot. at 3; Paras. 47 and 52 (emphasis added). Thus, even in those instances, Defendants both combined two fraud defendants (TSINC and Woods) and indicated that they were not the same entity/person. So, again, Defendants failed to comply with FED.R.CIV.P. 9(b) and the command of *Swartz* to "differentiate" their allegations and "inform each defendant separately" of their alleged activities.

<u>Lack of Who, What, When, Where, and How</u>

As noted in TechShop's moving papers, a complaint alleging fraud must state "the who, what, when, where, and how" of the alleged conduct. *Cooper*, 137 F.3d at 627 (9th Cir. 1997). Mot. at 3-5.

In opposition, Defendants essentially contend that the "particularity" requirement of FED.R.CIV.P. 9(b) really means "generally" or "vaguely." There is nothing to that. Defendants' claim that the "who" is satisfied by "USNIC [sic], Woods, Newton, 'and each of them'" merely highlights the failure to comply with the "differentiate" and "separate" requirements of FED.R.CIV.P. 9(b). Opp. at 6. Defendants' effort to rely on *Andrews Farms v. Calcot, Ltd.*, 527 F.Supp.2d 1239 (E.D. Cal. 2007) is misplaced. Opp. at 6. By contrast to the present case, there, the plaintiff identified the "what" ("specific acts of representations"), the "when" ("every year since 1983 in the specifically identified correspondence") and the "where" ("the documents in which the representations were made or not made"). *Id.* at 1251. Here, neither, the "who, what, when, where, or how" are specified.

Likewise, in error is the Defendants' claim that *In re: ConAgra Foods, Inc.*, 908 F.Supp.2d 1090 (C.D. Cal. 2012) held that the "where" and "how" requirement do not require the specific method by which the misrepresentations were made." Opp. at 6. Instead, the court there held that the "when", "where" and "how" were satisfied by identifying a particular product label containing a specific representation (*i.e.*, "100% Natural") during the class period. By contrast, the "cross-complaint" never identifies any specific person (the "who") who made any specific statement (the "what") in any specific place/manner (the "where") at any specific time

(the "when") in any specific way (the "how"). General claims that somebody "pressed" Rasure, et al. to do things by making unspecified statements at unspecified times at unspecified places by unspecified means simply do not comply with the Rules. *See* Paras. 51, 53, and 54.

At the end of the day, the "cross-complaint" is so vague that the fraud defendants can only "just deny that they have done anything wrong." *See Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). That does not comply with the Rule. Indeed, absent the information required by the Rule, the fraud defendants could only respond by denying and then serving discovery to determine who was accused of what, when, where, and how as part of the alleged fraud. The Rule requires that information to be in the complaint.

<u>Lack of Explanation of Why Statement/Omission Was False or Misleading</u>

As indicated in TechShop's opening papers, in addition, to the who, what, when, where, and how of the alleged fraud, a complaint alleging fraud must "set forth an explanation as to why [a] statement or omission complained of was false or misleading." *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d at 1548. "The rule therefore precludes plaintiff from simply pointing to a statement by a defendant, noting that the content of the statement 'conflicts with the current state of facts,' and concluding that 'the charged statement must have been false' at the time it was made." *Id.* (citing *GlenFed*, 42 F.3d at 1548). Instead, the complaint must allege *facts* from which a Court can infer that the allegedly fraudulent statements were false *when made*.

In opposition, Defendants point to ¶¶ 44, 47, 49-50 as containing facts, beyond mere non-performance, from which the Court can infer that the allegedly fraudulent statements were false when made. Opp. at 8. However, Defendants never identify or explain which alleged facts the Court can rely on to infer that the allegedly fraudulent statements were false *when made*. Instead, the Defendants simply contend that there were promises that were not performed. That is not sufficient.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Google G-Suite Allegations

As TechShop noted in its moving papers, the "cross-complaint" simply never alleges any facts that TechShop, Woods, or Newton had anything to do with allege fraud with respect to charges *by Google* related to GSuite. Mot. at 6-7.

In opposition, Defendants offer that they alleged that "Newton created a G-Suite login for Rasure so that he could type in his credit card number" and that, in *Rasure's* communications with Google, *Rasure* only authorized "one-time" charges. *See* Para. 57. Later, there were charges Rasure contends he did not authorize. *See* Para. 58.

From this, Defendants contend that the "obvious inference" is that Mr. Newton perpetrated the alleged fraud. Opp. at 8-9. Defendants further offer: "While Cross-Complainants have not been able to do discovery in this action yet, it must rely on inferences from the facts that it does have. At the very least, there is sufficient facts from which it can be inferred that Newton (and this TSINC) made unauthorized use of Rasure's credit card information and defrauded him of substantial assets." *Id.*

As an initial matter, Defendants failed to comply with the requirement to "inform each defendant separately" and with "particularity" of the allegations against him. Accordingly, there is no specific allegation in the "cross-complaint" that Mr. Newton was responsible for any fraud as it relates to Google. Indeed, Defendants proceed from paragraph 57 to paragraph 59 where, again, "TSINC, Woods, and Newton, and each of them" are accused. Instead, Defendants ask the Court to first "infer" who is accused and further "infer" what he is accused of. Clearly, that fails to comply with the Rule.

Moreover, from the few facts alleged, there is no "obvious inference" that Nr, Newton was responsible for anything. Instead, assuming all the facts are true, at best, a more likely inference is that Mr. Rasure or Google made a mistake or that there was a miscommunication/misunderstanding. Who knows? Indeed, that is the point. When you do not know, don't make the allegation.

1    Defendants contend that they "have not been able to do discovery yet" and, therefore,

2    relied on "inferences" to make allegations.  That has things exactly backward.  Pursuant to

3    FED.R.CIV.P. 9 and 11(b)(3), a party must first have a good faith factual basis *before* alleging

4    facts on which causes of action are based.  Especially in the context of a fraud allegation,

5    accusing first and then attempting to find out of there are facts to support the allegation is a

6    violation of the Rules.

7                                    **CONCLUSION**

8    For all the reasons set forth above, the Third and Fourth Causes of Action (¶¶ 47-83) of

9    the "cross-complaint" should be dismissed for failing to comply with Fed.R.Civ.P. 9(b) and/or

10   *Iqbal/Twombly*.

11

12   Dated: September 6, 2018                    Respectfully submitted,

13

14

15                                              _____

16                                              James C. Pistorino (SBN 226496)
                                                    james@dparrishlaw.com
17                                              Parrish Law Offices
                                                224 Lexington Dr.
18                                              Menlo Park, CA  94025
                                                Telephone: (650) 400-0043

19                                              Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28