James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, in her capacity as the Chapter 7 trustee of the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S OPPOSITION TO DEFENDANTS' "ADMINISTRATIVE MOTION"** |

    Plaintiff, Doris A. Kaelin, in her capacity as the Chapter 7 trustee of the estate of TechShop, Inc. (hereinafter "TechShop") opposes the "Administrative Motion" filed by Defendants very late on the evening of September 21, 2018, allegedly relying on L.R. 6-3, 7-11, and 16-2(d).[1] Defendants' motion should be denied and was filed in willful violation of the Rules.

**Procedural Violations/Defects**

    First, none of the procedural requirements for filing motions under L.R. 6-3, 7-11, or 16-2(d) were complied with. All of those Rules require a meet and confer/stipulation prior to filing a motion. See 6-3(a)(2), 7-11(a), and 16-2(d)(2). Defendants' counsel made no such efforts.

---

[1] In compliance with L.R. 6-3(b) and 7-11(b), this paper is filed within 4 days of service of the motion, is 5 pages or less long, and is accompanied by a proposed order.

1

Despite Plaintiff's counsel meeting with Defendants' counsel on September 21, 2018,[2] the first Plaintiff's counsel heard of this request was the ECF filing around midnight later that same day.

With respect to L.R. 6-3, the showings required by 6-3(2), (3), (5) and (6) were not made.

With respect to L.R. 7-11, while the showing of 7-11(a) as to efforts to obtain a stipulation was not made, the more fundamental problem is that Defendants' motion is not an "administrative motion." Defendants' motion has nothing to do with administrative matters (page limits, filing documents under seal, etc.) and instead seeks substantive relief in the form of yet another delay in complying with basic discovery obligations.

With respect to L.R. 16-2(d), the showings/papers required by 16-2(d)(2), (3), and (4) were not made/provided. More fundamentally, Defendants are not seeking to modify the Case Management Schedule (which the Magistrate Judge has no power to do) but are instead seeking to modify the Magistrate's Order compelling production by September 21, 2018.

With respect to this Court's Standing Order on Discovery Disputes, that Order, *inter alia*, requires a meet and confer and, again, that did not happen. See Standing Order, ¶ 8.

No reasonable person could have thought that Defendants' motion complied with any of the Rules or made any good faith effort to do so. Instead, because Defendants intended to defy the Court's Order, they filed something, anything, so that they could say it was on file.

Defendants are playing a game of discovery chicken with Plaintiff and the Court. At each instance, Defendants claim confusion, that things are lost in the mail, that discovery will occur in the future, etc. The purpose of all of this is harassment and delay (at this point nearly 90 days). Because the true consequences of the misconduct are so severe, Defendants appear to be relying on the Court's reluctance to have them suffer those consequences.

---

[2] To which meet and confer, Defendants' counsel was more than 20 minutes late and was further unable to meet and confer for another 20+ minutes when she did arrive. The result was that more than 45 minutes of Plaintiff's counsel's time was wasted.

**Substantive Opposition**

At base, all the Court needs to know is that **none** of the documents the Court ordered produced by September 21, 2018 were produced on that date. This is not a case where one or two documents (or categories of documents) are delayed. Instead, this is a case where **none** of the documents were produced.

Defendants' conduct in even filing this motion is part of a pattern of delay and obstruction. Defendants' current claim that it will essentially begin discovery efforts on Monday, September 24, 2018, puts to the lie Defendants' previous claim of August 22, 2018, that: "Defendants will begin producing documents on or before Monday, August 27 and will continue producing documents over the ensuing week, with production completed on or before Tuesday, September 4, 2018." See Dkt. #53, Exhibit E. Of course, no documents were produced on August 27, 28, 29, 30, 31, September 1, 2, or 3. On September 4, approximately 950 pages of documents were produced. That production was largely non-substantive (*e.g.*, no emails or financial information were included) and also appears to have included irrelevant information solely for the purpose of inflating the page count. For example, nearly 400 pages of the production consist of pictures of pieces of equipment and random things (e.g., pictures out of plane windows). The other production largely consists of undated screen shots of text messages.

Early on the morning of September 24, 2018, Defendants produced approximately 800 pages of materials. Large portions of that appear to be undated Facebook posts. One item that was produced is an 88-page spreadsheet, produced as a PDF and apparently printed the day *after* compliance was due, of membership invoices. Even this production is in violation of the Rules because it was not produced in the manner it was ordinarily kept and production in PDF form frustrates even adding the numbers up. To date, none of the limited production has identified which of the Requests, if any, the production allegedly corresponds to.

From the date the Case Management Schedule was entered (June 20, 2018) to the end of discovery (November 2, 2018) in this case is 135 days. Plaintiff served the discovery requests at

3

issue on June 26, 2018. Even if Defendants had fully complied with this Court's Order compelling production by September 21, 2018, that would have represented a delay of 87 days (or ~65% of the entire discovery period) in responding/production. Thus, even if Defendants' had fully complied with this Court's Order nearly two thirds of the discovery period would have passed before Plaintiff even saw, *e.g.*, Defendants' **Initial** Disclosures. But of course, Defendants did not even do that.

Normally, delays of less than 10 days are immaterial in the scope of discovery. But that is not the case here. From September 21, 2018 to November 2, 2018, is 42 days. Thus, at this point, even if Defendants only delayed compliance by a further 4 days that would represent ~10% of the remaining discovery period.

**Appropriate Next Steps**

In light of the ongoing discovery abuse and failure to comply with this Court's Orders, Plaintiff believes that the Court should take up Plaintiff's previously filed motion to compel and grant it. See Dkt #53. Alternatively, the Court should hold a hearing on the same at the earliest available hearing date. The material changes since that motion was filed on September 4, 2015, are: 1) an additional 4.5 hours of time (for a total of 8 hours) was wasted in meet and confers; 2) this Court's time conducting a hearing was wasted; 3) Defendants have defied the Court's Order; and 4) another 20 days of non-production have passed.

Because the remaining discovery period is so short, even if Plaintiff attempted to comply with this Court's Standing Order regarding discovery disputes, as much as 25% of the remaining discovery period could be consumed before a discovery letter could be on file.

Plaintiff continues to be prejudiced by the discovery misconduct. Since the discovery responses were due, the deadline for amending the pleadings has passed. Thus, if anything were discovered now supporting additional claims, Plaintiff would have to seek leave of Court to add it. In addition, because Plaintiff will not waste time and money conducting depositions without

documents and knowing the issues, no other discovery has taken place. Again, Plaintiff does not even have Defendants' **Initial** Disclosures.

## CONCLUSION

Defendants' request should be denied. The Court should take up and grant Plaintiff's previously filed motion. See Dkt. #53. Alternatively, the Court should conduct a hearing on that motion and the discovery status more generally at the earliest available hearing date.

Dated: September 24, 2018             Respectfully submitted,

                                                              /s/

                                                              James C. Pistorino (SBN 226496)
                                                                  james@dparrishlaw.com
                                                              Parrish Law Offices
                                                              224 Lexington Dr.
                                                              Menlo Park, CA 94025
                                                              Telephone: (650) 400-0043

                                                              Attorneys for Plaintiff