Ann McFarland Draper (SBN 065669)
courts@draperlaw.net
**Draper Law Offices**
75 Broadway, Suite 202
San Francisco, California 94111
Tel: (415) 989-5620

Attorneys for Defendants and Cross/Counter Claimants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, Inc., a California corporation,<br>　　　　　　　Plaintiff,<br>vs.<br>DAN RASURE, et al,<br>　　　　　　　Defendants.<br>DAN RASURE, et al,<br>　　　　　　　Cross-Complainants,<br>vs.<br>TECHSHOP, INC., et al,<br>　　　　　　　Cross-defendants. | **Case No. 4:18-cv-01044-HSG-JCS**<br><br>**REPLY DECLARATION OF ANN McFARLAND DRAPER RE PRODUCTION OF DOCUMENTS**<br><br>**No Hearing Required** |

I, Ann McFarland Draper, declare as follows:

1.   I am an attorney at law over the age of eighteen (18) years and not a party to this action. I make this declaration based upon my personal knowledge, except where stated on information and belief and, if called upon to testify, I could and would competently testify to the matters set forth herein.

2.   I am the attorney of record herein for Responding Parties Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC, who are the Defendants and Counter/Cross-Claimants herein.

3.   Over the weekend, I obtained and produced to Mr. Pistorino the list containing the random 10% sample of customer contacts. Those documents were provided in PDF format under

Bates#s DR001646-DR001713.  In addition to the contact information, I also provided the following information for each customer:  Shop Location; Membership Start Date; Membership Status; and Membership Level (which shows whether the member is receiving a discount for having formerly been a customer of a TechShop location).  The random sample was generated by an outside vendor, and I also supplied his methodology.  The sample had to be generated twice, because it turned out that the contact database included managers and employees, who are not customers and were excluded the second time the random sample was generated.

4.  Over the weekend, I also obtained and produced to Mr. Pistorino the customer revenues from the membership invoicing system.   This document was provided in PDF format under Bates#s DR001714-DR001801, and contains a line item listing by customerID, showing the Shop Location, invoice date, invoice number, description, invoice amount, payment status and open balance.

5.  Over the weekend I also produced additional screenshots from Mr. Rasure's cell phone showing communications requested by Plaintiff, as well as a portion of the SMS messages retrieved from Mr. Rasure's cell phone.  I expect to produce the remainder of the unprivileged SMS messages today, together with a privilege log.  The process of preparing SMS messages for production has been extremely time consuming, due to the volume involved.  There are over 50,000 SMS messages in over 500 conversation files, all of which have to be reviewed (1) to determine whether they are responsive to a request, (2) to determine whether they are privileged, and (3) to redact customer identifying information, PII, and security information.

6.  I believe that the motion to extend the production deadline in the Court's order comes within the meaning of administrative motions, as it is an extension of time.  The motion is not seeking to change the case management schedule, but merely a few more days to produce documents.  Should a different form of motion be required, I am prepared to file such a motion.

7.  The reasons I did not meet and confer regarding this motion specifically are as follows.  On Thursday, Mr. Pistorino had emailed me that "any meet and confer must be completed before 2:00pm tomorrow [Friday] afternoon."  On Thursday and Friday, Mr. Pistorino had also informed me that he was leaving at 5:00pm on Friday. By the time I realized there was no

way I could complete the production, it was too late to communicate with Mr. Pistorino. In addition to gathering and reviewing documents and preparing them for production, I had spent a considerable time on Thursday and Friday drafting and revising the proposed Stipulated Protective Order, conferring with Mr. Pistorino about the changes to the model order, an addition 4.5 hours on Friday morning driving into San Francisco to meet and confer in person, and then incorporating the post-conference revisions into the document and getting it signed and efiled. Based on our history and Mr. Pistorino's position, I do not think it would have made a different had I had a further meet and confer with Mr. Pistorino on this issue.

8. I attempted to telephone Mr. Pistorino this morning regarding the discovery and this application, but the call was not answered. I then sent him an email (at 9:55am) requesting that he call me, but I did not receive a call back; instead I received an NEF that he had filed opposition to the motion.

9. I was regretfully 20 minutes late to the 10:00 a.m. meet and confer on Friday because Mr. Pistorino and I were attempting to resolve the issues via telephone until 9:00 am and it took me longer than the hour I anticipated to drive into San Francisco, park, and go through security at the Federal Building (where we met). The "additional delay" referred to by Mr. Pistorino is because we determined it would be helpful to our discussion for him to review the redlines on my notebook computer and I had some difficulty remoting into my system to retrieve the appropriate electronic version of the proposed Stipulated Protective Order.

10. Contrary to Plaintiff's allegations, Defendants are not attempting to delay production, but are working diligently to provide responsive information from an overwhelmingly large volume of information. Defendants are continuing the process of getting the information to Plaintiff as expeditiously as possible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 24th day of September, 2018, at San Rafael, State of California.

*/s/ Ann McFarland Draper*

Ann McFarland Draper

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
REPLY DECLARATION OF ANN McFARLAND DRAPER RE PRODUCTION OF DOCUMENTS      - 3

## CERTIFICATE OF SERVICE

I, Ann McFarland Draper, hereby declare and certify as follows:

1. I am an attorney at law over the age of eighteen (18) years and not a party to this action. My business address is 75 Broadway, Suite 202, San Francisco, CA 94111.

2. On September 24, 2018, I electronically served true and correct copies of the foregoing document *REPLY DECLARATION OF ANN McFARLAND DRAPER RE PRODUCTION OF DOCUMENTS*

☒ by electronically filing said document with the Clerk of the Court using the CM/ECF system and transmission of the Notice of Electronic Filing for such document via the Court's NEF system to the following persons, each of whom is deemed to have consented by electronic service by NEF:

James C. Pistorino            james@dparrishlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 24th day of September, 2018, at San Rafael, State of California.

                                                */s/ Ann McFarland Draper*
                                                Ann McFarland Draper