Ann McFarland Draper (SBN 065669)
 courts@draperlaw.net
**Draper Law Offices**
75 Broadway, Suite 202
San Francisco, California 94111
Tel: (415) 989-5620

Attorneys for Defendants and Cross/Counter
Claimants Dan Rasure, TheShop dot Build LLC,
and TheShop dot Build San Fran LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, Inc., a California corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DAN RASURE, et al,<br>                    Defendants.<br>_____<br>DAN RASURE, et al,<br>                    Cross-Complainants,<br>        vs.<br><br>TECHSHOP, INC., et al,<br>                    Cross-defendants. | Case No. 4:18-cv-01044-HSG-JCS<br><br>**ADMNISTRATIVE MOTION TO ADJUST CASE SCHEDULING ORDER TO ENLARGE THE TIME FOR FACT DISCOVERY AND ADJUST OTHER DATES ACCORDINGLY**<br><br>**<u>No Hearing Required</u>** |

_____
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMNISTRATIVE MOTION TO ADJUST CASE SCHEDULING ORDER TO ENLARGE
THE TIME FOR FACT DISCOVERY AND ADJUST OTHER DATES ACCORDINGLY

Pursuant to Fed.R.Civ. Pro Rule 16 and Northern District Civil Local Rules 6-3 and 16-3, Defendants and Cross/ Counter-Claimants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC (collectively "Defendants" or "Movants"), hereby move for an Order modifying the Scheduling Order issued in this case (Docket No. 37) to enlarge the time for fact discovery and adjust the other dates accordingly.  This revision is necessary in order to allow all parties adequate time to complete factual discovery.

The motion is made on the ground that good cause exists for the requested relief in that: (1) the cross-complaint is still not at issue – and will not be until after the close of fact discovery, so Movants will not have an opportunity to conduct discovery on whatever denials and affirmative defenses Plaintiff may choose to make; (2) the volume of documents being produced exceeds 60,000 pages of emails, SMS text messages, and Facebook messenger messages, requiring substantial time consumption for Movants to redact login credentials and customer identifying information, as well as for Plaintiff to review the documents produced; and (3) Movant Rasure's ability to provide discovery documents was impacted by life-threatening medical emergencies of his wife and unborn child, and the ongoing medical issues of the infant who was born 6 weeks premature and at 14 weeks is still not able to breathe on his own).

Counsel for the respective parties met and conferred in person regarding the subject matter of this motion, but they were not able to reach agreement for adjustment of the scheduled dates and deadlines in this case. At this time, Plaintiff is opposed to any change.

The Scheduling Order issued in this case on June 20, 2018 (Doc. No. 37).  That Scheduling Order set a very tight time frame for discovery and trial in this case, but as things turned out the fact discovery period is insufficient for the parties to prepare the case for trial, as explained in more detail below.  The factor driving his motion is the **need for additional time for fact discovery**.  However, because of the 12-week and 2-week time intervals specified in paragraph 11 of the Court's Standing Order for Civil Cases, it is necessary to request adjustment of all of the discovery deadlines, as well as the dispositive motion date, the final pretrial date, and the trial date.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMNISTRATIVE MOTION TO ADJUST CASE SCHEDULING ORDER TO ENLARGE
THE TIME FOR FACT DISCOVERY AND ADJUST OTHER DATES ACCORDINGLY

- 1

A court may modify a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4).  Good cause exists for the requested modification due to the following facts and circumstances, none of which could have been anticipated at the time the Scheduling Order issued.

This action was commenced on February 16, 2018, when the original Plaintiff, TechShop, Inc., filed this action alleging infringement of two federally-registered wordmarks for TECHSHOP.   On February 26, 2018, Plaintiff corporation filed a Chapter 7 bankruptcy case. Doris A. Kaelin was appointed Trustee in the Chapter 7 case, but Plaintiff did not substitute or join the bankruptcy trustee as a party plaintiff.  Thus, on 05/15/2018, Defendants moved to dismiss for failure to join the real party in interest.  Plaintiff filed a one-page opposition to the motion to dismiss, but did not file its First Amended Complaint until August 13, 2018.  On 08/27/2018, Defendants filed their Answer to the First Amended Complaint.

In the meantime, **on June 20, 2018, Court issued the Scheduling Order that is the subject of this motion**.  Defendants had not answered Plaintiff's complaint while Defendants' motion to dismiss was pending.  However, on July 26, 2018, Defendants filed their Cross-Complaint naming the Bankruptcy Trustee as a cross-defendant.  On August 16, 2018, Cross-Defendant Bankruptcy Trustee filed a Motion to Dismiss the Cross-Complaint, which is set for hearing on November 8, 2018.  Defendants/Cross-Complainants opposed the motion and the Trustee filed her reply on 09/26/2018.

Movants here anticipate that the Court will either deny the motion and require Cross-Defendants to answer, or will grant the motion and allow Movants here an opportunity to amend. Either way, the Movants' Cross-Complaint is not likely to be at issue until early December.

The following particularized facts and circumstances – none of which could have been anticipated at the time the Scheduling Order issued – show good cause to enlarge the time for fact discovery and adjust the case schedule.

Reason 1 – The Cross-Complaint Is Not At Issue

This case was not at issue when the Scheduling Order issued, and is still not at issue.  Key pleadings were filed after the Scheduling Order, specifically: (A) Movants' Cross-Complaint and Counterclaims; (B) Plaintiff's First Amended Complaint; and (C) Defendants' Answer to Plaintiff's First Amended Complaint.  The Bankruptcy Trustee will not be answering the Cross-Complaint until her motion to dismiss is resolved.  That motion is set to be heard on November 8 – **six days after the cut-off** for fact discovery.  As a result, Movants will not have an opportunity to conduct discovery on the denials and affirmative defenses cross-defendant ultimately asserts when it does answer.  This factor alone constitutes good cause for enlarging the period for fact discovery and adjusting the case schedule accordingly.

Reason 2 – The Magnitude of Document Discovery is Far Greater Than Expected

The volume of documents being produced in this case is far beyond what Movants imaged would ever be involved.  Movants have bates#d over 60,000 pages of documents, which are primarily emails, SMS text messages, and FaceBook Messenger messages.  Counsel has reviewed over 9,000 emails for privilege, sensitivity and redaction.  Around 40% of these emails require redaction and the nature of the redactions is difficult to automate.  Movants' vendor has extracted over 50,000 SMS text messages in 547 message threads, which resulted in 3192 unprivileged PDF pages that had to be reviewed and identified for redaction of confidential information (such as login credentials, financial account numbers, and customer identifying information).  Movants' vendor also extracted 720 message threads on the Facebook Messenger (FB) platform; 47 of these (1934 PDF pages) were presumptively relevant (based on the names of the individuals participating in the threads), and the remaining 673 of which are still being analyzed to determine whether they are responsive to the document requests.

The volume of documents requested by Plaintiff is simply overwhelming, both for Movants to identify, review, redact and produce and for Plaintiff and its experts to review and evaluate.  The time remaining in the discovery period is simply not sufficient for either party to complete the necessary discovery – including follow-up written discovery and the anticipated

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMNISTRATIVE MOTION TO ADJUST CASE SCHEDULING ORDER TO ENLARGE
THE TIME FOR FACT DISCOVERY AND ADJUST OTHER DATES ACCORDINGLY

- 3

depositions.  Movants anticipate that some of the depositions to be conducted in this case will be outside the Northern District and include witnesses who reside in Arizona, Kansas, and Iowa who may not be subject to subpoena power in this district.

Reason 3 – Medical Emergencies of Mr. Rasure's Wife and Child Affected Discovery

Movant's ability to provide discovery documents and collaborate with counsel on discovery was adversely impacted by unanticipated medical emergencies involving Mr. Rasure's wife and third child.  The Rasures live in Western Kansas and have three young children, ages 5 years, 17 months, and 14 weeks.  On June 26 (the day Plaintiff served her discovery), Mrs. Rasure was airlifted to a hospital in Denver with life-threatening conditions for herself and her unborn child.  On June 27, the Rasure's third child (a son) was born 6 weeks premature.  The infant, who is now 14 weeks old, lives in intensive-care conditions, is still on oxygen, and has not been able to breath on his own since birth.  Mr. Rasure was essentially unavailable for 3 weeks after the birth.

Proposed Modified Case Scheduling

Movants anticipate that the case will be at issue by early December 2018.  Thus, Movants suggest that a 14-week month enlargement of the fact discovery period and following dates and deadlines is appropriate.  Accordingly, Movants propose the following new schedule:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Close of Fact Discovery | November 2, 2018 | February 1 2019 |
| Exchange Opening Expert Reports | November 19, 2018 | February 19, 2019 |
| Exchange Rebuttal Expert Reports | December 3, 2018 | March 4, 2019 |
| Close of Expert Discovery | December 17, 2018 | March 18, 2019 |
| Dispositive Motions Hearing Deadline | January 31, 2019 at 2:00 p.m. | May 2, 2019 at 2:00 p.m. |
| Pretrial Conference | April 30, 2019 at 3:00 p.m. | July 30, 2019 at 3:00 p.m. |
| 8-Day Jury Trial | June 3, 2019 at 8:30 a.m. | September 3, 2019 at 8:30 a.m. |

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMNISTRATIVE MOTION TO ADJUST CASE SCHEDULING ORDER TO ENLARGE
THE TIME FOR FACT DISCOVERY AND ADJUST OTHER DATES ACCORDINGLY

- 4

1    Accordingly, for the reasons set forth above, Movants respectfully request that this Court

2    grant this administrative motion, and issue a new Scheduling Order enlarging the period for fact

3    discovery by 14 weeks, and adjusting the other dates accordingly, as set forth above in the above

4    table of proposed dates or such other dates as may be convenient to the Court.

6    DATED:  October 2, 2018                    Respectfully Submitted,

7                                              DRAPER LAW OFFICES

10                                             By_____/s/ Ann McFarland Draper_____

11                                             Ann McFarland Draper

12                                             Attorneys for Defendants and Cross/Counter
                                               Claimants Dan Rasure, TheShop dot Build LLC,
                                               and TheShop dot Build San Fran LLC

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMINISTRATIVE MOTION TO ADJUST CASE SCHEDULING ORDER TO ENLARGE
THE TIME FOR FACT DISCOVERY AND ADJUST OTHER DATES ACCORDINGLY

- 5

**CERTIFICATE OF SERVICE**

I, Ann McFarland Draper, hereby declare and certify as follows:

1.      I am an attorney at law over the age of eighteen (18) years and not a party to this action.  My business address is 75 Broadway, Suite 202, San Francisco, CA  94111.

2.      On October 2, 2018, I electronically served true and correct copies of the foregoing document *ADMNISTRATIVE MOTION TO ADJUST CASE SCHEDULING ORDER TO ENLARGE THE TIME FOR FACT DISCOVERY AND ADJUST OTHER DATES ACCORDINGLY*

☑ by electronically filing said document with the Clerk of the Court using the CM/ECF system and transmission of the Notice of Electronic Filing for such document via the Court's NEF system to the following persons, each of whom is deemed to have consented by electronic service by NEF:

James C. Pistorino                james@dparrishlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 2ND day of October, 2018, at San Rafael, State of California.

_____*/s/ Ann McFarland Draper*_____

Ann McFarland Draper