Ann McFarland Draper (SBN 065669)
courts@draperlaw.net
**Draper Law Offices**
75 Broadway, Suite 202
San Francisco, California 94111
Tel: (415) 989-5620

Attorneys for Defendants and Cross/Counter Claimants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, Inc., a California corporation,<br>　　　　　　　Plaintiff,<br>　vs.<br>DAN RASURE, et al,<br>　　　　　　　Defendants.<br><br>And Related Cross- and Counter-action. | **Case No. 4:18-cv-01044-HSG-JCS**<br><br>**NOTICE OF ERRATA AND CORRECTION (JOINT LETTER BRIEF)**<br><br>**No Hearing Set** |

TO THE COURT AND ALL PARTIES TO THIS ACTION:

　　PLEASE TAKE NOTICE that counsel named above hereby provides notice of errata and correction of a typographical error in the *Joint Letter Brief* filed on October 5, 2018, as Docket No. 69. The date of the discovery conference and ruling referred to in paragraph 2 on Page 4 was incorrectly typed as "August 13". The correct date is September 13 (2018), and the page should read as shown on the attached sheet.

DATED:  October 5, 2018

　　　　　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　DRAPER LAW OFFICES


　　　　　　　　　　　　　　　　By_____*/s/ Ann McFarland Draper*_____
　　　　　　　　　　　　　　　　　　Ann McFarland Draper
　　　　　　　　　　　　　　　　Attorneys for Defendants and Cross/Counter Claimants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC

---

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)

NOTICE OF ERRATA AND CORRECTION (JOINT LETTER BRIEF)

- 1

**CERTIFICATE OF SERVICE**

I, Ann McFarland Draper, hereby declare and certify as follows:

1. I am an attorney at law over the age of eighteen (18) years and not a party to this action. My business address is 75 Broadway, Suite 202, San Francisco, CA 94111.

2. On October 5, 2018, I electronically served true and correct copies of the foregoing document *NOTICE OF ERRATA AND CORRECTION (JOINT LETTER BRIEF)*

☒ by electronically filing said document with the Clerk of the Court using the CM/ECF system and transmission of the Notice of Electronic Filing for such document via the Court's NEF system to the following persons, each of whom is deemed to have consented by electronic service by NEF:

James C. Pistorino            james@dparrishlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 5th day of October, 2018, at San Rafael, State of California.

/s/ Ann McFarland Draper

Ann McFarland Draper

---

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)

NOTICE OF ERRATA AND CORRECTION (JOINT LETTER BRIEF)

- 2

PARRISH LAW OFFICES

Page 4

Fact Discovery in this case is currently set to close on November 2, 2018. Defendants have filed an administrative motion to modify the case schedule to enlarge the period for Fact Discovery and add 14 weeks to all remaining dates (Doc. No. 67). Shortly after that motion was filed, Judge Gilliam scheduled a Case Management Conference for October 23, 2018 (Doc. No. 68). Defendants have agreed that Plaintiff may have an additional 2 weeks (to November 16) to complete her Fact Discovery, regardless of whether the Case Schedule is otherwise modified.

At the conclusion of the attorneys' "meet and confer" on ~~August~~ September 13, the Court ruled on some of the disputed issues remaining. Defendants have complied with that ruling in producing documents to the extent feasible (given the volume of documents involved) but have sought twice relief from the production deadlines set on ~~August~~ September 13; the first request was granted (Doc. No. 65) and the second request is pending (Doc. No. 66).

Through this letter brief (or a motion to compel contemplated thereby), Plaintiff is essentially seeking an issue sanction, although it is described as an evidence sanction. Either is an extreme sanction under the circumstances of this case.

While Fed.R.Civ.Proc. Rule 37(b)(2)(A)(ii) empowers the Court to order a disobedient party "precluded" from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, that is an extreme sanction not warranted by the facts here. There has been no willful obstruction and obfuscation. In considering whether to preclude evidence, courts consider the party's explanation for failure to comply with the discovery order, the importance of the precluded evidence, any prejudice suffered by the opposing party, and the possibility of a continuance.

In this case, those factors do not support the issue and evidence sanctions sought here. Plaintiff's discovery requests were very broad and encompassed a large volume of material which simply took much longer than anticipated to collect and to review for privilege and sensitivity, and which also necessitated extensive redaction. Defendants have acted in good faith and with reasonable diligence in producing materials as quickly as reasonably feasible under the circumstances Defendants have:

- produced a Privilege Log
- negotiated and stipulated to a Stipulated Protective Order (Doc. No. 64)
- produced the random sample of 10% of Defendants' customers (members)
- produced all business projections / forecasts prepared from January – September 2018
- documentation of revenues (by individual transaction) and most expenses

Defendants have also produced unprivileged responsive documents from Mr. Rasure's cell phone, including images, screenshots, documents, and SMS messages. In addition, Mr. Rasure's unprivileged responses emails have been produced, except for those still undergoing redaction (for customer identifying information or privacy/security information).

Defendants have also produced the responsive FaceBook Messenger message threads with management and other individuals who, by name, presumptively contain responsive information. The remaining individual FaceBook Messenger message threads were received by counsel from the vendor after 2am this morning. The remaining items are the emails from the former employee (which are finally in the hands of the vendor and will be produced in the next few