James C. Pistorino (SBN 226496)
 james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.<br><br>Defendants. | Case Number: **4:18-cv-01044-HSG-JCS**<br><br>**TECHSHOP'S OPPOSITION TO RASURE'S MOTION TO MODIFY DISCOVERY RULING** |

Plaintiff Doris Kaelin, as trustee for the estate of TechShop, Inc. (hereinafter "TechShop") respectfully files this opposition to Defendants' motion to modify the Court's September 13 ruling as already modified on September 24, 2018. Though Defendants' request yet another delay in producing responsive materials until October 5, 2018, as of the filing of this paper on October 8, 2018, Defendants have not even met that date. Defendants have committed discovery misconduct and are in contempt of this Court's Order to complete production by September 25, 2018. As detailed in other papers, the Court should appropriately sanction Defendants.

**FACTUAL BACKGROUND**

Previously, Defendants' counsel, Ms. Draper, was sanctioned by Judge Gonzalez Rodgers of this Court for discovery misconduct in *Fidelity National Title Insurance Co. v. Castle, et al.*, 2014 WL 3945590 (August 11, 2014) (Rogers, J.). The conduct and excuses there,

mirror the conduct and excuses in the present case. There, the plaintiff served Requests for Production to which Ms. Draper responded with, *inter alia*, a series of boilerplate objections, including blanket claims of privilege and did not identify which documents were responsive to which requests. After a Court ordered meet and confer at the courthouse, Ms. Draper served amended responses that were, again, non-compliant. In addition, Ms. Draper alleged documents had been mailed while opposing counsel indicated that, 10 days after the alleged mailing, nothing had been received despite court' orders for production. *See Fidelity National Title Ins. Co. v. Castle, et al.*, 11-cv-896, Dkt. # 673 at 4. Ms. Draper also contended, *inter alia*, that her responses were delayed because her client was difficult to contact. Ultimately, Judge Rogers sanctioned Ms. Draper and her client finding:

> "[Ms. Draper's client] has failed to meet his discovery obligations in responding to the Requests for Production, despite the Court's prior direction and significant time meeting and conferring with Plaintiff on these issues."; "… persistent delay and obstruction that occasioned this motion." *Id.* at *2;
>
> "Plaintiff and this Court have been required to spend unnecessary [] time and resources simply to get Castle to respond as required under the Federal Rules."; "Given the active role [Ms. Draper] has played in hampering discovery, she will not be permitted to withdraw until this issue is resolved." *Id.* at *4.

Further, because of Ms. Draper's failure/refusal to provide a proper privilege log, the Court specifically instructed Ms. Draper to provide one and instructed her what such a log must contain. Id. at *2. Thereafter, Judge Rogers sanctioned Ms. Draper and her client more than $5,000.

On February 16, 2018, the Complaint was filed in this case. On June 20, 2018, this Court issued a Scheduling Order providing, *inter alia*, for 135 days of fact discovery with discovery closing on November 2. On June 26, Plaintiff served its First Requests for Production seeking basic documents relevant to this case. In the interest of brevity, Plaintiff will not recited all the facts of Defendants' discovery misconduct here. Plaintiff refers the Court to Dkt. # 52, 63, and 69 for that material. Most relevant here are Defendants' prior claims that document production would be completed on September 4. Of course, few responsive documents were produced by

September 4 (e.g., no financials, no forecasts, no privilege log, etc.). After a court ordered meet and confer at the courthouse, on September 13, 2018, the Court ordered Defendants to produce responsive documents (including financial forecasts and a privilege log) by September 21, 2018. *See* Dkt. # 58. No documents were produced on or by that date. Instead, without meeting and conferring, at around midnight, Defendants filed a motion to extend the date of compliance until September 25. In those papers, addressing the failure to meet and confer earlier in the day on September 21, Defendants' counsel represented to the Court: "By the time I realized there was no way I could complete the production, it was too late to communicate with Mr. Pistorino." *See* Dkt. # 63 at 2-3. This Court subsequently granted Defendants' request.

No privilege log or financial forecasts, *e.g.*, were produced by September 25, 2018. As Plaintiff's counsel was headed to yet another meet and confer on September 28, 2018, Defendants produced financial forecasts. No privilege log, etc. was produced. At the September 28, 2018, meet and confer, Defendants revealed that the production to that date consisted almost exclusively of materials from Mr. Rasure (with production of responsive emails not complete) and that there were six other people from whom production had not begun.

After Plaintiff served its portion of a Joint Discovery Letter pointing out the absence of a privilege log, Defendants served the document attached as Exhibit A contending that was a "privilege log." No materials from the six other persons appear to have been produced through the filing of this paper.

From June 26 to October 8 is 104 days.

## DISCUSSION

Defendants' request to for Court approved production more than 100 days after the Requests were served should be rejected. Further, Defendants have engaged in a pattern of delay, obstruction, and false statements. Finally, there can be no doubt that Defendants are in contempt of this Court's Orders.

Essentially, the conduct in this case mirrors the conduct in *Fidelity National* for which Defendants' counsel was sanctioned. "[D]espite the Court's prior direction and significant time

meeting and conferring with Plaintiff on these issues", Defendants have engaged in "persistent delay and obstruction." "Plaintiff and this Court have been required to spend unnecessary [] time and resources simply to get [Defendants] to respond as required under the Federal Rules." Further, Defendants' counsel has played an "active role" in "hampering discovery." *Fidelity*, at *2 and 4.

Among the many instances of misconduct, at a minimum, Defendants' representation of August 22, 2018 that production would be completed by September 4 was either knowingly false or made with reckless disregard for the truth. By Defendants' own admission, production from six people other than Mr. Rasure, *e.g.*, had not even begun through September 28, 2018. Likewise, Defendants' claim that production would be completed by September 25, 2018 was false because, again, production from six other people had not begun. Likewise, Defendants' claim that production would be completed by October 5 was false. Likewise, Defendants' current claim that they have provided a privilege log is also false. No reasonable attorney could believe that the "log" provided by Defendants complies with the Rules or this Court's Order of September 13, 2018.

Finally, of course, there can be no doubt that Defendants are in contempt of this Court's Orders of September 13 and 24, 2018. Simply as an example, it was certainly not impossible for Defendants to produce financial forecasts on or before September 25 nearly 100 days after they were requested. Likewise, it was not impossible for Defendants to provide a privilege log complying with the Rules either before September 25 or after. Given the extensive time frames involved, Defendants could never make a showing that they were diligent in complying with the Requests or the Court's Orders. Further, that Plaintiff has been prejudiced by Defendants' conduct is self-evident. Multiple hours spent in meet and confers, multiple motions, one hearing so far, etc. Indeed, the entire conduct of this case has been dictated by the misconduct. Incredibly, Plaintiff's counsel has spent nearly 2 hours simply waiting for Defendants' counsel to arrive at and be prepared to meet and confer on the discovery misconduct.

Rather than yet another extension (which date has already passed and Defendants have not produced the documents), Defendants should be sanctioned as requested in the other briefing.

**CONCLUSION**

Defendants' motion should be denied.

Dated: October 8, 2018

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff