James C. Pistorino (SBN 226496)
    james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S OPPOSITION TO RASURE'S MOTION TO MODIFY SCHEDULING ORDER** |

Plaintiff Doris Kaelin, as trustee for the estate of TechShop, Inc. (hereinafter "TechShop") respectfully files this opposition to Defendants' motion to modify the Scheduling Order by three months (essentially restarting this case). Defendants' motion is founded on the consequences of Defendants' discovery misconduct and lack of diligence. Modifying the Scheduling Order now would merely ensure that Plaintiff (rather than Defendants) suffers the consequences of Defendants' misconduct, prolong the potential period of misconduct, and reward the campaign of false statements, delay, evasion, and harassment Defendants' have engaged in. No good cause exists for Defendants' request which should be denied.

**FACTUAL BACKGROUND**

On February 16, 2018, the Complaint was filed in this case. On June 20, 2018, this Court issued a Scheduling Order providing, *inter alia*, for 135 days of fact discovery. On June 26, Plaintiff served its First Requests for Production seeking basic documents relevant to this case.

On July 26, 2018, Defendants filed a "cross-claim" against TechShop, James Newton, and Dan Woods alleging, *inter alia*, fraud but doing so only vaguely in violation of FED.R.CIV.P. 9(b). TechShop filed a motion to dismiss on August 16 and a hearing is set for November 8. The deadline to amend the pleadings passed on August 20, 2018. Mssrs Newton and Woods are not parties to this case and, despite the passage of approximately 2 and half months, Defendants have not served Mssrs Newton or Woods or even sought a summons to do so. In addition, Defendants have taken no discovery of any kind (requests for production, interrogatories, depositions, or subpoenas) related to the alleged fraud claims or "affirmative defenses."

In the interest of brevity, Plaintiff will not repeat the facts of Defendants' discovery misconduct here. Plaintiff refers the Court to Dkt. #53, 62, and 69 for that material.

## LEGAL BACKGROUND

Pursuant to Fed.R.Civ.P. 16(b)(4), a motion to modify the schedule may only be granted on a showing of good cause and with the court's consent. "Good cause" for the purposes of Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As stated in *Johnson*:

> The district court may modify the pretrial schedule if it cannot be reasonably met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id*. (internal quotations and citations omitted). Of course, whether or not to modify the Scheduling Order is a matter committed to the sound discretion of the Court. *Id*. at 607.

## DISCUSSION

Defendants' request to modify the Scheduling Order by three months should be denied as no good cause exists for the request. Before turning to Defendants' other claims, respectfully, Plaintiff disputes Defendants' claim that "the factor driving" Plaintiff's discovery motions "is the need for additional time for fact discovery." Mot. at 1. Instead, "the factor driving" Plaintiff's

discovery motions is Defendants' discovery misconduct and violation of the Court's Orders. Regardless of how much or how little time remains in discovery, Defendants have engaged in discovery misconduct, are in contempt of the Court's Orders, and Plaintiff would be seeking appropriate relief. That said, Defendants' have not met their burden to show good cause to modify the Scheduling Order.

**"Cross-Complaint"**

As Plaintiff understands it, the "cross complaint's" allegations of fraud are founded on events/activities that occurred prior to the filing of the Complaint and entry of the Scheduling Order and that were known to the Defendants before both those events. Thus, Defendants' claim that they could not have anticipated a "cross claim" alleging fraud and motion practice related thereto (Mot. at 1) is not supported.

Further, nothing has prevented the Defendants proceeding with their "cross claims", except their own lack of diligence. First, Defendants waited more than 5 months from the filing of the Complaint to even assert the "cross claims." Second, nothing prevented Defendants from taking discovery on their "cross-claims." Obviously, the fact that a motion to dismiss is on file does not prevent a party from taking discovery while that motion is decided. Third, nothing prevented Defendants from obtaining a summons and serving Mssrs. Newton and Woods. Fourth, Defendants could have avoided the motion to dismiss by serving a pleading complying with the Rules. Fifth, Defendants could have cured their defective pleading by supplying basic facts instead of standing on papers that plainly do not comply with the Rules. Defendants did none of the above. In short, Defendants simply have not demonstrated diligence.

Defendant's assertion that, if the motion to dismiss is granted, the Court will allow the Defendants an opportunity to amend (Mot. at 2) simply does not track the law. Where, as here, the deadline to amend the pleadings has already passed and modification of the Scheduling Order would be required, a party seeking to amend the pleadings must first satisfy FED.R.CIV.P.

16(b)(4)'s requirement of "good cause" (including the diligence showing) before analysis under FED.R.CIV.P. 15 begins. *See Johnson*, 975 F.2d at 607-8. This, Defendants cannot do.[1]

**Alleged Volume of Discovery**

As noted above and in other papers, on June 26, 2018, Plaintiff served Requests for Production seeking basic documents. After a series of evasions and delays, on August 22, 2018, Defendants' counsel represented that the document production would begin on August 24 and be completed by September 4, 2018. *See* Exhibit A. No documents were produced prior to September 4 and only a fraction of the responsive documents were produced on September 4th itself.

After Plaintiff filed a motion to compel, etc., the Court ordered an in-person meet and confer at the courthouse on September 13 and ordered responsive documents (including a privilege log and financial projections) produced no later than September 21, 2018. No documents were produced between September 5 and September 21. On September 21, at midnight, Defendants counsel filed a motion seeking an extension to complete the production until September 25, 2018. Defendants did not comply with the Court's Order. It was not until September 28, minutes before yet another meet and confer leading to a Joint Discovery Letter, that Defendants produced financial projections. On that same date, Defendants admitted that discovery had largely been limited to Mr. Rasure personally and had not even begun from at least six individuals with responsive information. On Monday, October 1, Defendants produced the "privilege log" attached as Exhibit B contending that that complied with their discovery obligations.[2]

---

[1] Even if the Defendants' were able show "good cause" to amend the Scheduling Order, the Court would have to determine whether such amendment would prejudice Plaintiff or is sought in bad faith, is futile, or would cause undue delay. *See Johnson*, 975 F.2d at 607.

[2] In *Fidelity National Title Insurance Co. v. Castle, et al.*, 2014 WL 3945590 (August 11, 2014) (Rogers, J.), Judge Rogers specifically instructed Defendants' counsel on the requirements of a proper privilege log. Further, this matter was raised at the hearing held on September 13 and the Court instructed Defendants to provide a log complying with the Rules.

From June 26 through the filing of this paper on October 8 is 104 days. Whatever the volume of materials, Defendants have not shown that they were diligent in producing them or seeking a protective order, etc. during that time period. Instead, Defendants simply did not produce and are in violation of the Court's Orders. Likewise, Defendants raise the prospect of depositions. Mot. at 3-4. Again, Defendants have not shown why they have not conducted those depositions before now, what prevents them from doing so going forward, etc. Defendants have not shown that they were diligent with respect to discovery.

**Medical Emergencies**

While Plaintiff wishes no one ill and is sympathetic and understanding of medical challenges, that does not demonstrate good cause here. First, Defendants themselves represent that, because of the medical issues, Mr. Rasure "was essentially unavailable for 3 weeks." Mot. at 4. Taking that at face value and further assuming that it was impossible for Defendants to respond to *any* discovery during this period, that still does not explain, *inter alia*:

1) the more than 80 other days of discovery misconduct through the
   filing of this paper on October 8;

2) why Defendants represented to Plaintiff that production
   would be completed by September 4; or

3) why Defendants represented to the Court that production
   would be largely complete by September 25.

Of course, the assumption that Mr. Rasure's absence precluded gathering materials from others (*e.g.*, Paul Chambers, Joe Murphy, Jeremiah Johnson, Jerry Gable, and John Hunt) is not reasonable. Defendants have not shown that they were diligent in gathering materials from those people. Further, Plaintiff notes that, despite the medical issues, Mr. Rasure's business continued without interruption. Indeed, during this period of misconduct, Mr. Rasure announced the opening of another location. *See* Exhibit C.

Moreover, Defendants counsel's claim of the unavailability of her client has echoes of the last time she was sanctioned for discovery misconduct. In *Fidelity National Title Insurance Co.*

*v. Castle, et al.*, 2014 WL 3945590 (August 11, 2014) (Rogers, J.), Ms. Draper contended that her client had left the country and was difficult to contact. *See* Exhibit D. Nevertheless, Judge Rogers found that Ms. Draper had played an "active role" in "hampering discovery" and sanctioned her as a result.

Defendants have not shown that they were diligent and/or how the medical challenges establish good cause to modify the Scheduling Order.

**Prejudice to Plaintiff**

As noted above, if the Court finds that Defendants were not diligent, its inquiry should end and the motion denied. *See Johnson*, 975 F.2d at 609. If the Court chooses to go beyond that analysis, it is clear that Plaintiff would be prejudiced by altering the Schedule at this time.

At least two different forms of prejudice immediately come to mind: 1) litigation prejudice; and 2) economic prejudice.

As detailed in other papers, the entire conduct of this case has revolved around Defendants' discovery misconduct. Plaintiff has been forced to make a series of decisions based on that misconduct (e.g., whether to try and amend the pleadings, what (if any) additional discovery to attempt, what motions to file, what relief to seek, etc.). Rather than the discovery period ordered by this Court, Defendants have unilaterally dictated the discovery period to Plaintiff through sheer defiance. Now that that choice may have consequences for Defendants, Plaintiffs seek to change the Scheduling Order to gain further advantage. Clearly, that would prejudice Plaintiff.

Economically, of course, every day of continued motion practice, meet and confers, and hearings results in increased expense to Plaintiff. Having just suffered more than 3 months of discovery misconduct, with the attendant expense, extending the period where this conduct is likely to continue would only compound the prejudice to Plaintiff.

## CONCLUSION

Defendants' motion should be denied.

Dated: October 8, 2018

Respectfully submitted,

*/s/ James C. Pistorino*
_____
James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff