1  Ann McFarland Draper (SBN 065669)
   courts@draperlaw.net
2  **Draper Law Offices**
   75 Broadway, Suite 202
3  San Francisco, California 94111
   Tel: (415) 989-5620
4

5  Attorneys for Defendants and Cross/Counter
   Claimants Dan Rasure, TheShop dot Build LLC,
6  and TheShop dot Build San Fran LLC

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10 | TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, Inc., a California corporation, | **Case No. 4:18-cv-01044-HSG-JCS** |

11

12                Plaintiff,
         vs.                                    **ADMINISTRATIVE MOTION TO MODIFY**
13 DAN RASURE, et al,                           **DISCOVERY RULING TO FURTHER ENLARGE**
                                                **TIME FOR PRODUCTION OF DOCUMENTS**
                Defendants.
14
   DAN RASURE, et al,                           **No Hearing Required**
15              Cross-Complainants,
         vs.
16
   TECHSHOP, INC., et al,
17              Cross-defendants.

1  Pursuant to Northern District Civil Local Rules 6-3 and 7-11, Defendants and Cross/ Counter-Claimants Dan
2  Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC (collectively "Movants"), hereby move for an
3  Order to further modifying the Court's discovery ruling of September 13, 2018 (Docket No. 58) to enlarge the time for
4  Movants to complete the specified discovery productions.
5  The motion is made on the ground that good cause exists for the requested relief in that although the privilege
6  log and other significant material has been produced: the production involves retrieving a large amount of electronically-
7  stored material; the computer technician (outside vendor) has not yet provided all materials requested by counsel; the
8  process of redacting customer identifying information has taken far longer than anticipated and is still not complete;
9  counsel needs time to complete her privilege and sensitivity review for the remaining materials; and counsel is taking
10 steps to mitigate Plaintiff's claim of prejudice.
11 Counsel for Movants met and conferred in person with counsel for Plaintiff, but were unable to reach agreement
12 on this administrative motion.
13 The original Plaintiff, TechShop, Inc., filed this action on January 26, 2018 for federal trademark infringement,
14 alleging infringement of two federally-registered wordmarks for TECHSHOP.  On February 26, 2018, Plaintiff filed a
15 Chapter 7 bankruptcy case.  Doris A. Kaelin has been appointed Trustee in the Chapter 7 case.
16 The infringement alleged is based on an argument that Movants' prior business name "TechShop 2.0" is a
17 variation of Plaintiff's TECHSHOP mark and that the alleged variation infringes.  Movants' defenses include, inter alia:
18 that Plaintiff had consented and/or acquiesced to the "TechShop 2.0" name: that Plaintiff did not give notice prior to filing
19 suit that its position had changed; that Defendant (whose first makerspace location opened on February 19 in San
20 Francisco), immediately changed its business name to TheShop dot Build on February 16, 2018, when they received an
21 emailed notice from counsel for Plaintiff with a copy of the lawsuit; that Movants had actually started the name change
22 process prior to receive of counsel's email; that there is no actual confusion, particularly because of the heavy publicity
23 about TechShop 2.0 being a separate group from TechShop, Inc and its local LLCs; and that there is no likelihood of
24 confusion between TECHSHOP and TechShop 2.0, particularly in light of the knowledgeability of the buying pool, the
25 high degree of care exercised by prospective buyers, and Defendants' intent in selecting the name; and that Plaintiff does
26 not have a valid service mark registration for TECHSHOP for many reasons, including failure to maintain the marks, lack
27 of secondary meaning because the mark is generic, the mark is functional, and misuse of the marks (by using the ® on
28

_____
*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMINISTRATIVE MOTION TO MODIFY DISCOVERY RULING TO FURTHER
ENLARGE TIME FOR PRODUCTION OF DOCUMENTS

- 1

unregistered marks).

The September 13, 2018 Order which Movants seek to further modify resulting from a lengthy meet and confer conducted in the Court's jury conference room followed by a hearing to resolve the disputed discovery issues. (See Docket No. 58, Minutes.)  Movants were unable to complete their productions by the September 21, 2018 deadline specified in the September 13 Order and the Court granted Movants' first administrative motion for additional time. While substantial progress has been made, Movants have not been able to complete the production. The particulars are as follows:

**Completed Items**.

1. Privilege Log.  Defendants have produced a Privilege Log for all materials withheld on the basis of privilege. The first part of the Privilege Log describes documents by category and asserts privileges for marital communications, attorney-client communications and attorney work product.  The second part of the Privilege Log describes individual documents that do not fall within the above privileges.  Documents for which customer identifying information or security/privacy information (such as login credentials) have not been listed in the Privilege Log as they are being produced in redacted form as soon as the redactions are completed.

2. Protective Order.  The parties stipulated to a Protective Order following an in-person meet and confer.  The Stipulated Protective Order was efiled on September 21, 2018 (Docket No. 60), and the Order was entered on September 24, 2018 (Docket No. 64).

3. Random Sample of Customers.  Defendants produced the random sample with identification information for 10% of Defendants' customers (members) on September 24, 2018 at 1:04am.

4. Business Projections.  Defendants produced the business projections / forecasts prepared during January through September 2018 on September 28, 2018, together with four forecasts prepared in December 2017.  September has now passed, and no forecasts have been prepared since the last forecast in the production.

**Items Partially Completed and Still In Process**

Defendants have produced a substantial part of the items that the parties had agreed upon, but have not yet completed the production due to the volume of information, the time required for privilege review and sensitivity classification, and the documents that counsel for Defendants has not yet been able to acquire.  Movants' counsel is a sole practitioner.  The time required has been substantially impacted by the breadth of the requests.

---

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMINISTRATIVE MOTION TO MODIFY DISCOVERY RULING TO FURTHER ENLARGE TIME FOR PRODUCTION OF DOCUMENTS

- 2

A. **Mr. Rasure's Cell Phone – Completed**. Virtually all of the requested documents were stored electronically, and Mr. Rasure's cell phone was a principal repository of the requested ESI. An outside vendor was utilized to extract the requested information so that counsel could review for privilege and sensitivity.

1. **Images, Screenshots and Documents – completed**. Defendants produced about 1138 pages of images and screenshots, and about 260 pages in 33 other files containing documents, drafts, PDFs and images regarding Plaintiff's usage of the name "TechShop."

2. **SMS Messages - completed**. Defendants have produced the responsive SMS messages. Because of the nature of SMS messages, there was little potential for automation, and the result process was primarily manual and extremely time consuming, but has been completed. The outside vendor had extracted over 50,000 SMS text messages in 547 threads, which were printed to PDF. 3192 PDF pages[1] of PDFs were then reviewed to determine what messages and threads were responsive to the requests.[2] The responsive SMS messages were then extracted and reviewed for privilege and sensitivity, and customer identifying information or security/privacy information (such as login credentials) was redacted.

B. **Income Records – Completed**. Defendants have produced a report listing each individual revenue transaction in the third party membership invoicing system. Defendants are attempting to gather information regarding over-the-counter sales, but the amount is immaterial (less than 0.2%).

C. **Expense Records – Substantially Completed**. Defendants have produced an accountng report showing the major expenses through June 2018, as well as credit card transactions that are expenses. Defendants' accounting is not up to date. The accounting records are in the possession of the CFO, who is an outside contractor working only 10 hours per week for Defendants. Counsel for Defendants is informed that the CFO has prioritized updating the accounting and will produce additional information as soon as it becomes available.

D. **Rasure Emails – Substantially Completed**. The outside vendor has extracted Mr. Rasure's emails responsive to the discovery requests, which number about 9,160 emails from three email accounts. Counsel has completed her privilege and sensitivity review and has identified the privileged emails on the Privilege Log by category. Counsel and

---

[1] There were a total of 7697 PDF pages, of which 4505 pages were Mr. Rasure's private SMS messages with his wife and were not reviewed by counsel.

[2] A large number of the SMS messages on Mr. Rasure's cell phone had nothing to do with TechShop, TheShop, or this litigation, but related to his management position at Piranha/MegaFab, a manufacturer and distributor of industrial metal-working equipment.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMINISTRATIVE MOTION TO MODIFY DISCOVERY RULING TO FURTHER
ENLARGE TIME FOR PRODUCTION OF DOCUMENTS

- 3

her staff have also completed reviewing the responsive emails for information which needs to be redacted before production. About 40% of the responsive emails contain customer identifying information and security/privacy information (such as login credentials) that needs to be redacted. Generally, the unprivileged emails through March 31 have been produced and the redacted emails are being produced in batches as redaction is completed. Counsel expects that the remaining unprivileged emails (redacted or otherwise) will have been produced by Tuesday, October 2.

E. **Former Employee's Emails – Pending**. Counsel for Defendants obtained agreement from the former employee to provide responsive emails from his personal email account, and have arranged for a vendor to assist him in gather them, but have not yet received his emails.

F. **Other Emails – Pending**. Counsel for Defendants is attempting to obtain responsive emails from the handful of other employees and staff who have email accounts at TheShop. Counsel believes that Mr. Rasure is copied on most emails in these other accounts, as a result of which counsel for Plaintiff has already received those emails. Nonetheless, counsel has been pressing for this daily, but so far has not been successful.

G. **FaceBook Messenger Messages – partially completed**. Defendants have produced the presumptively responsive individual message threads on the Facebook Messenger platform. Because of the nature of FB Messenger messages, there was little potential for automation, and the result process was primarily manual and extremely time consuming, but has been completed. The outside vendor had extracted 720 message threads, of which 47 threads were presumptively relevant (based on the names of individuals participating in the threads). The 47 presumptive threads yielded 1934 pages when printed to PDF. The PDFs were reviewed for privilege and sensitivity, and customer identifying information or security/privacy information (such as login credentials) was redacted. The resulting PDF pages have been produced. Counsel is working with the outside vendor to run a series of search scripts against the content of the remaining 673 threads to determine which (if any) are responsive to the request, and will review and produce any additional responsive threads that are identified.

H. **Facebook Group Chats – pending**. Counsel for Defendants is informed that there are other chats in FaceBook Groups which may have responsive posts but are extremely time-consuming to extract because the messages have to be individually copied and pasted into a separate document that can then be printed to PDF. The vendor has been unable to identify a utility that can automate this process, and counsel does not yet have a timeline on when the vendor might be able to provide these or the cost involved.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMINISTRATIVE MOTION TO MODIFY DISCOVERY RULING TO FURTHER
ENLARGE TIME FOR PRODUCTION OF DOCUMENTS

- 4

**Mitigation of Case Schedule**

Movants understand that Plaintiff is concerned about the current cutoff for fact discovery, which is November 2, 2018.  Plaintiff has taken no steps to seek modification of the scheduling order, so Movants have done three things to mitigate the impact of this deadline.  (1) Movants have supplied Plaintiff with an index of the unprivileged emails, listing each document individually with the following fields: email source; date & time sent; bates range; sender; recipient(s); copyee(s); subject line; filenames of attachments; and sensitivity. (2) Movants intend to apply to the case management judge for modification of the scheduling order.  (3) Regardless of whether that motion is granted, Movants agree that Plaintiff may have an additional 14 days for its fact discovery.

Accordingly, Movant respectfully requests that this Court extend the September 25, 2018 deadline to Wednesday, October 3, 2018, for the remaining emails that don't require redaction, to Thursday, October 4, 2018, for the remaining FB Messenger threads, and Friday, October 5, 2018, for delivery of the remaining emails that require redaction.

DATED:  October 2, 2018

Respectfully Submitted,
DRAPER LAW OFFICES

By       /s/ Ann McFarland Draper

Ann McFarland Draper
Attorneys for Defendants and Cross/Counter Claimants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC

Dated: 10/9/18



DENIED
Judge Joseph C. Spero
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMINISTRATIVE MOTION TO MODIFY DISCOVERY RULING TO FURTHER ENLARGE TIME FOR PRODUCTION OF DOCUMENTS

- 5

**CERTIFICATE OF SERVICE**

I, Ann McFarland Draper, hereby declare and certify as follows:

1.   I am an attorney at law over the age of eighteen (18) years and not a party to this action. My business address is 75 Broadway, Suite 202, San Francisco, CA 94111.

2.   On October 2, 2018, I electronically served true and correct copies of the foregoing document *ADMINISTRATIVE MOTION TO MODIFY DISCOVERY RULING TO FURTHER ENLARGE TIME FOR PRODUCTION OF DOCUMENTS*

☑ by electronically filing said document with the Clerk of the Court using the CM/ECF system and transmission of the Notice of Electronic Filing for such document via the Court's NEF system to the following persons, each of whom is deemed to have consented by electronic service by NEF:

James C. Pistorino            james@dparrishlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 2ND day of October, 2018, at San Rafael, State of California.

/s/ Ann McFarland Draper

Ann McFarland Draper

---

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
ADMINISTRATIVE MOTION TO MODIFY DISCOVERY RULING TO FURTHER ENLARGE TIME FOR PRODUCTION OF DOCUMENTS

- 6