```
                                          PAGES 1 - 14

                   UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

              BEFORE THE HONORABLE HAYWOOD S. GILLIAM

TECHSHOP, INC., A CALIFORNIA    )
CORPORATION, DORIS A. KAELIN,   )
IN HER CAPACITY AS CHAPTER 7    )
TRUSTEE FOR TECHSHOP, INC., A   )
CALIFORNIA CORPORATION,         )
                                )
            PLAINTIFF,          )
VS.                             )   NO. 18-CV-01044 HSG
                                )
DAN RASURE, ET AL.              )
                                )   OAKLAND, CALIFORNIA
            DEFENDANTS.         )   TUESDAY
                                )   OCTOBER 23, 2018
_____ )
                                )
AND RELATED CROSS ACTION.       )
_____ )
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  2:45 P.M. - 3:02 P.M.**

**APPEARANCES:**

| | |
|---|---|
| **FOR PLAINTIFF** | PARRISH LAW OFFICE |
| | 24 LEXINGTON DRIVE |
| | MENLO PARK, CALIFORNIA 94205 |
| | **BY:  JAMES CHARLES PISTORINO, ESQUIRE** |
| **FOR DEFENDANTS** | DRAPER LAW OFFICES |
| | 75 BROADWAY, SUITE 202 |
| | SAN FRANCISCO, CALIFORNIA 94111 |
| | **BY:  ANN MCFARLAND DRAPER, ESQUIRE** |

*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*               RETIRED OFFICIAL COURT REPORTER, USDC*

```
 1            PROCEEDINGS; TUESDAY, OCTOBER 23, 2018; 2:45 P.M.
 2
 3            THE CLERK:  WE'RE CALLING C 18-1044, TECHSHOP, INC.
 4    VERSUS RASURE, ET AL.
 5            PLEASE STEP FORWARD AND STATE YOUR APPEARANCES FOR
 6    THE RECORD, PLEASE.
 7            MR. PISTORINO:  GOOD AFTERNOON, YOUR HONOR.  JAMES
 8    PISTORINO ON BEHALF OF TECHSHOP.
 9            THE COURT:  GOOD AFTERNOON.
10            MS. DRAPER:  GOOD AFTERNOON.  ANN DRAPER FOR THE
11    DEFENDANTS AND CROSS COMPLAINANTS.
12            THE COURT:  GOOD AFTERNOON.
13            I PUT THIS ON BECAUSE I GOT THE ADMINISTRATIVE MOTION
14    TO ALTER THE SCHEDULE, WHICH HAS BEEN OPPOSED.  I WENT BACK AND
15    READ THE TRANSCRIPTS OF THE HEARINGS IN FRONT OF JUDGE SPERO,
16    AND HE SEEMS A LITTLE EXASPERATED, AS AM I, BY THIS CASE.
17            SO THE FIRST QUESTION IS, AS I READ THE LAST
18    TRANSCRIPT, MS. DRAPER, THERE'S AN ORDER THAT YOU COMPLETE
19    PRODUCTION BY OCTOBER 22ND.  THAT WAS JUDGE SPERO'S ORDER.  DID
20    YOU COMPLY WITH THE ORDER?
21            MS. DRAPER:  PRETTY MUCH.  SOME OF IT WENT THROUGH IT
22    FOR THIS MORNING.  I FELL ASLEEP OVER MY COMPUTER.  BUT, YES --
23            THE COURT:  IS THE PRODUCTION COMPLETE?  YES OR NO?
24            MS. DRAPER:  YES, YES.
25            THE COURT:  ALL RIGHT.  SO THEN WHY DO YOU NEED AN
```

```
 1   EXTENSION IF YOU COMPLIED WITH JUDGE SPERO'S ORDER?
 2           MS. DRAPER:  I NEED IT ON THE CROSS-COMPLAINT BECAUSE
 3   I DON'T KNOW WHAT DENIALS OR AFFIRMATIVE DEFENSES WILL BE
 4   RAISED.  I THINK I HAVE MY PRIMA FASCIA CASE IN HAND ON THE
 5   CROSS-COMPLAINT, BOTH ON THE FRAUD CLAIMS AND ON THE
 6   CANCELLATION OF THE TRADEMARK, BUT I HAVE NO IDEA WHERE THEY'RE
 7   COMING FROM.  BASED ON THE EVIDENCE BEFORE ME, I HAVE NO IDEA
 8   WHERE THEY'RE COMING FROM.
 9           AND WE GOT A GRAND TOTAL OF 98 PAGES IN RESPONSE TO
10   MY DOCUMENT REQUEST, INCLUDING ZERO PAGES TO SUPPORT THE
11   ALLEGATIONS THAT THERE WAS -- THERE WERE NUMEROUS INSTANCES OF
12   CONFUSION, ACTUAL CONFUSION, PRIOR TO THE FILING OF THE
13   COMPLAINT.  WE GOT ZERO.
14           THE COURT:  OKAY.  BUT YOU'VE KNOWN THAT THE
15   CROSS-COMPLAINT HAS BEEN -- OR AT LEAST THE MOTION FOR LEAVE --
16   WHEN WAS THE CROSS-COMPLAINT FILED?  JUNE?
17           MS. DRAPER:  WE FILED IT EARLY, JUNE.
18           THE COURT:  RIGHT.
19           MS. DRAPER:  AND THE MOTION SET FOR AFTER DISCOVERY
20   CUTOFF.
21           THE COURT:  WELL, EXACTLY.  BUT SO WHY DIDN'T YOU
22   SHOW UP IN LATE JUNE AND SAY, WAIT A SECOND, WE NEED TO ADJUST
23   THE DISCOVERY SCHEDULE?  INSTEAD OF LETTING IT RUN FOR MONTHS
24   AND THEN SHOWING UP WITH THIS A WEEK BEFORE THE DISCOVERY
25   CUTOFF, AS WHICH YOU'RE NOW ARGUING THAT THERE'S SOME FATAL
```

1   FLAW IN THE CASE SCHEDULE.  YOU'VE KNOWN FOR MANY MONTHS THAT
2   THAT IS THE STATE OF AFFAIRS.
3            THERE'S MOTION TO DISMISS PENDING.  IT MAY BE
4   GRANTED, IT MAY NOT.  BUT IT DOESN'T STRIKE ME AS THE KIND OF
5   THING THAT WARRANTS EXTENDING THE SCHEDULE AT THIS POINT.
6            IT JUST SEEMS TO ME A DILIGENT APPROACH TO THIS WOULD
7   HAVE BEEN IF YOU REALLY THOUGHT IT WAS A PROBLEM, YOU WOULD
8   HAVE BROUGHT IT UP A LOT SOONER AND YOU DIDN'T.
9            **MS. DRAPER:**  I DIDN'T.  I DIDN'T THINK ABOUT MUCH,
10  EXCEPT TRYING TO GET MY DISCOVERY RESPONSES OUT.  AND MY CLIENT
11  HAD SOME PROBLEMS.  YOU KNOW ABOUT HIS WIFE'S STROKE AND THE
12  PREMATURE BIRTH.  WHAT YOU DON'T KNOW, PROBABLY, IS THAT SHE
13  WAS BROADSIDED IN AN AUTOMOBILE, AND SHE'S IN THE HOSPITAL,
14  INCAPABLE OF CONSENTING TO ANYTHING, TALKING ABOUT ANYTHING.
15  SHE HAS A BROKEN HIP.  SHE'S GOING TO BE IN THE HOSPITAL FOR
16  TWO TO FOUR WEEKS AND THEN PROBABLY SEVERELY RESTRICTED TO --
17  MR. RASURE IS HAVING A TOUGH LIFE, PICKING UP ALL THE PIECES,
18  AND WE DON'T HAVE ACCESS TO HER TO THE EXTENT WE WOULD NEED TO.
19           BUT THE SHORT ANSWER TO YOUR QUESTION IS I WAS BUSY
20  TRYING TO RESPOND TO THEIR DISCOVERY, AND THERE WAS AN
21  OVERWHELMING AMOUNT OF PEANUT GALLERY, GOSSIPY, COLLEGE
22  SORORITY KIND OF STUFF, AND IT'S JUST BEEN VERY TIME CONSUMING.
23  I DIDN'T STEP BACK AND LOOK AT OUR BIGGER PICTURE SOONER.
24           **THE COURT:**  OKAY.  SO YOU'VE NOW GOT -- YOU'VE GOTTEN
25  DISCOVERY THAT JUDGE SPERO ORDERED, AND YOU'VE GOTTEN IT BY THE

```
 1   DAY HE ORDERED IT, CORRECT?
 2           MR. PISTORINO:  I THINK TECHNICALLY THAT IS NOT
 3   CORRECT, NO.  I THINK IT WAS DUE YESTERDAY.  ON THE DRIVE UP
 4   HERE TODAY, I GOT AN EMAIL THAT DOCUMENTS WERE BEING PRODUCED.
 5   SO I HAVEN'T -- I THINK MORE THAN 7,000 PAGES, I THINK, HAVE
 6   BEEN PRODUCED TODAY.  OBVIOUSLY, SINCE I'M HERE I HAVEN'T
 7   REVIEWED THEM, SO I DON'T KNOW.
 8           I DO KNOW THAT THERE ARE OTHER PENDING ISSUES,
 9   BECAUSE I KNOW ANOTHER LETTER IS COMING IN.  THERE'S A -- THE
10   PRIVILEGE LOG, AS YOU KNOW IN OUR VIEW, QUITE DEFECTIVE, AND
11   THERE ARE SOME OTHER PENDING ISSUES OUT THERE.  WHAT THE
12   DISCOVERY THAT WAS PRODUCED IS I DON'T KNOW.
13           THE COURT:  OKAY.  BUT SOMETHING THAT STRUCK ME AS
14   BIZARRE ABOUT YOUR POSITION BEFORE JUDGE SPERO, IS HE ASKED THE
15   OBVIOUS LOGICAL QUESTION, WHICH IS, WELL, IF YOU DON'T THINK
16   YOU GOT TO DO THE DISCOVERY, YOU DON'T THINK YOU HAD TIME TO
17   REVIEW EVERYTHING, AND WHY DON'T YOU AGREE TO A SHORT EXTENSION
18   TO PERMIT YOU TO DO THAT?  AND IT SOUNDED LIKE YOUR ANSWER WAS,
19   NO, I'M GOING ALL OR NOTHING ON ISSUE PRECLUSION SANCTIONS.
20           HE SAID EXACTLY WHAT I WOULD SAY, WHICH IS NO, I'M
21   NOT DOING THAT, AND SO I DON'T GET IT.  LIKE, YOU'RE THE
22   PLAINTIFF.  YOU HAVE THE BURDEN OF PROOF.
23           MR. PISTORINO:  TRUE.
24           THE COURT:  WHY ARE YOU THE ONE INSISTING ON STORMING
25   FORWARD AT THIS POINT, BECAUSE IF DISCOVERY IS CLOSED, YOU'VE
```

1  GOT WHAT YOU GOT, AND YOU'VE GOT TO MEET YOUR DEADLINES AS THEY
2  ARE.  I DON'T GET WHAT YOU'RE DOING.  I DON'T -- I DON'T
3  UNDERSTAND.
4             **MR. PISTORINO:**  OKAY, AND --
5             **THE COURT:**  NEITHER DID HE.  SO WHAT ARE YOU DOING?
6             **MR. PISTORINO:**  SO IN OUR -- IN MY VIEW -- LET ME TRY
7  THAT WAY.  IN MY VIEW, YES, WE BEAR THE BURDEN.  I'M HAPPY TO
8  GO WITH THE BURDEN.
9             I THINK A LOT OF THE MATERIALS THAT ARE BEING -- HAVE
10 BEEN -- BEING PRODUCED ARE REALLY THE DEFENDANT'S -- DEFENSIVE
11 MATERIALS.  THIS IS A TRADEMARK CASE.  AGAIN, THE TRADEMARK IS
12 MY CLIENT'S NAME, TECHSHOP.  THE ALLEGEDLY INFRINGING MARK IS
13 TECHSHOP 2.0.
14            ALL I REALLY WANT -- YOU KNOW, AT THE END OF THE DAY
15 I COULD DO THE CASE WITH JUST THE FINANCIAL INFORMATION.  SO
16 THE INFORMATION THAT'S BEEN REQUESTED ALMOST EXCLUSIVELY HAS
17 BEEN THE DEFENSIVE MATERIALS OF THE DEFENDANT.  AND SO SINCE
18 THAT MATERIAL HAS BEEN REQUESTED SINCE JUNE, RIGHT?  AND WE'VE
19 MOVED ON IT TWO TIMES NOW, WHEN I HEAR -- AND IN OUR VIEW,
20 AGAIN, MANY ISSUES OF MISCONDUCT ALL THE WAY FROM THE LAST FOUR
21 PLUS MONTHS IN OUR -- IN MY VIEW --
22            **THE COURT:**  I DON'T WANT TO RELITIGATE DISCOVERY --
23            **MR. PISTORINO:**  I AGREE.
24            **THE COURT:**  -- BEEFS.  YOU KNOW JUDGE SPERO SPENT
25 PLENTY OF TIME WRANGLING THROUGH THAT.

```
 1              SO I COME BACK TO THE QUESTION:  IF YOU ARE SAYING --
 2   HERE'S WHAT I DON'T UNDERSTAND:  WHAT EXTENSION IS BEING
 3   SOUGHT?  WHAT IS THE PURPOSE OF THE EXTENSION THAT'S BEING
 4   SOUGHT AT THIS POINT IF THE PRODUCTION IS COMPLETE?
 5              I ASSUME NONE OF YOU DID ANY DEPOSITIONS, WHICH JUDGE
 6   SPERO ALREADY POINTED OUT DOESN'T MAKE ANY SENSE BECAUSE YOU
 7   KNEW WHAT THE DEADLINE WAS.  SO WHY, WHEN YOU KNEW THE
 8   DISCOVERY CUTOFF WAS NEXT WEEK, HOW ARE WE SITTING HERE NOW
 9   SAYING WE HAVEN'T DONE ANY DEPOSITIONS?  HOW IS THAT COMPLIANCE
10   WITH THE ORDER ON WHAT DISCOVERY CUTOFF MEANS?
11         **MR. PISTORINO:**  IS THE QUESTION DIRECTED TO ME?  I'M
12   HAPPY TO ADDRESS IT.
13         **THE COURT:**  EVERYBODY.  I'VE GOT QUESTIONS FOR
14   EVERYBODY, AND MY PATIENCE IS THIN, FOLKS, IT'S THIN.  SO HAVE
15   ANY DEPOSITIONS BEEN TAKEN?
16         **MR. PISTORINO:**  NO DEPOSITIONS HAVE BEEN TAKEN.
17         **MS. DRAPER:**  AND I'VE TRIED TO DISCUSS DEPOSITION
18   SCHEDULING A COUPLE OF TIMES.  MR. PISTORINO'S POSITION IS THAT
19   HE DOESN'T KNOW WHAT HE'S GOING TO TAKE.  I'VE TRIED TO DISCUSS
20   THE COMPLICATIONS OF DEPOSING MRS. RASURE, IF SHE'S ON HIS
21   LIST.  HE WON'T EVEN TELL ME WHETHER HE WANTS TO DEPOSE DAN
22   RASURE.
23              I'VE IDENTIFIED DAN WOODS AS THE ONE PERSON I
24   PROBABLY WANT TO, AND I GOT DATES FROM MR. PISTORINO.  I HAVE
25   TO MAKE A PLAN FOR HOW WE'RE GOING TO TRY THIS CASE ON THE
```

1   EXISTING SCHEDULE IF IT'S NOT CHANGED, AND I TRIED TO DO THAT.
2   I DON'T HAVE ANY CONCRETE FEEDBACK FROM MR. PISTORINO ABOUT
3   WHAT DEPOSITIONS HE MIGHT WANT TO TAKE.
4            I'VE OFFERED TO EXTEND THE DISCOVERY, FACT DISCOVERY
5   A LITTLE BIT, WITHOUT ALTERING THE DATES A LITTLE BIT IF THAT'S
6   HELPFUL, BUT I DON'T HAVE ANY RESPONSE ON ANY OF THOSE POINTS.
7            **THE COURT:**  WELL, WERE THE DATES OFFERED BEFORE THE
8   DISCOVERY CUTOFF FOR THAT WITNESS?
9            **MS. DRAPER:**  YES.
10           **MR. PISTORINO:**  I'M NOT SURE WHAT SHE'S --
11           **MS. DRAPER:**  YES.  OCTOBER 30, 31, AND NOVEMBER 1 AND
12  2 WERE THE DATES WE TALKED ABOUT FOR DAN WOODS.
13           **THE COURT:**  OKAY.  THAT'S WITHIN THE DISCOVERY
14  CUTOFF.
15           **MR. PISTORINO:**  RIGHT.
16           **THE COURT:**  ARE THERE OTHER -- IT SEEMS LIKE YOU NEED
17  TO DEPOSE ANYONE YOU WANT TO DEPOSE BEFORE THE DISCOVERY
18  CUTOFF.
19           **MR. PISTORINO:**  I AGREE.
20           **THE COURT:**  RIGHT NOW THERE'S NOT GOOD CAUSE FOR THE
21  REQUESTED 14-WEEK EXTENSION.  IF YOU WANT TO COME BACK AND
22  EXPLAIN IT IN A TARGETED WAY WHAT NEEDS TO GET DONE AND WHY IT
23  CAN'T GET DONE BY THE CUTOFF, THAT NEEDS TO BE DONE.  IT
24  JUST -- I DON'T SEE A SHOWING OF GOOD CAUSE WITH REGARD TO THE
25  AMOUNT OF TIME THAT'S REQUESTED.

```
 1              AGAIN, JUDGE SPERO SEEMED TO BE OPERATING ON THE
 2   PREMISE THAT MIGHT BE SOME SHORT PERIOD OF TIME ONCE THE
 3   DOCUMENT PRODUCTION WAS COMPLETE TO ACCOMMODATE THE NEED TO
 4   REVIEW IT, BUT THE 14 WEEKS REQUESTED JUST DOESN'T SEEM TO HAVE
 5   ANY RELATIONSHIP TO WHAT IS REASONABLY NECESSARY.
 6              MS. DRAPER:  YOUR HONOR, PART OF THE REASON I MADE
 7   THIS MOTION IS BECAUSE MR. PISTORINO WAS FILING DISCOVERY
 8   PAPERS SAYING, YOU KNOW, THIS PERCENT AND THAT NUMBER OF DAYS,
 9   AND EXPRESSING THE VIEW THAT HE DIDN'T HAVE TIME.
10              I KNOW THAT JUDGE SPERO MADE THE FINDINGS THAT HE
11   COULD HAVE AND SHOULD HAVE DONE SOMETHING.  I'M TRYING TO
12   ACCOMMODATE WHATEVER WE NEED.  I KNOW THAT A TRIAL THAT'S HAD
13   THOROUGH PREPARATION IS MORE EFFICIENT FOR THE COURT AND THE
14   OUT-OF-POCKET COSTS FOR MY CLIENTS.  IF MR. PISTORINO HAS TO DO
15   HIS CASE WITHOUT HIS BENEFITS BECAUSE HE DOESN'T WANT TO
16   DISCUSS THIS, IT'S GOING TO POTENTIALLY TAKE MORE TIME, COST MY
17   CLIENT MORE MONEY.  THAT'S PART OF WHERE I'M COMING FROM.
18              THE OTHER THING IS I'M SOMEWHAT FLYING BLIND.  IT
19   WOULDN'T BE THE FIRST TIME I WOULD HAVE TO DO THAT.  I WILL
20   FIGURE OUT A SOLUTION, BUT THE CASE WOULD BE MORE EFFICIENTLY
21   PREPARED IF I HAVE A CHANCE TO DO SOME DISCOVERY AFTER THE
22   ANSWER IS FILED.  BUT I CAN ALSO MOVE AGAIN, IF THERE IS AN
23   ANSWER FILED THAT CHANGES MY VIEW OF REALITY OR CREATES A NEED.
24              THE COURT:  THAT SEEMS RIGHT.  YOU ALSO DIDN'T FILE A
25   MOTION TO SHORTEN TIME ON THE MOTION TO DISMISS, WHICH, AGAIN,
```

WAS WITHIN YOUR POWER TO HAVE THAT. IF IT'S AS BIG A DEAL AS YOU'RE NOW SAYING, THEN YOU COULD HAVE SAID: WE NEED TO HEAR THIS BEFORE THE DISCOVERY CUTOFF, AND I MIGHT HAVE BEEN AMENABLE TO THAT ARGUMENT, BUT IT'S NOW TOO LATE.

AND AS FAR AS MR. PISTORINO GOES, I THINK IT'S A HUNDRED PERCENT CLEAR. WHAT I'M NOT GOING TO ENTERTAIN IS ANY SORT OF ARGUMENT BY YOU THAT YOU HAVEN'T HAD ENOUGH TIME, THAT THINGS CAME LATE, THAT -- YOU KNOW, YOU'RE THE ONE PUSHING THIS, AND YOU'RE MAKING THAT STRATEGIC CHOICE.

AND JUST AS JUDGE SPERO SAID, THE REMEDY FOR LATE PRODUCTION IS A REASONABLE EXTENSION THAT IS TARGETED, BUT YOU ARE DISAVOWING THAT. SO DISCOVERY CUTOFF WILL COME AND GO, AND IT JUST -- I THINK YOU'RE REPRESENTING THAT YOU CAN BE READY TO GO BASED ON THE CURRENT CUTOFF?

**MR. PISTORINO:** WE'RE GOING TO BE READY TO GO, AND I DON'T WANT TO -- I AGREE WITH YOUR HONOR. I DON'T WANT TO GO BACK AND FORTH ABOUT THE VARIOUS DISCOVERY THINGS.

YOU KNOW, IT IS WHAT IT IS. THEY PRODUCED THE MATERIALS, APPARENTLY TODAY, AND I'LL SEE WHAT THEY ARE. AND I ASSUME TO THE EXTENT THAT ADDITIONAL PAPERS ARE FILED, JUDGE SPERO WILL DEAL WITH THEM.

**THE COURT:** AGREED. ALL RIGHT. SO THE MOTION IS DENIED BASED ON THE FINDING OF NO GOOD CAUSE FOR THE REQUESTED EXTENSION. AND TO THE EXTENT THAT SOMETHING ELSE IS REQUESTED OR CONTEMPLATED, THEN THAT COULD BE RAISED AT A LATER DATE.

1     **MS. DRAPER:** THANK YOU, YOUR HONOR.

2     **MR. PISTORINO:** YOUR HONOR, MAY I, AT THE RISK OF
3  INCURRING YOUR WRATH OR TAXING YOUR PATIENCE MORE, MAY I RAISE
4  ONE OTHER ISSUE THAT COMES TO MY MIND THAT MIGHT FACILITATE
5  THINGS HERE?

6     I DO BELIEVE, GIVEN WHERE WE ARE IN THE CASE AND NOW
7  THAT THE PARTIES MAY KNOW THE ISSUES A LITTLE BIT BETTER, I DO
8  BELIEVE NOW WOULD BE AN APPROPRIATE TIME TO CONSIDER MEDIATION
9  IN THIS CASE. SO AT LEAST FROM THE PLAINTIFF'S PERSPECTIVE,
10 WE'D CERTAINLY BE AMENABLE TO MEDIATION CONDUCTED BY A
11 MAGISTRATE JUDGE.

12    **THE COURT:** HAVE YOU MET AND CONFERRED TO DISCUSS
13 THAT?

14    **MR. PISTORINO:** I'VE RAISED THE PROSPECT WITH
15 MS. DRAPER A FEW TIMES, BUT HAVE NOT GOTTEN A SUBSTANTIVE
16 RESPONSE, I THINK.

17    **THE COURT:** WHAT'S YOUR POSITION?

18    **MS. DRAPER:** WE'RE WILLING TO MEDIATE. I THINK I
19 TRIED TO PUSH FOR A DAMAGES RULING IN THE HOPES OF GETTING US
20 TO EARLY MEDIATION BEFORE WE WENT THROUGH WHAT WE JUST WENT
21 THROUGH.

22    **THE COURT:** YEAH. WELL, LOOK, IF YOU WANT TO SUBMIT
23 A STIPULATION REQUESTING A REFERRAL TO EITHER A MAGISTRATE
24 JUDGE OR A MEDIATOR -- WELL, IF IT'S REQUEST FOR A REFERRAL TO
25 A MAGISTRATE JUDGE, THEN YOU SHOULD SUBMIT THAT AS A

```
 1   STIPULATION AND PROPOSED ORDER, AND YOU SHOULD LET ME KNOW IF
 2   THERE'S A PARTICULAR JUDGE THAT YOU'D BE INTERESTED IN.
 3              MR. PISTORINO:  SURE.
 4              THE COURT:  IF IT'S MEDIATION, YOU CAN JUST STIPULATE
 5   TO IT.
 6              HAVE YOU FILED YOUR ADR STIPULATION YET IN THIS CASE?
 7              MR. PISTORINO:  I THINK ADR STIPULATIONS WERE FILED,
 8   YES.  I BELIEVE SO.
 9              THE COURT:  NOT JUST -- THERE'S ONE WHICH IS THE
10   USELESS ONE, WHICH IS CERTIFICATION THAT YOU'VE READ THE ADR
11   MANUAL.
12              MR. PISTORINO:  CORRECT.
13              THE COURT:  THE ONE I'M INTERESTED IN IS THE ONE
14   WHERE THE PARTIES HAVE MET AND CONFERRED AND AGREE THAT --
15   EITHER YOU AGREE ON A FORM OF ADR, WHETHER IT'S PRIVATE
16   MEDIATION OR COURT-CONNECTED MEDIATION, OR YOU DON'T.  SO IF
17   YOU AGREE, I THINK YOU CAN JUST --
18              MR. PISTORINO:  IT'S BEEN A WHILE SINCE I REVIEWED
19   THOSE PAPERS, BUT I BELIEVE WE DID STIPULATE TO WHAT I'M
20   SUGGESTING AS THE APPROPRIATE ADR ROUTE.  I THINK AT THAT TIME.
21   THE DISPUTE WAS WHETHER OR NOT IT WAS APPROPRIATE TO HAVE ADR
22   EARLY IN THE CASE OR LATER, AND MY PREFERENCE IS USUALLY JUST
23   TO GO LATER WHEN I THINK MORE IS KNOWN ABOUT THE CASE.
24              THE COURT:  ALL RIGHT.  BUT WHAT I'M SAYING IS, WHAT
25   DID YOU STIPULATE TO IN THAT DOCUMENT?  WHAT FORM?
```

1    **MR. PISTORINO:** I BELIEVE IT'S THE FORM I'M
2    SUGGESTING, WHICH IS MEDIATION CONDUCTED BY A MAGISTRATE JUDGE.
3    **THE COURT:** THAT'S NOT MEDIATION. THAT'S A
4    MAGISTRATE JUDGE SETTLEMENT CONFERENCE.
5    **MR. PISTORINO:** OKAY.
6    **THE COURT:** YOU ACTUALLY CAN'T STIPULATE TO THAT
7    WITHOUT TALKING WITH THE ADR STAFF.
8    **MR. PISTORINO:** OKAY. I'LL HAVE TO REVIEW THE
9    PAPERS. OFF THE TOP MY HEAD, MY RECOLLECTION WAS THAT WAS THE
10   VENUE.
11   **THE COURT:** IF THE PARTIES ARE NOW IN AGREEMENT THAT
12   A MAGISTRATE JUDGE SETTLEMENT CONFERENCE WOULD BE OF
13   ASSISTANCE, THEN SUBMIT A JOINT REQUEST FOR REFERRAL, AND I
14   WILL MAKE THE REFERRAL PROMPTLY, AND GIVE ME A SENSE OF HOW
15   SOON YOU WOULD LIKE TO DO THAT. MY LEANING IS IT PROBABLY
16   OUGHT TO BE RELATIVELY SOON.
17   **MR. PISTORINO:** WE ARE PREPARED NEXT WEEK, TWO WEEKS,
18   WHENEVER. WE'RE READY.
19   **THE COURT:** GREAT. WHY DON'T YOU HAVE A CONVERSATION
20   ABOUT IT?
21   **THE CLERK:** I DON'T SEE A STIP AND ORDER RE: ADR
22   PROCESS ON THE DOCKET.
23   **MR. PISTORINO:** OKAY.
24   **MS. DRAPER:** MY RECOLLECTION IS WE COULDN'T BECAUSE I
25   WAS LOOKING FOR SOMETHING EARLY, BUT I CAN TELL YOU NOW THAT WE

```
 1   WOULD STIPULATE TO A SETTLEMENT CONFERENCE WITH A MAGISTRATE
 2   JUDGE.
 3           THE COURT:  ALL RIGHT.  SO GO AHEAD AND SUBMIT THAT
 4   JOINT STIPULATION.
 5           MR. PISTORINO:  I WILL.
 6           THE COURT:  AND INCLUDE THE PROPOSED TIMING, AND
 7   WE'LL PROCEED.
 8           MR. PISTORINO:  THANK YOU, YOUR HONOR.
 9           MS. DRAPER:  WE AGREE.
10           (PROCEEDINGS ADJOURNED AT 3:02 P.M.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ Joan Marie Columbini*
JOAN MARIE COLUMBINI
OCTOBER 29, 2018