# PARRISH LAW OFFICES

788 WASHINGTON ROAD

PITTSBURGH, PENNSYLVANIA 15228-2021

www.dparrishlaw.com

412.561.6250

FAX 412.561.6253

E-mail: info@dparrishlaw.com

November 8, 2018

Magistrate Judge Joseph C. Spero
United States District Court for the
Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

>          **Re:**     ***TechShop, Inc. v. Rasure, et al.,***
>                   ***Case No. 18-cv-01044-HSG-JCS***
>                   ***Joint Letter Brief***

Dear Judge Spero,

In accordance with your Standing Order regarding discovery disputes, Plaintiff Doris Kaelin, as trustee for the estate of TechShop, Inc. (hereinafter "TechShop"), files this Joint Letter Brief regarding a discovery dispute.  Counsel for the parties met and conferred on November 1, 2018, in person, for more than 1 hour regarding the matters that are the subject of this letter.  Discovery in this case closed on November 2, 2018.

Despite repeated requests, through 4:45pm on the fifth business day after the meet and confer, Defendants had failed to provide their portion of the letter brief.

There is one issue in dispute: what consequences to/response should there be for Defendants' failure to comply with the Court's Order of October 12, 2018 awarding Plaintiff's its fees and costs incurred as a result of the prior discovery disputes?

**<u>Plaintiff's Statement/Final Substantive Position/Proposed Compromise:</u>**

Defendants are in contempt of this Court's Order of October 12, 2018 issued as a result of Defendants failure to comply with the Court's prior Order.

On June 26, 2018, Plaintiff served Requests for Production.  Those Requests were met with a series of false statements, delays, and evasions that resulted in Plaintiff filing a motion to compel/sanctions on September 4, 2018.  In response, the Court ordered an in-person meet and confer at the courthouse on September 13, 2018.  When not all the issues were resolved, the Court issued an Order addressing the remaining issues and ordering production completed by September 21, 2018 (later extended to September 25, 2018).  When that Order was not complied with, after further delay, a Joint Discovery Letter was filed on October 5, 2018.  On Friday, October 12, 2018, this Court held a hearing and issued an Order providing, in part:

> The Court awards to the Plaintiff attorney's fees and costs uncured by the Plaintiff in preparing the motion to compel filed on 9/4/18 and incurred since that date with respect to this discovery dispute through today.  All pending productions of documents pursuant to the Court's previous order shall be completed without fail by the Defendants on or before 10/22/2018.

PARRISH LAW OFFICES

On Tuesday, October 16, 2018, Plaintiff provided Defendants redacted copies of the relevant billing records. See attached. Those fees and expenses totaled $22,918 representing time spent, *inter alia*, drafting a 19 page initial motion with 8 exhibits, a joint discovery letter, two hearings, 11 hours of meet and confers, and nearly 2 hours simply waiting for Defendants' counsel to arrive tardily at the scheduled meet and confers. Plaintiff chose to exercise billing discretion and reduced the fees by 10% across the board, thereby reducing the fees and expenses to $20,626. Also on October 16, 2018, Defendant Rasure attended an auction of equipment and purchased machinery with a total cost of more than $25,000.

Defendants did not comply with the Court's Order and none of the compelled documents were produced by October 22, 2018. Instead, some documents were produced starting on October 23 and several days thereafter.

With regard to the awarded fees, Defendants made no effort to comply. Through October 25, 2018, no communication from Defendants regarding the fees was received and no payment was made. On October 25, 2018, pursuant to the Court's Order, Plaintiff requested an in-person meet and confer about the fee award. Consistent with her past practice, Defendants' counsel, Ms. Draper, refused to meet and confer until the fifth business day after the request.

An in-person meet and confer was held on November 1, 2018. At the meet and confer, Ms. Draper indicated:

1) No effort had been made to comply with the Order because Ms. Draper was busy with other matters;
2) Though they did not file objections, Defendants felt that the Court's award was unjust because not all of the underlying issues were decided the way Plaintiff requested;
3) Defendants felt that the fees themselves were unreasonable;
4) Defendants felt that the fees on the September 4 motion should be limited to the billing statement submitted with the motion reflecting fees only through the end of August (i.e., excluding the time spent September 1-4 as well as the time at the hearing, etc.);
5) Various other complaints about individual entries;
6) Defendants felt that the Court's Order was merely an "award" and not an order to pay;
7) None of the Defendants could pay the fees because, while they could pay their other expenses and had assets, they did not have "cash for this" and refused to provide assets;
8) Any payment would have to be on installments of $1,000-1,500/month;
9) Defendants refused to provide records demonstrating their inability to pay;
10) Ms. Draper refused to indicate whether she had been paid; and
11) Defendants objected to paying opposing counsel and instead wanted to pay the trustee or the bankruptcy court.

Plaintiff indicated that payment to its counsel directly was the manner authorized by the trustee but that payment to the trustee/bankruptcy court directly was fine as well. Defendants still refused to comply.

After the meet and confer, consistent with her past practice, Ms. Draper refused to provide her portion of the Joint Discovery Letter until late in the afternoon on the fifth business day after the meet and confer. As a result of the defiance, Plaintiff's counsel has been forced to spend an additional 3.5 hours conducting the meet and confer, drafting its portion of this letter, and finalizing/filing the document. That corresponds to additional fees of $1,802.

**PARRISH LAW OFFICES**                                        Page 3

Defendants are in contempt of this Court's Order issued as a result of Defendants failure to comply with an earlier order.  Defendants have never made any effort to comply or offered anything establishing that compliance was impossible.  To the extent that Defendants had any real dispute about anything, they could have attempted to resolve it, or paid non-objected to amounts, or paid the trustee or the bankruptcy court.  Instead, Defendants chose to defy the Court's Order, including through delay.  Thus, rather than diligently attempting to comply, Defendants' counsel has sought to maximize the delay even on the filing of this letter brief.  Defendants do not really claim poverty or inability to pay.  Instead, Defendants merely claim that they would prefer to spend their money on other things and defy the Court's Order.  Further, any claim to an inability to pay is belied by, at least: 1) Mr. Rasure's known bid at the auction; 2) the fact that the Defendant businesses continue to operate and have revenue; 3) Defendants refusal to provide any support for such a claim; and 4) Defendants refusal to indicate whether they are paying their own lawyer to resist the Court's Order.

Defendants are in contempt and should be ordered to pay all of Plaintiff's fees (including the fees incurred in addressing the contempt) and whatever further relief this Court feels is appropriate.

**Defendants' Statement/Final Substantive Position/Proposed Compromise:**

Respectfully submitted:


James Pistorino                                     Anne Draper
Counsel for Plaintiff                               Counsel for Defendants

**James Pistorino**

| | |
|---|---|
| **From:** | James Pistorino |
| **Sent:** | Tuesday, October 16, 2018 8:10 PM |
| **To:** | 'Ann Draper' |
| **Subject:** | Fees Pursuant to Court's Order |
| **Attachments:** | BillingStatement.pdf |

Ms. Draper,

Following up on Judge Spero's Order regarding fees, attached, please find redacted billing statements related to the discovery motion practice.
The fees total: $22,918.50.
I have chosen to exercise my billing judgment and reduce the fees by 10% across the board.
Accordingly, the resulting fees are:  $20,626.00.
Please make a check out to Parrish Law Office and mail/deliver it to:

James Pistorino
224 Lexington Dr.
Menlo Park, CA  94025

Regards,
James Pistorino

## Parrish Law Offices

788 Washington Road
Pittsburgh, PA 15228

# Invoice

| Date |
| --- |
| 9/4/2018 |

| Invoice # |
| --- |
| 5818 |

| Bill To |
| --- |
| TechShop, Inc. |

| Client/Matter No. | Matter Line 1 |
| --- | --- |
| | |

| | | | |
| --- | --- | --- | --- |
| 8/21/2018 | meet and confer w/ opposing counsel, prep for same | 2.1 Prof srvcs @ $515/hr | 1,081.50 |
| 8/22/2018 | meet and confer w/ opposing counsel, prep for same | 2.3 Prof srvcs @ $515/hr | 1,184.50 |
| 8/30/2018 | revise/review motion to compel | 3.2 Prof srvcs @ $515/hr | 1,648.00 |
| 8/31/2018 | revise/review motion to compel | 2.1 Prof srvcs @ $515/hr | 1,081.50 |

**Parrish Law Offices**

788 Washington Road
Pittsburgh, PA 15228

# Invoice

| Date |
|---|
| 10/1/2018 |

| Invoice # |
|---|
| 5868 |

| Bill To |
|---|
| TechShop, Inc. |

| | Client/Matter No. | Matter Line 1 |
|---|---|---|
| | | |

| Service ... | Description | Qty | Item | Amount |
|---|---|---|---|---|
| 9/2/2018 | revise/review motion to compel | 3.9 | Prof srvcs @ $515/hr | 2,008.50 |
| 9/3/2018 | revise/review motion to compel | 4.6 | Prof srvcs @ $515/hr | 2,369.00 |
| 9/4/2018 | revise/review motion to compel, revise/review memo to opposing counsel re: same, reviewing production | 3.6 | Prof srvcs @ $515/hr | 1,854.00 |
| 9/4/2018 | Review and comment on motion to compel. | 1.5 | Prof srvcs @ $550/hr | 825.00 |
| 9/13/2018 | attending hearing/ meet and confer w/opposing counsel | 5.4 | Prof srvcs @ $515/hr | 2,781.00 |
| 9/27/2018 | reviewing production, meet and confer w/opposing counsel, revise/review memo re: same | 3.7 | Prof srvcs @ $515/hr | 1,905.50 |
| 9/28/2018 | reviewing production, meet and confer w/opposing counsel, reviewing order/rules | 5.2 | Prof srvcs @ $515/hr | 2,678.00 |
| 9/30/2018 | revise/review joint letter brief | 2.9 | Prof srvcs @ $515/hr | 1,493.50 |
| 10/5/2018 | attention to filing joint discovery letter | 0.7 | Prof srvcs @ $515/hr | 360.50 |
| 10/12/2018 | prep for and attending discovery hearing | 3.2 | Prof srvcs @ $515/hr | 1,648.00 |