# DRAPER LAW OFFICES

75 BROADWAY, SUITE 202
SAN FRANCISCO, CALIFORNIA 94111
TEL. (415) 989-5620

November 8, 2018

Magistrate Judge Joseph C. Spero
United States District Court for the
Northern District of California
450 Golden Gate Ave., Courtroom G
San Francisco, CA 94102

      Re:    Joint Letter Brief re Discovery Dispute (Attorney Fee Award)
                  *TechShop, Inc. v Rasure, et al* (Case No. 18-cv-01044-HSG-JCS)

Dear Judge Spero:

Below please find Defendants' portion of the Joint Letter Brief relating to the discovery dispute in the non-Joint Letter Brief just filed by Plaintiff as Docket No. 93.

Shortly after 12noon today, Mr. Pistorino notified me that he required my input by 4:00 p.m. However, he did not send me his draft until 3:07pm. Upon receiving Mr. Pistorino's draft, I had to rework my draft content to be responsive to his. I notified Mr. Pistorino several times that my input would be coming shortly, and sent my input to Mr. Pistorino at 4:59pm and he efiled his unilateral document at 5:00pm.

Plaintiff's non-Joint Letter Brief incorrectly states that there is only one issue in dispute. Defendants believe there are additional issues, which are discussed below.

**Defendants' Statement/Final Substantive Position/Proposed Compromise:**

*Defendants are not in Contempt*

Defendants disagree that they are in contempt of the Court's order or that they have willfully disobeyed that order. Defendants submit that the real dispute here is a dispute over the amount of the unliquidated fee award and the manner and timing of payment.

The language of the October 12 Minute Order "**awards** to the Plaintiff attorney's fees and costs incurred by the Plaintiff in preparing the motion to compel filed on 9/4/2018 and incurred since that date with respect to this discovery dispute …" (Docket No. 75, emphasis added.) This is an unliquidated award and does not specify the date or manner of payment.

Once an award has been made, counsel are sometimes able to agree on the amount in question, but that is not the case here. Defendants are concerned that the fee demand made here by Platniff is excessive, appears padded, and includes amounts for activities beyond that awarded by the Court.

Defendants are not in contempt for failing to pay an unliquidated award, and particularly where they dispute the amount.

Hon Joseph C. Spero
Re *TechShop, Inc. v Rasure, et al* (18-cv-01044-HSG-JCS)
November 8, 2018
Page 2 of 3

*The Amount of the Award*

The motion to compel filed 9/4/2018 was accompanied by attorney Pistorino's contemporaneous declaration stating that the attached "Exhibit H is a true and correct copy of a billing statement reflecting time spent on this matter." (Docket No. 54, Declaration, ¶12, 2:20-21.) Exhibit H (Docket No. 54-8) lists 5 fee items, but only the last two – which total only $2,729.50 – are for preparing the motion to compel.

| 8/30/2018 | revise/review motion to compel | 3.2 | Prof srvcs @ $515/hr | 1,648.00 |
| 8/31/2018 | revise/review motion to compel | 2.1 | Prof srvcs @ $515/hr | 1,081.50 |

However, the purported billing documentation supplied by attorney Pistorino in his October 16, 2018 email adds an additional $7,501.50 time for attorney Pistorino plus $825 time for another attorney to review and comment on his draft, bringing the drafting from $2,729.50 to the present claim of $12,240.50 just for preparing the motion filed 9/4/2018 – nearly 450% the amount claimed at the time the motion was filed. Defendants submit that the Court should not allow the additional $8,326.50 that was added in after the fee award but not mentioned in Mr. Pistorino's contemporaneous declaration.

Defendants believe the language of the October 12 Minute Order contains several important constraints for purposes of liquidating the amount of the fee award, specifically that the starting point is "incurred … in preparing the motion to compel filed on 9/4/2018" and the fees covered are those incurred "with respect to this discovery dispute." (See Docket No. 75.) Defendants believe that "preparing the motion to compel filed on 9/4/2018" does not include time spent meeting and conferring on August 21 and 22 (a portion of which related to other issues or during which Mr. Pistorino was reviewing documents for a different case). Defendants also note that Court initially denied the motion to compel "for failure of the parties to adequately meet and confer" and ordered that lead trial counsel meet and confer in person on September 13. (Docket No. 57, 1:17-20.) Defendants also believe that the language "incurred … with respect to **this** discovery dispute" refers to the issues in dispute on October 12. (Docket No. 75, emphasis added.) Importantly, Defendants submit that the fee award does not include time spent on:
- Disputed issues on which counsel were able to reach agreement
- Plaintiff's efforts to obtain discovery to file claims they haven't filed yet
- Plaintiff's efforts to obtain Defendants' customer list or mailing list
- Time spent on unsuccessful activities (including the attempt to obtain issue and evidence sanctions)

Defendants note that Mr. Pistorino claims 5.4 hours on September 13, 2018, of which 4.5 hours was spent in the "meet and confer" held September 13, 2018 in the jury room of Courtroom G because the prior "meet and confer" efforts were inadequate. During the September 13 session, information was exchanged regarding what documents were available, some agreements were reached, and the items remaining in dispute were ruled on by the Court. Plaintiff was not successful on all its issues and should not be able to include fee items for its unsuccessful discovery motion work.

Plaintiff's purported billings also include time entries on 9/4, 9/27 and 9/28 for reviewing the document production – time that would have to be spent regardless of whether there were discovery disputes. Although the burden is on Plaintiff to document the time reasonably expended on

Hon Joseph C. Spero
Re *TechShop, Inc. v Rasure, et al* (18-cv-01044-HSG-JCS)
November 8, 2018
Page 3 of 3

compensable activities, it has made no effort here to allocate activities relating to the discovery disputes and its general document review activities, or to apportion time between the activities relating to "this discovery dispute" and other disputes.

Defendants submit that, considering the above factors, the amount for the fees incurred for activities reasonably necessary with respect to "this" discovery dispute should not exceed $6,000.

*Other Issues Relating to the Fee Award*

Liquidation and contempt are not the only issues flowing from the October 12 fee award.

Plaintiff incorrectly presents the statements made by counsel for Defendants and particularly disputes Plaintiff's contention that Defendants made no effort to comply with the order. Defendants focussed first and foremost on providing the discovery. Plaintiff refused to stipulation to the discovery extension that it claimed it needed. Defendants then filed the case management motion which they had understood that Plaintiff wanted (and had asked this Court to order), for adjustment of the case schedule. (Plaintiff opposed the motion, and it was denied.)

Defendants communicated early on that they believed the fee demand was excessive, and expressed other concerns. Defendants also questioned whether payment could be made directly to the Parrish Law Firm, both because the fee award is to Plaintiff and because the Bankruptcy Court's order contains provisions requiring a further order of that court before any fees can be allowed to the Parrish Law Firm.

With regard to the time of payment, Defendants do not have the cash flow to be able to write a $20,000 check to Mr. Pistorino, but neither is Plaintiff entitled to conduct discovery regarding the assets of any defendant in this case. Mr. Pistorino's statement that Defendant Rasure purchased machinery at an equipment auction with a total cost of more than $25,000 is also untrue. Mr. Rasure did attend the auction, but the item of machinery in question was purchased by a third-party lessor and is being leased to Defendants. Mr. Pistorino was present at the same auction, in company with management of Maker Nexus (a competitor of Defendants). Defendants are willing to pay monthly installments, but belive the payments should be made to the trustee.

In sum, Defendants are not guilty of contempt and have no intention to disobey this or any other court order. Defendants believe that it is sufficient for the Court to simply liquidate the amount of the fee award, and leave it to the parties to work out the manner and timing of payment.

Respectfully submitted:

_____          _____
James Pistorino                                                   Ann Draper
Counsel for Plaintiff                                          Counsel for Defendants