# DRAPER LAW OFFICES

75 BROADWAY, SUITE 202
SAN FRANCISCO, CALIFORNIA 94111
TEL. (415) 989-5620

November 9, 2018

The Hon. Chief Magistrate Judge Joseph C. Spero
United States District Court, Northern District of California
450 Golden Gate Ave., Courtroom G
San Francisco, CA 94102

    Re:    Letter Brief re Defendants' Interrrogatories Nos. 2-5 and 7
               *TechShop, Inc. v Rasure, et al* (Case No. 18-cv-01044-HSG-JCS)

Dear Judge Spero:

The parties to the above action submit the following Letter Brief for resolution of the discovery disputes described below. This Letter Brief is being submitted by Defendants because counsel for Plaintiff stated that he would not be able to work on this today and today is the deadline for filing per local rule 37-3. On October 3, 2018, Defendants propounded seven interrogatories (see Exhibit A). Plaintiff responded on November 2, 2018 (see Exhibit B). Counsel for the parties met and conferred in person on November 6, 2018, concerning Plaintiffs' discovery responses. At issue are Plaintiff's responses to five of the seven interrogatories. Defendants seek further responses and fees for having to bring this motion.

**Defendants' Statement/Final Substantive Position/Proposed Compromise:**

Defendants are not seeking to compel further responses to Interrogatories Nos. 1 and 6, or some of the "every fact" subparts within Interrogatories Nos. 2-5 and 7, but are seeking identification of certain information, as well as witnesses and documents. At the "meet and confer," counsel for Plaintiff stood on the responses as written and stated that he would not provide more information than was in the original responses. Counsel for Plaintiff also stated that he considered the interrogatories to be defective, that he answered each interrogatory "in its entirety," that the "entire case" objection applied to the entire interrogatory, and that he made no effort to be exhaustive.

   A. *Plaintiff's General "Objection to Contention Interrogatories Seeking Narrative / Every Fact / Entire Cases" Is Wholly Improper*

Plaintiff can make such an objecting in individual interrogatories, but cannot do so as a general objection incorporated this objection into every response. FRCP Rule 33(b)(3) requires that each interrogatory be responded to "separately and fully." *Deere v. American Water Works Co., Inc.*, 306 F.R.D. 354, 357 (S.D. I.N. 2015) ("general objections are entitled to little if any weight"). FRCP Rule 33(b)(4) requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity." See *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000). That is important here because Plaintiff needs to explain how such an objection might apply to the individual interrogatories and what information still needs to be supplied in the response.

   B. *Plaintiff's General "Objection to Definitions" Is Improper And Lacks Merit*

Plaintiff's boilerplate prefatory objection to Defendants' definition of IDENTIFY as "overbroad, unduly burdensome, and oppressive" mischaracterizes the definition, which seeks standard information to identify and locate individuals, entities and documents. In the case of documents, the definition of

Hon Joseph C. Spero
Re *TechShop, Inc. v Rasure, et al* (18-cv-01044-HSG-JCS)
November 9, 2018
Page 2 of 4

IDENTIFY calls only for "sufficient information about the document so that it can be located … or ask(ed) for;" the seven items of information about which Plaintiff complains are merely examples ("sufficient information … such as"), and are not expressly requested. For individuals and entities, the definition calls for full name and standard contact information. FRCP Rule 33(b)(4) requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity."  See *Nagele, supra*. Plaintiff does not not explain what makes supplying this information objectionable. The several bits of information do not cause the total number of interrogatories to exceed the limit, because they relate to the same topic and are not "discrete" subparts; they do not increase the count because they are logically or factually subsumed within and necessarily related to" the primary question. See *Safeco of America v Rawstrom* (181 F.R.D. 441, 445 (CD CA 1998).  Plaintiff improperly purports to incorporate this objection into every response; FRCP Rule 33(b)(3) requires that each interrogatory be responded to "separately and fully."

### C.  Interrogatory No. 2 and subparts (c) and (d)

Plaintiff's *First Amended Complaint* ("FAC") accuses Defendants of infringement based on "… without limitation, their unauthorized use of the TECHSHOP® trademarks, and confusingly similar variations thereof." Plaintiff's response to Interrogatory No. 2 refuses to provide a complete list of what these alleged "variations" are. Plaintiff's boilerplate "entire case" objection does not apply to the part of Interrogatory No 2 that states "Identify … each 'confusingly similar variation'."  FRCP Rule 33(b)(3) requires that Plaintiff answer this part of Interrogatory No. 2 even if it objects to the remainder. Although Plaintiff's narrative paragraph (page 4, lines 6-18) identifies some apparent variations, it does not say that Plaintiff considers these to be "confusingly similar variations" or that the ones mentioned in the narrative are all that exist. Defendants are entitled to know what all the alleged "variations" are. Plaintiff's response to subparts (c) and (d) is insufficient because it merely states that persons with knowledge and documents "include" the persons identified in Plaintiff's Initial Disclosures and documents produced by Plaintiff or Defendant. Defendants are entitled to know of all other witnesses and documents responsive to this request.

### D.  Interrogatory No. 3

Plaintiff's *First Amended Complaint* ("FAC") alleges that Defendants' use of the name TechShop 2.0 "resulted in numerous instances of actual confusion." Plaintiff's response to Interrogatory No. 3 does not identify or describe any instances arising from use of the name TechShop 2.0; it merely refers Defendants to unspecified "materials in Defendants' own document production" (which numbered over 50,000 pages) and "the numerous instances of actual confusion reflected in the Facebook postings" (without specifying a Facebook id or page or a date range). Plaintiff's response also states that the "instances of actual confusion include …" these documents but does not identify any other documents that may exist (or say that there are no other documents). The original complaint (filed February 16, 2018) contains identical language (that there are "numerous instances"). Defendants have asked Plaintiff to describe – and are entitled to know – **all** of the purported "instances" … not merely the ones that Plaintiff mentions in its generic reference to documents produced in the litigation. Plaintiff has not provided any specificity or any pre-filing documents. Plaintiff's boilerplate "entire case" objection does not apply to the part of Interrogatory No 3 that states "For each instance of actual confusion resulting from use by a Defendant of the name TechShop 2.0, … describe each such instance of actual confusion," nor does it apply to the request to identify persons with knowledge or documents (subparts (b) and (c)). FRCP Rule 33(b)(3) requires that Plaintiff answer this part of Interrogatory No. 3 even if it

Hon Joseph C. Spero
Re *TechShop, Inc. v Rasure, et al* (18-cv-01044-HSG-JCS)
November 9, 2018
Page 3 of 4

objects to other parts.  Plaintiff has not identified any persons or documents (called for under subparts (b) and (c)).  Its boilerplate claims that Defendants can do so or that it is unduly burdensome and oppressive are insufficient.  See FRCP Rule 33(b)(3); *Mitchell v. National R.R. Passenger Corp.* (D DC 2002) 208 FRD 455, 458, fn. 4; *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2000) 198 FRD 508, 512.  A party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party, or on the ground that the information sought can be gleaned from the requested party's own pleadings.(*Davidson v. Goord* (WD NY 2003) 215 FRD 73, 77.

### E.   Interrogatory No. 4

This interrogatory seeks instances of actual confusion arising from use of a "confusingly similar variation."  Plaintiff's response is identical to its response to Interrogatory No. 3.  The reasons to compel further responses for this interrogatory are the same as for Interrogatory No. 3.  Plaintiff's response (identical to the prior response) merely refers Defendants to their own document production and Facebook postings.  Defendants have asked Plaintiff to describe – and are entitled to know – **all** of the purported "instances"of actual confusion arising from use of a "confusingly similar variation" … not merely the ones that Plaintiff mentions in its generic reference to documents produced in the litigation.  Plaintiff has not provided any specificity. Plaintiff's boilerplate "entire case" objection does not apply to the part of Interrogatory No 4 that asks "For each instance of actual confusion resulting from use by a Defendant of any 'confusingly similar variation', … describe each such instance of actual confusion," nor does it apply to the request to identify persons with knowledge or documents (subparts (c) and (d)).  FRCP Rule 33(b)(3) requires that Plaintiff answer this part of Interrogatory No. 4 even if it objects to other parts.  Likewise, Plaintiff has not identified any persons or documents (called for under subparts (c) and (d)).  Its boilerplate claims that Defendants can do so or that it is unduly burdensome and oppressive are insufficient.

### F.   Interrogatory No. 5

Plaintiff's response to this interrogatory does not identify any individual "item of loss" suffered by TechShop, Inc. as a result of the alleged infringements.  Responding to this interrogatory does not advance the expert schedule because any such losses are historical fact, not expert opinion still being developed.  Defendants are entitled to know what those losses are, or that none exist.  Plaintiff's "entre case" objective is inapt; the interrogatory is seeking specific information (whether there are any actual losses), but even if the objection was valid, Plaintiff must still answer the remainder.  See FRCP Rule 33(b0(3).  Plaintiff's hypothetical response (that "TechShop suffered losses that may be measured in at least two ways …" is not responsive; Defendants are entitled to know whether TechShop actually suffered any items of loss, and what they were.  If such losses exist, Defendants are entitled to know what persons have knowledge (subpart (e)), and what supporting documents exist (subpart (f)), not just that the potential witnesses "include" certain people and that the documents "include" the materials produced in discovery.

### G.   Interrogatory No. 7

This interrogatory seeks to identify each demand that a Defendant cease using any mark upon which Plaintiff's infringement claim is based.  Plaintiff's response states "at a minimum, Defendants were notified by" (and then lists three documents), but does not say whether this is a complete list.  Defendants are entitled to know whether Plaintiffs claim there were any other demands.  Plaintiff's

Hon Joseph C. Spero
Re *TechShop, Inc. v Rasure, et al* (18-cv-01044-HSG-JCS)
November 9, 2018
Page 4 of 4

"entire case" objection is inapt and does not entitle Plaintiff to avoid answer the part of this interrogatory that states "For each demand that a Defendant cease using any mark, as referred to in Paragraph 33 of the First Amended Complaint, … describe each such instance … including the date and manner in which the demand was made, the person making the demand …" Similarly, stating that the persons having knowledge "include" five individuals and that responsive documents "include" the documents produced in discovery is not a sufficient response to subparts (b) and (c).

**Plaintiff's Statement/Final Substantive Position/Proposed Compromise:**

(content not yet provided)


Respectfully submitted:

                                                                                     /s/ Ann McFarland Draper

_____         _____
James Pistorino                                                   Ann Draper
Counsel for Plaintiff                                         Counsel for Defendants