James C. Pistorino (SBN 226496)
  james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Plaintiff Doris Kaelin, as trustee for the estate of TechShop, Inc. (hereinafter "TechShop") respectfully serves these Responses to Defendants' First Set of Interrogatories.

**OBJECTION TO DEFINITIONS**

TechShop objects to the definitions of "identify" as overbroad, unduly burdensome, and oppressive in its effort to seek voluminous information on each item identified. For example, with respect to identified persons, the definition seeks nine pieces of information for each such person information. Likewise, for documents, the definition seeks seven pieces of information. Further, if applied as written, the definition would result in exceeding the total number of interrogatories allowed which would also be objectionable.

Where applicable, and subject to any other applicable objections, Plaintiff will respond to requests using the term "IDENTIFY" in a manner reasonably calculated to put Defendants on

notice of the relevant information. This objection is hereby incorporated into every response to the interrogatories by TechShop because each interrogatory uses this term.

**OBJECTION TO CONTENTION INTERROGATORRIES SEEKING NARRATIVES/EVERY FACT/ENTIRE CASE**

TechShop objects to each interrogatory on the grounds that it is overboard the interrogatories seek narratives, "in full detail the complete factual basis", and for TechShop to lay out its entire case in response. Every interrogatory uses one or more of the phrases "in full detail the complete factual basis". "every individual fact", "particularity and in full detail, including every individual fact", "any fact", "in full detail each fact", and/or "particularity and in full detail." Interrogatories of this type are not only improper, they are an abuse of discovery. *See, e.g., Megdal Assoc., LLC v. LA-Z-BOY, Inc.*, 2016 WL 4503337 (S.D. Fla. Feb. 1, 2016) at *6; *L.H v. Schwarzenegger*, 2007 WL 2781132 (E.D. Cal. Sept. 21, 2007) at *7. Further, given the pervasive nature of the improper interrogatories, TechShop objects to Defendants' effort to foist the burden of crafting proper interrogatories on TechShop. That is improper and unduly burdensome and oppressive

This objection is hereby incorporated into every response to the interrogatories by TechShop because each interrogatory adopts this approach.

**INTERROGATORY NO. 1:**

For each claim Plaintiff has asserted in its complaint in this action, including Plaintiff's claims for federal trademark infringement, contributory infringement, and vicarious infringement, identify the claim and:

(a) state with particularity and in full detail the complete factual basis for the claim, including every individual fact upon which the claim is based

(b) IDENTIFY each PERSON having knowledge of any of those facts;

(c) IDENTIFY all documents and other tangible things that tend to support any of those facts; and

(d) IDENTIFY all documents and other tangible things that tend to refute any of those facts.

**RESPONSE TO INTERROGATORY NO. 1:**

This is a classic "entire case"/narrative interrogatory and, as indicated above, TechShop objects.

Subject to the foregoing objections, TechShop responds as follows: TechShop refers Defendants to TechShop's Initial Disclosures, document production, TechShop's response to Defendants' requests for production, and Defendants' own production. With regard to materials in Defendants' own document production, Defendants are in just as good a position as Plaintiff to review that material to gather the requested information and requiring Plaintiff to do so is unduly burdensome and oppressive.

**INTERROGATORY NO. 2:**

Identify in complete detail each "confusingly similar variation", as referred to in Paragraph 35 of the First Amended Complaint filed herein, and for each such "confusingly similar variation":

(a) state with particularity and in full detail each way in which a Defendant used such "confusingly similar variation";

(b) state with particularity and in full detail each fact supporting your claim that a Defendant's use of such "confusingly similar variation" is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' services;

(c) IDENTIFY each PERSON having knowledge of any fact evidencing or relating to whether that a Defendant's use of such "confusingly similar variation" is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' services; and

(d) IDENTIFY all documents and other tangible things that tend to support or refute whether that a Defendant's use of such "confusingly similar variation" is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' services.

**RESPONSE TO INTERROGATORY NO. 2:**

Again, TechShop objects to this "entire case"/narrative interrogatory for the reasons set forth above. In addition, TechShop objects to the interrogatory to the extent that it seeks the identification of facts or things that "tend to support or refute" anything. That directly seeks work-product material and is objected to as privileged under that grounds.

Subject to the foregoing objections, TechShop responds as follows: Defendants used the names "TechShop 2.0", techshop2.com, and Facebook users group TechShop 2.0 on their webpage located at www.techshop2.com, the banner page thereto, as email addresses (e.g., dan@techshop2.com), in copyright claims at the bottom of web pages, and in communication with others using all of the above. In addition, Defendants held themselves out to the public as TechShop 2.0 on all of the above and in newspaper articles and interviews. The name TechShop 2.0 wrongly suggests that there was/is some affiliation, approval, or sponsorship between TechShop and Defendants resulting in confusion. Indeed, as a result of the unauthorized use of the above, many former employees, contractors, and customers were confused about the non-existent relationship between TechShop and Defendants from at least the period from December 12, 2017 through the filing of this suit. As a result, the employees and contractors sought backpay, etc. from Defendants while former customers sought to have Defendants honor their lifetime memberships, etc.

Further, the likelihood of confusion was compounded by Defendants' announcement of the "reopening" of TechShop's facility on Howard Street and operation of the same using that name.

Persons having knowledge of Defendants' use of confusingly, similar variations of the marks include each of those persons identified in Plaintiff's Initial Disclosures. Documents reflecting use the TechShop 2.0, techshop2.com, and TechShop 2.0 Facebook users group name ated to willfulness include the documents produced by Plaintiff as part of its Initial Disclosures, the documents produced by Plaintiff in response to Defendants' document requests, and documents from Defendants' own production. With regard to materials in Defendants' own document production, Defendants are in just as good a position as Plaintiff to review that material to gather the requested information and requiring Plaintiff to do so is unduly burdensome and oppressive.

**INTERROGATORY NO. 3:**

For each instance of actual confusion resulting from use by a Defendant of the name TechShop 2.0, as referred to in Paragraph 31 of the First Amended Complaint filed herein:

(a) describe each such instance of actual confusion with particularity and in full detail, including every individual fact evidencing actual confusion;

(b) IDENTIFY each PERSON having knowledge of (i) any aspect of such instance of actual confusion or (ii) any fact evidencing or relating to such instance of actual confusion; and

(c) IDENTIFY all documents and other tangible things that tend to support the existence of actual confusion.

**RESPONSE TO INTERROGATORY NO. 3:**

Again, TechShop objects to this "entire case"/narrative interrogatory for the reasons set forth above.

Subject to the foregoing objections, TechShop responds as follows:  Instances of actual confusion include those instances reflected in TechShop's document production in response to Defendant's requests (see response to Request No. 1), the numerous instances of actual confusion reflected in the Facebook postings for the group administered by Defendants, and the instances reflected in Defendants' document production.  With regard to materials in Defendants' own document production, Defendants are in just as good a position as Plaintiff to review that material to gather the requested information and requiring Plaintiff to do so is unduly burdensome and oppressive.

**INTERROGATORY NO. 4:**

For each instance of actual confusion resulting from use by a Defendant of any "confusingly similar variation", as referred to in Paragraph 35 of the First Amended Complaint filed herein:

(a) describe each such instance of actual confusion with particularity and in full detail, including every individual fact evidencing actual confusion;

(c) IDENTIFY each PERSON having knowledge of (i) any aspect of such instance of actual confusion or (ii) any fact evidencing or relating to such instance of actual confusion; and

(d) IDENTIFY all documents and other tangible things that tend to support the existence of actual confusion.

**RESPONSE TO INTERROGATORY NO. 4:**

Again, TechShop objects to this "entire case"/narrative interrogatory for the reasons set forth above.

Subject to the foregoing objections, TechShop responds as follows: Instances of actual confusion include those instances reflected in TechShop's document production in response to Defendant's requests (see response to Request No. 1), the numerous instances of actual confusion reflected in the Facebook postings for the group administered by Defendants, and the instances reflected in Defendants' document production. With regard to materials in Defendants' own document production, Defendants are in just as good a position as Plaintiff to review that material to gather the requested information and requiring Plaintiff to do so is unduly burdensome and oppressive.

**INTERROGATORY NO. 5:**

For each item of loss suffered by TSINC as a result of the infringement(s) alleged in the First Amended Complaint filed herein:

(a) Describe the nature of the loss with particularity;

(b) State the amount of the loss;

(c) state with particularity and in full detail each fact supporting or refuting that such item of loss was suffered;

(d) state with particularity and in full detail each fact relating to determination of the amount of such item of loss;

(e) IDENTIFY each PERSON having knowledge of the nature or amount of such item of loss; and

(f) IDENTIFY all documents and other tangible things that tend to support or refute the existence and/or amount of such item of loss.

**RESPONSE TO INTERROGATORY NO. 5:**

Again, TechShop objects to this "entire case"/narrative interrogatory for the reasons set forth above. In addition, TechShop objects to the interrogatory to the extent that it seeks the identification of facts or things that "tend to support or refute" damages. That directly seeks work-product material and is objected to as privileged under that grounds. Finally, TechShop objects to the interrogatory in its entirety in that it seeks to advance the Scheduling Order with respect to expert discovery.

Subject to the foregoing objections, TechShop responds as follows: TechShop suffered losses that may be measured in at least two ways: 1) Defendants' profits; and 2) lost licensing revenues to TechShop.

With regard to Defendants' profits, persons having knowledge of Defendants' revenues include Dan Rasure and Megan Wieslander. Documents related to Defendants' revenues include the documents produced by Defendants reflecting those revenues. With regard to materials in Defendants' own document production, Defendants are in just as good a position as Plaintiff to review that material to gather the requested information and requiring Plaintiff to do so is unduly burdensome and oppressive.

With regard to lost licensing revenues, persons having knowledge include James Newton, Dan Woods, Doug Busch and Defendant Rasure. Documents related to lost licensing revenues include the documents produced by Plaintiff as part of its Initial Disclosures, the documents produced by Plaintiff in response to Defendants' document requests (including the ADEO materials), and documents from Defendants' own production related to licensing revenues including Defendants' own projections and proposals related thereto (including the ADEO materials). With regard to materials in Defendants' own document production, Defendants are in just as good a position as Plaintiff to review that material to gather the requested information and requiring Plaintiff to do so is unduly burdensome and oppressive.

**INTERROGATORY NO. 6:**

State with particularity and in full detail each fact supporting or refuting that the actions of Defendants were undertaken willfully and/or with the intention of causing confusion, mistake, or deception, as alleged in Paragraph 37 of the First Amended Complaint filed herein, and/or were deliberate, as alleged in Paragraphs 41 and 45 of the First Amended Complaint filed here, and for each such fact:

(a) IDENTIFY each PERSON having knowledge of the nature or amount of such item of loss; and

(f) IDENTIFY all documents and other tangible things that tend to support or refute the existence and/or amount of such item of loss.

**RESPONSE TO INTERROGATORY NO. 6:**

Again, TechShop objects to this "entire case"/narrative interrogatory for the reasons set forth above. In addition, TechShop objects to the interrogatory to the extent that it seeks the identification of facts or things that "tend to support or refute" anything. That directly seeks work-product material and is objected to as privileged under that grounds. Further, TechShop objects to the interrogatory as vague and non-sensical. Subparts (a) and (f) and their reference to "loss" do not appear to relate to the main body of the interrogatory.

Subject to the foregoing objections, TechShop responds as follows: With full knowledge of TechShop's trademark protection, at a minimum, without authorization, Defendants continued to use the TechShop' marks after termination of the MOU on December 12, 2017, after TechShop's explicit notice to cease and desist on February 14, 2018, and after TechShop's further notice of February 16, 2018. Further, Defendants did so with the intention of trading off the TechShop' marks. Further, Defendant Rasure informed third parties that he knowingly continued to use the TechShop marks without authorization based on his belief that TechShop could not afford to retain counsel to enforce its rights in the marks.

Persons with knowledge of the foregoing include each of those persons identified in TechShop's Initial Disclosures. Documents related to willfulness include the documents produced

by Plaintiff as part of its Initial Disclosures, the documents produced by Plaintiff in response to Defendants' document requests, and documents from Defendants' own production. With regard to materials in Defendants' own document production, Defendants are in just as good a position as Plaintiff to review that material to gather the requested information and requiring Plaintiff to do so is unduly burdensome and oppressive.

**INTERROGATORY NO. 7:**

For each demand that a Defendant cease using any mark, as referred to in Paragraph 33 of the First Amended Complaint filed herein:

(a) describe each such instance with particularity and in full detail, including the date and manner in which the demand was made, the person making the demand, and every other individual fact concerning such demand;

(b) IDENTIFY each PERSON having knowledge of any aspect of such demand being made; and

(c) IDENTIFY all documents and other tangible things that tend to support the existence of such demand.

**RESPONSE TO INTERROGATORY NO. 7:**

Again, TechShop objects to this "entire case"/narrative interrogatory for the reasons set forth above.

Subject to the foregoing objections, TechShop responds as follows: At a minimum, Defendant's were notified by: 1) the termination of the MOU sent on December 12, 2017 by Kurt Ruttum to Defendants; 2) the cease and desist letter of February 14, 2018; and 3) the cease and desist letter sent February 16, 2018.

Persons having knowledge of these communications include: James Newton, Dan Woods, Dough Busch, Kurt Ruttum, and Dan Rasure. Documents related to these communications include the documents produced by Plaintiff as part of its Initial Disclosures, the

documents produced by Plaintiff in response to Defendants' document requests, and documents from Defendants' own production.

Dated: November 2, 2018                         Respectfully submitted,

With regard to responses, Ms. Kaelin signs as the representative of Plaintiff but, in her role as the trustee, has no first-hand knowledge of any of the foregoing:

With regard to objections:

                      Doris A. Kaelin
                      Chapter 7 trustee for the estate of TechShop, Inc.

                      James C. Pistorino (SBN 226496)
                      james@dparrishlaw.com
                      Parrish Law Offices
                      224 Lexington Dr.
                      Menlo Park, CA  94025
                      Telephone: (650) 400-0043

                      Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I, James C. Pistorino, counsel for TechShop, Inc., do hereby certify that on November 2, 2018, I sent a copy of the following document:

### TECHSHOP'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

By email to:

>Ann McFarland Draper (SBN 065669)
>ann@draperlaw.net
>Draper Law Offices
>75 Broadway, Suite 202
>San Francisco, CA 94111
>Telephone: (415) 989-5620

Dated at Menlo Park, CA this 2nd day of November 2018.

_____
James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff