1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    TECHSHOP, INC.,                          Case No.  18-cv-01044-HSG (JCS)

              Plaintiff,

8

         v.                                   **ORDER RE: DISCOVERY JOINT**
9                                             **LETTERS**

10   DAN RASURE, et al.,                      Re: Dkt. Nos. 85, 93, 94, 95, 96

              Defendants.

11

12

13        The parties to this case have repeatedly failed in their obligation to resolve even the most

14   simple discovery issues without court intervention.  Now, at the close of discovery, the situation is

15   no different.  These five letters, only one of which is jointly prepared as required by the court's

16   previous orders, are resolved as follows.

17        Docket Number 85:  Privilege Log and Redaction of Customer Names.

18        **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's motion for revision of

19   defendants' privilege log is **DENIED**.   Plaintiff does not dispute defendants' contention that

20   Kansas law governs the scope of the marital privilege in this case.  Plaintiff does not provide any

21   authority for the proposition that under Kansas law, any further disclosure, such as the subject

22   matter of the conversations between husband and wife, are relevant to the issue of whether the

23   communications at issue are privileged.

24        Plaintiff's motion to compel defendants to provide copies of documents without redaction

25   of customer names is **GRANTED IN PART AND DENIED IN PART**.  The Court has already

26   ruled that defendants need not disclose all of their customer names.  Rather, defendants were

27   required to disclose a sampling of their customers.  Accordingly, within thirty (30) days,

28   defendants are ordered to un-redact any names of customers, contained in the documents already

United States District Court
Northern District of California

1    produced, where those customers are among the sampling of customers already disclosed.

2        Docket Number 93, 94:  Attorneys' Fees and Costs.

3        **GRANTED IN PART AND DENIED IN PART**.  The court has previously awarded

4    plaintiff certain attorneys' fees and costs incurred in connection with a prior discovery dispute but

5    had not yet set the amount of that award.  Nonetheless, plaintiff argues that defendant is in

6    contempt of court for failing to pay the amount of fees and costs demanded by plaintiff.  Of

7    course, plaintiff is wrong.  In addition, plaintiff included time billed for work on issues with

8    respect to which the court did not order any relief – but rather which the parties ultimately worked

9    out or on which the court did not grant any relief to plaintiff.  Accordingly, the court finds that

10   $10,000.00 is a reasonable amount attorneys' fees and costs incurred as awarded in this court's

11   October 12th Order.  Defendants are **ORDERED** to pay this amount to Doris Kaelin, as Trustee

12   for the Estate of TechShop, Inc., within sixty (60) days of the date of this order.

13       Docket Number 95, 96:  Plaintiff's Response to Defendants' Interrogatories.  **GRANTED**

14   **IN PART AND DENIED IN PART**.  The Court is of the opinion that contention interrogatories

15   of the type at issue here are proper at the close of discovery.  Plaintiff is **ORDERED** to amend its

16   interrogatory answers within ten (10) days of this order as follows:

17       Interrogatory Number 2(c) and (d):  **GRANTED IN PART**.  Plaintiff is ordered to specify

18   all persons with knowledge of likelihood of confusion relating to defendant's use of any

19   confusingly variation of plaintiff's trademarks, and to identify by bates number all documents

20   relating to such likelihood of confusion.

21       Interrogatory Number 3:  **GRANTED IN PART**.  Plaintiff is ordered to identify all

22   instances of actual confusion, identify specifically all persons with knowledge of such instances of

23   actual confusion, and identify by bates number all documents relating to such instances of actual

24   confusion.

25       Interrogatory Number 4:  **GRANTED IN PART**.  Plaintiff is ordered to identify all

26   instances of actual confusion, identify specifically all persons with knowledge of such instances of

27   actual confusion, and identify by bates number all documents relating to such instances of actual

28   confusion.

United States District Court
Northern District of California

2

Interrogatory Number 5:  **DENIED** without prejudice to renewing this motion within ten (10) days after disclosure of expert reports, if those reports do not answer the interrogatory.

Interrogatory Number 7:  **GRANTED IN PART**.  Plaintiff is ordered to specify each and every demand that any defendant cease using any mark upon which plaintiff's claims are based, specifically identify all persons with knowledge of those demands, and identify by bates number all documents that relate to those demands.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge