UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>DAN RASURE, et al.,<br><br>        Defendants. | Case No. 18-cv-01044-HSG<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 46 |

Pending before the Court is a motion to dismiss two fraud claims alleged in a counterclaim.[1] *See* Dkt. No. 46. For the following reasons, the Court **DENIES** the motion to dismiss the fraud claim and **GRANTS** the motion to dismiss the wire fraud claim without leave to amend.[2]

**I.    BACKGROUND**

**A.    Procedural History**

TechShop, Inc. initially filed a complaint on February 16, 2018 against Dan Rasure, TechShop 2.0 LLC, and TechShop 2.0 San Francisco LLC. Dkt. No. 1. Then, on August 13, Doris A. Kaelin in her capacity as Chapter 7 trustee for TechShop, Inc. filed an amended complaint against the same Defendants. *See* First Amended Complaint ("FAC"), Dkt. No. 45. Defendants answered on August 27. Dkt. No. 50.

Dan Rasure, TheShop Dot Build, LLC ("Build LLC"), and TheShop Dot Build San Fran, LLC ("Build SF") (collectively, "Rasure") filed what they styled as a "Cross-Complaint" against

---

[1] Rasure styled his pleading as a "Cross-Complaint." Keeping with the nomenclature of the Federal Rules of Civil Procedure, the Court construes this pleading as a counterclaim, because it asserts claims against an opposing party rather than against a co-party. *See* Fed. R. Civ. P. 13.
[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

TechShop, Inc. and Doris A. Kaelin in her capacity as Chapter 7 trustee for TechShop, Inc. (collectively, "TechShop") on July 26, 2018.[3]  *See* Counterclaim ("Countercl."), Dkt. No. 42. TechShop filed a motion to dismiss the counterclaim on August 16.  *See* Motion to Dismiss ("Mot."), Dkt. No. 46.  Rasure opposed ("Opp.") on August 30, Dkt. No. 51, and TechShop replied ("Reply") on September 6, Dkt. No. 56.

### B.  Factual Allegations

For the purposes of this motion, the Court must accept the following allegations by Rasure as true.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Dan Rasure learned in November 2017 that TechShop, Inc. would be closing its locations and filing for Chapter 7 bankruptcy.  Countercl. ¶ 43.  Rasure contacted James Newton, TechShop's Chairman, and Daniel Woods, its Chief Executive Officer, to discuss the possibility of reopening some locations.  *Id*. ¶¶ 6–7, 43–44.  Rasure created the entity Build LLC and signed a memorandum of understanding that TechShop would allow Rasure to reopen some TechShop locations under new management, and TechShop then publicized that an agreement in principle had been reached.  *Id*. ¶¶ 45–47.  TechShop "repeatedly promised to provide" necessary due diligence documents, but never did.  *Id*. ¶¶ 49–50.  TechShop, Woods, and Newton also "pressed" Rasure to pay certain vendors because the payments were "urgently overdue" or part of the "wind-down."  *Id*. ¶ 51.  Rasure made payments "in excess of $34,000" to Google, TechShop's health insurers, TechShop's law firm, and a public relations consultant.  *Id*. ¶¶ 51–54, 68.

Rasure believed the transaction with TechShop would close on December 21, but TechShop unilaterally terminated it on December 12.  *Id*. ¶¶ 47–48.  After TechShop terminated the transaction, none of TechShop, Woods, or Newton offered to refund Rasure's payments.  *Id*. ¶ 56.  Google also charged Rasure's credit card nearly $6,000 without authorization in January 2018.  *Id*. ¶ 58.

Rasure contends that TechShop knowingly made "false and misleading" representations to Rasure and that it made promises which it "did not intend to perform" for "the purpose of inducing

---

[3] Rasure also initially named James Newton and Daniel Woods as "cross-defendants," but later voluntarily dismissed those two named individuals.  *See* Dkt. Nos. 90, 91.

Rasure to sign" the memorandum of understanding and make the payments. *Id.* ¶¶ 61–64. Based on these allegations, Rasure brought claims for common-law fraud and for wire fraud under 18 U.S.C. Section 1343. *See id.* ¶¶ 42–83.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

Federal Rule of Civil Procedure 9(b) heightens these pleading requirements for all claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125

(9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "[The Ninth Circuit] has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation marks and citation omitted).

In short, a fraud claim must state "the who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi v. Larkin,* 252 F.3d 423, 429 & n.6 (9th Cir. 2001). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Where multiple defendants are accused of fraudulent conduct, the plaintiff must identify the role of each defendant in the alleged fraudulent scheme. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.").

### III. DISCUSSION

Rasure's counterclaim brought four causes of action: (1) cancellation of federal trademark registration number 4247529, Countercl. ¶¶ 22–31; (2) cancellation of federal trademark registration number 4294110, *id*. ¶¶ 32–41; (3) fraud, *id*. ¶¶ 42–72; and (4) wire fraud under 18 U.S.C. Section 1343, *id*. ¶¶ 73–83. TechShop has confirmed that it moves to dismiss only the third and fourth causes of action, for fraud and wire fraud. *See* Reply at 5.

#### A. The Court Denies the Motion to Dismiss the Fraud Claim

TechShop makes two arguments for why Rasure's claims must be dismissed: (1) Rasure impermissibly lumped fraud defendants together, *see* Mot. at 3; and (2) the counterclaim failed to

4

meet the heightened pleading requirement for fraud, *see id*. at 3, 5.[4]  TechShop also contends that the portion of the claim alleging fraud based on the January 31, 2018 charge to Rasure's credit card for TechShop's Google Suite account should be dismissed because no allegations show that TechShop was involved with the unauthorized charge.  *Id*. at 6.

        To prevail on a fraud claim under California law, the plaintiff must prove: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."  *Dent v. Nat'l Football League*, 902 F.3d 1109, 1125 (9th Cir. 2018) (internal quotation marks omitted) (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951 (1997)).  And under the doctrine of promissory fraud, the plaintiff must plead and prove that the defendant made a promise to him that it had no intention of performing.  *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

        TechShop contends that the counterclaim fails to meet the heightened pleading requirements of Rule 9(b) because it "never provide[d] the basic who, what, when, where, and how of the alleged fraud."  Mot. at 3.  Moreover, TechShop argues that Rasure failed to explain why the statements were false or misleading because the counterclaim "fails to allege *facts* from which the Court could infer that the unspecified promises/statements were false when made."  Mot. at 5–6.

        Under Rule 9(b), a fraud claim must state "the who, what, when, where, and how" of the alleged conduct, *Cooper*, 137 F.3d at 627, and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d at 1548 (en banc), *superseded by statute on other grounds as stated in Ronconi*, 252 F.3d at 429 & n.6.  With regards to the "when," "a complaint need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud."  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quoting *Cooper*, 137 F.3d at 627).  For a complaint to sufficiently demonstrate the "why," "something more than

---

[4] Given that Rasure voluntarily dismissed Newton and Woods from the counterclaim, leaving only TechShop as a counter-defendant, there are no longer any counter-defendants to be lumped together, so the Court does not consider this moot argument.

nonperformance is required to prove the defendant's intent not to perform his promise." *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30 (1985) (internal quotation marks omitted).

Rasure alleges several statements made by TechShop over a one-month period and explains why he believes they were false or misleading. *See* Countercl. ¶¶ 49–60. TechShop is correct that some of these allegations are vague. *See, e.g.*, *id.* ¶ 50 (alleging that TechShop "repeatedly led Rasure to believe that [TechShop] was negotiating in good faith"). But others are quite specific. For instance, Rasure alleges that TechShop "pressed" Rasure to continue to fund its public relations consultant from December 1 to 12 while concealing that the memorandum of understanding would be canceled. *Id.* ¶¶ 52–55. And he alleges that TechShop represented that immediate payments were necessary to complete the transaction, which Rasure made on November 29 and 30 and after December 1, with the understanding that he would be credited for the payments when the deal was finalized. *Id.* ¶ 51. These allegations are sufficiently specific to satisfy the *Cooper* requirements.

In addition, Rasure has pled more than just nonperformance, thus satisfying the "why" requirement. *See Tenzer*, 39 Cal.3d at 30. For example, Rasure alleged that he was pressured into paying a public relations consultant, and that the deal was terminated the morning after he finally did, *see id.* ¶¶ 55–56. Taking the facts alleged as true, as the Court must at this stage, this allegation sufficiently supports an inference that TechShop did not intend to perform its promise.

TechShop separately moved to dismiss the portion of the counterclaim alleging that the January 31, 2018 Google Suite charge to Rasure's credit card was fraudulent. Mot. at 6. Though the allegation is threadbare, the Court finds that there are no grounds to dismiss this granular allegation because it appears to be just one specific allegation of harm resulting from the fraud alleged in the counterclaim.

The Court finds that Rasure has met the heightened pleading requirements of Rule 9(b) and denies the motion to dismiss this cause of action.

**B.     The Court Grants the Motion to Dismiss the Wire Fraud Claim**

Rasure alleged a cause of action for wire fraud under 18 U.S.C. Section 1343. *See* Mot. at ¶¶ 73–83. This is, of course, a federal criminal statute—and does not create a private right of

6

action. *See Gidding v. Zurich Am. Ins. Co.*, No. 15-CV-01176-HSG, 2015 WL 6871990, at *4 (N.D. Cal. Nov. 9, 2015) (holding that plaintiff "is precluded from asserting any claims under 18 U.S.C. § 371 because it is a criminal statute that does not create a private right of action"); *see also Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (finding no private right of action for mail fraud under 18 U.S.C. § 1341, a statute analogous to 18 U.S.C. § 1343).

Because there is no private cause of action under the federal criminal wire fraud statute, the pleading could not "be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, the Court dismisses Rasure's wire fraud claim without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** TechShop's motion to dismiss the fraud claim and **GRANTS** the motion to dismiss the wire fraud claim without leave to amend.

**IT IS SO ORDERED.**

Dated: 3/20/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge