James C. Pistorino (SBN 226496)
    james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE *DAUBERT* MOTION** <br><br> Hearing Date: June 20, 2019, 2:00pm <br> Pretrial Conference April 30, 2019, 3:00pm <br> Trial: June 3, 2019 8:00am <br> Judge: Hon. Haywood Gilliam Jr. |
|---|---|

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on June 20, 2019 at 2:00pm, before the Honorable Haywood S. Gilliam Jr., of the United States District Court for the Northern District of California, Plaintiff TechShop will move the Court, pursuant to Civil L.R. 7-11 and ¶ 24 of the Court's Civil Pretrial and Trial Standing Order, for leave to file a *Daubert* motion precluding Defendants' "expert" witnesses Messrs. Jeremiah Johnson and Mark Bunger from testifying at the upcoming jury trial on the subjects identified below. This motion is made on the grounds that:

**Jeremiah Johnson:**

    Though contracted by Defendants for this work, Mr. Johnson did not provide an expert witness report. Thus, Defendants failed to comply with FED.R.CIV.P. 26(a)(2)(B) and this

Court's Scheduling Order. Further, even assuming that no expert report was required, Defendants were still required to provide a "summary of the facts and opinions to which" Mr. Johnson was expected to testify. *See* FED.R.CIV.P. 26(a)(2)(C)(ii). Again, Defendants did not do that. Finally, Defendants propose that Mr. Johnson will testify as to "lack of profits from the alleged infringement." Defendants have not and cannot establish that Mr. Johnson has any expertise or training that would allow him to offer such and opinion or that there is any data he could reliably apply to arrive at such a conclusion. Accordingly, even putting aside the failures to comply with the disclosure requirements, Defendants cannot meet their burden to establish that Mr. Johnson's proposed testimony is relevant, reliable, and helpful to the jury.

**Mark Bunger:**

Defendants did provide an opening expert report from Mr. Munger. However that report comprises an alleged "brand value analysis." Mr. Bunger's report does not establish that he has any expertise or training in licensing, damages, trademark validity/validity, etc. Further, the opening report does not actually address damages (or alleged lack thereof) in this case. Thus, his "brand value analysis" is not relevant to any issue in this case or helpful to the jury and should be excluded.

Defendants provided a "rebuttal" report from Mr. Munger. To the extent that the Munger "rebuttal" report is alleged to relate to invalidity issues (an issue on which Defendants bear the burden of proof), that report was untimely and failed to comply with the Rules and this Court's Scheduling Order. Beyond that, the "rebuttal" report is simply filled with bald statements of speculation/opinion for which no bases are supplied and which Mr. Munger is not shown to be qualified to make. Thus, in addition to the other flaws, Defendants failed to comply with FED.R.CIV.P. 26(a)(2)(B)(i) and provide a complete statement of the opinions as well as the basis and reasons for them. Putting aside the procedural defects, Defendants have not and cannot meet their burden to establish that the Munger testimony is competent, reliable, relevant, or will assist the jury.

As detailed above and in the supporting papers, the proposed testimony of Johnson and Munger should be excluded.  Good cause exists to grant this motion as resolving the issue of Defendants' proposed expert testimony prior to trial will enable the parties and the Court to efficiently prepare for trial and avoid wasting the jurors' time.

This motion for leave is based on this Notice of Motion and Motion and the Declaration of James Pistorino in Support of TechShop's Motion for Leave which attached TechShop's proposed *Daubert* motion and supporting papers.

Counsel for Plaintiff and Defendants met and conferred and stipulated as to motions for leave to file *Daubert* motions.  With regard to the substance of the *Daubert* motions, agreement was not reached.

## CONCLUSION

For the reasons set forth above, the motion for leave should be granted.

_____
James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff