Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

John E. Nathan (Pro Hac Vice)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:    (917) 960-1667

Attorneys for Defendants and Counterclaimants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 bankruptcy trustee for TECHSHOP, INC. <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS) <br><br> **DEFENDANTS' AND COUNTERCLAIMANTS' NOTICE OF MOTION AND *DAUBERT* MOTION TO PRECLUDE PLAINTIFF'S ECONOMIC EXPERT DR. ERIC MATOLO FROM TESTIFYING AT TRIAL ON THREE SUBJECTS** <br><br> [Filed Concurrently with Declaration of Andrea Pallios Roberts in Support of Motion and [Proposed] Order] <br><br> Pretrial Conference: April 30, 2019, 3:00 p.m. Trial: June 3, 2019, 8:00 a.m. |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2019, at 3:00 p.m. before the Honorable Haywood S. Gilliam Jr. of the United States District Court for the Northern District of California, Defendants and Counterclaimants ("Defendants") will move the Court to preclude Plaintiff's economic expert Eric Matolo, Ph.D. from testifying at the upcoming jury trial regarding (1) the law; (2) Defendants' alleged profits; and (3) his reliance on Plaintiff's foreign licenses to opine on hypothetical lost licensing revenue for its U.S. "TECHSHOP" marks. This motion is made on the grounds that: (1) Dr. Matolo's opinions improperly contain statements of the law and his inadmissible legal conclusions; (2) Dr. Matolo's opinions regarding Defendants' alleged profits do not meet the *Daubert* standard; (3) Dr. Matolo's testimony regarding Plaintiff's foreign licenses and his opinion based thereon regarding alleged lost licensing revenue for its U.S. "TECHSHOP" marks do not meet the *Daubert* standard; and (4) Dr. Matolo's opinions regarding Defendants' alleged profits and foreign licenses should be precluded under Fed. R. Evid. 403.

Pursuant to the Proposed Order, Dkt. 112-19, which was entered by the Court on April 5, 2019, Dkt. 121, Plaintiff will file its response, if any, to this Motion on or before April 16, 2019, and Defendants will file their reply in support of the this Motion (if any), which shall be limited to three pages, on or before April 23, 2019.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Andrea Pallios Roberts in Support of Defendants' *Daubert* Motion, the pleadings and other papers on file in this action, and such additional evidence as may be presented at or before the hearing.

DATED:  April 8, 2019

By _____/s/ Andrea Pallios Roberts_____

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

John E. Nathan (Pro Hac Vice)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:    (917) 960-1667

Attorneys for Defendants and Counterclaimants

**PRELIMINARY STATEMENT**

Defendants and Counterclaimants ("Defendants") move to preclude Plaintiff's damages expert, Dr. Eric Matolo, from testifying regarding (1) the law; (2) Defendants' alleged profits; and (3) his reliance on Plaintiff's foreign licenses to opine on hypothetical lost licensing revenue for its U.S. "TECHSHOP" marks.  It is the role of the Court, not a paid expert, to instruct the jury on the law.  Dr. Matolo should be precluded from doing so.  Further, Dr. Matolo's opinions on Defendants' alleged profits and his reliance on foreign licenses are not helpful to the trier of fact and not reliable.  He should be precluded from testifying on these subjects as well.

**BACKGROUND**

Plaintiff TechShop, Inc. is a failed business that used to operate "maker spaces," to which consumers could purchase memberships and then be trained on and use tools and equipment.  On November 15, 2017, with no prior notice to its members, Plaintiff shuttered all of its U.S. locations and ceased operations.  (Ex. B, M.)[1]  After the shutdown, Defendant Dan Rasure sought to acquire some or all of Plaintiff's assets and open maker space locations in the U.S.  During the negotiations, and with Plaintiff's authorization, consent and acquiescence, both Plaintiff and Defendants referred to Defendants' prospective business as "TechShop 2.0," and Defendant Rasure formed his business using that name.  (Ex. C, D, N.)  After two and a half months of further negotiations, and without objecting to use of the "TechShop 2.0" name, Plaintiff sued Defendants, claiming that "TechShop 2.0" infringed Plaintiff's U.S. "TECHSHOP" service marks. (Dkt. 1.)  Defendants promptly changed their name to "TheShop.Build."  (Ex. J.)  Ten days later, Plaintiff filed a Chapter 7 bankruptcy case, ending any possibility that it would continue to operate in the United States.  (Ex. E.)  Defendants deny Plaintiff's claims and assert two claims for cancellation of Plaintiff's U.S. Registrations for "TECHSHOP," and a claim for fraud.  (Dkt. 42, 50, 110.)

Plaintiff served an expert report from Dr. Eric Matolo.  (Ex. A.)  Dr. Matolo works for an economics consulting firm that provides economic, financial and statistical research and analysis.

---

[1]  All exhibits referenced herein are exhibits to the Declaration of Andrea Pallios Roberts.

(*Id.*, p. 2.)  He is not a licensed attorney.  (*Id.*, p. 2-3; Ex. F, 9:13-10:5.)  The only written materials Dr. Matolo reviewed were a handful of documents supplied by Plaintiff's counsel or obtained from the public domain.  (*Id.*, 27-28.)  His interviews were limited to conversations with three of Plaintiff's most recent former Directors and Officers.  (Ex. A, p. 4.)  He did not interview the individuals who signed the foreign license agreements on which he bases his opinions.  (Exs. G, H, I.)  Dr. Matolo's report (1) purports to set forth the law on trademark infringement and damages, (2) opines on Plaintiff's purported damages based on Defendants' profits, and (3) opines on Plaintiff's purported damages based on hypothetical lost licensing revenue.

## **LEGAL STANDARD**

An expert must be qualified "by knowledge, skill, experience, training, or education," the testimony itself must "help the trier of fact to understand the evidence or to determine a fact in issue" and be "the product of reliable principles and methods," and the expert must "ha[ve] reliably applied the principles and methods to the facts of the case."  FED. R. EVID. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Ojmar US, LLC v. Sec. People, Inc.*, 2018 WL 3008872, *2 (N.D. Cal. June 15, 2018); *Primiano v. Cook*, 558, 564 (9th Cir. 2010).  Where, as here, an expert's testimony is not helpful or not reliable, it should be precluded.

## **ARGUMENT**

### I.    **DR. MATOLO SHOULD BE PRECLUDED FROM TESTIFYING ABOUT THE LAW.**

Dr. Matolo's report contains inadmissible statements about the law, including trademark law and damages.  Specifically, Dr. Matolo recites legal principles, citing the damages statute and case law, and purporting to explain what they mean.  (Ex. A, p. 3.)  Dr. Matolo indicates that he was instructed to follow the legal principles laid out in that section in forming his opinions.  (*Id.*)  Dr. Matolo should not be permitted to explain that law to the jury.  It is well-established that legal conclusions of the type offered by Dr. Matolo have no place in a jury trial.  It is the exclusive province of the Court to instruct the jury on the applicable law.  Accordingly, Dr. Matolo should be precluded from instructing the jury on trademark damages law as part of his testimony.  *Ojmar US, LLC v. Sec. People, Inc.*, 2018 WL 3008872, *4 (N.D. Cal. June 15, 2018) (precluding expert

1  from providing legal opinions); *Morton & Bassett, LLC v. Organic Spices, Inc.*, 2017 WL

2  3838097, *8 (N.D. Cal. Sept. 1, 2017) (collecting cases and excluding expert's legal conclusions).

3  **II.  DR. MATOLO SHOULD BE PRECLUDED FROM OPINING ON DAMAGES BASED ON DEFENDANTS' ALLEGED PROFITS.**

4  　　　Dr. Matolo opines that damages with respect to Defendants' profits amount to $1.1 million.

5  (Ex. A, p. 11.)  He bases this on Defendants' alleged gross revenues from February 6, 2018-September

6  22, 2018 of $1,127,686.  (*Id.*, p. 11 and Ex. E.)  The Court should preclude Dr. Matolo from offering

7  this opinion and testifying regarding Defendants' revenues.  The opinion is not helpful to the trier of

8  fact or reliable because Dr. Matolo is incorrect on both the facts and the law.

9  　　　As to the facts, a defendant is only liable for infringement for <u>use</u> of the mark.  15 U.S.C.

10  § 1114(1)(a).  Except for a few days—February 6-16, 2018—the alleged revenues on which Dr.

11  Matolo relies occurred during the rest of February 2018 through September 22, 2018.  (Ex., A, p.

12  11 and Ex. E, n. 1.)  Relying on a single document provided by Plaintiff's counsel (*id.*), Dr.

13  Matolo did simple addition to tabulate revenues for each month between February and September

14  22, 2018.  This does not require any expertise and thus is not proper expert testimony.  *Waymo*

15  *LLC v. Uber Technologies, Inc.*, 2017 WL 5148390, *5 (N.D. Cal. Nov. 6, 2017) (excluding

16  expert testimony where expert "performed grade-school arithmetic" that did not require any

17  specialized knowledge).  Moreover, most of the revenues Dr. Matolo calculated are not revenues

18  from use of "TechShop 2.0."  Defendants changed their business name from "TechShop 2.0" to

19  "TheShop.Build" on February 16, 2018—the same day this action was filed.  (Ex. J; Dkt. 1.)

20  Thus, the revenues for March-September and part of February 2018 are revenues of

21  "TheShop.Build," not "TechShop 2.0."  As a result, Dr. Matolo's testimony is not helpful to the

22  trier of fact because he used the wrong numbers.  It is also unreliable because Dr. Matolo does not

23  offer any explanation or analysis as to why Plaintiff is entitled to revenues not based on use of

24  "TechShop 2.0."  Moreover, Dr. Matolo used no methodology whatsoever to determine Plaintiff's

25  damages based on Defendants' revenue other than to provide a number.

26  　　　Dr. Matolo's opinion is similarly unhelpful to the trier of fact because it is incorrect on the

27  law.  Under Ninth Circuit law, a defendant's profits cannot be recovered unless there is a showing

28

1  of willful infringement.  *Stone Creek* v. *Omnia Italian Design*, 875 F.3d 426, 440 (9th Cir. 2017).

2  "[W]illfulness remains a prerequisite for awarding a defendant's profits."  *Id.*  Plaintiff can make

3  no such showing.  The entire time Defendants used the "TechShop 2.0" name, they did so with

4  Plaintiff's authorization.  (*See e.g.,* Exs. C, D.)  Plaintiff itself referred to Defendants' business as

5  "TechShop 2.0."  (Exs. D, K, L, N.)  Thus, Dr. Matolo's opinion as to damages that are only

6  available if there is willful infringement is not helpful and should be precluded.

7  **III.    DR. MATOLO SHOULD BE PRECLUDED FROM RELYING ON PLAINTIFF'S
        IRRELEVANT FOREIGN LICENSES.**

8
9       In addition to Defendants' alleged profits, Dr. Matolo opines that Plaintiff suffered

10  hypothetical lost U.S. licensing revenue in the amount of $1- 1.48 million.  (Ex. A, p. 11.)  Dr.

11  Matolo bases this opinion solely on Plaintiff's agreements (which he didn't review) with <u>foreign</u>

12  entities in France, Japan and Abu Dhabi, and potential—but never consummated—other foreign

13  deals.  (*Id.*, pp 4-5, 7-11.)  Dr. Matolo concedes that Plaintiff had **no U.S. licensing
     arrangements**.  (*Id.*, p. 5.)  Nevertheless, he opines without any basis that the foreign agreements

14  "act as a kind of floor on the [U.S.] licensing revenue." (*Id.*, p. 10.)  The Court should preclude

15  Dr. Matolo from opining on Plaintiff's purported lost U.S. licensing revenue based on Plaintiff's

16  foreign contracts because this opinion is not helpful to the trier of fact.

17       Dr. Matolo's testimony is not helpful to the trier of fact because the foreign agreements are

18  not probative of the value of the U.S. marks.  First, the French, Japanese and Abu Dhabi deals

19  were agreed to long before the relevant time period; they were executed two to three years before

20  the alleged infringement, and well before Plaintiff's November 2017 sudden and unexpected

21  closing and impending bankruptcy:  France (2014 and 2016), Japan (2015), and Abu Dhabi (2014

22  and 2015).  (Ex. A, pp. 5, 7-9, 11; Exs. G, H, I.)  Dr. Matolo concedes that Plaintiff's sudden

23  collapse in November 2017 had a "significant" adverse effect on the value of the marks:

24          The closure of the TechShop stores in the United States and announcement of
            impending bankruptcy may have likely resulted in *a significant diminution of the*
25          *value of the brand*.

26  (Ex. A, p. 11) (emphasis added).  Yet, he points to no evidence that after the abrupt closure Mr.

27  Rasure or anyone else would have paid anything, let alone the earlier foreign rate, for the U.S.

28

1   name of a now-defunct company, and he fails to make any adjustment for loss of brand value.

2          Second, the foreign agreements were not solely trademark licenses.  Rather, they delivered

3   a turn-key shop, including a substantial services component (for set-up and ongoing operations),

4   as well as other licensed materials (including course materials, business systems, a Customer

5   Relations Management system designed for maker spaces, and proprietary software to control and

6   track access to individual machinery).  (Ex. A, p. 7-8.)  Nevertheless, Dr. Matolo used the total

7   fees in these foreign agreements in his analysis, without apportioning the value of the marks,

8   opining, that "the marks themselves represented the primary value in these transactions and the

9   other items were more marginal."  (*Id.*, p. 7-11.)  Apparently, he bases that opinion on interviews

10  with Plaintiff's most recent former Directors and some public webpages.  (*Id.*)  Dr. Matolo did not

11  talk to any of the foreign licensees or even to the former officers of TechShop who executed the

12  agreements to verify his assertion.  (*Id.*)  Thus, Dr. Matolo did not use a reliable methodology to

13  properly apportion fees paid for use of the marks at issue during the relevant time period (as

14  distinguished from services and other licensed materials), and his opinion is not helpful to the jury.

15  **IV.      DR. MATOLO'S OPINIONS SHOULD BE PRECLUDED UNDER RULE 403.**

16         Not only do Dr. Matolo's opinions fail to meet the *Daubert* standard, but they should be

17  precluded under Rule 403.  Fed. R. Evid. 403.  The probative value of the proffered evidence—

18  TheShop.Build revenues and pre-closure foreign agreements—is greatly outweighed by the danger

19  of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.  *Id.*

20  Permitting Dr. Matolo to flash large numbers to the jury, which have no tie to alleged use of the

21  U.S. marks or the value of those marks, is prejudicial to Defendants.  Permitting him to do so will

22  confuse the issues and mislead the jury because they may not understand Dr. Matolo's failure to

23  apportion.  And, it will waste time and cause undue delay because Defendants will have to show

24  why Dr. Matolo's opinions are based on irrelevant information and should be rejected.

25                                      **CONCLUSION**

26         For the foregoing reasons, Dr. Matolo should be precluded from testifying regarding (1)

27  the law; (2) Defendants' alleged profits; and (3) Plaintiff's foreign licenses on which he based

28  alleged lost licensing revenue for its U.S. "TECHSHOP" marks.

DATED:  April 8, 2019

By       */s/ Andrea Pallios Roberts*

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:    (917) 960-1667

Attorneys for Defendants and Counter-
Complainants