James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S MOTION IN LIMINE #1, RE: DOCUMENTS NOT PRODUCED DURING DISCOVERY/WITNESSES DISCLOSED** <br><br> Hearing Date: April 30, 2019, 3:00pm <br> Pretrial Conference April 30, 2019, 3:00pm <br> Trial: June 3, 2019 8:00am <br> Judge: Hon. Haywood S. Gilliam, Jr. |

    Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Scheduling Order and Standing Civil Pretrial and Trial Order, files this motion *in limine* to preclude Defendants from offering evidence of documents not properly produced during discovery and calling witnesses not disclosed.

## FACTUAL BACKGROUND

    As the Court is aware, this case has been marred by discovery misconduct by Defendants over an extended period of time. In summary, Defendants served Initial Disclosures on June 15, 2018. Exhibit A. Because Defendants did not actually produce any documents with the Initial Disclosures, TechShop served Requests for Production on June 26, 2018 which included a Request specifically directed to Defendants' Initial Disclosures. Exhibit B (*see* Request # 13). When no documents were produced by September, motion practice ensued specifically directed

to the Initial Disclosures (*see* Dkt. #53 at 17) and the matter was assigned to Judge Spero. Judge Spero then ordered an in-person meet and confer at courthouse to resolve the discovery disputes. At the meet and confer (which lasted for 4.5 hours), Defendants agreed to produce the materials identified in their Initial Disclosures in compliance with FED.R.CIV.P. 26(a)(1)(A). Judge Spero then ordered Defendants to produce all of the agreed materials within 8 days (*see* Dkt. #58) later extended to 12 days (see Dkt. # 65). When the documents were still not produced, additional motion practice resulted in Judge Spero sanctioning Defendants for the discovery misconduct and ordering compliant production by October 22, 2018 "without fail."[1] *See* Dkt. #75.

On October 23, 2018, this Court held a hearing. At the hearing, the following exchange occurred:

> **JUDGE GILLIAM:** ... So, the first question is, as I read the last transcript, Ms. Draper, there's an order that you complete production by October 22nd. That was Judge Spero's order. Did you comply with the order?
> * * *
> Is the production complete? Yes or no?
> **MS DRAPER:** Yes, yes.

*See* Exhibit C at 2:17-24. As TechShop's counsel noted at the time, Defendants' representation was certainly not correct because documents were still being produced on October 23rd. *See* Exhibit C at 4:24-5:7. Indeed, additional documents requested by the June Requests for Production, and subject to the Court's Orders, were produced on October 24. *See* Exhibit F. Fact discovery in this case closed on November 2, 2018 and expert discovery closed on December 17, 2018. *See* Dkt. #37.

Pursuant to this Court's Standing Order, the parties were required to exchange proposed exhibits/lists and witness lists on Tuesday, April 2, 2019. On Monday, April 1 and Tuesday, April 2, 2019, Defendants produced more than 3700 pages of materials that had never been produced in this case. That is, more than four months after the close of fact discovery and three

---

[1] Ultimately, Judge Spero ordered sanctions/relief in the amount of $10,000. *See* Dkt. #97.

months after the close of expert discovery, thousands of pages appeared. When the exhibit lists were exchanged, more than 45% of Defendants proposed exhibits (309 out of 676) were comprised of the documents produced within the preceding 24 hours. *See* Exhibit D. The late produced documents are TX769-893, 984-1160, 1163-65, and 1170-76. Given other pre-trial matters, counsel for TechShop has not had time to review the late produced materials in detail. Simply skimming them, the documents appear to relate to numerous areas in this case and comprise numerous web pages, newspaper articles, bankruptcy proceedings, trademark prosecution matters, etc.

In addition, Defendants' witness, list included a witness never before identified in any disclosure by Defendants (Mr. Michael Hilberman). *See* Exhibit E at 4. As disclosed by Defendants, Mr. Hilberman is being offered to testify on a wide variety of topics, including "offers to sell and sale of memberships and stock in Plaintiff while Plaintiff was insolvent."

During the meet and confers on this matter, Defendants offered that the late produced materials are "mostly" public information. With regard to Mr. Hilberman, Defendants offer that his name appears on some documents. As far as TechShop can tell, of the timely produced materials, Mr. Hilberman's name appears on eight (8) documents on the exhibit list.[2] These documents relate to passing contact information and information about outstanding expenses faced by TechShop (insurance, etc.).

## LEGAL BACKGROUND

Pursuant to FED.R.CIV.P. 26(a)(1)(A) "a party must, without awaiting a discovery request, provide to the other parties: (i) the name … of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses …; (ii) a copy – or a description by category and location – of all documents … that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]"

---

[2] See TX589-91, 593-4, 599, 625, 912.

Pursuant to FED.R.CIV.P. 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless." "Rule 37(c)(1) gives teeth" to the requirements of Rule 26, "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir, 2011).

## DISCUSSION

This is yet another classic example of discovery misconduct and all of the objected to materials should be excluded. Defendants cannot meet their burden to show that the failure was substantially justified or harmless.

**The Late Produced Materials and Witnesses Should Be Excluded**

As detailed above, Defendants were required to produce the withheld materials without a discovery request by TechShop. Nevertheless, TechShop served one. Both TechShop's requests and multiple Orders of this Court were defied/ignored by Defendants. During the meet and confer, Defendants offered that "some" of the materials were publicly available. Public availability has never been the keystone to compliance with discovery obligations and Court Orders.

With regard to Mr. Hilberman, again, he was not disclosed and TechShop simply had no idea of the vast range of topics on which Defendants intended to offer him and/or what their alleged relevance to this case is. What the alleged "closure of TechShop Brooklyn after obtaining $5.3 million from New York City" has to do with anything in this case or that Mr, Hilberman knows anything about that is unknown to TechShop even at this date. Exhibit E at 4. Were Mr. Hilberman to testify on these topics, it would come as a complete surprise to TechShop and the avoidance of that is the very purpose of the Rules.

Defendants cannot meet their burden to show that the failure to comply with their discovery obligations or this Court's Orders was substantially justified.

With regard to prejudice, clearly, Defendants cannot meet their burden to show that the failure to comply with both the Rules and this Court's Orders. Throughout this case, TechShop has had to make numerous decisions based on Defendants' discovery misconduct. Here, simply as an example, to the extent the withheld materials are alleged to relate to validity, TechShop could have rebutted them with an expert report but, because the materials were withheld, TechShop did not prepare an expert report on validity. Likewise, decisions about depositions, other discovery, amendment of the pleadings, and summary judgment were based on Defendants' production (or lack thereof). Indeed, had TechShop known that Initial Disclosure materials were being withheld, TechShop could have sought further relief from this Court. Further, even the production of this mass of materials at this late stage necessitating this motion *in limine* is prejudicial to TechShop. Finally, were the late produced materials/witnesses allowed, the case would need to be restarted and TechShop would suffer the prejudice of increased expense, etc. solely as a result of Defendants' misconduct. Defendants cannot meet their burden.

Independent of the discovery misconduct, TechShop is troubled by the continuing challenge to the authority of this Court. At the hearing held on October 23rd, Defendants represented that the Court's Orders requiring production had been complied with. To the extent that TechShop can rely on anything represented by Defendants, TechShop understood that the Court's Orders had been complied with regarding Initial Disclosures. TechShop notes that no effort has ever been made by Defendants to correct the Record of their representation to the Court.

## CONCLUSION

For the reasons set forth above, exhibits TX769-893, 984-1160, 1163-65, and 1170-76 should excluded (unless used solely for impeachment). Further, testimony from Mr. Hilberman should be excluded (unless offered solely for impeachment).

Respectfully submitted,

_____
James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff