# EXHIBIT D

1  Ann McFarland Draper (SBN 065669)
     courts@draperlaw.net
2  **Draper Law Offices**
   75 Broadway, Suite 202
3  San Francisco, California 94111
   Tel: (415) 989-5620
4
   **Attorneys for Defendants Dan Rasure,**
5  **TheShop dot Build LLC, and TheShop**
   **dot Build San Fran LLC**
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **NORTHERN DISTRICT OF CALIFORNIA**

10  TECHSHOP, INC.,                          | **Case No. 4:18-cv-01044-HSG**
11                    Plaintiff,
12          vs.                              | **DEFENDANT DAN RASURE'S FIRST SET**
                                             | **OF INTERROGATORIES TO PLAINTIFF**
13  DAN RASURE, et al,                       | **TECHSHOP, INC. AND DORIS A. KAELIN,**
                    Defendants.              | **AS CHAPTER 7 TRUSTEE FOR**
                                             | **BANKRUPTCY ESTATE OF TECHSHOP,**
14  And Related Counter-and Cross-Action     | **INC. (Interrogatories Nos. 1-7)**
15
16          Propounding Party:    Defendant DAN RASURE
17          Responding Party:     Plaintiff TECHSHOP, INC. and DORIS A. KAELIN, as Chapter 7
18                                Trustee for the Bankruptcy Estate of TechShop, Inc.
19          Set Number:           ONE (1)
20          Defendant and Cross-Complainant DAN RASURE (("Propounding Party" or "Rasure")
21  hereby propound the following interrogatories to Plaintiffs and Cross- and Counter-Defendants
22  TECHSHOP, INC ("TSINC") and DORIS A. KAELIN, as Chapter 7 Trustee ("TRUSTEE")
23  (collectively "Responding Parties") and requests that each be answered separately and fully in
24  writing under oath, within thirty days, in accordance with Rule 33 of the Federal Rules of Civil
25  Procedure.
26
27

28  *Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                    - 1
    DEFENDANT DAN RASURE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TECHSHOP, INC.
    AND DORIS A. KAELIN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF TECHSHOP, INC.
    (Interrogatories Nos. 1-7)

## DEFINITIONS

A.     "DOCUMENT" means all original written, recorded or graphic matters whatsoever and all non-identical copies thereof.

B.     "PERSON" means any individual, corporation, proprietorship, partnership, professional corporation, association, group, governmental agency or agent, and any other entity.

C.     "IDENTIFY" has the following meanings:

(i)     When used in reference to a natural person, it means to state the person's full name, identity of his employer, title and job description (if applicable) and the person's residence address and business address or, if unknown, the last known business or residence address and all known email addresses and phone numbers;

(ii)     When used in reference to a corporation, partnership, or other entity, it means to state its full name, the address of its principal office or place of place of business and the address of each present business location that is relevant to the interrogatory answers;

(iii)     When used in reference to a document, it means to state sufficient information about the document so that it can be located among all the documents produced by Plaintiff or so that Defendant may ask for it specifically, such as by stating:

(a)     The type of document (i.e., letter, memorandum, telex, chart) or some other means of identifying it;

(b)     Its date;

(c)     The IDENTITY of the author or signor thereof;

(d)     The IDENTITY of all addresses or recipients, including carbon copy addresses;

(e)     Its present location;

(f)     The IDENTITY of the person or persons having present custody thereof; and

(g)     The disposition made of it if it is no longer in the possession or subject to the control of Plaintiff.

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANT DAN RASURE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TECHSHOP, INC. AND DORIS A. KAELIN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF TECHSHOP, INC. (Interrogatories Nos. 1-7)

- 2

D.     The singular of any word shall be interpreted to include the plural, the singular, and reference to any gender shall include reference to all genders.

E.     A reference to a business entity or corporation includes reference to any of the entity's or corporation's officers, directors, and employees.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each claim Plaintiff has asserted in its complaint in this action, including Plaintiff's claims for federal trademark infringement, contributory infringement, and vicarious infringement, identify the claim and:

(a) state with particularity and in full detail the complete factual basis for the claim, including every individual fact upon which the claim is based

(b) IDENTIFY each PERSON having knowledge of any of those facts;

(c) IDENTIFY all documents and other tangible things that tend to support any of those facts; and

(d) IDENTIFY all documents and other tangible things that tend to refute any of those facts.

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

Identify in complete detail each "confusingly similar variation", as referred to in Paragraph 35 of the First Amended Complaint filed herein, and for each such "confusingly similar variation":

(a) state with particularity and in full detail each way in which a Defendant used such "confusingly similar variation";

(b) state with particularity and in full detail each fact supporting your claim that a Defendant's use of such "confusingly similar variation" is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' services;

(c) IDENTIFY each PERSON having knowledge of any fact evidencing or relating to whether that a Defendant's use of such "confusingly similar variation" is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' services; and

(d) IDENTIFY all documents and other tangible things that tend to support or refute whether that a Defendant's use of such "confusingly similar variation" is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' services.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

For each instance of actual confusion resulting from use by a Defendant of the name TechShop 2.0, as referred to in Paragraph 31 of the First Amended Complaint filed herein:

(a) describe each such instance of actual confusion with particularity and in full detail, including every individual fact evidencing actual confusion;

(b) IDENTIFY each PERSON having knowledge of (i) any aspect of such instance of actual confusion or (ii) any fact evidencing or relating to such instance of actual confusion; and

(c) IDENTIFY all documents and other tangible things that tend to support the existence of actual confusion.

**RESPONSE TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:**

For each instance of actual confusion resulting from use by a Defendant of any "confusingly similar variation", as referred to in Paragraph 35 of the First Amended Complaint filed herein:

1    (a) describe each such instance of actual confusion with particularity and in full detail,

2    including every individual fact evidencing actual confusion;

3    (c) IDENTIFY each PERSON having knowledge of (i) any aspect of such instance of actual

4    confusion or (ii) any fact evidencing or relating to such instance of actual confusion; and

5    (d) IDENTIFY all documents and other tangible things that tend to support the existence of

6    actual confusion.

7    **RESPONSE TO INTERROGATORY NO. 4:**

8

9

10

11   **INTERROGATORY NO. 5:**

12   For each item of loss suffered by TSINC as a result of the infringement(s) alleged in the

13   First Amended Complaint filed herein:

14   (a) Describe the nature of the loss with particularity;

15   (b) State the amount of the loss;

16   (c) state with particularity and in full detail each fact supporting or refuting that such item

17   of loss was suffered;

18   (d) state with particularity and in full detail each fact relating to determination of the amount

19   of such item of loss;

20   (e) IDENTIFY each PERSON having knowledge of the nature or amount of such item of

21   loss; and

22   (f) IDENTIFY all documents and other tangible things that tend to support or refute the

23   existence and/or amount of such item of loss.

24   **RESPONSE TO INTERROGATORY NO. 5:**

25

26

27

28   *Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)                                   - 5
     DEFENDANT DAN RASURE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TECHSHOP, INC.
     AND DORIS A. KAELIN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF TECHSHOP, INC.
     (Interrogatories Nos. 1-7)

**INTERROGATORY NO. 6:**

State with particularity and in full detail each fact supporting or refuting that the actions of Defendants were undertaken willfully and/or with the intention of causing confusion, mistake, or deception, as alleged in Paragraph 37 of the First Amended Complaint filed herein, and/or were deliberate, as alleged in Paragraphs 41 and 45 of the First Amended Complaint filed here, and for each such fact:

(a) IDENTIFY each PERSON having knowledge of the nature or amount of such item of loss; and

(f) IDENTIFY all documents and other tangible things that tend to support or refute the existence and/or amount of such item of loss.

**RESPONSE TO INTERROGATORY NO. 6:**

**INTERROGATORY NO. 7:**

For each demand that a Defendant cease using any mark, as referred to in Paragraph 33 of the First Amended Complaint filed herein:

(a) describe each such instance with particularity and in full detail, including the date and manner in which the demand was made, the person making the demand, and every other individual fact concerning such demand;

(b) IDENTIFY each PERSON having knowledge of any aspect of such demand being made; and

(c) IDENTIFY all documents and other tangible things that tend to support the existence of such demand.

**RESPONSE TO INTERROGATORY NO. 7:**

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANT DAN RASURE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TECHSHOP, INC.
AND DORIS A. KAELIN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF TECHSHOP, INC.
(Interrogatories Nos. 1-7)

- 6

DATED:  October 3, 2018

Respectfully Submitted,

DRAPER LAW OFFICES

By

Ann McFarland Draper
Attorneys for Defendants Dan Rasure, TheShop dot
Build LLC, and TheShop dot Build San Fran LLC

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANT DAN RASURE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TECHSHOP, INC.
AND DORIS A. KAELIN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF TECHSHOP, INC.
(Interrogatories Nos. 1-7)

- 7

**CERTIFICATE OF SERVICE**

I, Ann McFarland Draper, hereby declare and certify as follows:

1.      I am an attorney at law over the age of eighteen (18) years and not a party to this action. My business address is 75 Broadway, Suite 202, San Francisco, CA  94111.

2.      On October 3, 2018, I served a true and correct copy of the foregoing document *DEFENDANT DAN RASURE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TECHSHOP, INC. AND DORIS A. KAELIN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF TECHSHOP, INC. (Interrogatories Nos. 1-7)* on the interested parties by causing the same to be personally delivered by messenger to the address below addressed as follows:

> James C. Pistorino, Esq.
> Parrish Law Offices
> 224 Lexington Dr.
> Menlo Park, CA  94025

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 3rd day of October, 2018, at San Rafael, State of California.

_____
Ann McFarland Draper

*Techshop, Inc., v Dan Rasure, et al* (4:18-cv-01044-HSG)
DEFENDANT DAN RASURE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TECHSHOP, INC.
AND DORIS A. KAELIN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF TECHSHOP, INC.
(Interrogatories Nos. 1-7)

- 8