Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone: (917) 960-1667

Attorneys for Defendants and Cross-Complainants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KLEIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., <br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' OPPOSITION TO TECHSHOP'S *DAUBERT* MOTION**<br><br>Hearing Date: April 30, 2019<br>Pre-Trial Conference: April 30, 2019 3:00 p.m.<br>Trial: June 3, 2019, 8:30 a.m.<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## INTRODUCTION

Plaintiff's *Daubert* Motion to exclude the testimony of Jeremiah Johnson and Mark Bünger is founded wholly upon mischaracterizations and misunderstandings of both the facts and the law. There are no valid grounds for excluding the testimony of either witnesses, and Plaintiff's motion should be denied. In particular, as Defendants previously informed Plaintiff, Mr. Johnson is the CFO of TheShop.Build and will ***not*** be offering expert testimony in this case. Defendants specifically stated that he was "not engaged or employed by any Defendant to testify" in this action. And, it is well-settled law that the testimony that Mr. Johnson will offer—information regarding the finances and projected profits for TheShop.Build—is within the realm of lay witness fact testimony.

Plaintiff's attempt to exclude Mr. Bünger's opinions both in his opening and rebuttal is similarly misguided. Contrary to Plaintiff's arguments, Mr. Bünger's opinions regarding TechShop's negative brand value prior to Defendants' use of the name TechShop 2.0, and the lack of confusion between TechShop and TechShop 2.0, are plainly relevant as they are probative of likelihood of confusion and damages. And, his rebuttal report is relevant because it directly rebuts one of Plaintiff's expert's damages theories—lost licensing revenue. Mr. Bünger's opinions are also reliable given that they are grounded in his practical knowledge and deep experience in market research and makerspaces. Accordingly, Plaintiff's Motion should also be denied.

## STATEMENT OF RELEVANT FACTS

On November 19, 2018, Defendants disclosed their <u>potential</u> expert witnesses: Jeremiah Johnson and Mark Bünger. (Dkt. 126-2, ¶¶ 1-2.)

**Jeremiah Johnson.** Defendants' disclosure of Mr. Johnson stated that Mr. Johnson was "not engaged or employed by any Defendant to testify," and that Mr. Johnson "is employed with Defendants[.]" (*Id.*, ¶ 2.) Defendants' disclosure further stated that Mr. Johnson "maintains the financial books and records for Defendant entities and participates in the preparation of financial projections." (*Id.*) Pursuant to Fed. R. Civ. P. 26(a)(2)(C), Mr. Johnson did not prepare a report on his opinions. Subsequently, when the parties met and conferred about Plaintiff's planned *Daubert* motion, Defendants made clear that Mr. Johnson was only disclosed as an expert witness

out of an abundance of caution because of his knowledge of the accounting practices utilized in preparing Defendants' books. Mr. Johnson is CFO for TheShop.Build and the TheShop.Build San Franicso LLC and prepared financial documentation Defendants produced in the litigation. Mr. Johnson will provide fact testimony regarding that documentation and whether Defendants have earned profits. He will not be called as an expert.

**Mark Bünger.** Mr. Bünger obtained a Bachelor's degree in International Market Research from the University of Texas, Austin, and has worked in market research and corporate technology strategy for over twenty-five years. (Dkt. 126-3, at 1.) Mr. Bünger has advised dozens of Fortune 500 companies and their international equivalents on the maker movement and makerspaces and has published extensively in this area, has participated in numerous events regarding the same, and has been invited to be an expert at the Making to Micro-Manufacturing workshop sponsored by the U.S. National Science Foundation. (*Id.*, at 19, Curriculum Vitae.) Defendants served Mr. Bünger's opening report on November 19, 2018. He opined that (1) as of November 2017, when Plaintiff closed its doors, the TechShop brand held negative value, and (2) there was no possibility of confusion as to the separate origins of TechShop and TechShop 2.0, and he set forth the bases for his opinions. (*Id.*, at 1.) Plaintiff's economic expert, Dr. Matolo, served an opening damages report, which opined, in part, that Plaintiff suffered damages from Defendants' alleged infringement in the form of lost licensing revenue. (Dkt. 123-3, at 6.) Defendants then served a rebuttal report from Mr. Bünger, which rebutted Dr. Matolo's analysis regarding lost licensing revenue, and set forth the bases for those opinions. (Dkt. 126-4.) Plaintiff never sought to depose Mr. Bünger, and now for the first time, challenges his expert opinions under *Daubert*.

## ARGUMENT

### I.  MR. JOHNSON WILL OFFER LAY WITNESS FACT TESTIMONY.

This Court should deny Plaintiff's Motion as to Mr. Johnson because it rests upon two mistaken premises: (1) that Mr. Johnson will offer expert opinion testimony, and (2) that Mr. Johnson "is being retained or specially employed to provide his 'expert' testimony in this case." (Dkt. 126, at 4-5.) Neither is correct.

First, Mr. Johnson will not offer expert opinion testimony. Mr. Johnson is the Chief

Financial Officer for TheShop.Build and TheShop.Build San Fran, and as Plaintiff readily acknowledges, Mr. Johnson "prepared financial projections of revenues, profits, etc. for [TheShop.Build]." (*Id.,* at 2.)  Numerous courts permit the "officer of a business to testify to the value or projected profits of the business, ***without the necessity of qualifying the witness as an accountant, appraiser, or similar expert***."  Fed. R. Evid. 701, Adv. Comm. Notes (emphasis added) (citing *Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993)); *Name Intelligence, Inc. v. McKinnon*, No. 2:10-CV-01202-RCJ, 2013 WL 3930473, at *4 (D. Nev. July 28, 2013) (overruling magistrate judge's order excluding witness who was untimely and insufficiently disclosed in expert disclosure statement because the witness "need not be qualified as an expert to testify as to his accounting calculations on behalf of [p]laintiff"); *Pet Food Exp. Ltd. v. Royal Canin USA, Inc.,* No. C–09–1483 EMC, 2011 WL 6140874, at *11–12 (N.D. Cal. Dec. 8, 2011) ("business owners are qualified to testify about their companies' projected profits or losses due to their 'particularized knowledge … by virtue of [their] position in the business.'") (citing cases); *Crews v. Domino's Pizza Corp.,* No. CV 08–3703 GAF (VBKx), 2010 WL 11508359, at *6–7 (C.D. Cal. Mar. 5, 2010) (denying motion to exclude lay witness testimony where defendant sought to preclude testimony regarding "causation, calculation of damages and other accounting principles" because the "gathering of data from [d]efendant's records, the compilation and summarization of that data, and the computation of lost pay from those records is essentially an organizational and arithmetic exercise that would be within the competence of a reasonably intelligent lay person.").  Accordingly, Plaintiff's arguments that Defendants did not provide the disclosures required of an ***expert witness*** are meritless.  See *Ivera Med. Corp. v. Hospira, Inc.,* No.: 14-cv-1345-H-RBB, 2015 WL 11529819, at *2–3 (S.D. Cal. July 21, 2015) (noting that fact witnesses such as the party's former CFO could offer evidence regarding the party's lost profits given that "the question of lost profits is a factual dispute for the jury not requiring expert testimony").[1]

---

[1] Plaintiff takes issue with the statement that Mr. Johnson will testify regarding whether Defendants profited from the alleged infringement.  To clarify, Mr. Johnson will testify as to whether Defendants have earned any profits.  He will not opine on whether any profits (there are none) resulted from the alleged infringement.

Second, Mr. Johnson is not being retained or specially employed to provide expert testimony in this case.  Indeed, Mr. Johnson is the CFO of TheShop.Build and TheShop.Build San Fran, and neither his employment nor his compensation is contingent upon his testifying in this case.  To be clear, Mr. Johnson does not have any engagement agreement with TheShop.Build or TheShop.Build San Fran whereupon Mr. Johnson will receive compensation for providing testimony in this case.  As Mr. Johnson will not be testifying as an expert witness, Defendants were not required to submit a report from Mr. Johnson under the Federal Rules of Civil Procedure, and Plaintiff offers no basis for precluding Mr. Johnson from offering lay witness fact testimony.  Accordingly, Plaintiff's Motion as it pertains to Mr. Johnson should be denied.

## II.   MR. BÜNGER SHOULD NOT BE PRECLUDED FROM OFFERING HIS EXPERT OPINIONS.

### A.   Mr. Bünger's Opinions in His Opening Report Are Both Relevant and Reliable.

Plaintiff contends that Mr. Bünger's opinions in his opening report should be excluded because they are either irrelevant and/or unreliable.  (Dkt. 126, at 6-7.)  Plaintiff tellingly cites no case in support of its claims, and each of its claims should be rejected.

Plaintiff first asserts that Mr. Bünger's opinions regarding "brand value/sentiment" and "brand equity" are "utterly irrelevant."  (*Id.*, at 6.)  Plaintiff is wrong.  This Court has recognized that relevance in relation to expert witness testimony "simply requires that the [testimony] logically advance a material aspect of the party's case."  *Racies v. Quincy Bioscience, LLC*, Case No. 15-cv-00292-HSG, 2016 WL 5725079, at *3 (N.D. Cal. Sept. 30, 2016) (citations omitted); *see also* Fed. R. Evid. 401 (definition of relevant evidence).  Here, Plaintiff alleges in its First Amended Complaint that Defendants caused it to suffer damages that include the "diminution in the value of and goodwill associated with" the name TECHSHOP.  (Dkt. 45, ¶¶ 36, 40, 44.)  Mr. Bünger's opinions are plainly relevant as they demonstrate that TechShop's brand had "negative value" ***before*** any purported infringement, and thus Plaintiff did not suffer damages from the alleged infringement.  (Dkt. 126-3, at 4-8.)

Plaintiff next contends that Mr. Bünger's opinions regarding "brand equity" are irrelevant because the purported issue before the jury will be "was TechShop damaged by the unauthorized

-4-

use and, if so, how much?" (Dkt. 126, at 6.) Mr. Bünger's opinions, however, are directly relevant to the question of determining whether Plaintiff was damaged by the alleged infringement and, if so, how much. His opinions regarding "brand equity" are probative of the fact that TechShop had negative brand value prior to any alleged infringement and therefore demonstrate that Plaintiff was not damaged by the alleged infringement.

Plaintiff finally claims that Mr. Bünger's opinions regarding the "likelihood of confusion" are not expert testimony because he is "incompetent [] and his testimony would not be helpful to the jury." (*Id.,* at 7.) This Court has established that "[u]nder the reliability requirement, the expert testimony must have a reliable basis in the knowledge and experience of the relevant discipline" and "[w]hen evaluating specialized or technical expert opinion testimony, the relevant reliability concerns may focus upon personal knowledge or experience." *Schneider v. Chipotle Mexican Grill, Inc.,* 328 F.R.D. 520, 542 (N.D. Cal. 2018) (citations and quotations omitted). As summarized *supra*, p. 2, Mr. Bünger has the requisite personal knowledge and experience to provide his expert opinion regarding whether Defendants used TechShop 2.0 in manner that was likely to cause confusion among potential customers between TechShop 2.0 and Plaintiff. *See USA v. Lucero*, Case No. 16-cr-00107-HSG-1, 2018 WL 466503, at *3 (N.D. Cal. Jan. 18, 2018) (denying *Daubert* motion where expert's "historical perspective" could aid the jury).

Accordingly, Mr. Bünger's opinions in his opening report are both relevant and reliable, and Plaintiff's Motion as it pertains to the same should be denied.

### B. Mr. Bünger's Opinions in His Rebuttal Report Should Not Be Excluded.

Plaintiff also seeks to exclude the opinions in Mr. Bünger's rebuttal report. Again, Plaintiff's arguments should be rejected.

First, Mr. Bünger's rebuttal report was timely served on December 3, 2018. (Dkt. 126, at 7; Dkt. 37 (setting rebuttal report deadline for December 3, 2018).) Plaintiff contends that the report was tardy because it is not a "rebuttal" report. Plaintiff seeks to exclude opinions as to validity of the TECHSHOP service marks because Defendants bear the burden of proof on that issue. Mr. Bünger, however, did not offer an opinion on validity. As Plaintiff admits, Mr. Bünger's rebuttal report rebuts Dr. Matolo's report on damages. (Dkt. 126, at 7.) Dr. Matolo

opined that Plaintiff was damaged by Defendants' alleged infringement because it lost licensing revenue. (Dkt. 123-3, at 3.) Mr. Bünger rebuts that theory by offering his opinions as to why the licenses Dr. Matolo relied upon are not a sound basis for calculating damages here. (Dkt. 126-4, at 5-7.) And, Mr. Bünger sets forth the bases for his opinion on that issue, which include discussion of the maker and makerspace industry. (*Id.*, at 1-5.) Given that his rebuttal report directly rebuts one of the theories in Dr. Matolo's damages report, Mr. Bünger's rebuttal report was timely.

Second, as discussed *supra*, Mr. Bünger's opinions are grounded in his extensive personal knowledge and experience with well over twenty-five years of experience working in market research and corporate technology, and as a nationally recognized expert in the makerspace. Moreover, Mr. Bünger's experience includes valuing brands, and consulting for licensing terms and pricing for intellectual property. (Dkt. 126-4, at 1.) With respect to statements 2-7 in Plaintiff's Motion (Dkt. 126, at 3-4), Mr. Bünger's statements are based upon his deep expertise in this industry; they are not mere speculation. With respect to statements 8-11 in Plaintiff's Motion (*id.*, at 4), Plaintiff argues that Mr. Bünger has not established expertise in that area. But, in addition to having experience valuing brands, consulting for licensing terms and pricing for intellectual property, Mr. Bünger's opinions are based on his expertise in this industry. His analysis of why Dr. Matolo is wrong—and specifically why the license agreements he relies upon are not probative of Plaintiff's alleged damages—relies extensively on his deep knowledge and expertise regarding this industry. Mr. Bünger's opinions are thereby sufficiently grounded in expertise, and are accordingly reliable. *Schneider,* 328 F.R.D. at 542.

Lastly, Mr. Bünger's opinions in his rebuttal report are relevant, and will assist the jury. Mr. Bünger's opinions logically advance a material aspect in this case as they serve to rebut Plaintiff's expert's damages theories, and accordingly will aid the jury in assessing such damages theories. *Racies,* 2016 WL 5725079, at *3; *USA v. Lucero*, 2018 WL 466503, at *3. Accordingly, Plaintiff's Motion as it pertains to Mr. Bünger's opinions in his rebuttal report should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's

1  *Daubert* Motion.

2  DATED: April 16, 2019

3  By  */s/ Andrea Pallios Roberts*

4  Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
5  Draper Law Offices
75 Broadway, Suite 202
6  San Francisco, California 94111
Telephone: (415) 989-5620

7
QUINN EMANUEL URQUHART &
8  SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
9  kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
10  andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
11  Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
12  Facsimile:    (650) 801-5100

13  Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
14  51 Madison Avenue, 22nd Floor
New York, NY 10010
15  Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

16
John E. Nathan (P*ro Hac Vice*)
17  jnathan155@yahoo.com
John E. Nathan LLC
18  1175 Park Avenue
New York, NY 10128
19  Telephone:   (917) 960-1667

20  Attorneys for Defendants and Counterclaimants

21

22

23

24

25

26

27

28