Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN*,* in her capacity as Chapter 7 trustee for TECHSHOP, INC.*,*<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2**<br><br>**RE: DEFENDANTS' FRAUD ALLEGATIONS**<br><br>Pre-Trial Conference: April 30, 2019 3:00 p.m.<br>Trial: June 3, 2019, 8:30 a.m.<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## PRELIMINARY STATEMENT

Plaintiff's Motion in Limine No. 2 ("Motion") seeks to preclude Defendants and Counterclaimants ("Defendants") from introducing <u>any</u> evidence in support of Defendant Dan Rasure's fraud counterclaim. There is no merit to Plaintiff's Motion, and it should be denied. Plaintiff's Motion is a procedurally improper and untimely motion for summary judgment and a re-hash of the arguments this Court rejected when it denied Plaintiff's Motion to Dismiss the fraud counterclaim. (Dkt. 110.) Further, Plaintiff tries to eliminate all evidence of its fraudulent conduct by extracting from the case the fraudulent conduct of its agents Dan Woods and James Newton. There is no basis for doing so. Messrs. Woods and Newton were Plaintiff's agents during the relative time period, and the allegations regarding their conduct remained in the case after the Court denied Plaintiff's Motion to Dismiss. If proved at trial, that conduct will establish Plaintiff's liability for fraud. Equally unsound is the Motion's attempt to exclude "unpled" allegations of fraud. Mr. Rasure's fraud counterclaim has already passed judicial scrutiny. Plaintiff is not entitled to litigate the matter once again.

## BACKGROUND

Plaintiff's Motion addresses identical subject matter as Plaintiff's earlier Motion to Dismiss (Dkt. 46), which the Court denied (Dkt. 110). Mr. Rasure asserted a counterclaim that Plaintiff engaged in promissory fraud against Defendants. (*See* Dkt. 42.)[1] The counterclaim alleged that the fraud was committed through James Newton ("Newton"), a director and the Chairman of the Board of Directors of TechShop, and Daniel Woods ("Woods"), its Chief Executive Officer ("CEO"), both of whom were acting on behalf of TechShop. (Dkt. 42, at ¶¶ 6-7; Dkt. 110, at 2, *In Re TechShop, Inc.,* Case No. 5:18-cv-50398, Dkt. 1, ¶ 28 (Bankr. N.D. Cal. Feb. 26, 2018).) After learning that TechShop "would be closing its locations and filing for Chapter 7 bankruptcy," Mr. Rasure contacted TechShop to acquire assets of the failed business. (Dkt. 110, at 2.) The parties executed a Memorandum of Understanding according to which Mr.

---

[1] Although Defendants' First and Second Counterclaims (for cancellation of the TECHSHOP service marks) were asserted on behalf of all Defendants, the fraud Counterclaim is asserted by Defendant Rasure only. (Dkt. 42.)

Rasure would acquire and re-open some of the failed TechShop locations. (*Id.*) TechShop "repeatedly promised to provide necessary due diligence documents, but never did" and "pressed Rasure to pay certain vendors because the payments were urgently overdue or part of the wind-down." (*Id.*) (internal citations removed). As a result, Mr. Rasure made payments to various vendors, including Google, TechShop's insurers, TechShop's law firm, a public relations consultant, and tax authorities, in order to finalize the deal, with the expectation of being reimbursed when the deal closed. (*Id.*, at 2-3, 6.) Instead, Plaintiff terminated the Memorandum of Understanding. (*Id.*, at 6.) The parties continued to negotiate thereafter, but on February 16, 2018, Plaintiff filed this action alleging service mark infringement. (Dkt. 1.)

## ARGUMENT

### I. PLAINTIFF'S MOTION IN LIMINE NO. 2 IS AN IMPROPER ATTEMPT TO BRING A BELATED SUMMARY JUDGMENT MOTION.

This Court's Standing Order is crystal clear: "Motions in limine cannot be used to request summary judgment … unless the Court has specifically granted prior approval." *See* Civil Pretrial and Trial Standing Order for Cases Before District Judge Haywood S. Gilliam, Jr., ¶ 24.[2] The Motion is effectively such a motion for summary judgment. Plaintiff seeks to preclude any evidence of alleged fraud by Messrs. Newton and Woods, and any evidence of alleged fraud by Plaintiff (Dkt. 137)—thus precluding any evidence on Mr. Rasure's fraud counterclaim at trial. Granting Plaintiff's Motion would have the effect of finding, as a matter of law, that Mr. Rasure cannot present his fraud claim. Plaintiff, however, did not request or obtain leave of Court before filing this *de facto* dispositive motion. The Court should follow its procedure and deny the Motion on this basis alone. *See Morton & Bassett, LLC v. Organic Spices, Inc.,* No. 15-CV-01849-HSG,

---

[2]  Motion in Limine No. 2 also violates ¶ 24 of the Court's Standing Order, which provides that "[e]ach motion ... should address a single, separate topic." The Motion has three (3) discrete topics: (1) "evidence of alleged fraud by Newton and Woods should be excluded"; (2) "evidence of alleged fraud by TechShop should be excluded"; and (3) "allegations not pled in the counterclaim should be excluded." (Dkt. 137, at 2-3.) The Court should therefore construe the Motion as three motions in limine, which results in Plaintiff having filed six motions in limine, in excess of the five permitted by ¶ 24 of the Standing Order. *See also Fed. Trade Comm'n v. DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2017 WL 412263, at *3, n.2 (N.D. Cal. Jan. 31, 2017) (motion in limine covering two different topics construed to be two motions).

1  2017 WL 3838097, at *1 (N.D. Cal. Sept. 1, 2017), Dkt. 102 (denying a motion in limine to
2  exclude testimony, opinion, or argument based on promissory or equitable estoppel "as untimely
3  motion for summary judgment"); Dkt. 138 at 16:17-20, 17:1-6 ("[I]f you're asking me to grant
4  your motion in limine and then enter judgment in your favor, that's a motion for summary
5  judgment out of time. … Motion in limine is about the admissibility of evidence under the rules of
6  evidence. And if you wanted to make a motion for summary judgment, you should have done that
7  by the deadline for doing that."); *see also Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th
8  Cir. 2013), *aff'd*, 135 S. Ct. 907, 190 L. Ed. 2d 800 (2015) (same); *Guardian Life Ins. Co. of Am.*
9  *v. Andraos*, No. CV 07-05732 SJO (FMOx), 2009 WL 10674144, at *5 (C.D. Cal. Sept. 10, 2009)
10 (same).

11       The deadline for dispositive motion hearings was January 31, 2019.  (Dkt. 37.)  Plaintiff
12 filed no such motion.  Motion in Limine No. 2 is an improper attempt to circumvent the Court's
13 Scheduling Order (Dkt. 37) and Standing Order, and should be denied on procedural grounds.

14 **II.      EVIDENCE OF THE WELL-PLED FRAUD CLAIM IS NOT PREJUDICIAL.**

15       The Motion also attempts to re-litigate Plaintiff's Motion to Dismiss, which was denied.
16 (Dkt. 110).  Plaintiff argues that "evidence of alleged fraud by TechShop should be excluded"
17 because this claim is not pled with particularity of Fed. R. Civ. P. 9(b) and does not plead the
18 "who, what, when, where, and how" laid out in *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.
19 1997). (Dkt. 137, at 2-3.)  This Court, however, has already ruled that Defendants "met the
20 heightened pleading requirement of Rule 9(b)" and that Defendants' "allegations are sufficiently
21 specific to satisfy the *Cooper* requirements."  (Dkt. 110, at 6.)  Thus, this Court already ruled on
22 the issue Plaintiff raises here.

23       Plaintiff argues that "[a]llowing evidence of alleged fraud that TechShop would learn of
24 for the first time at trial would clearly be prejudicial," claiming that Defendants alleged fraudulent
25 conduct by Messrs. Newton and Woods, but not TechShop specifically. (Dkt. 137, at 3).  This
26 argument fails.  Defendants dismissed the counterclaims against Messrs. Newton and Woods,
27 without prejudice and solely for economic reasons, long before the Court ruled on Plaintiff's
28 Motion to Dismiss.  (Dkts. 90, 91.)  Thus, when the Court previously ruled that Mr. Rasure

adequately pled his fraud claim, that meant that he adequately pled the fraud claim <u>against TechShop</u>, as TechShop was the only counter-defendant that remained in the case.

Plaintiff does not raise any new arguments in its Motion that it did not raise in its Motion to Dismiss. (Dkt. 46.) The Motion should be denied for the same reasons that the Court denied the Motion to Dismiss. (Dkt. 110).[3]

### III. THERE IS NO BASIS TO EXCLUDE EVIDENCE OF NEWTON AND WOODS' FRAUD BECAUSE A CORPORATE ENTITY ACTS THROUGH ITS AGENTS.

The crux of Plaintiff's argument seems to be that evidence of alleged fraud by Messrs. Newton and Woods should be excluded because Mr. Rasure dismissed those individuals as counter-defendants. (Dkt. 137, at 2.) Plaintiff takes that a step farther and seems to argue that because they are not named counter-defendants, they—and the allegations about them—are eliminated from the case entirely. The argument is faulty for two reasons.

First, the Court denied Plaintiff's Motion to Dismiss, meaning the fraud claim against Plaintiff is alive. "A corporation is a legal entity that may act only through its agents, including officers, directors, and employees." *United States v. Mongol Nation*, No. CR 13-0106-DOC-1, 2019 WL 988432, at *25 (C.D. Cal. Feb. 28, 2019); *Protectus Alpha Nav. Co. v. N. Pac. Grain Growers, Inc.*, 767 F.2d 1379, 1386 (9th Cir. 1985) ("[A] corporation can act only through its agents and employees, and [] no reasonable distinction can be made between the guilt of the employee in a managerial capacity acting within the scope of his employment and the guilt of the corporation."); *In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d 471, 475 (9th Cir. 2015) (imputing the acts of the CEO on the corporation) (internal citations removed); *Peter B., Inc. v. Schantz*, No. C 09-00360 JW, 2009 WL 10696991, at *5 (N.D. Cal. Oct. 28, 2009) ("A corporation can act *only* through its individual employees.") (emphasis added). Thus, Plaintiff could <u>only</u> act through its agents, and Mr. Rasure must necessarily present evidence regarding the conduct of Plaintiff's agents.

---

[3] If the Motion is Plaintiff's attempt at a motion for reconsideration of the Court's Order denying the Motion to Dismiss (Dkt. 110), Plaintiff also violated Civil L. R. 7-9 (a), which states that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Plaintiff did not do so.

Second, Messrs. Woods and Newton were both Plaintiff's agents. During the relevant time period, Newton was a director of TechShop and Woods was its CEO. *In Re TechShop, Inc.,* Case No. 5:18-cv-50398, Dkt. 1, ¶ 28 (Bankr. N.D. Cal. Feb. 26, 2018). Plaintiff's Motion does not argue otherwise. Rather, Plaintiff argues that Defendants do not identify any officer or agent that the allegedly fraudulent conduct of the company is attributed to, ignoring the allegations about Messrs. Woods and Newton's conduct. (Dkt. 137, at 3.) What Plaintiff seems to be trying to do is treat the allegations about Messrs. Woods and Newton as having been <u>stricken</u> from the counterclaim. They were not. Plaintiff did not move to strike allegations from the fraud counterclaim. (Dkt. 46). Nor did the Court strike any allegations from the fraud counterclaim. (Dkt. 110). Thus, the allegations regarding Messrs. Woods and Newton's conduct are part of the fraud counterclaim, and there is no basis for excluding the evidence supporting those allegations.

## IV.  SO-CALLED "UNPLED" FRAUD ALLEGATIONS SHOULD NOT BE EXCLUDED.

Lastly, Plaintiff invokes Rule 9(b) once again to argue that fraud allegations purportedly not pled in the counterclaim should be excluded. (Dkt. 137, at 3-4.) Plaintiff does not cite any authority in support of its argument. It cannot. Instructive here is *City of Portland v. Boeing Co.*, No. CIV. 99-1761-AS, 2002 WL 130683, at *1 (D. Or. Jan. 14, 2002), where the Court considered the defendants' "motion in limine asking the court to restrict Plaintiff's claims to those stated in the complaint" in order to "throw out over $15 million in new damage claims allegedly caused by Defendants' hazardous waste disposal which were recently revealed in a supplemental answer to interrogatories." The Court denied the motion, finding "that the allegations of the complaint, while general, are sufficient to include the new damage claims and Plaintiff shall not be required to amend its complaint to add such claims."

Here, as in its Order denying the Motion to Dismiss, the Court should similarly reject this latest attempt to thwart Mr. Rasure's legitimate fraud claim under the guise of Rule 9 (b).

## CONCLUSION

For these reasons, this Court should deny the Plaintiff's Motion in Limine No. 2.

DATED: April 16, 2019

By   */s/ Andrea Pallios Roberts*

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:   (917) 960-1667

Attorneys for Defendants and Counterclaimants