Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KLEIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4**<br><br>**RE: PRECLUDING EVIDENCE REGARDING DEFENDANTS' HEALTH/FAMILY CONDITION**<br><br>Pre-Trial Conference: April 30, 2019 3:00 p.m.<br>Trial: June 3, 2019, 8:30 a.m.<br>Judge: Hon. Haywood S. Gilliam, Jr. |

**PRELIMINARY STATEMENT**

This Court should deny Plaintiff's Motion in Limine No. 4 to preclude evidence regarding Defendant Dan Rasure's family's health conditions. Contrary to Plaintiff's arguments, this evidence is highly relevant to Mr. Rasure's fraud counterclaim and request for punitive damages. Given its relevance, the probative value of this evidence greatly outweighs any risk of undue prejudice. Further, to the extent the parties are permitted to introduce evidence regarding discovery conduct or sanctions—which they should not[1]—the health issues suffered by Mr. Rasure's wife and newborn baby are highly relevant to rebutting any accusations Plaintiff may raise about discovery. For these reasons, the Court should deny Plaintiff's Motion in Limine No. 4.

**STATEMENT OF RELEVANT FACTS**

In mid-November 2017, Plaintiff abruptly announced that it had shut down all of its U.S. locations, closed its corporate offices, and would be filing Chapter 7 bankruptcy. (Dkt. 42.) Shortly thereafter, Mr. Rasure expressed an interest in acquiring certain of Plaintiff's assets and reopening some of its former U.S. locations. *Id*. Upon learning about Mr. Rasure's plan, Dan Woods, Plaintiff's former Chief Executive Officer, and James Newton, a former director and Chairman of the Board of Directors for Plaintiff, set in motion a fraud scheme to induce Mr. Rasure into paying certain of Plaintiff's expenses. This scheme involved 1) tricking Mr. Rasure into believing that Plaintiff, Woods, and Newton were genuine about the deal negotiation when in fact they were not, 2) repeatedly pressuring Mr. Rasure to pay Plaintiff's expenses by threatening to terminate the deal negotiation if those were not paid, and 3) inducing Mr. Rasure into believing that he would get his money back. As a result, Mr. Rasure spent at least $40,000 to pay for certain of Plaintiff's expenses—money he never saw again. *Id*.

Unfortunately, money was not the only loss that Mr. Rasure suffered. Due to the tremendous amount of stress involved in the deal negotiations—a deal that Woods and Newton never intended to happen—the ultimate demise of the deal after Mr. Rasure made payments that

---

[1] Defendants moved in limine to preclude any evidence, argument or testimony regarding discovery conduct or sanctions. (Defendants' Motion in Limine No. 4.)

1  he would never recoup, and the present litigation, Mr. Rasure's then-pregnant wife suffered
2  serious complications.  On June 26, 2018, she suffered a stroke during a medical examination in
3  Kansas (where she resided) and was air-lifted from Kansas to a hospital in Denver, Colorado.  The
4  couple's new baby—their third—was delivered the following day, six weeks early.  The newborn
5  was treated in the NICU and could not breathe on his own for the first six months of his life.  Mr.
6  Rasure had to drop everything and figure out how to get care for his wife and newborn, as well as
7  his other two children (ages 17 months and five years), on top of the time he needed to spend on
8  running TheShop.Build and dealing with this litigation.

9         On June 15, 2018, Plaintiff served its Initial Disclosures and identified Mr. Rasure's wife,
10 Megan Drew Wieslander (Rasure), as a person with knowledge relevant to the parties' claims or
11 defenses.  (Dkt. 127-3.)  Plaintiff supplemented its Initial Disclosures on October 31, 2018, and
12 Mrs. Rasure was included again.  *Id*.  Mrs. Rasure lives in Kansas and Plaintiff did not seek to
13 depose her.

14                             **ARGUMENT**

15 **I.  EVIDENCE OF DEFENDANTS' FAMILY MEDICAL AND HEALTH
16      CONDITION SHOULD NOT BE EXCLUDED BECAUSE SUCH EVIDENCE IS RELEVANT.**

17        Mr. Rasure should not be precluded from introducing evidence of medical problems
18 suffered by his wife and newborn baby because they are relevant to his counterclaim of fraud and
19 request for punitive damages.  Under California law, "a cause of action for fraud […] requires the
20 plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the
21 intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and
22 (d) resulting damages."  *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 880 (N.D. Cal. 2015)
23 (citing *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001)); *see also Rockridge Tr. v.*
24 *Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1164 (N.D. Cal. 2013).  Damages resulting from
25 reliance on a misrepresentation are <u>not</u> limited to pecuniary or property loss as California "courts
26 have allowed plaintiffs in fraud actions to recover damages for various types of non-pecuniary
27 loss."  *Maffei v. Allstate Ins. Co.*, No. 02:05-cv-2197-GEB-EFB, 2006 WL 2585560, at *3 (E.D.
28 Cal. Sept. 8, 2006) (citing *O'Hara v. Western Seven Trees Corp.,* 75 Cal.App.3d 798, 805 (1977)

1  (allowing a plaintiff in a fraud action to recover for physical harm); *Work v. Cambell,* 164 Cal. 343
2  (1912) (allowing a plaintiff in a fraud action to recover damages for her husband deserting her);
3  *Von Grabe v. Sprint PCS,* 312 F. Supp. 2d 1285, 1311 (S.D. Cal.2003) (refusing to strike fraud
4  allegations seeking pain and suffering damages since such damages "are recoverable ... in [a] tort
5  action for deceit")); *see also Williams v. Wraxall*, 33 Cal. App. 4th 120, 134, 39 Cal. Rptr. 2d 658,
6  666 (1995) (observing that California courts have allowed "damages for emotional distress [to] be
7  recovered in fraud or deceit actions" where there exists an aggravation of other damages).
8  Further, pursuant to California Civil Code § 3294, punitive damages may be recovered where
9  there is "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or
10 malice."  Cal. Civ. Code § 3294; *see also Anaya v. Machines de Triage et Broyage*, No. 18-CV-
11 01731-DMR, 2019 WL 359421, at *3 (N.D. Cal. 2019).

12   Here, Mr. Rasure asserted a counterclaim of fraud against Plaintiff, which requires Mr.
13 Rasure to prove damages resulting from his reliance on Plaintiff's agents' misrepresentation that
14 Plaintiff was genuine about the deal negotiation and that the money Mr. Rasure used to pay for
15 Plaintiff's expenses would be returned—when in fact, Plaintiff never intended for a deal to happen
16 or to pay Mr. Rasure back.  Compounding the injury, Plaintiff then instituted this litigation, which
17 Defendants allege is baseless**.**  (Dkt. 42, 50.)  As such, Mr. Rasure seeks to show that as a result of
18 this reliance, he suffered both pecuniary and non-pecuniary damages, including the consequences
19 of the medical and health problems suffered by his wife and newborn child.  Because such non-
20 pecuniary damages are relevant to the fourth element of fraud, i.e., resulting damages, Defendants
21 should be able to introduce evidence of Defendants' family medical and health condition.  Fed. R.
22 Evid. 401, 402.  Further, because an award of punitive damages requires Mr. Rasure to show that
23 Plaintiff engaged in fraud, evidence of Mr. Rasure's family's medical and health condition is also
24 relevant to the issue of punitive damages.  Fed. R. Evid. 401.

25   Accordingly, Mr. Rasure should not be precluded from introducing evidence of medical
26 and health problems suffered by Mr. Rasure's wife and newborn child during trial.

27 **II.  EVIDENCE OF DEFENDANTS' FAMILY MEDICAL AND HEALTH
       CONDITION SHOULD NOT BE EXCLUDED UNDER RULE 403**
28

Evidence of Mr. Rasure's family's medical and health condition should not be precluded under Rule 403.  The probative value of such evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time.  Fed. R. Evid. 403.  As stated above, in order to prove fraud and recover punitive damages, Mr. Rasure must show resulting damages, which can include both pecuniary and non-pecuniary damages.  Allowing evidence of medical and health problems suffered by Mr. Rasure's wife and newborn baby would permit Mr. Rasure to fully capture all of the damages suffered by Defendants as a result of Plaintiff's fraud.  Thus, this evidence is highly probative and excluding such evidence would deprive Mr. Rasure from seeking full recovery for his fraud claim.  Further, as damage is an element of the fraud counterclaim, relevant damages evidence is not a waste of time, does not cause undue delay, confuse the issue, or mislead the jury.  The danger of unfair prejudice is also low because Mr. Rasure does not seek to introduce any more detail about his family's private medical history than necessary to establish damage and that punitive damages are warranted.

### III.  IF THE PARTIES ARE PERMITTED TO DISCUSS DISCOVERY, THEN MR. RASURE MUST BE ALLOWED TO INTRODUCE THIS EVIDENCE.

Defendants moved in limine to preclude both parties from introducing any evidence, argument, or testimony regarding discovery conduct or sanctions.  (Dkt. 132.)  Plaintiff refused to agree to this restriction, which would apply bilaterally.  To the extent that the Court denies Defendants' motion—which it should not—then Defendants must be allowed to present evidence and testimony regarding the medical and health issues suffered by Mr. Rasure's wife and newborn baby.  As Plaintiff is well aware, Mrs. Rasure's early delivery occurred early in the discovery period.  In fact, it occurred on the same day that Plaintiff served its first and only set of document requests.  Defendants documented in filings the impact that these medical issues had on Defendants' ability to collect and produce documents in response to Plaintiff's requests for production.  (Dkt. 67, 67-1, 76, 87 (Transcript, 4:9-18).)  Plaintiff should not be permitted to introduce any evidence, argument, or testimony that Defendants were slow or delayed in producing documents and ultimately were sanctioned.  (Dkt. 132.)  But, if Plaintiff is permitted to do so, Defendants should have the opportunity to explain that any delay was a result of the

unanticipated medical issues Mr. Rasure's family was facing, and not any attempt to withhold relevant information from Plaintiff.  It would be highly prejudicial to permit Plaintiff to make such accusations—which should not be permitted anyway—but not allow Defendants to rebut them.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine No. 4 and allow Defendants to introduce evidence of medical and health problems suffered by Mr. Rasure's wife and newborn baby.

DATED:  April 16, 2019

By  /s/ Andrea Pallios Roberts
Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:   (917) 960-1667

Attorneys for Defendants and Counterclaimants