Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAN RASURE et al. <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No: 4:18-cv-01044-HSG (JCS) <br><br> **DEFENDANTS' and COUNTERCLAIMANTS' PROPOSED VERDICT FORM** <br><br> Pretrial Conference: April 30, 2019 3:00 p.m. <br> Jury Trial: June 3, 2019, 8:00 a.m. <br> Judge: Hon. Haywood S. Gilliam Jr. |

# VERDICT FORM

We, the jury impaneled in this case, answer the questions submitted to us as follows:

1 (A).  Do you find by a preponderance of the evidence that, after November 15, 2017, when Plaintiff closed all 10 of its United States locations and its corporate offices, Plaintiff discontinued and abandoned the use of the "TECHSHOP" service marks in the United States?

    YES ____    NO ____

*If you answered "YES" to Question 1(A), go to Question 10.*

*If you answered "NO" to Question 1(A), go to Question 1(B).*

1 (B).  Do you find by a preponderance of the evidence that, after November 15, 2017, when Plaintiff closed all 10 of its United States locations and its corporate offices, Plaintiff did not own valid service marks in the United States for the name "TECHSHOP"?

    YES ____    NO ____

*If you answered "NO" to Question 1(B), go to Question 10.*

*If you answered "YES" to Question 1(B), go to Question 2.*

**PLAINTIFF'S CLAIMS BASED ON DEFENDANTS' USE OF "TECHSHOP 2.0"**

2.  Do you find by a preponderance of the evidence that Defendants infringed Plaintiff's "TECHSHOP" service marks by using the name "TechShop 2.0" in commerce in the United States without Plaintiff's consent?

    YES ____    NO ____

*If you answered "NO" to Question 2, go to Question 6.*

*If you answered "YES" to Question 2, go to Question 3(A).*

3 (A).   Do you find by a preponderance of the evidence that Plaintiff actually lost any reasonable royalties as a result of Defendants' infringing use of the name "TechShop 2.0" in commerce in the United States without Plaintiff's consent?

YES ____        NO ____

*If you answered "NO" to Question 3(A), go to Question 4.*

*If you answered "YES" to Question 3(A), go to Question 3(B).*

3 (B).   What amount of reasonable royalties do you find that Plaintiff actually lost as a result of Defendants' infringing use of the name "TechShop 2.0" in commerce in the United States without Plaintiff's consent?

$ _____

4.   Do you find by a preponderance of the evidence that Defendants infringed Plaintiff's "TECHSHOP" service marks by using the name "TechShop 2.0" in commerce in the United States intentionally (willfully), knowing it was an infringement?

YES ____        NO ____

*If you answered "NO" to Question 4, go to Question 6.*

*If you answered "YES" to Question 4, go to Question 5(A).*

5 (A).   Do you find by a preponderance of the evidence that Defendants earned any profits attributable to Defendants' infringing use of the name TechShop 2.0 in commerce in the United States without Plaintiff's consent?

YES ____        NO ____

*If you answered "NO" to Question 5(A), go to Question 6.*

*If you answered "YES" to Question 5(A), go to Question 5(B).*

5 (B).   What amount of Defendants' profits that are not included in the amount you answered for Question 3(B) do you find are attributable to Defendants' infringing use of the name "TechShop 2.0" in commerce the United States without Plaintiff's consent?

$ _____

**PLAINTIFF'S CLAIMS BASED ON DEFENDANTS' USE OF "THESHOP.BUILD"[1]**

6.   Do you find by a preponderance of the evidence that Defendants infringed Plaintiff's "TECHSHOP" service marks by using the name "TheShop.Build" in commerce the United States?

YES ____          NO ____

*If you answered "NO" to Question 6, go to Question 10.*
*If you answered "YES" to Question 6, go to Question 7(A).*

7 (A).   Do you find by a preponderance of the evidence that Plaintiff actually lost any reasonable royalties as a result of Defendants' infringing use of the name "TheShop.Build" in commerce in the United States?

YES ____          NO ____

*If you answered "NO" to Question 7(A), go to Question 8.*
*If you answered "YES" to Question 7(A), go to Question 7(B).*

7 (B). What amount of reasonable royalties do you find that Plaintiff actually lost as a result of Defendants' infringing use of the name "TheShop.Build" in commerce in the United States? Do not include any amounts here that you included in your response to Question 3(B) for TechShop 2.0.

$ _____

---

[1] As set forth in Defendants' Motion in Limine No. 1, Defendants object to Plaintiff pursuing a theory of infringement based on TheShop.Build. To the extent the Court grants Defendants' motion, then the questions relating to TheShop.Build should be removed.

8. Do you find by a preponderance of the evidence that Defendants infringed Plaintiff's "TECHSHOP" service marks by using the name "TheShop.Build" in commerce in the United States intentionally (willfully), knowing it was an infringement?

    YES \_\_\_\_         NO \_\_\_\_

*If you answered "NO" to Question 8, go to Question 10.*

*If you answered "YES" to Question 8, go to Question 9(A).*

9 (A). Do you find by a preponderance of the evidence that Defendants earned any profits attributable to Defendants' infringing use of the name "TheShop.Build" in commerce in the United States?

    YES \_\_\_\_         NO \_\_\_\_

*If you answered "NO" to Question 9(A), go to Question 10.*

*If you answered "YES" to Question 9(A), go to Question 9(B).*

9 (B). What amount of Defendants' profits that are not included in the amount you answered for Question 7(B) do you find are attributable to Defendants' infringing use of the name "TheShop.Build"? Do not include any amounts here that you included in your response to Question 5(B) for TechShop 2.0.

    $ _____

**DEFENDANTS' COUNTERCLAIMS**

10. Do you find by a preponderance of evidence that TechShop fraudulently induced Defendant Dan Rasure to pay some of Plaintiff's expenses and taxes?

      YES \_\_\_\_            NO \_\_\_\_

11. If you answered "YES" to Question 10, what amount did Plaintiff fraudulently induce Defendant Dan Rasure to pay?

    $ _____

12. What amount of damages, if any, do you find that Defendants suffered as a result of wrongful conduct of Plaintiff?

    $ _____

13. Do you find that Defendants should be awarded punitive damages for Plaintiff's conduct?

      YES \_\_\_\_            NO \_\_\_\_

14. If you answered "YES" to Question 13, what amount of punitive damages do you award Defendants?

    $ _____

Signed: _____

Date: _____

**Defendant's Statement Regarding Proposed Verdict Form**

Defendants' Proposed Verdict Form properly addresses all of Plaintiff's infringement claims and Defendants' fraud counterclaim. Defendants' Questions proceed in a logical manner and follow the governing authorities.

Plaintiff's Proposed Verdict Form is defective on its face for many reasons. (1) Plaintiff refuses to abide by the Court's March 20, 2019 Order (Dkt. 110) that Defendant Dan Rasure's fraud counterclaim was adequately pleaded and remains in the case. (*See* Plaintiff's Proposed Verdict, page 4, fn. 1 and page 5, lines 23-24.) (2) Plaintiff's Verdict Form merges its separate claims as to TechShop 2.0 and TheShop.Build into a single infringement claim. (*See* Plaintiff's Questions 4, 7-8.) Defendants' activities with respect to TechShop 2.0 and The Shop.Build are different, occurred during different time periods and should be addressed separately by the jury.[2] (3) Plaintiff's Questions 14-21 fragmentize Defendants' fraud claim into subparts, which will invite jury confusion and an internally inconsistent verdict. If that were to happen, additional deliberations will be required or even a new trial. *See* Fed. R. Civ. P. Rule 49(b)(4). (4) Regarding Plaintiff's claim for Defendants' alleged profits, the Ninth Circuit has definitively held that a threshold showing of "willfulness" is required. *Stone Creek* v. *Omnia Italian Design*, 875 F.3d 426, 440, 442 (9th Cir. 2017) ("[W]illfulness remains a prerequisite for awarding a defendant's profits."). Plaintiff ignores this standard. (*See* Plaintiff's Questions 9, 10.) (5) Plaintiff's Proposed Verdict form ignores Defendants' claim for punitive damages. (6) Plaintiff's Questions 11-13 break out "gross revenues," on the one hand, and "expenses and production costs," on the other. This is a daunting accounting task for any jury to undertake. The jury should consider, in accordance with the Court's final instructions, the amount, if any, Plaintiff is entitled to for Defendants' alleged profits. Plaintiff's Proposed Verdict Form never asks the jury for that answer. Defendants' Questions 5(A) and 5(B) (for the TechShop 2.0 claim) and Questions 7(A) and 7(B) (for TheShop.Build claim) ask those precise questions.

---

[2] While Defendants have requested that the Court order that TheShop.Build is not properly in the case (see Motion in Limine No. 1 (Dkt. __), pending the Court's ruling, Defendants' Proposed Verdict Form addresses TheShop.Build infringement claim in a separate and distinct manner. See Defendants' Questions 6 – 9(B).

DATED: April 16, 2019

By     */s/ Andrea Pallios Roberts*
Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:   (917) 960-1667

Attorneys for Defendants and Counterclaimants