James C. Pistorino (SBN 226496)
 james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC.,<br><br>         Plaintiff,<br><br>    vs.<br><br>DAN RASURE, et al.<br><br>         Defendants. | Case Number: **4:18-cv-01044-HSG-JCS**<br><br>**TECHSHOP'S PROPOSED VERDICT FORM**<br><br>Pretrial Conference April 30, 2019, 3:00pm<br>Trial:  June 3, 2019  8:00am<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

VERDICT FORM

We, the jury in this case, answer the questions submitted to us as follows:

**PLAINTIFF'S CLAIMS**

1) Do you find by a preponderance of the evidence that "TECHSHOP" is a protectable service mark?

   YES _____        NO _____

   *If you answer "YES" to Question 1, go to Question 2.*

   *If you answer "NO" to Question 1, go to Question 14.*

2) Do you find by a preponderance of the evidence that TechShop owns the "TECHSHOP" service marks?

   YES _____        NO _____

   *If you answer "YES" to Question 2, go to Question 3.*

   *If you answer "NO" to Question 2, go to Question 14.*

3) Do you find by a preponderance of the evidence that Defendant proved that TechShop abandoned the "TECHSHOP" service marks?

  YES _____    NO _____

*If you answer "YES" to Question 2, go to Question 14.*

*If you answer "NO" to Question 2, go to Question 4.*

4) Do you find by a preponderance of the evidence that Defendants Dan Rasure, TechShop 2.0, and TechShop 2.0 San Francisco used a mark similar to TECHSHOP without the consent of TechShop in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the services?

  YES _____    NO _____

*If you answer "YES" to Question 4, go to Question 5.*

*If you answer "NO" to Question 4, go to Question 14.*

5) Do you find by a preponderance of the evidence that plaintiff TechShop displayed the TECHSHOP marks with the letter R enclosed within a circle, thus ®?

  YES _____    NO _____

*If you answer "YES" to Question 5, go to Question 6.*

*If you answer "NO" to Question 5, go to Question 6.*

6) Do you find by a preponderance of the evidence that Defendants had actual notice of the TECHSHOP marks?

  YES _____    NO _____

*If you answer "YES" to Questions 5 or 6, go to Question 7.*

*If you answer "NO" to Question 6 and also answered "NO" to Question 5, go to Question 14.*

7) Do you find by a preponderance of the evidence that plaintiff TechShop has suffered damages, other than Defendants' profits, as a result of Defendants' infringing use?

  YES _____    NO _____

*If you answer "YES" to Question 7, go to Question 8.*

*If you answer "NO" to Question 7, go to Question 14.*

8) What amount do you find will reasonably and fairly compensate TechShop for Defendants' infringement of the registered service marks?

    $_____

9) Do you find by a preponderance of the evidence that Defendants were actually aware of the infringing activity?

    YES _____     NO _____

    *If you answer "YES" to Question 9, go to Question 10.*

    *If you answer "NO" to Question 9, go to Question 10.*

10) Do you find by a preponderance of the evidence that Defendants actions were the result of reckless disregard of TechShop's trademark rights or willful blindness of the same?

    YES _____     NO _____

    *If you answer "YES" to Question 9, go to Question 11.*

    *If you answer "NO" to Question 9, go to Question 11.*

11) What amount of Defendants' gross revenues do you find that TechShop proved by a preponderance of the evidence?

    $_____

12) What amount of Defendants' gross revenues do you find that Defendants' proved by a preponderance of the evidence were not the result of Defendants' infringement?

    $_____

    YES _____     NO _____

13) What amount of expenses and production costs associated with producing the gross revenues do you find the Defendants proved by a preponderance of the evidence?

    $_____

**DEFENDANTS' CLAIMS**[1]

14) Do you find by that Mr. Rasure proved by a preponderance of the evidence that TechShop made a promise to Mr. Rasure?

  YES _____    NO _____

*If you answer "YES" to Question 14, go to Question 15.*

*If you answer "NO" to Question 14, then consider no further questions.*

15) Do you find by that Mr. Rasure proved by a preponderance of the evidence that, at the time TechShop made the promise to Mr. Rasure, TechShop did not intend to perform it?

  YES _____    NO _____

*If you answer "YES" to Question 15, go to Question 16.*

*If you answer "NO" to Question 15, then consider no further questions.*

16) Do you find by that Mr. Rasure proved by a preponderance of the evidence that TechShop intended Mr. Rasure to rely on its promise?

  YES _____    NO _____

*If you answer "YES" to Question 16, go to Question 17.*

*If you answer "NO" to Question 16, then consider no further questions.*

17) Do you find by that Mr. Rasure reasonably relied on TechShop's promise?

  YES _____    NO _____

*If you answer "YES" to Question 17, go to Question 18.*

*If you answer "NO" to Question 17, then consider no further questions.*

18) Do you find by that TechShop did not perform the promised act?

  YES _____    NO _____

*If you answer "YES" to Question 18, go to Question 19.*

*If you answer "NO" to Question 18, then consider no further questions.*

---

[1] For the reasons set forth in multiple pleadings, TechShop objects to the presentation of any questions to the jury on Defendants' fraud claims. Defendants did not properly plead them or comply with their Initial Disclosure obligations.

19) Do you find by that Mr. Rasure proved by a preponderance of the evidence that he was harmed?

   YES _____     NO _____

*If you answer "YES" to Question 19, go to Question 20.*

*If you answer "NO" to Question 19, then consider no further questions.*

20) Do you find by that Mr. Rasure proved by a preponderance of the evidence that Mr. Rasure's reliance on TechShop's promise was a substantial factor in causing that harm?

   YES _____     NO _____

*If you answer "YES" to Question 20, go to Question 21.*

*If you answer "NO" to Question 20, then consider no further questions.*

21) What amount of damages Mr. Rasure suffered as a result of Mr. Rasure's reliance do you find that Mr. Rasure proved by a preponderance of the evidence?

   $_____

**TechShop's Statement Re: Proposed Verdict Form**

TechShop's proposed verdict form directly tracks the elements and burdens set forth in the Model Jury Instructions. By contrast, Defendants' proposed instructions are argumentative (Instructions 1(A) and (B)) and actually contradict the Model Instructions. For example, Defendants seek to reverse/obscure the burden of proof with regard to Defendants' profits. Instructions 5(A),(B) and 9(A),(B). Likewise, Defendants seek to raise the bar for a finding of willfulness. Instructions 4 and 8. A finding of willfulness is proper if the Defendant acted knowingly or with reckless disregard to others rights.

With regard to Defendant's claims, as set forth in numerous other papers, TechShop objects to the submission of any questions related to alleged fraud to the jury. Nevertheless, Defendants proposed verdict form fails to track the elements and burdens with respect to an allegation of fraud.

Respectfully submitted,

_/s/ James C. Pistorino_
James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff