Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (Pro Hac Vice)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:    (917) 960-1667

Attorneys for Defendants and Counterclaimants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 bankruptcy trustee for TECHSHOP, INC.<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF'S ECONOMIC EXPERT DR. ERIC MATOLO FROM TESTIFYING AT TRIAL ON THREE SUBJECTS**<br><br>Pretrial Conference: April 30, 2019, 3:00 p.m.<br>Trial: June 3, 2019, 8:00 a.m.<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

Defendants and Counterclaimants ("Defendants") respectfully file this Reply in support of their Motion *Daubert* Motion regarding Dr. Eric Matolo.  (Dkt. 124.)

## I.  THE COURT SHOULD INSTRUCT THE JURY ON THE LAW.

Plaintiff does not dispute that it is the Court's role to instruct the jury on the law.  Yet, without citation, Plaintiff contends that Dr. Matolo should be permitted to provide legal principles to the jury, such as the damages statute and case law, and to testify as to how they support his opinions and methodology.  (*See* Dkts. 123-4, p. 3; 141, p. 2-3.)  There is no need for such testimony.  The parties submitted proposed jury instructions regarding trademark damages.  (Dkt. 152, pp. 122-123, 128-129.)  Plaintiff argues that Defendants can cross-examine Dr. Matolo.  (Dkt. 141, p. 3.)  But, this does not warrant allowing an expert to testify on the law, and Plaintiff cites no authority saying otherwise.  Plaintiff's cited case, *Barfield v. Sho-Me Power Electronic Cooperative,* 2013 WL 12145824 (W.D. Mo. July 8, 2013), does not support its position.  There, the court considered a challenge to expert testimony <u>at the class certification stage</u>.  *Id.* at *2.  It did not engage in a full *Daubert* analysis, saying it was not required at that juncture, and noting that "the main purpose of *Daubert* was to prevent juries from being misled by dubious scientific evidence."  *Id.*  Thus, when the *Barfield* court permitted the expert to "cite[] legal information routinely used in his profession," it did <u>not</u> permit the expert to do so in a jury trial.  *Id.* at *3.

## II.  DR. MATOLO SHOULD NOT OPINE ON DEFENDANTS' ALLEGED PROFITS.

There are several reasons to preclude Dr. Matolo's testimony on Defendants' alleged profits.  First, Plaintiff does not dispute that Dr. Matolo did simple addition to tabulate revenues for each month from February to September 22, 2018.  (Dkt. 141, p. 4.)  Nor does Plaintiff dispute that this does not require any expertise, and thus is not proper expert testimony.  *Id.*; *Waymo LLC v. Uber Technologies, Inc.*, 2017 WL 5148390, *5 (N.D. Cal. Nov. 6, 2017) (excluding expert testimony where expert "performed grade-school arithmetic" that did not require any specialized knowledge). Plaintiff seems to try to justify expert testimony on this simple math because Defendants designated the underlying data as "Confidential—Attorneys Eyes Only," so Plaintiff's other testifying witnesses cannot see it.  (Dkt. 141, p. 4.)  Plaintiff does not cite any authority suggesting this justifies expert testimony on an issue that does not require specialized knowledge.  Moreover, Plaintiff could have

obtained total revenue numbers through discovery from Defendants. But, Plaintiff chose not to serve a single interrogatory or request for admission, or take a single deposition. Plaintiff's failure to take discovery to obtain the evidence it wants to present at trial in the form it wants to use at trial does not justify expert testimony here. Similarly, Plaintiff argues that Dr. Matolo's calculations are "at worst" a "summary of the voluminous document (and testimony related thereto)." *Id*. But, nothing in Fed. R. Evid. 1006, on which Plaintiff relies, authorizes improper expert testimony.

Second, it is undisputed that a defendant's profits cannot be recovered unless there is a showing of willful infringement. *Stone Creek* v. *Omnia Italian Design*, 875 F.3d 426, 440 (9th Cir. 2017). In this case, Plaintiff cannot show willfulness because Plaintiff consented to Defendants' use of the name "TechShop 2.0" before filing suit. In the face of this evidence, Dr. Matolo's calculation of Defendants' revenues will not be helpful to the jury.

Finally, most of the revenues Dr. Matolo tabulated are not revenues from use of "TechShop 2.0;" they are revenues of "TheShop.Build." Thus, Dr. Matolo's testimony is not helpful to the jury. Contrary to Plaintiff's arguments, Defendants' motion is not a disguised motion for summary judgment. As set forth in Defendants' Motion in Limine No. 1, for <u>the entirety</u> of fact discovery, Plaintiff contended that "TechShop 2.0", and variations thereof, were infringing. (Dkt. 128.) Only after the close of fact discovery, did Plaintiff state that "TheShop.Build" infringes. (*Id*., at 1-3.) Even then, Plaintiff did not disclose that it contends "THESHOP" is infringing.[1] To the extent the Court grants Defendants' Motion in Limine No. 1, as it should, then Dr. Matolo's inclusion of revenues that are not at all tied to the alleged infringement is not helpful to the jury and should be precluded.

### III.     DR. MATOLO SHOULD NOT TESTIFY ON PLAINTIFF'S FOREIGN LICENSES.

Defendants seek to preclude Dr. Matolo from relying on Plaintiff's irrelevant foreign licenses. Plaintiff purports to attack Defendants' analysis with irrelevant accusations, but, tellingly, does not dispute critical facts. Plaintiff does not dispute that the French, Japanese and Abu Dhabi deals were executed long before the alleged infringement, and before Plaintiff's November 2017 sudden closing and impending bankruptcy. (Dkts. 123-4, pp. 5, 7-9, 11; 123-8;

---

[1] Plaintiff disclosed its new theory that "THESHOP" infringes last week. (Dkt. 155, p. 28.)

123-10; 123-12.)  Plaintiff argues that Dr. Matolo cites to an ADEO license executed "little more than one year before the alleged infringement" (Dkt. 141, p. 5), but this was before the November 2017 collapse.[2]  Nor does Plaintiff dispute Dr. Matolo's concession that Plaintiff's closure had a "significant" adverse effect on the marks' value.  (Dkt. 123-4, p. 11.)  Plaintiff also does not dispute that Dr. Matolo does not point to evidence that after TechShop's closure, Mr. Rasure or anyone else would have paid for the TechShop marks.  Although Plaintiff contends that Dr. Matolo pointed to Mr. Rasure's <u>offer</u> to license to others, Dr. Matolo does not know Mr. Rasure's mindset regarding the offer (because Plaintiff did not depose him), and no one accepted the offer.

It is also undisputed that the foreign agreements were not solely trademark licenses.  Plaintiff claims that Dr. Matolo apportioned the value associated with the marks.  (Dkt. 141, p. 5-6.)  But, Plaintiff ignores Defendants' argument that he did not use a reliable methodology for performing this "apportionment."  He did not speak with the foreign licensees or the former TechShop officers who executed the agreements to verify his assertion that the marks are "the primary value in these transactions and the other items were more marginal."  (Dkt. 123-4, p. 7-11.)  Rather, he based his conclusion on interviews with Plaintiff's most recent former Directors, some public webpages, and the subset of licenses he reviewed.  Plaintiff does not provide any explanation or cite any authority to support that this was a reliable methodology to "apportion."[3]

## IV.   DR. MATOLO'S OPINIONS SHOULD BE PRECLUDED UNDER RULE 403.

Plaintiff argues that Dr. Matolo's opinions are relevant.  But, even if relevant, their probative value is greatly outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.  Plaintiff simply ignores this standard under Rule 403 and Defendants' arguments.

---

[2] Plaintiff takes issue with Defendants' statement that Dr. Matolo did not read the agreements. (Dkt. 141, p. 5.)  According to Exhibit B to Dr. Matolo's report, he did not review the 2016 agreement with ADEO or the 2015 agreement with Abu Dhabi.  (Dkt. 123-4, Ex. B.)

[3] The same is true with respect to Mr. Rasure's license offer to which Plaintiff points in its opposition; Dr. Matolo admitted that the offer was not limited to trademark rights and opined that "those other elements . . . were of only marginal value and the real value was in licensing use of the marks" (Dkt. 123-4, p. 10), even though he did not talk to anyone at ADEO and Plaintiff did not depose Mr. Rasure.

DATED: April 23, 2019

By  /s/ Andrea Pallios Roberts
Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (Pro Hac Vice)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counter-Complainants

-4-    Case No. 4:18-CV-01044-HSG (JCS)
DEFENDANTS' AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF *DAUBERT* MOTION