1

2

3

4                  UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    TECHSHOP, INC.,                        Case No. 18-cv-01044-HSG

8                    Plaintiff,              **ORDER DENYING** *DAUBERT*
                                             **MOTIONS; DENYING**
9          v.                                **ADMINISTRATIVE MOTIONS TO**
                                             **SEAL**
10   DAN RASURE, et al.,
                                             Re: Dkt. No. 111, 123, 124, 126
11                  Defendants.

12          Currently before the Court are two *Daubert* motions to exclude expert witnesses, *see* Dkt.

13   Nos. 124, 126, and two related administrative motions to file under seal, *see* Dkt. Nos. 111, 123.[1]

14   For the following reasons, the Court **DENIES** all four motions.

15   **I.     LEGAL STANDARDS**

16       **A.    Exclusion of Witnesses**

17          Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion

18   or otherwise" where:

19               (a) the expert's scientific, technical, or other specialized knowledge
                 will help the trier of fact to understand the evidence or to determine a
                 fact in issue;
20               (b) the testimony is based on sufficient facts or data;
                 (c) the testimony is the product of reliable principles and methods;
21               and
                 (d) the expert has reliably applied the principles and methods to the
22               facts of the case.

23   Fed. R. Evid. 702. Expert testimony is admissible under Rule 702 if it is both relevant and

24   reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "[R]elevance

25   means that the evidence will assist the trier of fact to understand or determine a fact in issue."

26   *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558,

27   

28   _____

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is
deemed submitted. *See* Civil L.R. 7-1(b).

564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (quotation omitted).

Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure reliability, the court must "assess the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* at 564. These factors are "helpful, not definitive," and a court has discretion to decide how to test reliability "based on the particular circumstances of the particular case." *Id.* (internal quotation marks and footnotes omitted). "When evaluating specialized or technical expert opinion testimony, the relevant reliability concerns may focus upon personal knowledge or experience." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006).

The inquiry into the admissibility of expert testimony is "a flexible one" where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564. "When the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010). The burden is on the proponent of the expert testimony to show, by a preponderance of the evidence, that the admissibility requirements are satisfied. *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

### B.    Motion to Seal

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a

United States District Court
Northern District of California

2

United States District Court
Northern District of California

dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

United States District Court
Northern District of California

## II.   DEFENDANTS' MOTION TO PRECLUDE DR. ERIC MATOLO

Defendants moved under Federal Rules of Evidence 402 and 403 to preclude Plaintiff's damages expert, Dr. Eric Matolo, from testifying about "(1) the law; (2) Defendants' alleged profits; and (3) his reliance on Plaintiff's foreign licenses to opine on hypothetical lost licensing revenue for its U.S. 'TECHSHOP' marks." *See* Dkt. No. 124 ("DM") at 1.  Plaintiff opposed, *see* Dkt. No. 141 ("PO"), and Defendants replied, *see* Dkt. No. 157 ("DR").

First, Defendants contend that Matolo's report contains "legal principles" and that he "should be precluded from instructing the jury on trademark damages law as part of his testimony." DM at 2.  Of course, "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law" and "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (internal quotation omitted).  But Matolo's report neither gives an opinion on his legal conclusion nor instructs on the law; rather, it briefly quotes a statute to review the types of damages available.  Accordingly, the Court will not preclude Matolo's report or testimony on this basis at this time.  The Court does not anticipate that Matolo will need to reference this legal background in his testimony.

Second, Defendants argue that Matolo should not be allowed to offer his opinion as to damages or testify as to Defendants' revenues.  *See* DM at 3.  But these arguments do not support exclusion of Matolo.  Instead, Defendants should cross-examine Matolo on his calculations, assumptions, and underlying evidence or present contrary evidence to the jury.

Third, Defendants assert that Matolo should be barred from relying on Plaintiff's foreign licensing agreements to calculate lost U.S. licensing revenue.  *See* DM at 4.  Again, these are arguments going to the weight rather than the admissibility of Matolo's testimony and thus do not warrant exclusion.

Lastly, Defendants contend that Matolo's opinions must be precluded under Federal Rule of Evidence 403 because the probative value of the proffered evidence "is greatly outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time." DM at 5 (quoting Fed. R. Evid. 403).  The Court disagrees.  The potential weaknesses in

United States District Court
Northern District of California

Matolo's conclusions that Defendants have identified may be explained to the jury but they do not require exclusion under Rule 403.

Accordingly, the Court **DENIES** Defendants' motion to exclude Matolo's testimony.

### III.   PLAINTIFF'S MOTION TO PRECLUDE JEREMIAH JOHNSON AND MARK BÜNGER

Plaintiff moved to preclude the testimony of Defendants' expert witnesses Jeremiah Johnson and Mark Bünger.  *See* Dkt. No. 126 ("PM").  Defendants opposed, *see* Dkt. No. 144 ("DO"), and Plaintiff replied, *see* Dkt. No. 156 ("PR").

#### A.   Jeremiah Johnson

Plaintiff moved to exclude Johnson's expert testimony based on Defendants' failures to make the required disclosures, establish Johnson's expertise, and provide an expert report.  *See* PM at 5.  Defendants respond that Johnson "will not offer expert opinion testimony" because he was not retained as an expert but instead will be testifying as a fact witness in his role as "the CFO of TheShop.Build and TheShop.Build San Fran."  DO at 2–3.  Because Defendants aver that Johnson will testify as a lay witness, not an expert witness, the Court finds that there is no reason to exclude his testimony under Rule 702 and **DENIES** Plaintiff's motion.

#### B.   Mark Bünger

Plaintiff contends that two reports authored by Defendants' expert Mark Bünger must be excluded.  *See* PM at 6–8.  According to Plaintiff, Bünger's opinions are irrelevant, he lacks the specialized training and experience to testify competently, and his conclusions are mere speculation.  *See id.*  Plaintiff's arguments do not merit excluding Bünger's testimony; rather, Plaintiff should challenge the weight of his conclusions through cross-examination and presentation of competing experts and evidence.  And, as with all witnesses, Bünger's testimony is subject to objections at trial, such as lack of personal knowledge or speculation.  Accordingly, the Court **DENIES** Plaintiff's motion.

### IV.   ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Along with their *Daubert* motion, Defendants filed an administrative motion to file under seal certain attached exhibits.  *See* Dkt. No. 123.  Defendants also filed an administrative motion

to file under seal in connection with their motion for leave to file a *Daubert* motion.  *See* Dkt. No. 111.  Defendants sought to seal these documents "only because Plaintiff has designated the information confidential and/or highly confidential" and indicated that Plaintiff was the party claiming confidentiality.  *See* Dkt. No. 123 at 1.  Under Civil Local Rule 79-5(e), Plaintiff was required to file a declaration within four days establishing that the material was sealable.  Plaintiff has not done so.  However, Plaintiff filed a declaration in response to Defendants' administrative motion to file under seal in connection with Defendants' motion for leave to file a *Daubert* motion, which contained the same underlying documents.  *See* Dkt. No. 118.  But this declaration does not support sealing any of the documents attached to either motion.  With respect to each document, Plaintiff either explicitly waived the prior claims of confidentiality or failed to articulate a particularized showing of harm to meet even the good cause standard.  *See id.*

Accordingly, because Plaintiff has failed to meet the good cause standard for sealing documents, the Court **DENIES** the administrative motions to file under seal.

## V.   CONCLUSION

For the foregoing reasons, the Court:

1.   **DENIES** Defendants' motion to preclude Dr. Matolo's testimony.  *See* Dkt. No. 124.

2.   **DENIES** Plaintiff's motion to preclude Mr. Johnson's and Mr. Bünger's testimony. *See* Dkt. No. 126.

3.   **DENIES** the administrative motions to file under seal.  *See* Dkt. Nos. 111, 123. Defendants are **DIRECTED** to file unredacted versions of these documents within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated:  4/24/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California