ALLAN E. ANDERSON (SBN 133672)
ANNIE STOOPS (SBN 286325)
TRACY LUU-VARNES (SBN 281165)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: allan.anderson@arentfox.com
annie.stoops@arentfox.com
tracy.luu-varnes@arentfox.com

Attorneys for Non-Party Witnesses
DANIEL WOODS and
MIKE HILBERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC. a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHOP, INC.<br><br>Plaintiff,<br><br>v.<br><br>DAN RASURE, an individual residing in Kansas, TECHSHOP 2.0 LLC, a Kansas limited liability corporation, TECHSHOP 2.0 SAN FRANCISCO LLC, a Kansas limited liability corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**NON-PARTY WITNESSES MIKE HILBERMAN AND DANIEL WOODS' NOTICE OF MOTION AND MOTION TO MODIFY DEFENDANTS' SUBPOENA TO LIMIT SCOPE OF TESTIMONY AT TRIAL, OR IN THE ALTERNATIVE, A MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[DECLARATION OF TRACY LUU-VARNES and [PROPOSED] ORDER filed and lodged concurrently herewith and in support hereof]<br><br>DATE: August 22, 2019<br>TIME: 2:00 p.m.<br>ROOM: 2<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT on August 22, 2019 at 2:00 p.m., non-party witnesses Mike Hilberman and Daniel Woods, by and through their counsel, will and hereby do move this Court for an order to modify and limit their trial testimony, or alternatively, for a protective order limiting their testimony regarding the Civil Subpoena dated March 15, 2019, served on them by defendants.

Mr. Woods and Mr. Hilberman request that their testimony be limited by way of the motion to modify and limit the subpoena or alternatively, by a protective order, as it would be inappropriate and highly prejudicial to allow questioning by the parties in this matter on issues that are beyond the scope of the current matter.

Mr. Woods and Mr. Hilberman are not parties to this action. The subpoena, read in conjunction with the Witness List, which describes the substance of Mr. Hilberman and Mr. Woods' testimony, requests information from Mr. Woods and Mr. Hilberman regarding _other_ pending and threatened litigation, in which both Mr. Hilberman and Mr. Woods are parties. The subject testimony must be limited because the information is irrelevant and outside the scope of the current matter. In addition, if such information is elicited at trial, it will inevitably require the disclosure of privileged or other protected matters. Further, permitting the defendants to elicit such information in the trial of this action, which is overreaching in scope, will cause Mr. Woods and Mr. Hilberman harassment, annoyance, embarrassment and undue burden and expense, permitting the parties to gain an unfair advantage in their claims against Mr. Woods and Mr. Hilberman in the other actions.

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 45. It is based on this notice, the attached memorandum of points and authorities, the accompanying Declaration of Tracy Luu-Varnes, the [Proposed] Order, and the pleadings and papers on file herein, as on such further argument and material as the Court may consider at the hearing on this matter.

- 2 -

Dated: April 25, 2019     **ARENT FOX LLP**

By: /s/ Tracy Luu-Varnes
ALLAN E. ANDERSON
ANNIE STOOPS
TRACY LUU-VARNES
Attorneys for
Daniel Woods and Mike Hilberman

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Non-party witnesses Mike Hilberman and Daniel Woods have been subpoenaed to testify in the trial of the above-referenced action. According to the Witness List and other documents filed in this instant action, the substance of their testimony will include information that is wholly irrelevant to the matters in dispute in this action. According to the Witness List, the testimony which is being sought includes the Bankruptcy's Trustee's claims against Mr. Woods and Mr. Hilberman. In addition, based upon defendants' trial motions, it appears defendants' seek to also elicit information from Mr. Woods and Mr. Hilberman regarding claims of an action pending in the Superior Court of the State of California, County of Santa Clara, in which both Mr. Woods and Mr. Hilberman are defendants. This Court should modify and limit the scope of Mr. Hilberman and Mr. Woods' testimony at the trial of this action to exclude any questioning on either of these unrelated actions because such topics are irrelevant to the current action, and an examination of those topics will not only prejudice these non-party witnesses, but will more likely than not lead to the disclosure of privileged and confidential information.

Prior to the filing of the instant motion, counsel for Mr. Hilberman and Mr. Woods met and conferred with counsel for the parties to see if the parties would be able to stipulate to the scope of the testimony. (See Declaration of Tracy Luu-Varnes, filed concurrently herewith ("Decl. Luu-Varnes"), ¶ 6. The parties were unable to reach an agreement, making this Motion necessary.

## II.  STATEMENT OF FACTS

### A.  The Underlying Action

The underlying action is an IP infringement claim regarding the use of two federally registered trademarks or service marks. (Joint Proposed Statement of the Case, ECF Doc. No. 153). The plaintiff, TechShop, Inc., asserts that the defendants, without authorization, infringed the plaintiff's mark in connection with

- 4 -

the name of makerspace services, and that such use has likely caused confusion, mistake or deception. (Id.). The defendants deny that they infringed and claim that the plaintiff consented to the defendants' use of the marks. In addition to denying the claims of infringement, the defendants also contend that the plaintiff discontinued and abandoned the use of the marks and that the marks are neither valid nor protectable. (Id.).

Daniel Woods and Mike Hilberman are not parties to this action.

### B. The Subpoena to Non-party Witnesses Mike Hilberman and Daniel Woods

On or about March 15, 2019, the defendants issued a subpoena to Mr. Hilberman and Mr. Woods to appear and testify at the trial of this action. The subpoena is silent as to the scope of testimony sought. (Decl. of Luu-Varnes, ¶ 2). However, according to the defendants' witness list, the substance of Mr. Woods' testimony is expected to be as follows:

| 4 | Dan Woods | Mr. Woods may be contacted through his attorney Brandon D. Smith at the following address: Scherer Smith & Kenny LLP 140 Geary Street, Seventh Floor San Francisco, CA 94108 Tel. 415-433-1099 | Mr. Woods will be asked to provide non-cumulative testimony regarding the closure of Plaintiff in the U.S., negotiations concerning the potential sale of Plaintiff to Mr. Rasure, Plaintiff's authorization of, acquiescence in and failure to object to Defendants' use of the name "TechShop 2.0" while Mr. Rasure was negotiating with Plaintiff, Plaintiff's authorization of the filing of this lawsuit while Mr. Rasure was negotiating with Plaintiff and without any prior notice, lack of actual confusion, the degree of customer care of consumers in the relevant market, no likelihood of confusion, lack of value and bad reputation associated with Plaintiff and the Marks, Plaintiff's representations to Mr. Rasure during the negotiations, Defendants' payment of Plaintiff's taxes and other expenses, the fraud Plaintiff perpetrated on Mr. Rasure, lack of damages suffered by Plaintiff, third party uses of the Marks, offers to sell and sale of memberships and stock in Plaintiff while Plaintiff was insolvent, the closure of Plaintiff, the closure of TechShop Brooklyn after obtaining $5.3 million in investment from New York City, efforts to save the TechShop Pittsburgh location, and the |

| Name | Contact Information | Substance of Testimony |
|---|---|---|
| | | Bankruptcy Trustee's lawsuit against Mr. Woods for, *inter alia* fraud. |

(ECF Doc. No. 135-6, Witness List, pp. 2-3). According to the defendants' witness list, the substance of Mr. Hilberman's testimony is expected to be as follows:

| Name | Contact Information | Substance of Testimony |
|---|---|---|
| Michael Hilberman | 3495 Sierra Road San Jose, CA 95132 Tel. 408-475-2383 | Mr. Hilberman will be asked to provide non-cumulative testimony regarding offers to sell and sale of memberships and stock in Plaintiff while Plaintiff was insolvent, the closure of Plaintiff, the closure of TechShop Brooklyn after obtaining $5.3 million in investment from New York City, efforts to save the TechShop Pittsburgh location, negotiations between Plaintiff and Mr. Rasure, Defendants' payment of Plaintiff's and other expense, Plaintiff's authorization of, acquiescence in and failure to object to Defendants' use of the name "Techshop 2.0" during the negotiations, wind-down efforts for Plaintiff, and the Bankruptcy Trustee's lawsuit against Mr. Hilberman for, *inter alia*, fraud. |

(ECF Doc. No. 135-6, Witness List, p. 4.). The subject of this motion is based on an objection to the last category identified in both disclosures, "the Bankruptcy Trustee's lawsuit against Mr. Woods [ and Mr. Hilberman] for, inter alia fraud" and in addition, for any testimony relating to pending actions against Mr. Woods and Mr. Hilberman. (ECF Doc. No. 149, Defendants' and Counterclaimants' Opposition to Motion in Limine No. 1.) Such testimony is irrelevant to this lawsuit and must be excluded.

### C. Mr. Hilberman and Mr. Woods Are Defendants In Other Lawsuits

The parties in this action are aware that Mr. Woods and Mr. Hilberman are defendants and potential parties in the following other matters:

- *John S. and James L. Knight Foundation v. TechShop San Jose, LLC, Early Growth Financial Services, Inc., Mike Hilberman and Daniel Woods*, Case

No. 18CV330565 –pending in the Superior Court of the State of California, County of Santa Clara ("Knight Foundation Lawsuit"); and

- The Bankruptcy Trustee's threatened lawsuit against Mr. Woods and Mr. Hilberman in the bankruptcy action entitled *In re TechShop, Inc.*, Case No. 18-50398 (MEH), which is pending in the United States District Court, Northern District of California ("Trustee's Action").

In addition, the parties are aware that Mr. Hilberman and Mr. Woods are represented by counsel in both the Knight Foundation Lawsuit and the Trustee's Action.

The Knight Foundation Lawsuit and the Trustee's Action do not involve any allegations against the parties in this action. (Decl. of Luu-Varnes, ¶ 5).  In addition, the Knight Foundation Lawsuit and the Trustee's Action do not involve any allegations regarding any of TechShop's marks.  (Decl. of Luu-Varnes, ¶ 5).

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b). Fed.R.Civ.P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed.R.Civ.P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning any non-privileged matter that *is relevant to any party's claim or defense.* Fed.R.Civ.P. 26(b)(1) (emphasis added).

A court must protect a non-party subject to a subpoena if the subpoena "requires disclosure of privileged or other protected matter" or the subpoena "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3).

"On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger,* No.

12–MC–80237, 2013 WL 4536808, at *4 (N.D.Cal. Aug. 22, 2013). "[I]f the sought after documents [or testimony] are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed ... would be by definition undue." See *Compaq Computer Corp. v. Packark Bell Elecs.,* 163 F.R.D. 329, 335–36 (N.D.Cal.1995); see also O*ptimize Tech. Solutions, LLC. v. Staples, Inc.*, No. 14–MC–80095, 2014 WL 1477651, at * 2 (N.D.Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.")

Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena. See *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637; (C.D. Cal. Dec. 7 , 2005). Specifically, under Rule 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" Id. at 637.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable then it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

IV.   **ARGUMENT**

    A.    **The Scope of Testimony Sought of Mr. Woods and Mr. Hilberman Must Be Limited to Exclude Irrelevant Information or Information that is Privileged or Protected.**

In questioning Mr. Woods and Mr. Hilberman, the parties to the subject lawsuit should not be permitted to seek information that is irrelevant to the subject lawsuit, and/or otherwise protected by the attorney-client and/or "work product" privileges.

### 1. Mr. Woods and Mr. Hilberman Should Not Have to Testify as to Irrelevant Information.

There is no relevance, whatsoever, between the allegations and claims in the Knight Foundation Lawsuit and the Trustee's Action to the subject IP matter.  Mr. Woods and Mr. Hilberman are not parties in the instant action.  Similarly, the parties in the Knight Foundation Lawsuit are not the parties in the instant action.  Likewise, the transaction or events that are at issue in the instant matter are completely separate and distinct from the transaction and event that are the subject of the Knight Foundation Lawsuit.  To Mr. Hilberman and Mr. Woods' knowledge, the defendants in the instant action are not potential parties in the Trustee's Action.  Moreover, both the Knight Foundation Lawsuit and the Trustee's Action do not involve any claims regarding TechShop's IP or any claims involving Mr. Rasure or any of the defendants in the instant action.   There isn't any testimony regarding the other actions which the parties in the instant action can obtain from Mr. Hilberman and Mr. Woods that will have any bearing in the instant action, or that would make any material or determinative fact in the instant action more or less probable.  As such, any examination of Mr. Hilberman and Mr. Woods in this current action regarding the other two actions in which they are parties or potentially going to be named as a party, are outside the scope of the current action, irrelevant, and should not be allowed.

### 2. Mr. Woods and Mr. Hilberman Should Not Have to Testify as to Privileged or Protected Information.

Mr. Woods and Mr. Hilberman are represented by counsel in the Knight Foundation Lawsuit and the Trustee's Action.  Thus, any testimony that may be elicited at the trial of this action, regarding those other matters, would inevitably result in the disclosure of information that is protected and privileged.  A non-party does not lose the ability to protect attorney-client privileged materials or information merely because of his or her status as a non-party. Accordingly, the

MOTION TO MODIFY DEFENDANTS' SUBPOENA
CASE NO.  4:18-CV-01044-HSG (JCS)

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

confidential communications between Mr. Woods and Mr. Hilberman and their counsel with respect to the Knight Foundation Lawsuit and the Trustee's Action are also privileged and an order is appropriate protecting them from questions designed to seek or learn the specific content of such communications. To the extent that the parties in this lawsuit intend to question Mr. Hilberman or Mr. Woods about any discussions or communications between Mr. Hilberman or Mr. Woods and their counsel in the Knight Foundation Lawsuit or the Trustee's Action, such communications are within the attorney client privilege and are protected. See FED. R. EVID. 501.

Likewise, to the extent the parties in the instant lawsuit intend to question Mr. Woods and Mr. Hilberman about their motives, mental thoughts, impressions, beliefs, opinions and/or strategies, as they may relate to their defense in the Knight Foundation Lawsuit, or the Trustee's Action, such information is also privileged "opinion work product," and thus is also absolutely protected. See *Hickman v. Taylor*, 329 U.S. 495 (1947).

### 3. Mr. Woods and Mr. Hilberman Should Not Be Required to Testify to Information that Would Be an Undue Burden.

Further, any testimony elicited from Mr. Woods and Mr. Hilberman regarding the Knight Foundation Lawsuit or the Trustee's Action would be an undue burden on these non-party witnesses as such testimony has no bearing on the current IP matter, but rather is the basis of the other actions which Mr. Woods and Mr. Hilberman are defending. Mr. Hilberman and Mr. Woods will be examined regarding the issues in the other actions, properly, in those other actions, where such testimony is relevant to the claims and defenses in those actions. Unlike here, where the other actions have no relevance to the instant action, the only purpose in subjecting Mr. Woods and Mr. Hilberman to a line of questions regarding those other actions in this instant matter, would be to subject Mr. Woods and Mr. Hilberman to annoyance, embarrassment, and oppression.

- 10 -

### B. Mr. Woods and Mr. Hilberman Are Entitled to A Protective Order

FRCP Rule 26(c) permits a district court, upon a showing of good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(7).

The allegations in the underlying action concern alleged infringement of TechShop's mark. Any information regarding the Trustee's claim against Mr. Woods or Mr. Hilberman, or the claims made in the Knight Foundation Lawsuit, are immaterial to any of the claims or defenses in this IP action. Further, as discussed, since the other two matters are irrelevant to the IP Action, there is no basis to allow defendants to elicit such information of the trial of this action, and it will only cause Mr. Woods and Mr. Hilberman annoyance, embarrassment, oppression, and undue burden and expense. Therefore, if the subpoena and witness list are not modified and Mr. Hilberman and Mr. Woods' testimony is not limited to exclude information regarding the Trustee's Action and the Knight Foundation Lawsuit, a protective order should issue prohibiting counsel from eliciting such testimony.

## V.  CONCLUSION

Wherefore, for the reasons set forth above, non-party witnesses Mike Hilberman and Daniel Woods respectfully request that the Court grant this Motion and modify/limit the scope of the subpoena and witness list to only require Mr. Hilberman and Mr. Woods to provide relevant, non-privileged testimony at the trial of this matter, and expressly excluding information regarding the Trustee's Action and the Knight Foundation Lawsuit. Further, Mr. Hilberman and Mr. Woods request any and all further relief that this Court deems just and appropriate.

Dated: April 25, 2019              **ARENT FOX LLP**

By: /s/ Tracy Luu-Varnes
ALLAN E. ANDERSON
TRACY LUU-VARNES
ANNIE STOOPS
Attorneys for
Daniel Woods and Mike Hilberman