# EXHIBIT I




## LICENSE AND ASSISTANCE AGREEMENT

THIS LICENSE AND ASSISTANCE AGREEMENT is made this  day of December 15, 2014 ("Effective Date") by and between

TECHSHOP Global Ltd. ("TECHSHOP" which expression includes its permitted successors and assigns, if any), corporation organized and existing under the laws of the Republic of Ireland, having its principal place of business at Lackafinna South, Loughrea, Co. Galway, Ireland.

TECHSHOP INC. ("TECHSHOP INC." which expression includes its permitted successors and assigns, if any), corporation organized and existing under the laws of California, having its principal place of business at 300 S 2nd Street, San Jose CA 95113.

and

Groupe ADEO, a company organized under the laws of France and having its registered office at 135 rue Sadi Carnot CS 00001, 59790 Ronchin, France ("ADEO" which expression includes its permitted successors and assigns, if any)

And

Leroy Merlin France, a company organized under the laws of France and having its registered office at Rue Chanzy, 59 260 Lezennes, France ("LMF").

TECHSHOP, TECHSHOP INC., ADEO and LMF are collectively referred to as the "Parties" and, individually, as a "Party".

**WHEREAS**

(a) TECHSHOP INC. is engaged directly or through its Affiliates in the makers movement in the USA through 8 workshops located in: San Francisco, CA; San Carlos, CA; San Jose, CA; Detroit, MI; Austin/Round Rock, TX; Chandler, AZ; Pittsburgh, PA; and Arlington, VA (collectively the "US Workshops");

(b) TECHSHOP INC. has valuable knowledge, expertise and experience and possesses specialized know-how, information and data related to the makers movement and the operation of the US Workshops;

(c) TECHSHOP INC. is the sole owner or licensee of the Intellectual Property and Technical Documentation (as such terms are defined below) and other similar proprietary rights and all applications and all registrations thereof.

(d) ADEO is engaged in the Do-It-Yourself business in Europe, Russia, Ukraine, China and Brazil and is willing to open Workshops (as defined below) in the Territory under the trademark TECHSHOP, obtain a license to the Intellectual Property and Technical Documentation, and to benefit from TECHSHOP assistance, all as further described herein.

(e) LMF is an Affiliate of ADEO that will open and operate the first Workshop in France.

1

(f) TECHSHOP is an Affiliate of TECHSHOP INC. that will develop the TECHSHOP concept in Europe, and the Territory.

**NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS AND CONDITIONS, HEREINAFTER CONTAINED, THE PARTIES HERETO AGREE AS FOLLOWS:**

**DEFINITIONS**

In this Agreement, the following words and expression unless inconsistent with the context, shall bear the meanings assigned thereto:

"ADEO Competitors" shall mean companies that compete with and operate businesses similar to those operated by ADEO and/or its Affiliates, including, but not limited to, Kingfisher, Lowe's, Home Depot, Ikea, Baumax, Bauhaus, and Praktiker.

"Affiliates" are those companies which, directly or indirectly, control, are controlled by or are under common control of ADEO, TECHSHOP or TECHSHOP INC., as the case may be.

"Agreement" shall mean this License and Assistance Agreement along with the Schedules hereto, and shall include any modifications and alterations hereto made in writing signed by the Parties after the Effective Date.

"Competing Activities" shall mean any activities that compete with the Workshops' business.

"Confidential Information" shall mean any information which is provided in a documentary or computer form, or other tangible or intangible form, and is designated as confidential by the disclosing Party but shall not include any information which:
(i) is already in the possession of the recipient as of the date of disclosure hereunder; or
(ii) is or becomes generally available to the public through no fault of the recipient; or
(iii) has already at the date of disclosure been developed as a result of the efforts of the recipient and not as a direct or indirect result of the disclosure of the same information by the disclosing Party or its predecessor; or
(iv) which is obtained lawfully by the recipient from a third party who is not known to have obtained such information directly or indirectly from the disclosing Party or its predecessor.

"Domains" shall mean certain internet domain name registrations that incorporate the Trademarks.

"Equipment" shall mean the equipment, machines, quality control equipment and inventory specified by TECHSHOP to be installed in and necessary or desirable to run the Workshops.

"Intellectual Property" shall mean all patents, Trademarks, copyrights, IT software and systems supplied or to be supplied by TECHSHOP to ADEO in connection with the operation of the Workshops.

"Pre-Opening Services" shall mean the services contemplated by Schedule A.

"Post-Opening Services" shall mean the services contemplated by Schedule B.

"Technical Documentation" shall mean all manuals, specifications, procedures, drawings, designs, training, instructional and course materials, marketing, advertising and promotional materials, process descriptions and operating manuals, computer software documentation as

CONFIDENTIAL
Outside Counsel's Eyes Only




long as TECHSHOP can prove it has created or developed them and that they are distinctive enough to entitle TECHSHOP to claim ownership of such documents.

"Term" shall have the meaning as provided for in Article 4.1.

"Territory" shall mean France, Spain, Portugal, Italy, Greece, Cyprus, Poland, Ukraine Romania, Russia, China, and Brazil.

"Time-Frame for Implementation" shall mean the period of time (indicated for each project in SCHEDULE C – TECHSHOP Projects) within which TECHSHOP is entitled to open workshops listed in SCHEDULE C - TECHSHOP Projects.

"Trademarks" shall mean TECHSHOP INC.'s registered and unregistered trade names, service marks, trade dress, trademarks, and variations thereof and other marks used in connection with the operation of TECHSHOP INC.'s business.

"Workshop" shall mean a workshop owned and operated by ADEO or any of its Affiliates under the Trademark TECHSHOP and with the assistance of TECHSHOP.

1.  **SCOPE OF THE COOPERATION**

The Parties hereby agree to work together in connection with the development by ADEO of Workshops in the Territory. ADEO is willing to develop a maximum of 5 Workshops over 10 years to test the TECHSHOP concept in the Territory (with the exact number and location of the Workshops to be decided by ADEO in its sole discretion). ADEO and/or any or several of its Affiliates will entirely finance the Workshops and their Equipment and will manage and operate the Workshops. TECHSHOP and/or any of its Affiliates will provide ADEO and/or its Affiliates with the Services and license detailed hereunder in connection with the Pre-Opening Services and Post-Opening Services. ADEO will also be granted a license to the Intellectual Property and the Technical Documentation for the Workshops.

It is agreed and understood by the Parties that due to ADEO internal organization, the Workshops may be managed and operated by various Affiliates of ADEO. As a consequence, the licenses described herein will be granted and Pre-Opening Services and Post-Opening Services will be rendered to the Affiliate under the same terms and conditions set forth herein. The payments under this Agreement may then be made by an Affiliate.

2.  **GRANT OF LICENSES**

   2.1  TECHSHOP hereby grants to ADEO and its Affiliates, subject to the limitations and restrictions herein contained, the irrevocable right and license to use, reproduce, represent, adapt, copy, modify, display, publish, perform, distribute, exploit and create derivative works from the Intellectual Property and Technical Documentation in connection with the operation of the Workshops in the Territory. The licenses and services to be granted by TECHSHOP under this Agreement shall be limited to a maximum of five (5) Workshops. Any additional Workshops shall require a separate agreement which shall be negotiated in good faith by the Parties. ADEO and its Affiliates undertake to use the Trademarks fairly in order not to damage the reputation of TECHSHOP INC. and/or the Trademarks. The Parties acknowledge and agree that the Trademarks included in the Intellectual Property are inseparable from the Intellectual Property, and the compensation to be paid by ADEO pursuant to Article 5 is inextricably related to the right to use such Trademarks as provided herein.

3



2.2  Except as provided for in article 13, the right and license referred to in Article 2.1 above are irrevocable during the Term, exclusive in the Territory (except if ADEO approves the opening of a workshop in the Territory by TECHSHOP as described in Article 6.1 below), nontransferable and not subject to sublicense except to Affiliates.

2.3  Except as provided in Article 2.6, ADEO acknowledges that its use of the Intellectual Property and Technical Documentation under this Agreement does not grant any ownership or other interest in or to the Intellectual Property and Technical Documentation. Except as provided in Article 2.6, ADEO does not have and shall not claim that it has, any right in any of the Intellectual Property or Technical Documentation received from TECHSHOP other than as specifically granted by this Agreement.

2.4  Either Party shall promptly notify the other Party in writing of any actual or suspected infringement, misuse or dilution of the Intellectual Property it becomes aware of, and ADEO shall provide reasonable assistance to TECHSHOP in the investigation and prosecution of such unauthorized use or disclosure at TECHSHOP's sole expense.

2.5  Once informed of any actual or suspected infringement, misuse or dilution of the Intellectual Property by ADEO or by any other means, TECHSHOP shall take all measures to ensure that ADEO can continue to use peacefully the Intellectual Property at all times during the Term.

2.6  Any discoveries, improvements, enhancements and/or inventions conceived or first reduced to practice with respect to the Intellectual Property or Technical Documentation during the Term (collectively, the "Improvements"), if made by employees of ADEO shall be owned by ADEO, if made by employees of TECHSHOP shall be owned by TECHSHOP, and if made jointly shall be owned jointly. If an Improvement is jointly made, each Party shall have a worldwide, royalty-free right and license to such Improvement after the expiration or termination of this Agreement. Such rights shall include the full rights of a co-owner of a patent under applicable law. For any Improvements in the Intellectual Property invented and wholly owned by TECHSHOP or TECHSHOP INC., as the case may be, such Improvements shall be deemed part of the rights licensed to ADEO hereunder.

2.7  The rights and licenses granted in this Article 2, including without limitation all rights and licenses to use improvements or enhancements developed the Term of this Agreement are intended to be, and shall be deemed, for purposes of §365(n) of the U.S. Bankruptcy Code, licenses of rights to "intellectual property" as defined under §101(35A) of the U.S. Bankruptcy Code. Accordingly, if TECHSHOP or TECHSHOP INC. becomes subject to any Bankruptcy Event (as defined below), then this Agreement shall continue in full force and effect, and ADEO and its Affiliates shall continue to enjoy all license rights granted herein, and be entitled to retain and exercise all such rights under U.S. Bankruptcy Code Section 365(n) and/or any similar or comparable section of the U.S. Bankruptcy Code (as such sections may be modified, amended, replaced, or renumbered from time to time), or equivalent legislation in any other jurisdiction. Should TECHSHOP or TECHSHOP INC. become subject to a Bankruptcy Event outside of the U.S., it shall cause to be filed a petition for Chapter 15 relief in the U.S. Bankruptcy Court, and its representative in such proceeding shall promptly seek to have the provisions and protections of Section 365(n) of the U.S. Bankruptcy Code, including without limitation, as described in this Article 2.7, apply in such Chapter 15 case.

CONFIDENTIAL
Outside Counsel's Eyes Only

In the event that this Agreement is rejected or deemed rejected in a Bankruptcy Event (a "Rejection"), TECHSHOP or TECHSHOP INC. shall provide written notice thereof to ADEO. In the event that ADEO makes no election under §365(n) of the U.S. Bankruptcy Code within sixty (60) days following written notice of such Rejection to either treat the contract as terminated, or to retain its rights, ADEO shall be deemed to have made a formal election (i) to retain its rights under § 365(n)(1)(B) of the U.S. Bankruptcy Code, and (ii) to demand that the trustee in such bankruptcy provide to ADEO any intellectual property held by such trustee that is subject to this Agreement (including any embodiment of such intellectual property), and to not interfere with the rights of ADEO as provided in this Agreement, under § 365(n)(3) of the U.S. Bankruptcy Code. Further, to the extent any rights of ADEO under this Agreement are determined by a bankruptcy court not to be "intellectual property rights" for purposes of § 365(n) of the U.S. Bankruptcy Code, all of such rights nevertheless shall remain vested in and fully retained by ADEO after any such Rejection. ADEO shall under no circumstances be required to terminate this Agreement after a Rejection in order to enjoy or acquire any of its rights under this Agreement.

3. **PROVISION OF LICENSE AND SERVICES**

3.1 TECHSHOP agrees to divulge, impart and provide to ADEO through Pre-Opening Services and Post-Opening Services, all Intellectual Property and the Technical Documentation relating thereto necessary or desirable to operate the Workshops. The Intellectual Property, together with the Technical Documentation, shall be correct and complete in all respects and shall be sufficient to enable ADEO to operate the Workshops.

3.2 Based on the requirements of ADEO, TECHSHOP will make available the necessary specialized technical personnel to enable ADEO to make use of the Pre-Opening and Post-Opening Services as contemplated herein, including without limitation, the transfer and absorption of the Intellectual Property and the Technical Documentation. The local travel, accommodation and living expenses of such personnel shall be borne by TECHSHOP. The Parties will jointly use their commercially reasonable best efforts to ensure that ADEO absorbs the Intellectual Property and Technical Documentation fully and speedily.

3.3 TECHSHOP shall assist ADEO in the correct interpretation of the Technical Documentation. TECHSHOP will correct and/or remove, at its cost, deficiencies if any found in the Intellectual Property and/or the Technical Documentation.

3.4 TECHSHOP shall provide to ADEO all Pre-Opening Services and Post-Opening Services.

3.5 It is understood and agreed by the Parties that ADEO may decide, in its sole discretion, not to follow advice provided by TECHSHOP in connection with the Pre-Opening Services and/or Post-Opening Services.

4. **TERM**

4.1 This Agreement shall commence on the Effective Date and shall continue until the earlier of (a) 10 (ten) years from the Effective Date, or (b) five (5) years after the opening date of the fifth Workshop (the "Term").

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000011



4.2 The Pre-Opening Services will be provided by TECHSHOP until the earlier of (i) five (5) years from the Effective Date or (ii) the opening date of the fifth Workshop. Pre-Opening Services shall start, for each Workshop, 6 (six) months prior to the planned opening date of such Workshop.

4.3 Post-Opening Services will be provided by TECHSHOP for a 5 (five) year period following the opening of each Workshop for each of the first five Workshops.

4.4 The Intellectual Property and Technical Documentation licenses described herein will be granted for use by each Workshop for each of the first five Workshops for a period of five years from the opening of each Workshop. The Parties intend for such licenses to run concurrently with the Post-Opening Services. Should the Parties wish to renew the licenses after expiration of the Term, fees for such licenses will be discussed in good faith by the Parties.

4.5 Should ADEO be willing, at its sole discretion, to open additional Workshops (after the first 5 (five)), fees for Pre-Opening and Post-Opening Services and the Intellectual Property licenses for each additional Workshop operated with TECHSHOP will be discussed in good faith by the Parties.

4.6 After expiration or termination of this Agreement for any reason whatsoever, ADEO and/or its Affiliates will be entitled to operate the Workshops opened in accordance with this Agreement; provided that, ADEO and/or its Affiliates will operate such Workshops without using the Intellectual Property or the Technical Documentation.

5. **CONSIDERATION**

5.1 In consideration of TECHSHOP providing the Pre-Opening Services and Post-Opening Services described herein and granting the license of the Intellectual Property and Technical Documentation described herein, ADEO and/or any of its Affiliates shall pay TECHSHOP a lump-sum of USD 4,000,000 (four million US dollars) by wire transfer to an account designated by TECHSHOP. Payment shall be split in two installments as follows:

- First installment : USD 2,000,000 (two million US dollars) within 4 days after the last signature of the party; and
- Second installment : USD 2,000,000 (two million US dollars) within 4 days following the opening of the first Workshop.

If at any time after April 1, 2015, TECHSHOP experiences financial difficulties such that the opening of the first Workshop may be at stake, ADEO and TECHSHOP will discuss the possibility for ADEO, in its sole discretion, to advance payment of USD 500,000 (five hundred thousand US dollars) out of the second installment described above. Should ADEO agree to advance this payment, the last payment owing by ADEO after the opening of the first Workshop (as mentioned immediately above) will be USD 1,500,000 (one million five hundred thousand US dollars).

6. **NON-COMPETITION**

6.1 Non-competition in the Territory

a) TECHSHOP expressly undertakes that, throughout the Term of this Agreement, it shall not collaborate with any ADEO Competitor in the Territory and Germany and United Kingdom, directly or indirectly, in order to carry on or

6

otherwise support, engage, provide assistance, license, sell or otherwise transfer the Intellectual Property or the Technical Documentation, or have interests in any business, person or entity which, directly or indirectly, competes with the Workshops in the Territory and Germany and United Kingdom (including without limitation, any business that engages in any Competing Activities in the Territory and Germany and United Kingdom).

Exceptions to the above principle :

- TECHSHOP is hereby authorized to conclude one partnership with Ikea in the Territory and Germany and United Kingdom; provided that such partnership is limited to the possibility for TECHSHOP to edit and print Ikea products in 3 dimensions in the TECHSHOP workshops (including the Workshops). TECHSHOP shall keep ADEO reasonably informed of the status of its discussions with Ikea with respect to such possibility provided that TECHSHOP respects its confidentiality obligations under its agreement with Ikea.

- TECHSHOP is entitled to proceed with the projects listed in SCHEDULE C – TECHSHOP Projects as long as such workshops are opened by the expiration of the Time-Frame for Implementation and with the partners indicated in SCHEDULE C. If any of the workshops listed in SCHEDULE C are not opened within the Time-Frame for Implementation set forth on SCHEDULE C or if a partner changes, such project should be approved again in writing by ADEO in accordance with Article 6.1(b) or ADEO shall be given an opportunity to be TECHSHOP partner again in accordance with Article 6.1(c), as applicable.

b) In countries of the Territory where ADEO is operating a Workshop, TECHSHOP shall not, alone or in collaboration with any third party, directly or indirectly, carry on or otherwise support, engage, provide assistance, license, sell or otherwise transfer the Intellectual Property or the Technical Documentation, or have interests in any business, person or entity which, directly or indirectly, competes with the Workshops (including without limitation, any business that engages in any Competing Activities), except with the express written authorization of ADEO.

c) If TECHSHOP intends to open a workshop in a country of the Territory where ADEO is not operating a Workshop, TECHSHOP shall notify ADEO in writing of such intention, and ADEO shall be first given the opportunity to be TECHSHOP's partner for such workshop on terms to be determined in good faith by the Parties. Should ADEO decline such opportunity within 30 (thirty) days from the date on which TECHSHOP's written notice is received by ADEO, TECHSHOP will be free to open the workshop with a third party (provided that such third party is not an ADEO Competitor). In addition, in the event that a third party intends to partner with TECHSHOP with respect to the opening of a workshop in a country of the Territory where ADEO is not operating a Workshop, TECHSHOP shall notify ADEO in writing of the terms offered by such third party, and ADEO shall have thirty (30) days to exercise an option to partner with TECHSHOP with respect to the opening of such workshop on the same terms offered by such third party. If ADEO declines to exercise such option, TECHSHOP will be free to open such workshop with such third party (provided that such third party is not an ADEO Competitor).

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000013



d) For clarity, the restrictions in this Section 6.1 shall not restrict TECHSHOP from opening or providing any assistance or license, or collaborating with any other party to open, a TECHSHOP workshop outside the Territory.

6.2 ADEO (and/or its Affiliates) will be entitled to open workshops that engage in the Competing Activities or that are otherwise similar to the Workshops, within or without the Territory, in each case, without the approval of TECHSHOP, provided that ADEO (and/or such Affiliates) does not use any Intellectual Property of TECHSHOP for such workshops.

6.3 Because actual damages would be impracticable or extremely difficult to ascertain and calculate, the Parties agree that if TECHSHOP fails to comply with this Article 6, TECHSHOP will be liable to ADEO for liquidated damages in connection with such failure in an amount equal to $1 million USD (One million US dollars).

7. **CONDITION PRECEDENT**

A condition precedent to this effectiveness of this Agreement, and the Parties' respective obligations hereunder, is the written approval of this Agreement by Autodesk Inc.

8. **GUARANTEE BY TECHSHOP INC.**

For value received, and in consideration of, and in order to induce ADEO to enter into this Agreement, TECHSHOP INC. hereby unconditionally undertakes and warrants to ADEO that it will provide all cooperation, assistance, personnel and funding to TECHSHOP that is necessary or desirable in order for TECHSHOP to fully comply with and perform its obligations under this Agreement.

TECHSHOP INC. hereby unconditionally undertakes and warrants that it will not in any manner close or liquidate TECHSHOP during the Term. TECHSHOP INC. hereby unconditionally guarantees the performance of all of TECHSHOP's obligations hereunder, including without limitation, honoring and abiding by all of TECHSHOP's license and service obligations.

TECHSHOP INC. further agrees to indemnify ADEO against any losses that ADEO may sustain and expenses it may incur as a result of the enforcement or attempted enforcement by ADEO of any of its rights and remedies under this Agreement in the event of default by TECHSHOP hereunder.

TECHSHOP INC. hereby expressly waives all defenses which might constitute a legal or equitable discharge of a surety or guarantor, and agrees that this Agreement shall be valid and unconditionally binding upon TECHSHOP INC. regardless of (i) the reorganization, merger, or consolidation of TECHSHOP INC. or TECHSHOP into or with another entity, corporate or otherwise, or the liquidation or dissolution of TECHSHOP INC. or TECHSHOP, or the sale or other disposition of all or substantially all of the equity, business or assets of TECHSHOP INC. or TECHSHOP to any other person or party, (ii) a Bankruptcy Event involving TECHSHOP INC. or TECHSHOP, or (iii) the assertion by ADEO against TECHSHOP INC. or TECHSHOP of any of ADEO's rights and remedies provided for under the Agreement, or under any other document(s) or instrument(s) executed by ADEO, or existing in ADEO's favor in law, equity, or bankruptcy.

TECHSHOP INC. further agrees that its liability under this Agreement shall be continuing, absolute, primary, and direct, and that ADEO shall not be required to

8

CONFIDENTIAL
Outside Counsel's Eyes Only




pursue any right or remedy it may have against TECHSHOP, or under any other document(s) or instrument(s) executed by ADEO, or otherwise. TECHSHOP INC. affirms that ADEO shall not be required to first commence any action or obtain any judgment against TECHSHOP before enforcing this Agreement against TECHSHOP INC., and that TECHSHOP INC. will, upon demand, perform all obligations of TECHSHOP hereunder, including without limitation, honoring and abiding by all of TECHSHOP's license and service obligations.

9. **REPRESENTATIONS AND WARRANTIES**

Each of TECHSHOP and TECHSHOP INC. represent and warrant that (i) it has all rights to enter into this Agreement, and (ii) entering into and performing its obligations under this Agreement will not conflict with or violate any agreements or obligations it may have with any other person or entity.

10. **CONFIDENTIALITY**

10.1 Each of TECHSHOP and TECHSHOP INC., on the one hand, and ADEO, on the other hand, undertake to keep secret all Confidential Information disclosed or communicated to it by the other and undertakes not to disclose the same, either during the Term of this Agreement or thereafter, to any other person or enterprise except to its Affiliates and advisors.

10.2 The steps to be taken by each of TECHSHOP and TECHSHOP INC., on the one hand, and ADEO, on the other hand, to protect Confidential Information from the other hereunder shall include preventing disclosure thereof to its employees or subcontractors except and to the extent necessary to the performance of their duties. The obligation to protect the confidentiality of Confidential Information shall survive for five (5) years from the date of termination or expiration of this Agreement.

10.3 Any communication regarding this Agreement, whether its content or its existence, or to the relationship between ADEO and TECHSHOP shall be approved in written by both ADEO and TECHSHOP before release.

11. **INTELLECTUAL PROPERTY**

11.1 TECHSHOP INC. represents and warrants that is it the sole and exclusive owner of the Intellectual Property and Technical Documentation. TECHSHOP represents and warrants that it has the right to grant the licenses set forth herein.

11.2 TECHSHOP represents and warrants that no patents, trademarks, copyrights, trade secrets or other intellectual property rights of any third parties shall be infringed by the use of the Intellectual Property and Technical Documentation by ADEO or by the fact that ADEO will follow advice and prescriptions of TECHSHOP in connection with the Pre-Opening and Post-Opening Services in accordance with this Agreement. Should ADEO suffer any loss, damage or incur any costs on account of breach of this representation by TECHSHOP., then TECHSHOP shall at all times indemnify, defend and hold harmless ADEO against any such loss or damage suffered or costs incurred by ADEO, including without limitation, reasonable attorneys' fees and costs. ADEO shall promptly pass on for settlement or/and for defense, as TECHSHOP may decide, all such claims, demands, actions, suits or proceedings that may be made by any person on or against ADEO. The

CONFIDENTIAL
Outside Counsel's Eyes Only

Case 4:18-cv-01044-HSG   Document 167-3   Filed 05/01/19   Page 11 of 20

indemnification obligations of TECHSHOP under this Article 11.2 shall survive expiration or termination of this Agreement.

11.3 ADEO shall within thirty (30) days of receipt of any claims, demand, actions, suits or proceedings referred to in this Article 11, give in writing a notice to TECHSHOP of any such claims, demands, actions, suits and proceedings. TECHSHOP shall have the sole charge and direction of the defense thereof, and ADEO shall render all reasonable assistance in connection therewith to TECHSHOP at TECHSHOP's sole expense. However, ADEO will be entitled to join the action in order to obtain compensation for any prejudice incurred.

11.4 If during the license term for the Intellectual Property and Technical Documentation granted herein, the Intellectual Property and/or the Technical Documentation is sold or transferred to a third party, or TECHSHOP merges with a third party and is not the surviving or controlling entity after the close of the transaction, then TECHSHOP will ensure either that: (a) the licenses granted herein will not be adversely affected by such sale or transfer to such third party, or (b) the transferee of the Intellectual Property will permit ADEO (and/or its Affiliates) to retain its license rights under this Agreement. Because actual damages would be impracticable or extremely difficult to ascertain and calculate, the Parties agree that if TECHSHOP fails to comply with this Article 11.4, TECHSHOP will be liable to ADEO for liquidated damages in connection with such failure in an amount equal to the greater of (a) $500,000 USD (five hundred thousand US dollars); or (b) the actual damages suffered by ADEO.

12. **GOVERNANCE OF THE AGREEMENT**

During the Term of this Agreement, the operational managers of each of ADEO and TECHSHOP will meet at least every three months. As of the Effective Date of this Agreement, the operational managers are :
- For TECHSHOP: Paul Duggan
- For ADEO : Stéphane Calmes

Strategic meeting between executives of each of ADEO and TECHSHOP will take place at least every six months during the first year of this Agreement and once a year thereafter.

13. **EVENTS OF DEFAULT AND TERMINATION**

13.1 If (a) a receiver, liquidator or trustee of TECHSHOP or ADEO shall be appointed or a petition in bankruptcy or to reorganize shall be filed in relation to a TECHSHOP or ADEO; or (b) TECHSHOP or ADEO files a petition in voluntary bankruptcy or reorganization (excluding any reorganization without winding-up or any form of solvent reorganization); or (c) TECHSHOP or ADEO files a petition for arrangements, reorganization or bankruptcy pursuant to any law providing for the relief of debtor; or (d) TECHSHOP or ADEO institutes any proceedings for dissolution or liquidation or makes an assignment or mortgages for the benefit of creditors generally, or consents to the appointment of a receiver, trustee or liquidator (each, a "Bankruptcy Event"); then the other Party shall have the right to terminate this Agreement with immediate effect

13.2 In the event that ADEO commits a material breach of any of the terms of this Agreement, TECHSHOP may terminate this Agreement by giving written notice to ADEO specifying the grounds therefor. ADEO shall have thirty (30) days from the date of TECHSHOP's notice to cure such breach, and to notify TECHSHOP in

10

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000016

writing that such breach has been cured. If ADEO fails to cure such breach within thirty (30) days from the date of TECHSHOP's notice (or if such breach is not curable within thirty (30) days, to take such steps as possible to cure such breach efficaciously), this Agreement shall be terminated. ADEO undertakes that in the event of termination pursuant to this Article 13.2, it shall cease to use the Intellectual Property and Technical Documentation.

13.3 In the event that TECHSHOP commits a material breach of any of the terms of this Agreement, ADEO may terminate this Agreement by giving written notice to TECHSHOP specifying the grounds therefor. TECHSHOP shall have thirty (30) days from the date of ADEO's notice to cure such breach, and to notify ADEO in writing that such breach has been cured. If TECHSHOP fails to cure such breach within thirty (30) days from the date of ADEO's notice (or if such breach is not curable within thirty (30) days, to take such steps as possible to cure such breach efficaciously), this Agreement shall be terminated. In such a case, ADEO shall be entitled to continue using the Intellectual Property and Technical Documentation until the date the Agreement should have terminated according to Article 4 above.

13.4 This Agreement may be terminated with the mutual written agreement of ADEO and TECHSHOP.

13.5 In case of termination of this Agreement, none of the Parties shall be released from any liability/obligation which would have accrued to a Party through the effective date of termination, and the Party in breach shall remain liable for the consequences of such breach.

13.6 In case of termination of this Agreement, all the licenses and rights granted under this Agreement by TECHSHOP to ADEO shall be revoked and cease to be effective or in force, save and except when this Agreement is terminated by ADEO for reasons attributable to TECHSHOP.

13.7 The Party's obligations under this Agreement, which, by their nature, are intended to continue beyond expiration or termination of this Agreement, including by way of illustration only and not limitation, the confidentiality and other obligations of the Parties under Article 10 above and the indemnification obligations of TECHSHOP under Article 11 above, shall survive expiration or termination of this Agreement.

14. **RELATIONSHIP**

The relationship between TECHSHOP and ADEO under this Agreement is that of principal to principal, with the parties acting as independent contractors.

ADEO's rights and obligations hereunder are exclusive to ADEO and may not be assigned or sub-licensed by ADEO, either in whole or in part except to an Affiliate of ADEO.

TECHSHOP's rights and obligations hereunder are exclusive to TECHSHOP and may not be assigned by TECHSHOP, either in whole or in part, except to an Affiliate of TECHSHOP. In the event of any assignment of this Agreement or TECHSHOP's rights and obligations hereunder, TECHSHOP shall provide prior written notice thereof to ADEO, and, notwithstanding any such assignment, TECHSHOP will then remain jointly and severally liable for any breach of any obligation under this Agreement by the assignee.

15. **FORCE MAJEURE**

11

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000017

During the continued effect of any force majeure the time for fulfillment of obligations under this Agreement will be extended. For this purpose the expression "Force Majeure" shall be regarded as any external, irresistible and unforeseeable event (as defined by French law).

16. **GOVERNING LAW – DISPUTE RESOLUTION**

This Agreement shall be governed by the laws of France. In the event of any conflict between a translated version and the English version of this Agreement, the English version of this Agreement shall control.

In the event of any dispute between the Parties hereto arising from or relating to this Agreement, then, upon the written request of any Party, each of the Parties will appoint a designated representative to endeavor to resolve such dispute. Should the designated representatives be unable to resolve the dispute within a reasonable period of time (in no event more than 30 (thirty) days from the date of receipt of written request), then the dispute will be submitted by either Party to non-binding mediation by a single mediator in accordance with the rules of the International Chamber of Commerce (ICC) in Brussels, utilizing rules and procedures in other issue(s) involved in the dispute. In the event the Parties are unable to resolve the dispute within 30 (thirty) days from commencement of mediation, or if one Party fails to participate in the mediation as agreed herein, any Party may refer the dispute to arbitration by a sole arbitrator (for disputes arising under the Agreement for 3 (three) million euros or less) or 3 (three) arbitrators (for claims arising under the Agreement over 3 (three) million euros) in accordance with the arbitration rules of the ICC. Unless otherwise agreed by the Parties, the mediator having handled the mediation referred to immediately above shall be disqualified from serving as arbitrator in the case. The place of arbitration shall be Brussels and the language of arbitration shall be English. The arbitration shall be governed by French Law and judgment upon the award rendered by the arbitrator(s) may be entered by any court having jurisdiction hereof. The Parties will participate in the arbitration in good faith and will share equally the administrative costs of the mediation and arbitration.

17. **NOTICES**

Notices shall be sent by registered mail with acknowledgement of receipt or courier:

If to TECHSHOP GLOBAL to :
TechShop Global, Attn: Paul Duggan, Lackafinna South, Loughrea, Co. Galway, Ireland

With a copy to :
Derek K. Yu, Law Offices of Derek K. Yu, 520. S. El Camino Real., Ste. #610, San Mateo, CA 94502

If to TECHSHOP INC., to:
TechShop, Inc., Attn: Mark Hatch, 300 South Second Street, San Jose, CA 95113

With a copy to:
Derek K. Yu, Law Offices of Derek K. Yu, 520. S. El Camino Real., Ste. #610, San Mateo, CA 94502

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000018

If to ADEO, to:
Pascal DELFOSSE at the address of Groupe ADEO indicated in page 1

With a copy to:
Stéphane CALMES at the address of Groupe ADEO indicated in page 1

If to LMF, to :
Thomas BOURET at the address of LMF indicated in page 1

With a copy to :
Pascal MALFOY at the address of LMF indicated in page 1

### 18.  SEVERABILITY AND ENTIRETY

The Parties agree that this Agreement is the complete and exclusive statement thereof between them and that it supersedes and merges all prior proposals and understandings and all other agreements whether oral or written relating to the subject matter hereof.

If one or more of the provisions hereof shall be void, invalid, illegal or unenforceable in any respect under any applicable law or decision, the validity, legality and enforceability of the remaining provisions herein contained shall not be affected or impaired in any way.

Each Party hereto shall, in any such event, execute such additional documents as any other Party may reasonably request in order to give valid, legal, enforceable effect to any provision hereof which is determined to be invalid, illegal or unenforceable.

### 19.  APPROVALS

Each Party represents and warrants that it has obtained all necessary internal and corporate approvals to execute this Agreement.
TECHSHOP INC. approves the present Agreement, recognizes that TECHSHOP INC. and TECHSHOP have the right to enter into this Agreement, to provide the Services and to grant the rights listed in this Agreement, and waives any right it may have under any present or future provision of the license agreement signed between TECHSHOP INC. and TECHSHOP or any other document related thereto that may contradict any of the provisions herein.

### 20.  WAIVER

Failure to exercise any rights under this Agreement by any Party in any one or more instances shall not constitute a waiver of such rights or any other rights in any other instance.

### 21.  NON-ASSIGNMENT.

None of the Parties shall assign or otherwise transfer this Agreement (or any of such Party's rights, obligations or duties hereunder), including without limitation, by operation of law or by merger, other than to an Affiliate of such Party, without the prior express written permission of the other Party. Any purported assignment or transfer, including by operation of law or by merger, shall be null and void. This Agreement shall be binding on the Parties' successors and permitted assigns.

### 22.  FURTHER ASSURANCES

If at any time after the Effective Date, any further documents, instruments, actions or cooperation of any Party are necessary or desirable to carry out the provisions and intent of

13

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000019

this Agreement, the Parties shall execute and deliver any and all such documents and instruments, and take all such actions and provide all such cooperation reasonably necessary to carry out the provisions and intent of this Agreement.

23. **GOOD FAITH**

The Parties will execute the Agreement in good faith.

AS WITNESS the hands of the duly authorized officers of the Parties hereto as of the Effective Date.

**Groupe ADEO**

By: _____
Name: Pascal DELFOSSE
Title: Executive Vice-President

**Leroy Merlin France**

By: _____
Name: Thomas BOURET
Title: General Manager

**TechShop Global Ltd.,
an Irish Limited Company**

By: _____
Name: Paul Duggan
Title: Chief Executive Officer

**TechShop, Inc.,
a California corporation**

By: _____
Name: Mark Hatch
Title: Chief Executive Officer

14

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000020

# SCHEDULE A – PRE-OPENING SERVICES

These Pre-Opening Services will be rendered by TECHSHOP before opening of each Workshop.

EQUIPMENT

TECHSHOP will :

- provide advice on Equipment to be installed in Workshops
- advise ADEO on the choice of Equipment suppliers
- assist ADEO in negotiation with Equipment suppliers in order for ADEO to benefit from TECHSHOP best financial conditions
- inform ADEO on Equipment applicable norms and certifications and habilitations necessary to use such Equipment in the Territory

LAYOUT OF THE WORKSHOPS

- TECHSHOP will assist ADEO in defining the layout and design of the Workshops taking into account standard use of machines and safety and security standards.

IT SYSTEMS

TECHSHOP will provide and implement:

- Invoicing and payment systems of the Workshops, which shall be integrated with ADEO's existing LME systems (i.e. credit/debit card processing, banking, and accounting systems) if feasible. TECHSHOP will benefit from ADEO experience on these systems.
- ordering system of the Workshops
- Equipment, training (classes & rooms) and Events reservation system
- Equipment Certification system

TECHSHOP will provide technical documentation on these systems in French

ORGANIZATION, RECRUITMENT AND TRAINING OF STAFF

TECHSHOP will provide :

- assistance in teams organization
- assistance in staffing plans, teams recruitment and selection.
- staff training, instruction on use of Equipment with pedagogic contents in French (Y hours per people to be trained)
- training in France
- training of ADEO or Affiliates Workshop Staff in US Workshops. Staff to be trained will have sufficient knowledge of English language to be able to take part to the training. ADEO is responsible for travel/lodging expenses incurred by its own staff.

ADVERTISING AND PROMOTION

15

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000021

TECHSHOP will :

- design and create the initial TECHSHOP web site in every country in the country language. This site will be similar to the website of TECHSHOP in the USA.
- assist ADEO in developing a marketing plan and sales, promotion, publicity and public relations programs designed to attract customers.
- After TECHSHOP creates, designs and delivers the website contents to LME, LME shall maintain, operate, and update the Website as part of its operation of the Workshops

COMMERCIAL ASSISTANCE

TECHSHOP will :

- assist ADEO on drafting of general conditions of use of the Equipment
- provide training, instructional and course material for customers in French

CONFIDENTIAL
Outside Counsel's Eyes Only

# SCHEDULE B – POST-OPENING SERVICES

## STRATEGY

TECHSHOP shall provide ADEO with :
- regular updates on the Makers Movement, on Makers market, competition, strategies
- strategy advice on a regular basis and on demand.

## IT SYSTEMS

TECHSHOP will provide :
- regular update of IT systems described in Pre-opening Services. Such updates shall occur during the night ad shall not disturb operation of the Workshops
- immediate assistance in case of interruption or disturbance of such IT systems

Support will be provided by TECHSHOP staff or third-party provider located in Europe in order to be able to cope with European working hours.

## EQUIPMENT

TECHSHOP will :
- provide ADEO with regular updates and answer to any question on the evolution of Equipment and on additional purchase or replacement of Equipment
- regularly update ADEO on Equipment applicable norms and certifications and habilitations necessary to use such Equipment
- provide ADEO with trainings on use of new Equipment immediately after installation of such new Equipment in the Workshops

## WORKSHOPS

- TECHSHOP will provide ADEO with advice on layout of the Workshops

## ADVERTISING AND PROMOTION

TECHSHOP will :

- provide ADEO with advice on merchandising, sales operations and marketing

## STAFF RECRUITMENT AND TRAINING

TECHSHOP will :
- organize each year visits of the most innovative places in the Makers Movement for 10 persons of ADEO. ADEO is responsible for travel/lodging expenses incurred by its own staff.
- provide ADEO staff with updated training, instructions on use of Equipment in French
- each year train ADEO staff on use of New Equipment

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000023

COMMERCIAL ASSISTANCE

TECHSHOP will :

- regularly advise ADEO on modifications of general conditions of use of the Equipment
- provide updates of training, instructional and course material for customers in French

ASSISTANCE :

- TECHSHOP will provide ADEO staff with general assistance in operation of a Workshop and ensure to provide quick answer to any question regarding Equipment, commercial actions, technical matters, marketing, merchandising, qualification and any other matter related to the operation of a Workshop.

CONFIDENTIAL
Outside Counsel's Eyes Only
TS000024

## SCHEDULE C – TECHSHOP Projects approved by ADEO

| City | Partner | Time-Frame for Implementation |
|---|---|---|
| Sao Paulo | Maker Max Ltda | 31/12/2017 |
| Rio de Janeiro | Maker Max Ltda | 31/12/2017 |
| Bilbao | Fuenteblandor Holding S. L. / City of Bilbao | 31/12/2017 |
| Madrid | Fuenteblandor Holding S. L./ City of Madrid | 31/12/2017 |
| Moscow | MORTON Group, Moscow | 31/12/2017 |
| Nantes | IRT Jules Verne | 31/12/2018 |
| Barcelona | Fuenteblandor Holding S. L. / Generalitat de Catalunya | 31/12/2018 |
| Rome | Mattia Crespi / Regio Lazio | 31/12/2018 |
| Milan | Mattia Crespi / Regio Lombardia | 31/12/2018 |

19

CONFIDENTIAL
Outside Counsel's Eyes Only

TS000025