Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone: (917) 960-1667

Attorneys for Defendants and Counterclaimants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC.,

Plaintiff,

vs.

DAN RASURE, et al.,

Defendants.

AND RELATED COUNTERCLAIMS

CASE NO. 4:18-CV-01044-HSG (JCS)

**DEFENDANTS' AND COUNTERCLAIMANTS' FURTHER RESPONSE REGARDING PLAINTIFF'S MOTION IN LIMINE NO. 2**

**RE: DEFENDANTS' FRAUD ALLEGATIONS**

Pre-Trial Conference: April 30, 2019 3:00 p.m.
Trial: June 3, 2019, 8:30 a.m.
Judge: Hon. Haywood S. Gilliam, Jr.

## PRELIMINARY STATEMENT

This Court should reject Plaintiff's belated attempt—raised orally at the Pre-Trial Conference—to preclude Defendant and Counterclaimant Dan Rasure from introducing evidence of damages caused by Plaintiff's fraud based on Rule 26. Mr. Rasure provided an itemization of his damages in his fraud counterclaim. Defendants produced documents evidencing Mr. Rasure's fraud claim, but Plaintiff chose not to take ***any discovery*** on that claim. Thus, Plaintiff's request elevates form over substance because Mr. Rasure disclosed his claim and the supporting evidence, and Plaintiff was not diligent in discovery. Mr. Rasure's failure to provide a formal Rule 26 "computation of damages" was harmless and does not warrant preclusion of damages evidence.

## BACKGROUND

On July 26, 2018, Mr. Rasure asserted a counterclaim that Plaintiff engaged in promissory fraud against him. (*See* Dkt. 42.) In his counterclaim, Mr. Rasure provided an itemized list identifying the monetary harm he suffered as a result of Plaintiff's fraud, down to the penny. (Dkt. 42, ¶¶ 51, 53-55, 58, 68.) He pled that he made the following payments based on Plaintiff's fraudulent promise: $2,737.24 to Google on November 29, 2017; $11,546.58 to Anthem Blue Cross and Kaiser ($3,250.74 of which was wired directly by Mr. Rasure and $8,295.84 paid by Mr. Rasure's co-venturer) on November 30, 2017; $15,000 to Plaintiff's law firm on December 1, 2017; $5,949 to Google on December 6, 2017; $1,100 to Plaintiff's public relations consultant on December 11, 2017; and $5,919.99 to Google on January 31, 2018. (*Id.*.) He also identified by name Plaintiff's agents who made false promises to Mr. Rasure, inducing him to make these payments. (*Id.*.) Mr. Rasure stated that he "has been damaged in an amount in excess of $34,000 for out-of-pocket payments described above." (*See id.*, ¶ 68.) He pled that he is entitled to recover these damages, as well as "recover [his] costs of suit, legal fees, expenses incurred in the prosecution of this claim for relief," treble the amount of actual damages, and punitive damages. (*See id.*, ¶¶ 68-72.) The Joint Pretrial Statement also lays out these calculations. (Dkt. 155.)

Although Defendants did not serve a document entitled Supplemental Initial Disclosures, Defendants' portion of the Joint Case Management Statement specified that Mr. Rasure advanced "over $34,000" to Plaintiff. (Dkt. 31, p. 7.). Moreover, pursuant to Rule 26, without awaiting a

discovery request, Defendants produced documents supporting Mr. Rasure's fraud claim and on which the computation of damages is based.[1] (Draper Dec., ¶ 2, Exs. 1-15.) For its part, Plaintiff did not take any depositions. (*Id.*, ¶ 3.) It did not serve requests for production aimed at the fraud claim. (*Id.*, ¶ 4.) It did not serve interrogatories or requests for admissions. (*Id.*, ¶¶ 5-6.) Plaintiff did not move for summary judgment. (*Id.*, ¶ 7.) Plaintiff never filed a motion to compel Defendants to provide additional fraud-related discovery, nor raised any complaint regarding Initial Disclosures until the Pre-Trial Conference. (*Id.*, ¶¶ 8-9.) In fact, Plaintiff opposed Defendants' motion to extend discovery and stated that it "[it's] going to be ready to go" to trial based on the existing discovery in the case. (*See* Dkt. 72; Oct. 23, 2018 Hr. Tr. 10:5-17.)

On August 16, 2018, Plaintiff moved to dismiss the fraud claim. (Dkt. 46). The Court denied Plaintiff's motion, finding that the fraud allegations "are sufficiently specific to satisfy the [who, what, when, where, and how] *Cooper* requirements" and "met the heightened pleading requirements of Rule 9(b)." (Dkt. 110 at 6.) Plaintiff then moved in limine and re-argued that the fraud claim did not meet Rule 9's pleading requirements. (*See* Dkt. 137.) When, at the Pre-Trial Conference, it was clear that the Court agreed with Defendants that Plaintiff was trying to get a second bite at the apple, Plaintiff shifted its position and argued that evidence supporting the fraud claim should be excluded because Defendants did not provide a formal computation of damages under Rule 26. The Court permitted Defendants to respond in writing to this new argument.

## ARGUMENT

### I. THE ABSENCE OF A FORMAL "COMPUTATION OF DAMAGES" WAS HARMLESS.

The Court should deny Plaintiff's request because any failure to supplement Defendants' Initial Disclosures was harmless. Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty,*

[1] Defendants served their Initial Disclosures before pleading the fraud counterclaim.

*Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). These factors support denying Plaintiff's request.

***First,*** there is no prejudice or surprise to Plaintiff regarding Mr. Rasure's fraud damages. As noted above, Plaintiff knows what the claimed fraud damages are from the Cross-complaint (Dkt. 42), Joint Case Management Statement (Dkt. 31), and Defendants' production. Indeed, these pleadings contain a tabulation of the amounts alleged, which is Defendants' computation of damages. (Dkt. 42, ¶¶ 51, 53-55, 58, 68; Dkt. 31, at 7.) ***Second***, even if there were prejudice from Mr. Rasure's failure to serve a formal computation of damages (which there is not), there was ample opportunity for Plaintiff to cure such prejudice during discovery. But, Plaintiff took no steps to discover anything about Mr. Rasure's fraud claim. Nor did Plaintiff raise any concerns regarding Defendants' compliance with Rule 26 until the Pre-Trial Conference. ***Third,*** permitting Mr. Rasure to present damages evidence will not disrupt the trial. Mr. Rasure will present testimony and documentary support for his fraud claim. ***Finally,*** there was no bad faith in Defendants' failure to serve a formal computation of damages. Mr. Rasure listed the payment amounts with specificity in the fraud claim, and produced underlying documents supporting the allegations. Defendants did not withhold the evidence on which this claim is based.

Under these circumstances, Mr. Rasure's failure to provide a formal computation of damages is harmless, and evidence of Mr. Rasure's damages should not be precluded. For example, in *Goodview Elec. (Nanjing) Co. v. Digital Spectrum Sols., Inc.*, the court found that the failure to provide a computation of damages was harmless where defendant provided plaintiff with a spreadsheet that listed its damages. 2011 WL 13224872, at *8 (C.D. Cal. Apr. 25, 2011). Even though the spreadsheet was not labeled "computation of damages," it was sufficient to put plaintiff on notice. Moreover, like here,

> [plaintiff] had many opportunities at which it could have challenged the sufficiency of [defendant's] damages disclosure and obtained additional information about [defendant's] damages, but it did not take any steps to do so. [Plaintiff] did not conduct any discovery of its own in preparation for the trial: it did not propound any interrogatories, requests for production, or notice any depositions of witnesses. Nor did [Plaintiff] ever request, formally, or informally, a computation of [defendant's] damages, or file any discovery motions related to [defendant's] failure to disclose a computation of its damages.

*Id.; see also Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) (failure to compute damages was harmless where defendant knew what type of damages

where being sought when served with the complaint, did not compel compliance with Rule 26, and received a computation of damages in the Pretrial Order"); *Santos v. Farmers Ins. Exch.*, 2008 WL 2937778, at *2 (E.D. Mich. July 24, 2008) (plaintiff's failure to disclose a computation of damages was harmless because the complaint put defendants "on notice that Plaintiffs claimed as damages for the alleged breach of the umbrella policy the policy's limits, or $1,000,000" and also finding the defendant's failure to move to compel as supporting the finding that the failure was harmless); *Dugas v. 3M Co.*, 2016 WL 3966141, at *2 (M.D. Fla. July 5, 2016) (finding failure to provide a computation of damages harmless where "damages are readily calculable, and would not necessarily delay the trial" and "Defendants were on notice that Plaintiff was seeking damages for loss of net accumulations").

Likewise, in *XTEC, Inc. v. Cardsmart Techs., Inc.*, the plaintiff admitted that it failed to produce initial disclosures on damages. 2014 WL 10250973, at *4 (S.D. Fla. Dec. 2, 2014) (emphasis added). The Court, however, denied a motion to exclude damages evidence because the defendants did not move to compel "presumably in hopes that it could spring this issue on Plaintiff prior to trial in order to prohibit a reasonable cure by this Court within the discovery period" and "***Defendants have not cited case law supporting the theory that a defendant is allowed to lull a plaintiff into thinking it is fully compliant with the rules, only to reveal the issue at a time where exclusion is the only remedy—essentially disposing of an entire case after the time to make dispositive motions***." *Id.* (emphasis added). Similarly here, Plaintiff waited until the Pre-Trial Conference to spring its Rule 26 argument. This Court should follow the *XTEC* example and deny Plaintiff's request to exclude damages evidence. *Id; see also Bowers v. Am. Heart Ass'n, Inc.*, No. 1:06-CV-2989-CC, 2008 WL 11407360, at *3 (N.D. Ga. Dec. 2, 2008) ("[T]o the extent that Defendants have suffered or will suffer any prejudice at all in connection with Plaintiff's damages evidence, the prejudice is at least partially the result of Defendants' own failure to bring the issue of Plaintiff's insufficient disclosures and discovery responses before the Court at an earlier time and Defendants' failure to depose Plaintiff's [witnesses].").

## II. A CASE DISPOSITIVE SANCTION IS NOT APPROPRIATE

Plaintiff's Motion in Limine No. 2 is a masqueraded summary judgment motion. (Dkt. 145,

at 2-3.) The same is true of Plaintiff's shift to a Rule 26 argument at the Pre-Trial Conference. Preventing Mr. Rasure from presenting damages evidence will essentially result in a judgment as a matter of law for Plaintiff because damages is an element of Mr. Rasure's claim.[2] Excluding this evidence under the circumstances here is too harsh of a sanction since Mr. Rasure's pleadings disclosed damages information that Plaintiff now claims should have been re-disclosed in a supplemental Rule 26 statement and produced supporting documents. *Desimini v. Durkin*, 2015 WL 2228038, at *2 (D.N.H. May 12, 2015) (where plaintiff "did not provide a computation of damages as part of her initial disclosures, did not provide damages information in response to the defendants' interrogatories, and did not supplement her disclosures," but did provide information in a deposition and provide an itemization after the deposition, court found "this is not a situation in which harsh sanctions would be appropriate. The sanction the defendants seek, precluding all evidence of damages, with the result that summary judgment would be entered against Desimini, is the harshest sanction available under Rule 37(c)"); *NW Pipe Co. v. DeWolff, Boberg & Assocs., Inc.*, 2012 WL 137585, at *4 (C.D. Cal. Jan. 17, 2012) (finding exclusion of evidence based on untimely computation of damages not appropriate); *Weaver v. U.S. Dep't of Agric., Forest Serv.*, 2013 WL 144974, at *6 (E.D. Cal. Jan. 11, 2013) (denying summary judgment where Plaintiff never disclosed a computation of damages); *Torres v. First Transit, Inc*., 2018 WL 4469026, at *4 (S.D. Fla. Sept. 18, 2018) ("To the extent that [Plaintiff] failed to comply with Rule 26 [damages computation], it does not entitle Defendant to summary judgment."); *XTEC*, 2014 WL 10250973, at *4 (S.D. Fla. Dec. 2, 2014) (criticizing Defendant's strategy to use Rule 26 to "dispos[e] of an entire case after the time to make dispositive motions"). Given the information made available to Plaintiff in the pleadings and discovery, and Plaintiff's lack of diligence in pursuing discovery, precluding damages evidence is too harsh of a sanction against Mr. Rasure.

## CONCLUSION

For these reasons, this Court should deny the Plaintiff's Motion in Limine No. 2 based on its belated oral Rule 26 theory.

[2] Defendants also asserted an affirmative defense to Plaintiff's claims that any damages to Plaintiff must be reduced for set-offs for amounts owed by Plaintiff to Mr. Rasure for these payments. (Dkt. 50, ¶ 76.)

DATED: May 6, 2019

By */s/ Andrea Pallios Roberts*

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone: (917) 960-1667

Attorneys for Defendants and Counterclaimants