Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 bankruptcy trustee for TECHSHOP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DAN RASURE et al.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No: 4:18-cv-01044-HSG (JCS)<br><br>**DECLARATION OF ANN MCFARLAND DRAPER IN SUPPORT OF DEFENDANTS' AND COUNTERCLAIMANTS' FURTHER RESPONSE REGARDING PLAINTIFF'S MOTION IN LIMINE NO. 2**<br><br>**RE: DEFENDANTS' FRAUD ALLEGATIONS**<br><br>Trial: June 3, 2019, 8:00 a.m. |

I, Ann McFarland Draper, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am an attorney at the law firm of Draper Law Offices, counsel for Defendants and Counterclaimants ("Defendants"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify thereto.

2. During fact discovery in the above-captioned case, Defendants produced documents supporting Mr. Rasure's fraud counterclaim and on which the computation of fraud damages is based, without awaiting a discovery request from Plaintiff. Such documents produced include, *inter alia*, the documents identified in Paragraphs a through o below.

   a. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding Google fees paid by Mr. Rasure as DR000537, which has been marked as trial exhibit TX0534, attached hereto as Exhibit 1.

   b. Among other documents, Defendants produced communications between Mr. Rasure and Mr. Lloyd regarding making TechShop's health insurance payments paid by Mr. Rasure and Mr. Lloyd and regarding payments to TechShop's attorneys as DR001804, which has been marked as trial exhibit TX0546, a true and correct excerpt of which is attached hereto as Exhibit 2.

   c. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding payments to TechShop's attorneys as DR005038, which has been marked as trial exhibit TX0581, attached hereto as Exhibit 3.

   d. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding making TechShop's health insurance payments as DR005951, which has been marked as trial exhibit TX0587, attached hereto as Exhibit 4.

   e. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding making TechShop's health insurance payments as DR006331, which has been marked as trial exhibit TX0589, attached hereto as Exhibit 5.

f. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding making TechShop's health insurance payments as DR006358, which has been marked as trial exhibit TX0590, attached hereto as Exhibit 6.

g. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding making TechShop's health insurance payments as DR006423, which has been marked as trial exhibit TX0591, attached hereto as Exhibit 7.

h. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding Google payments paid by Mr. Rasure as DR006448, which has been marked as trial exhibit TX0592, attached hereto as Exhibit 8.

i. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding making TechShop's health insurance payments as DR006469, which has been marked as trial exhibit TX0593, attached hereto as Exhibit 9.

j. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding making TechShop's health insurance payments as DR006471, which has been marked as trial exhibit TX0594, attached hereto as Exhibit 10.

k. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding Google payments paid by Mr. Rasure as DR007282, which has been marked as trial exhibit TX0620, attached hereto as Exhibit 11.

l. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding payments to TechShop's public relations consultant as DR007313, which has been marked as trial exhibit TX0621, attached hereto as Exhibit 12.

m. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding payments to TechShop's attorneys as DR007977, which has been marked as trial exhibit TX0623, attached hereto as Exhibit 13.

n. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding payments to TechShop's public relations consultant as DR009095, which has been marked as trial exhibit TX0629, attached hereto as Exhibit 14.

o. Among other documents, Defendants produced communications between Mr. Rasure and TechShop regarding Google payments made by Mr. Rasure as DR013358, which has been marked as trial exhibit TX0643, attached hereto as Exhibit 15.

3. Plaintiff did not take any depositions, even though I offered to unilaterally extend fact discovery so that Plaintiff had additional time in which to do so.

4. Plaintiff did not serve requests for production aimed at the fraud claim.

5. Plaintiff did not serve any interrogatories.

6. Plaintiff did not serve any requests for admissions.

7. Plaintiff did not move for summary judgment.

8. Plaintiff did not file a motion to compel Defendants to provide additional fraud-related discovery or disclosures.

9. Prior to the Pretrial Conference on April 30, 2019, Plaintiff never raised any complaint regarding Defendants' and Counterclaimants' Initial Disclosures for their counterclaims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th of May, 2019 at San Rafael, California.

*/s/ Ann McFarland Draper*
Ann McFarland Draper

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the undersigned attests that concurrence in the filing of this document has been obtained from Ann McFarland Draper.

                                          */s/ Andrea Pallios Roberts*
                                            Andrea Pallios Roberts