James C. Pistorino (SBN 226496)
    james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S BRIEF RE: JMOL PROCEDURE** <br><br> Trial: June 3, 2019 8:00am <br> Judge: Hon. Haywood S. Gilliam, Jr. |

    Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), files this brief regarding JMOL Procedure as discussed during the pre-trial conference held on April 30, 2019.

    At the pre-trial conference, the Court and the parties engaged in a discussion of procedure pursuant to FED.R.CIV.P. 50 for judgment as a matter of law ("JMOL"). In particular, TechShop noted that, before a JMOL motion can be granted, in addition to notice of the alleged evidentiary deficiency, the non-moving party must be given an opportunity to cure any alleged defect. While it is uncertain whether this issue will arise in this case, TechShop offered to provide a brief on the issue.

    As described in the Advisory Committee Notes to the 1991 Amendments (subdivision (a)(1): ("In no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any

available evidence bearing on that fact."); (a)(2) ("The purpose of tis requirement is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment.")  Similarly, the 2006 Amendments state: "The earlier motion informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available."

The rule requiring both notice and an opportunity to cure is black letter law in the Ninth Circuit. *See, e.g., Reed v. Lieurance*, 863 F.3d 1196, 1210 (9th Cir. 2017); *Summers v. Delta Airlines, Inc.*, 508 F.3d 923, 926-8 (9th Cir. 2007); *Freund v. Nycomad Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) ("Second, it calls to the court's and the parties' attention any alleged deficiencies in the evidence at a time when the opposing party still has an opportunity to correct them."); *Waters v. Young*, 100 F.3d 1437, 1440-42 (9th Cir. 1996).

Thus, if either party makes a motion under FED.R.CIV.P. 50, the Court must afford the non-moving party an opportunity to cure any alleged defects and it is error to award JMOL on grounds other than those specifically articulated in the original JMOL motion. *See, e.g., Summers*, 508 F.3d at 927-8; *Freund*, 347 F.3d at 761,

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff