1  Ann McFarland Draper (Bar No. 065669)
   courts@draperlaw.net
2  Draper Law Offices
   75 Broadway, Suite 202
3  San Francisco, California 94111
   Telephone:   (415) 989-5620
4
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Andrea Pallios Roberts (Bar No. 228128)
   andreaproberts@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:   (650) 801-5000
   Facsimile:   (650) 801-5100
9
   Ed DeFranco (Bar No. 165596)
10 eddefranco@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
11 New York, NY 10010
   Telephone:   (212) 849-7000
12 Facsimile:   (212) 849-7100

13 John E. Nathan (*Pro Hac Vice*)
   jnathan155@yahoo.com
14 John E. Nathan LLC
   1175 Park Avenue
15 New York, NY 10128
   Telephone:   (917) 960-1667
16
   Attorneys for Defendants and Counterclaimants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 bankruptcy trustee for TECHSHOP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAN RASURE et al. <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No: 4:18-cv-01044-HSG (JCS) <br><br> **DECLARATION OF ANN MCFARLAND DRAPER RE PRODUCTION OF MAKER NEXUS VIDEO, IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1** <br><br> **RE: DOCUMENTS NOT PRODUCED DURING DISCOVERY/WITNESSES DISCLOSED** <br><br> Trial: June 3, 2019, 8:00 a.m. |

I, Ann McFarland Draper, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California. I am an attorney at the law firm of Draper Law Offices, who is one of the counsel for Defendants and Counterclaimants ("Defendants"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify thereto.

2. I make this declaration in response to the Court's request made at the Pretrial Conference held April 30, 2019.

3. This declaration relates to Defendants' TX1157 and TX1158, which are respectively a video of the MakerNexus Town Hall meeting held January 19, 2018 (the "Maker Nexus Video"), and an excerpt of that video. As of today, I have personally confirmed that the Maker Nexus Video is available from YouTube at the URL

   https://www.youtube.com/watch?v=_lykqNKW8qU&feature=youtu.be&t=3719.

4. I have viewed and listened to the Maker Nexus video. James Pistorino, who is trial counsel for Plaintiff, appears and speaks in the video.

5. Plaintiff's filings in this case acknowledge and admit that Maker Nexus is a non-profit organization formed after the close of TechShop to develop a maker space and that Maker Nexus is a potential competitor of Defendants.

6. I was the original counsel of record for Defendants in this action and was their sole counsel in this case during discovery and until mid-January of 2019. I am also the attorney of record for Defendants in the Chapter 7 bankruptcy case filed by Plaintiff TechShop, Inc. ("TechShop").

7. From early May 2018 to mid-September 2018, I searched on the internet for information and documents relating to this case.

8. It was my understanding that there were several videos on the internet containing footage of Maker Nexus meetings, but after extensive searching I was unable to find a video of the January 19, 2018 "Town Hall" meeting. The video was either not posted on a public-access site or was no longer publicly available. I was aware there were a number of "closed" or "private" groups (such as the Facebook Groups "Maker Orphans" and "TechShop Thereafter"), but I was

1  not a member of any of those groups and did not have access to any of the posts and materials
2  available privately to group members.  I was also aware that Maker Nexus had a Slack messaging
3  account, but that also was private and I was not a member.  Given the circumstances, I considered
4  it improper for me to even attempt to join any of these groups or in any way use false pretenses to
5  obtain information that the authors and contributors intended to be confidential or restricted to
6  members of their groups.

7      9. In addition to my own search efforts, I directed Defendants to search as well, and I had a
8  vendor periodically search for the Maker Nexus Video.  I regularly followed up on gathering
9  documents (including the Maker Nexus Video) for defense of this case and discovery production,
10 but I was not successful in finding the Maker Nexus Video.  I do recall watching two online
11 videos of portions of different Maker Nexus meetings, but those other videos were badly filmed
12 (blurry, excess motion, inaudible, etc.), and were about subjects not material to this trademark
13 dispute (such as raising money, when a makerspace could be opened, budgets, etc.).  I did not
14 download or save copies of those videos.

15     10. On September 13, 2018, I served Defendants' First Set of Requests for Production of
16 Documents on counsel for Plaintiff, which included a request for videos that would cover the
17 Maker Nexus Video.  Specifically, Request No. 8 in that set called for:

18-21
> A copy of each video recording between November 15, 2017 and the date of your responses, of any meeting or group session in which James C. Pistorino made any announcement, presentation, or statement or responded to any question or inquiry, where the topic included any of the following:  Dan Rasure or any Defendant in this action; TechShop 2.0; TheShop dot Build; TechShop's Trademarks; or this litigation.

22     11. Once I served this document request on September 13, I did not make any further special
23 effort to search for the Maker Nexus Video, as I was confident that Plaintiff or its counsel had the
24 video and would produce it, and by mid-September I was overwhelmed with documents,
25 discovery productions, and complying with Magistrate Judge Spero's discovery order.

26     12. At around the time I served the Request for Documents, the Maker Nexus Video became
27 available again.  Attached as Exhibit 1 hereto is a cellphone screenshot taken on April 17, 2019,
28 showing a post on September 13, 2018 (the day I served document requests), by Jim Schrempp

(as an Admin) in the Maker Nexus Facebook Group, posting a YouTube link for the Maker Nexus Video.  The post states:

> People have been asking for the video from our first town hall meeting.  We thought it had been trashed because the video is such poor quality it's hard to watch.  But I found it in my YouTube account!  So here it is, for your viewing.

13. Attached as Exhibit 2 hereto is a cellphone screenshot taken on April 17, 2019, showing that on September 13, 2018, Jim Schrempp sent this post to the attention of James Pistorino.

14. Attached as Exhibit 3 hereto is a computer screenshot also showing that Jim Schrempp sent his post of the link for the Maker Nexus Video to James Pistorino.

15. My vendor was able to obtain a copy of the video and transmitted it to me via a file-share link.  My records show that I downloaded the Maker Nexus Video on September 15, 2018 at 10:40 p.m.  The video is 1 hour 26 minutes long.  I did not view it from beginning to end because I was focusing on Defendants' document production and complying with Magistrate Judge Spero's discovery orders.  Sometime later, I flipped through the video download sufficiently to satisfy myself that the video I had obtained seemed to cover the typical Maker Nexus agenda, about financials and potential locations, and I watched the section at the time marker where Mr. Pistorino spoke.  As explained below, before today, I did not recall that I had ever obtained a copy of the Maker Nexus Video until shortly before the parties' trial exhibit lists were due.

16. On October 15, 2018, Plaintiff served its response to the requests.  Plaintiff objected to Request No. 8 in its entirety, as follows:

> TechShop objects to this Request on the grounds of relevance.  What statements by Mr. Pistorino, if any, have to do with alleged trademark infringement, Defendants' defenses, etc. is unclear and would not appear to be relevant in any event. Nevertheless, none are known to exist in TechShop's possession, custody, or control at this time.

17. I considered the objection to be misgrounded as well as evasive.  On October 16, I wrote Mr. Pistorino regarding deficiencies in Plaintiff's responses to Defendants' First Set of Request for Documents.   On the subject of Request No. 8, I wrote:

> You have objected to Request No. 8 on the ground of

relevance.  Statements, presentations, and responses to questions and inquiries relating to Mr. Rasure, TechShop 2.0, TheShop dot Build, etc. are highly relevant because they bear directly on likelihood of confusion.  Moreover, documents in the possession, custody or control of a party's current or former counsel are deemed to be within that party's possession, custody and control.  See, e.g., *Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112 (SDNY 2001).  All videos and recordings in your possession, custody or control, or which you caused to be deleted from online sites during the pendency of this action, must be produced.

18. Mr. Pistorino responded by email on October 19, 2018.  With regard to Request No. 8, he stated:

Your Request is directed to statements by me, specifically.  While I seriously doubt that this request is even proper, statements made by me prior to being engaged as an attorney by TechShop seem irrelevant as they are not statements by a party opponent or by me acting as an attorney for anyone.  In any event, as indicated in the response, there is nothing in TechShop's possession, custody, or control.  If you have evidence to suggest that I "caused [anything] to be deleted from online sites during the pendency of this action", please let me know it.  I would respond to any allegation that I have acted unethically with the seriousness such a charge merits.  To the extent that you are making such a claim, that it baseless.

19. Although Mr. Pistorino and I met and conferred on October 21 regarding these deficiencies and other discovery issues, I ultimately decided it was not prudent or practical to proceed further with a motion to compel documents (although I did later successfully move to compel further responses to Defendants' Interrogatories).

20. Prior to today, it was my recollection that Defendants did not have the Maker Nexus Video until recently, but I was confident that counsel for Plaintiff did have the video.

21. In response to the Court's order requesting a declaration detailing Defendants' efforts to obtain the Maker Nexus Video, I dug through my emails and digital files to determine whether Defendants ever had this video.  I was unable to locate the Maker Nexus Video in my case files.  However, after several hours of searching, I found a copy of the Maker Nexus Video in an archive of documents relating to many cases and not indexed or flagged for this case, with a file timestamp indicating that I first obtained this file on September 15, 2018 at 10:40 p.m. but had somehow trashed it so it fell through the cracks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th of May, 2019 at San Rafael, California.

*/s/ Ann McFarland Draper*
Ann McFarland Draper

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the undersigned attests that concurrence in the filing of this document has been obtained from Ann McFarland Draper.

*/s/ Andrea Pallios Roberts*
Andrea Pallios Roberts