UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>DAN RASURE, et al.,<br><br>          Defendants. | Case No. 18-cv-01044-HSG<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 135, 137 |

In this case, Plaintiff TechShop (through its bankruptcy trustee) asserts that Defendants Dan Rasure and two entities he formed infringed upon its service marks in connection with the name of makerspace services. *See* Joint Proposed Statement of the Case, Dkt. No. 153 at 3. Defendants counterclaimed, contending that Plaintiff defrauded them. *See id.*

At the April 30 pretrial conference, the Court directed Defendants to submit additional briefing on specified issues and informed the parties that it would issue a written order resolving the pending motions in limine. Having received the supplemental responses, the Court rules on the remaining motions in limine.

**I.   PLAINTIFF'S MOTION IN LIMINE NO. 1 RE: DOCUMENTS NOT PRODUCED DURING DISCOVERY/WITNESSES DISCLOSED**

Plaintiff moved in limine "to preclude Defendants from offering evidence of documents not properly produced during discovery and calling witnesses not disclosed." *See* Dkt. No. 135 at 1. Plaintiff's initial motion pertained to approximately 3,700 pages of documents and the testimony of Defendants' witness Michael Hilberman. *See id.* at 2–3. In their response, Defendants stated that they were "willing to withdraw" all of the objected-to items except for a video of the January 19, 2018 Maker Nexus town hall meeting and the testimony of Mr.

Hilberman. *See* Dkt. No. 149 at 1.[1]  At the pretrial conference, the Court directed Defendants to submit a declaration explaining how they obtained the video and told the parties that it would issue a written order as to both the video and Mr. Hilberman's testimony.

### A. Legal Standard

Federal Rule of Civil Procedure 26 provides that "a party must, without awaiting a discovery request, provide to the other parties:"

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a).  Further,

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e)(1).  As a sanction for failing to make a required initial or supplemental disclosure, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

### B. Maker Nexus Video

Plaintiff moved to preclude the introduction of the Maker Nexus town hall meeting video because Defendants failed to disclose that they intended to use the video to support their claims or

---

[1] Defendants also declined to withdraw documents relating to the Odyssey Expo event.  At the pretrial conference, the Court orally denied Plaintiff's motion to preclude these documents because they were created after the discovery cut-off date and there was no prejudice to Plaintiff.

2

defenses.[2] Defendants asserted in their opposition that their "late production" of the Maker Nexus video was "substantially justified" and harmless because they "requested its production during discovery" and "Plaintiff knew about this video both from Defendants' discovery requests and because its counsel was present at the meeting and can be seen speaking in the video." *See* Dkt. No. 149 at 5. Defendants represented at the pre-trial conference that the video was not publicly available during the fact discovery period but was later located online. However, following the pre-trial conference, counsel for Defendants submitted a sworn declaration in which she stated that her "records show that I downloaded the Maker Nexus Video on September 15, 2018 at 10:40 p.m." and that she viewed portions of the video around that time. *See* Dkt. No. 177 ¶ 15. Counsel "did not recall that [she] had ever obtained a copy of the Maker Nexus Video until shortly before the parties' trial exhibit lists were due." *Id.* But counsel avers that she served a discovery request on September 13 on Plaintiff seeking this video and that Plaintiff responded on October 15 that it did not possess the video. *See id.* ¶¶ 10, 16. Counsel provides no explanation for why she failed to disclose or otherwise notify Plaintiff that she obtained the video just a few days after she asked for it in a discovery request.

Because Defendants have not demonstrated that their failure to timely disclose the video was substantially justified or harmless, the Court **GRANTS** the motion to exclude the Maker Nexus video.

### C.   Testimony of Mr. Hilberman

Plaintiff moved to preclude Defendants from calling Michael Hilberman as a witness because he had not been identified as a potential witness prior to his name appearing on the witness list. *See* Dkt. No. 135 at 3. Defendants responded that Mr. Hilberman's "name appears on documents produced by both parties" and that he was "Plaintiff's CFO prior to the bankruptcy filing and was involved in TechShop's negotiations with Mr. Rasure." Dkt. No. 149 at 5. According to Defendants, because Mr. Hilberman's involvement with the underlying events was

---

[2] Plaintiff separately moved to preclude introduction of the Maker Nexus video on relevance and unfair prejudice grounds, *see* Dkt. No. 138; the Court denied this motion on the record during the pretrial conference.

known to Plaintiff, they "were not obligated to supplement their Initial Disclosures to add his name, and there is no prejudice to Plaintiff in Defendants calling him as a trial witness." *See id.*

The Court disagrees. Sporadic references to Mr. Hilberman in (at most) a few dozen of the documents produced in this case is insufficient to overcome Defendants' supplemental disclosure obligation. *Cf. Nuance Commc'ns, Inc. v. ABBYY Software House*, No. C 08-02912 JSW MEJ, 2012 WL 2838431, at *2 (N.D. Cal. July 10, 2012) (noting that "merely mentioning the individual's name at a deposition or in a discovery response may not be enough to put the other party on notice that the individual is being disclosed as a trial witness"); *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010) ("Certainly the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial."). Nor does pointing out that Mr. Hilberman was present for the events underlying this action meet Defendants' burden to show that their failure to disclose was substantially justified or harmless. Accordingly, the Court **GRANTS** Plaintiff's motion to exclude Mr. Hilberman as a witness.

## II. PLAINTIFF'S MOTION IN LIMINE NO. 2 RE: DEFENDANTS' FRAUD ALLEGATIONS

Plaintiff moved in limine to preclude Defendants from offering evidence of fraud, for essentially the same reasons as were rejected in its motion to dismiss. *Compare* Dkt. No. 137 (motion in limine) *with* Dkt. No. 46 (motion to dismiss). At the pre-trial conference, Plaintiff argued for the first time that Rules 26 and 37 required excluding the proffered evidence of damages from the alleged fraud because Defendants did not provide a "computation of damages." Given that Defendants had not previously heard this argument, the Court gave them an opportunity to respond in writing. *See* Dkt. No. 174.

Rule 26 requires a party to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). "If a party fails to provide information . . . as

4

1   required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply
2   evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is
3   harmless." Fed. R. Civ. P. 37(c)(1).  "The party facing sanctions bears the burden of proving that
4   its failure to disclose the required information was substantially justified or is harmless." *R & R*
5   *Sails, Inc.*, 673 F.3d at 1246.

6         Defendants assert that their failure to provide a computation of damages was harmless
7   because they provided an itemized list of the alleged damages in the counterclaim itself.  *See* Dkt.
8   No. 174 at 3 (citing Dkt. No. 42 ¶¶ 51, 53–55, 58, 68).  Defendants also contend that the failure
9   was harmless because they produced the underlying documents and Plaintiff had an opportunity to
10  conduct discovery into the fraud counterclaim, including the damages calculation, but did not do
11  so (and did not raise any Rule 26 objection until the pretrial conference).  *See* Dkt. No. 174 at 2–3.

12        Under the circumstances of this case, the Court finds that, even assuming *arguendo* that
13  Defendants failed to disclose a computation of damages as required by Rule 26, any such failure
14  was harmless.  Plaintiff had clear notice of the fraud damage claims through Defendants'
15  counterclaim, which lists the factual basis and dollar amount of each alleged source of damage.
16  *See* Dkt. No. 42 ¶¶ 51, 53–55, 58, 68.  And Plaintiff had an opportunity to conduct discovery
17  regarding Defendants' damage estimates but appears not to have done so.  Plaintiff's argument
18  appears to be an eleventh-hour sandbag attempt, given the complete lack of diligence as to this
19  issue during discovery.  Excluding the evidence of damages would be equivalent to granting
20  Plaintiff's previously-denied motion to dismiss, and the Court **DENIES** Plaintiff's motion to
21  preclude evidence of the alleged fraud.
22  //
23  //
24  //
25  //
26  //
27  //
28  //

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion in limine to exclude the Maker Nexus video, **GRANTS** Plaintiff's motion in limine to exclude Mr. Hilberman as a witness, and **DENIES** Plaintiff's motion in limine to preclude evidence of the alleged fraud.

**IT IS SO ORDERED.**

Dated: 5/8/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge