James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S BRIEF RE: DISPUTES REGARDING ADMISSIBILITY OF EXHIBITS AND DEMONSTRATIVES** <br><br> Trial: June 3, 2019 8:00am <br> Judge: Hon. Haywood S. Gilliam, Jr. |

In accordance with this Court's Standing Civil Pretrial and Trial Order (as modified during the pre-trial conference), Plaintiff Doris A. Kaelin, submits this brief regarding admissibility of exhibits and demonstratives.

**Defendant's Objections To TechShop's Exhibits/Slides Including The Manner In Which Defendants Infringed**

Defendants have objected to exhibit numbers: 327, 328, 329, 360, 361 (as well as a demonstrative) depicting various ways the TechShop' marks were used by Defendants. Defendants alleged that they believe that showing the jury the manner in which Defendants actually infringed is improper because the jurors may be confused as to whether the logo itself is claimed.

These objections are totally without basis. Clearly, the actual evidence of alleged infringement cannot be excluded. That some of the logos include the marks at issue does not

Page 1 of 4

make the logo any less infringing when used by Defendants without authorization. For "theShop.build", again, that is an actual use that is alleged to infringe.

Further, of course, that Defendant's actually used TechShop's logo incorporating the underlying word mark is evidence that the jurors can properly consider as it regards both intent to infringe and likelihood of confusion. With respect to "theShop.build", again, the evidence that Defendant's both used term confusingly similar to TechShop's marks and sought to mimic TechShop's logo is relevant to intent to infringe and likelihood of confusion.

Defendants' objections should be rejected.

**Plaintiff's Objections to Defendants Demonstratives and Exhibits**

Defendants demonstratives are replete with images of the trial exhibits in this case. Demonstratives for ease of reference, the only demonstratives NOT suffering from this defect are: DX1-5, DX8, DX14, DX19, DX21, DX22, DX26, DX35. Clearly, during trial, it would be improper to show the jurors exhibits before they had been authenticated and admitted. Showing the jurors those same unadmitted exhibits during opening would be even more improper. Opening is a time to discuss with the jurors what parties *expect* the evidence to show, not to show the evidence to the jurors before it has been properly tested and thereby taint the jury. This is improper.

Slides DX28 and DX29 are simply improper argument during opening.

Slide DX35 includes alleged fraud damages and suffers from two defects. First, as the Court is aware, Defendants never disclosed these alleged damages during the discovery portion of this case. Accordingly, Defendants can have no reasonable expectation that such evidence will be admitted when its exclusion is automatic for failure to comply with FED.R.CIV.P. 26(a)/(e) obligations under FED.R.CIV.P. 37. Highlighting the failure to comply, Defendants indicate a total damage of ~$45,000, including damages related to "Texas taxes." Defendants can have no reasonable expectation that evidence allegedly related to "Texas taxes" would be admitted in this case because "Texas taxes" was not disclosed in Defendant's Initial Disclosures (indeed nothing related to alleged fraud was), no expert report related to them was served, and

they were not even mentioned in Defendants' counterclaim pleading. There is a reason that FED.R.CIV.P. 26(a)(1)(A)(iii) requires a disclosure of a "computation of damages." That is so that the opposing party can take discovery on it and not learn of alleged damages, etc. for the first time in the pre-trial papers or (as here) in copies of Defendants' opening slides served the day before trial. DX35 should be excluded.

Defendant have also identified exhibits TX578, TX579, TX1177, TX1178, and TX1179 as ones they intend to use with Mr. Newton. These documents relate to trademark applications that are not the subject of this lawsuit and that TechShop abandoned prior to filing the trademark applications that resulted in registered trademarks in this case. Those trademark applications covered different classes/fields of use and, as such are both not relevant and likely to result in confusion and unfair prejudice. Accordingly, those exhibits should be excluded.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff