Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:    (917) 960-1667

Attorneys for Defendants and Counterclaimants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KLEIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' BRIEF RE EVIDENTIARY DISPUTES FOR JUNE 6, 2019**<br><br>Trial: June 3, 2019, 8:30 a.m |

Defendants and Counterclaimants ("Defendants") submit below their positions regarding exhibit, testimony, and witness disputes for June 6 that the parties could not resolve.

## I.  DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEMONSTRATIVES AND EXHIBITS.

Plaintiff proposes to use new exhibits TX 374 and TX 375 during its direct examination of Dr. Matolo.  Both exhibits relate to Defendants' expenses.  Defendants respectfully object.

As background, Plaintiff engaged Dr. Matolo as an expert on damages.  He prepared two expert reports:  an original report dated November 19, 2018 and a supplemental report dated June 3, 2019.[1]  Both reports present Dr. Matolo's damages theory that Plaintiff is entitled to recover Defendant's alleged profits.  To calculate those profits, Dr. Matolo looked only to Defendants' revenues.  In fact, Dr. Matolo stated that a "trademark plaintiff is only required to prove Defendants' sales." *See* Dkt 168-1 (November 19, 2018 Matolo Report) p. 11.  *See also id.* at p. 3 (stating that "the plaintiff need only prove defendant's sales and defendants must prove any offsets").

Thus, in his November 19, 2018 report, p. 11, Dr. Matolo based Defendants' alleged profits on Defendants' revenues.  Similarly, in Exhibit D to that report (*id.* at p. 25), Dr. Matolo tabulated his understanding of Defendants' Forecasted Total Income for 2018.  And in Exhibit E (*id.* at p. 26), Dr. Matolo set forth his understanding of Defendants' revenues.

Dr. Matolo's Supplemental Expert report is similarly confined to Defendants' revenues.  *See* Ex. 1 (Supplemental Exhibit E entitled "Defendants' Revenues").  Moreover, the Supplemental Report expressly states that "the methods applied for evaluation and calculation of updated damages remain unchanged from my initial expert report submitted in this matter." *Id.*

Plaintiff has now changed course and proposes to ask Dr. Matolo about Defendants' expenses.  That is outside the scope of both of his expert reports and is improper.  Since Plaintiff's

---

[1] Pursuant to the Court's request, Plaintiff's counsel delivered copies of both reports to the Court on June 4, 2019.

proposed exhibits TX 374 and TX 375 both relate to Defendants' expenses, Plaintiff should not be permitted to examine Dr. Matolo about them.

If Plaintiff wishes to address the expense issues in TX 374 and TX 375, it is free to cross examine Defendants' financial witness, Jeremiah Johnson, who will testify in Defendants' case. It is worth noting that Defendants took the extraordinary step of offering to make Mr. Johnson available for a deposition this week so that Plaintiff could inquire about Defendants' expenses. *See* Ex. 2 (TX 375, Defendants' counsel's June 2, 2019 11:21 AM email to Plaintiff's counsel). Surprisingly, Plaintiff declined that invitation. Plaintiff should not be permitted to ask Dr. Matolo about Defendants' expenses when the proper witness is Mr. Johnson.

## II. PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEMONSTRATIVE AND EXHIBITS.

### A. Defendants' Fraud Claim

Yet again, Plaintiff attempts to strike Defendants' fraud from the case, despite two Court rulings to the contrary. Plaintiff states that it "objects to any testimony from Mr. Rasure as it relates to alleged fraud or any other topic not covered in Defendants' Initial Disclosures." Plaintiff raises the same objection for testimony from Mr. Newton.

This Court has already twice determined that Mr. Rasure's fraud claim is at issue in the case. In its Order on Motions in Limine this Court denied "Plaintiff's motion to preclude evidence of the alleged fraud." Dkt. 182 at 5. Previously, in its Order Denying Plaintiff's Motion to Dismiss, this Court has found that "Rasure has met the heightened pleading requirements of Rule 9(b) and denies the motion to dismiss this cause of action." Dkt. 110 at 6.

Furthermore, evidence related to the fraud claim is already at issue in the case. Both Mr. Newton and Mr. Woods have testified to the damages which Mr. Rasure experienced as a result of the alleged fraud.

This Court should deny Plaintiff's objections to the fraud claim for the third time. Defendants should be permitted to present evidence related to Mr. Rasure's fraud claim in their case-in-chief.

### B. Mr. Newton Testifying on Thursday

1   On Tuesday, June 4, Defendants disclosed to Plaintiff the following order of witnesses: Rasure, Woods (to the extent necessary), Newton (to the extent necessary), Busch (to the extent necessary), Jeremiah Johnson, and Mark Bunger.  At the point in time when the disclosure was made, Defendants expected Mr. Rasure to take the stand on Wednesday, June 5, and were preparing to re-call Plaintiff's witnesses as necessary after him.  On Wednesday, June 5, (1) it became apparent that Mr. Rasure did not testify, and (2) Mr. Newton's counsel informed Defendants that he preferred not be in Court on Friday, June 7, as he wants to attend his daughter's high school graduation.  Consequently, Defendants disclosed on Wednesday, June 5 to Plaintiff that in light of these facts, they will call Mr. Newton before Mr. Rasure as a courtesy to accommodate Mr. Newton's schedule.  This means that Mr. Newton will most likely take the stand on Thursday, June 6.  Plaintiff objected.

Plaintiff objected because Defendants did not provide an exhibit disclosure for Mr. Newton on Wednesday, June 5.  This is because Defendants do not seek to introduce any exhibits through Mr. Newton, other than through impeachment.  Plaintiff also objected because Defendants disclosed the changed witness order on Wednesday, June 5 after the parties' agreed-upon deadline.  This is because Defendants were trying to find an acceptable solution to Mr. Newton's scheduling issue.  Defendants' counsel advised Plaintiff's counsel in Court on June 5 that the disclosed witness order may change to accommodate Mr. Newton, so Plaintiff's counsel was aware of this possibility.  Plaintiff's proposal is that Defendants plan to call Mr. Newton on Monday.  This is untenable because it is possible that the case will close on Friday, leaving Defendants with no opportunity to re-call Mr. Newton.  Further, Defendants should have the ability to present their case as they see fit.  Defendants are already accommodating Plaintiff's witness, Mr. Newton.  They should not have to re-arrange their case further.

Defendants should be permitted to make their case and call Mr. Newton on Thursday, June 6.  Defendants disclosed Mr. Newton on Tuesday, June 4, and Plaintiff should have been prepared for him to take the stand on Thursday, June 6.  The Court should deny Plaintiff's objection.

C.   **TX1070:  Customer Responses Compilation Exhibit with Partially Redacted Personally Identifiable Information**

1    Plaintiff objects to the exhibit labeled TX1070.  TX1070 consists of a number of emails
2 from third parties responding to the announcement of the opening of TheShop.Build.  Defendants
3 intend to admit this exhibit during Mr. Rasure direct examination.  The exhibit bears on Mr.
4 Rasure's state of mind as to the value of the marks, since these communications express general
5 frustration, dismay, and betrayal over TechShop's unexpected termination.  These complaints are
6 coming primarily from Defendants' customers.  This exhibit is relevant and is not being offered
7 for the proof of the statements contained in the complaints – rather, it bears on the state of mind of
8 Mr. Rasure regarding the value of the marks.

9    Plaintiff objects to the exhibit because the personally identifiable information of some of
10 the third parties in the exhibit is redacted.  Plaintiff argues that the redactions to protect the
11 personally identifiable information prevented it from veryfing the veracity of the customer
12 complaints.  As the exhibit is not being offered for its veracity, but rather for its effect on Mr.
13 Rasure's state of mind, Plaintiff's objections are unfounded.  TX1070 should be admitted.

14    As a compromise to resolve this dispute without the Court's involvement, Defendants
15 proposed removing all redacted portions from TX1070.  Plaintiff declined Defendants' offer.  If,
16 in the alternative, the Court agrees with Plaintiff's argument, Defendants request to admit a
17 revised version of TX1070 which omits communications from parties whose identity has been
18 redacted.

| | | |
|---|---|---|
| DATED: June 5, 2019 | By | /s/ Andrea Pallios Roberts |

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants