James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S BRIEF RE: ADMISSIBILITY OF EXHIBITS** <br><br> Trial: June 3, 2019 8:00am <br> Judge: Hon. Haywood S. Gilliam, Jr. |

    Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Scheduling Order and Standing Civil Pretrial and Trial Order, files this brief re: admissibility of exhibits.

## BACKGROUND

    As this Court is aware, this case has been marred by discovery misconduct committed by Defendants. The two issues before the Court arise from continuing issues in that regard.

    First, during the discovery period, Defendants adopted the practice of altering documents to remove whatever information they did not want to disclose. That practice has continued even through materials disclosed in the last two weeks and effects two groups of documents at issue. TX-1070 is 134-page composite document consisting of a large number of email communications that Defendant apparently believe are helpful to their case. The documents

have been altered in numerous instances to remove information. Those alterations fall into two categories:

| Basis Alleged For Alteration | Exhibit Page # |
|---|---|
| None | 36, 37, 40, 41, 46, 53, 54, 55, 59, 60, 64, 66, 67, 68, 71, 72, 93, 101, 105, 120, 124 |
| Alleged "Customer Identity" | 1, 6, 7, 8, 12, 13, 19, 26, 27, 28, 50, 76, 79, 82, 86, 89, 97, 99 |

Another area of disagreement relates to Defendants' financial production. During the discovery period, Defendants produced only spotty financial information. Nevertheless, Defendants did produce a spreadsheet showing transactions related to revenues covering the period February 6, 2018 to September 22, 2018 with detail reflecting individual transactions, invoice numbers, amounts, purpose, and dates. See TX6. Relying on the only information made available, Dr. Matolo prepared his initial expert report regarding damages. Defendants did not offer an expert report of any kind related to damages.

No other information related to revenue was produced through the close of discovery. As the parties neared the preparation of the Joint Pretrial papers, in accordance with the Fed.R.Civ.P. 26(e)'s duty to supplement, TechShop requested that Defendants supplement their revenue disclosures. For two weeks Defendants simply refused to comply with their duties in this regard. Finally, late on the evening of April 16, 2019, as the Joint Pretrial papers were being prepared, Defendants indicated that they would, in fact, supplement the revenue disclosures. See Dkt #155 at 27.

When materials were finally produced by Defendants on May 2, and May 24, they consisted of only profit and loss statements without any detailed information as the alleged basis for the categories. These documents suffer from three defects: 1) again, the documents were altered to remove information without basis (e.g., whom was allegedly being paid by Defendants); and 2) the alleged revenues are wildly different than the then earlier spreadsheet

production (TX-6) for the same periods (i.e., massively understated); and 3) the alleged expenses did not appear to be accurate. In particular, the documents reflect alleged expenses for rent for Defendants' San Jose location for the months February, March, and April 2019. Public reports called these alleged expense into question. Starting on May 24, Plaintiff's counsel sought to determine whether the financial production was alleged to constitute actual paid expenses. Defendants did not respond to multiple very direct inquires on this issue to enable Plaintiff's expert to know whether the production was reliable except though evasion. Finally, on Sunday, June 2, 2019 at ~11:00am (i.e., less than 24 hours before the start of trial), Defendants counsel admitted that the financial production of Defendants' (already submitted to the Court by Defendants as exhibits) claimed February, March, and April rent expenses when, in fact, those were not paid. In light of this late admission, Plaintiff has been able to locate copies of eviction proceedings against Defendants in Santa Clara County Court. A copy of the Complaint there is being offered as TX-374. Email communications from Defendants' counsel conceding that the latest production includes alleged expenses not actually paid are being offered as TX-375. Dr. Matolo reviewed all of these materials.

With respect to the latest production of revenues, Dr. Matolo supplemented his report with them but is also prepared to testify about their unreliability. With respect to alleged expenses, Dr. Matolo offered no opinion on them and is also prepared to testify why that is.

## DISCUSSSION

**TX-1070**

As described above, Defendants have unilaterally altered the documents that comprise TX-1070. Thus, the documents that are included in TX-1070 are not the "original" documents. Accordingly, Defendants could never make the showing required by FED.R.EVID. 1002. Accordingly, TX-1070 should be excluded on the grounds of authenticity.

Moreover, Defendants alterations are entirely without basis. No log of any kind complying with any Rule has ever been provided. In discussions with Defendant's counsel, TechShop objected to this practice. Nevertheless, Defendants persisted.

Most recently, within the last two weeks, Defendants produced financial documents altered to remove information. No basis for the alterations was disclosed. Again, the alteration of the documents means that they are not originals or reliable.

This failure is more than technical because the removal of this information precluded/precludes Plaintiff and the jury from testing/evaluating the information.

**TX-374 and TX-375**

As described above, because TX-375 and TX-375 directly bear on the reliability of Defendants' production, they are properly admissible to address that topic and why Dr. Matolo did not form an expenses opinion based on them.

## CONCLUSION

For the reasons set forth above, exhibit TX-1070 should be excluded and exhibit TX-374 and TX-375 should be admitted.

Respectfully submitted,

                                                James C. Pistorino (SBN 226496)
                                                james@dparrishlaw.com
                                                Parrish Law Offices
                                                224 Lexington Dr.
                                                Menlo Park, CA 94025
                                                Telephone: (650) 400-0043

                                                Attorneys for Plaintiff