James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S BRIEF RE: ADMISSIBILITY DISPUTES** <br><br> Trial:  June 3, 2019  8:00am <br> Judge:  Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Scheduling Order and Standing Civil Pretrial and Trial Order, files this brief regarding admissibility disputes.

**TX-1070**

Defendants have indicated that they no longer offer TX-1070

**Rasure Cross Exhibits**

Defendants have indicated that they object only to TX-5 on the grounds of hearsay and legal conclusion.  This is not well founded.  Of course, proceeding with knowing or reckless disregard of another's rights is evidence of willfulness.  Thus, the document is admissible.

**Objection to the Bunger Slides/TX-93**

At a high level, of course, Dr. Bunger has not been admitted as an expert. TechShop relies on each and every argument offered in its *Daubert* motion. *See* Dkt. #126. The Bunger' slides are essentially his expert report in PowerPoint form. Of course, that is improper.

In addition, during the meet and confer, Defendants' counsel conceded that likelihood of confusion is an issue of law. *See, e.g., AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (1979); *Murray v. Cable National Broadcasting Co.*, 86 F.3d 858, 860-61 (9th Cir. 1996). Yet that is the very thing Dr. Bunger intends to offer as testimony. Further, the proposed testimony from Dr. Bunger is replete with hearsay (e.g., "TechShop's bankruptcy was perceived as the result of incompetence"). Further, "brand value analysis" is not relevant to any issue in this case.

Candidly, the very idea that Dr. Bunger is an "expert" in "no possibility of confusion" is not serious. If Dr. Bunger testifies in this regard, this Court will have disregarded in its *Daubert'* duties.

TX-97 is simply a large collection of hearsay and not admissible for any identified purpose.

**Objection to Johnson Exhibits**

TechShop objects to TX-1180, TX-1194, TX-1195, TX-1196, TX 1200, TX-1203, TX-1204, TX-1205, and TX-1206. First, of course, these materials are not originals because they have been altered to remove critical information (e.g., whom various payments were made to, see TX-1206.0001). Second, because no information of this type was produced during the discovery period, Defendants' production of alleged expense information two weeks before trial is untimely. Third, as the Court now knows, the documents are unquestionably false/unreliable and reflect expenses not actually paid (e.g., TX-1204.0001 reflecting unpaid rent in San Jose for February, March, and April 2019).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff