Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:    (917) 960-1667

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KLEIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' BRIEF RE EVIDENTIARY DISPUTES FOR JUNE 7, 2019**<br><br>Trial: June 3, 2019, 8:30 a.m |

Defendants and Counterclaimants ("Defendants") submit below their positions regarding exhibit, testimony, and witness disputes for June 7 that the parties could not resolve.

## I. DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS

### A. Exhibits Associated with Cross-Examination of Mr. Rasure

After discussions with Plaintiff, Defendants limited their objections to Plaintiff's disclosure to two issues: TX5 and duplicative exhibits. Defendants' objections to each are set forth below.

#### 1. TX5

This exhibit must be excluded because it is inadmissible hearsay. TX5 is a text message thread between Mr. Rasure and Josh Ewing. Therein, Mr. Ewing asserts that Mr. Rasure is "infringing on the TechShop brand." Mr. Ewing has not been called to testify in this action, and his statement is therefore not subject to cross-examination. No hearsay exception embraces Mr. Ewing's message. Thus, TX5 is inadmissible hearsay and must be excluded.

#### 2. Duplicative Exhibits

Plaintiff offers several duplicative exhibits that differ in no respect from other exhibits Plaintiff has offered or intends to offer. Defendants point to only a few examples here in the interest of brevity: TX283 is identical to TX269; TX97 is identical to TX135; TX98 is identical TX136. Many of Plaintiff's duplicative exhibits are emails from Defendants' customers. Allowing Plaintiff to introduce duplicative evidence risks confusing and prejudicing the jury by falsely inflating the number of customer communications. Accordingly, Defendants request that the Court order Plaintiff to deduplicate its exhibits prior to offering them into evidence.

## II. PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND DEMONSTRATIVES

### A. Plaintiff's Objections to the Bunger Demonstratives and TX927.

The Bunger demonstrative is a PowerPoint presentation that presents his expert opinion. *See* Ex. 1. The demonstrative is based on the materials on which Mr. Bunger relied in his expert report. TX927 is the Appendix to Mr. Bunger's expert report that summarizes the materials he relied upon in his report. Plaintiff objects to the entire demonstrative and the exhibit. Plaintiff's

objection is based on what appears to be *Daubert* grounds.  Plaintiff never took his deposition to probe his qualifications.  Plaintiff argues that the Bunger demonstrative cannot be presented because Mr. Bunger is not qualified to testify to the materials contained therein; however, the demonstrative is based on the two expert reports submitted by Mr. Bunger in this matter.

The Court has already denied Plaintiff's attempt to exclude Mr. Bunger's testimony.  Plaintiff previously brought a *Daubert* motion to exclude Mr. Bunger's testimony on April 8, 2019.  Dkt. 126.  The Court denied this motion on April 24.  Dkt. 158 at 5.  This denial notwithstanding, Plaintiff now brings a second *Daubert* motion to exclude Mr. Bunger's testimony based on substantially the same grounds.  Plaintiff contends that the Court's rejection of precisely these grounds in its April 24 order was not a denial but rather a deferral of a ruling on Mr. Bunger's qualifications.  The Court's order is devoid of suggestions of this nature; rather, the April 24 order clearly and definitively denied Plaintiff's motion.  Plaintiff's attempt to relitigate an issue conclusively resolved more than a month before trial must be similarly rejected.

Regardless of Plaintiff's objections, the Bunger demonstrative and TX927 should be admitted.  Plaintiff will have the opportunity to address its issues with these materials on cross-examination.

B. **Plaintiff's Objections to TX1180, TX1194, TX1195, TX1200, TX1203-06**

Plaintiff seeks to preclude Defendants from introducing through Defendants' Chief Financial Officer, Jeremiah Johnson, Defendants' supplemental financial production reflected in TX1180, TX1194, TX1195, TX1200, TX1203-06.  Dr. Matolo relied on these documents to tabulate Defendants' alleged revenues, and Plaintiff presented that testimony in its case-in-chief.  Plaintiff now wants to preclude Defendants from introducing those very documents on which Dr. Matolo relied through the witness that created them.  Plaintiff wants to be able to rely on the portions of those documents that benefit its case—Defendants' revenues—and ignore the portions of those documents that hurt its case—Defendants' expenses.  If the evidence is good enough for Plaintiff and Dr. Matolo to rely upon, then Defendants should be permitted to rely upon it as well.

Plaintiff's complaints regarding the timeliness of the production do not warrant preclusion.  Defendants made a financial production during fact discovery.  Defendants produced revenue and

expense data through September 2018, which is the cut-off date ordered by Magistrate Judge Spero. Plaintiff did not seek further discovery regarding that financial data, such as Mr. Johnson's deposition. Thereafter, on March 28, Plaintiff asked Defendants when they would supplement their financial production. Initially, Defendants took the position that, in this case, supplementation was not warranted because Defendants stopped using "TechShop 2.0" after the lawsuit was filed. However, to avoid burdening the Court, on April 16, Defendants confirmed that they would supplement their financial production. Plaintiff had asked that Defendants produce financial data through two weeks prior to trial. That, however, would not give Defendants sufficient time to prepare the financial documents and produce them prior to trial. Accordingly, Defendants produced financial data through four weeks prior to trial, using April 30, 2019 as the date cut-off. Defendants collected the data and made the supplemental production requested by Plaintiff on May 24, producing detailed financial data, including the profits and losses and expense detail for the San Francisco and San Jose locations of TheShop.Build. That same day, Plaintiff alleged there were defects in the production and asked a substantive question as to whether the expense data reflected expenses actually paid. Defendants attempted to address Plaintiff's concerns and had Mr. Johnson re-review the materials. Defendants made a further supplemental production on May 29 to address Plaintiff's concerns. On May 31, Plaintiff complained again about defects and asked the same question about the expense reports, as well as other substantive questions about the preparation of the documentation. Defendants responded to the question about expenses actually paid.

The timing of Defendants' financial production is directly related to Plaintiff's request that the financial data be brought up to date right before the trial. Plaintiff cannot now complain about the timeliness of the production. And, to the extent Plaintiff believes there are defects in the data or it is incomplete, it will have the opportunity to cross-examine Mr. Johnson to test that theory.

In addition, "[u]nder the rule of curative admissibility, or the 'opening the door' doctrine, **the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission**." *See United States v. Segall,* 833 F.2d 144, 148 (9th

Cir.1987) (emphasis added); *United States v. Makhlouta,* 790 F.2d 1400, 1402–03 (9th Cir.1986); I J. Wigmore, Evidence § 15 (Tillers rev. 1983). *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988). During trial on Thursday, June 6, 2019, Dr. Matolo testified as to an alleged difference between the original financial information it received and the information contained in the supplemental production. Mr. Johnson, the CFO of TheShop.Build, should have the opportunity to rebut the false impression created by Dr. Matolo's testimony, now that the Plaintiff has opened the door. In short, Plaintiff adduced testimony from Dr. Matolo's testimony that the supplemental financial production was unreliable. Now that that the Plaintiff has opened the door, Defendants should have an oportunity to respond.

Plaintiff's position, in addition to these documents being untimely produced, is that these documents are unreliable because customer names have been redacted. This is irrelevant to the integrity of the financial information contained in the supplemental production.

| | | |
|---|---|---|
| 1 | DATED: June 6, 2019 | By      /s/ Andrea Pallios Roberts |

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants