James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S TRIAL BRIEF RE: ADMISSIBILITY DISPUTE/SLIDES** <br><br> Trial: June 3, 2019 8:00am <br> Judge: Hon. Haywood S. Gilliam, Jr. |

    Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Scheduling Order and Standing Civil Pretrial and Trial Order, files this motion re: admissibility dispute/slides.

## DISCUSSION

**Dr. Bunger**

    Essentially, the issue with Dr. Bunger's proposed slides is the same issue scheduled for *voire dire* on Monday morning, *i.e.*, is Dr. Bunger's proposed "expert" testimony admissible in whole or in part and, even if so, should it be excluded in whole or in part?

    As disclosed by Defendants, the proposed Bunger testimony/slides falls into four areas (*see* Slide 3): 1) alleged "negative brand equity" ; 2) that "2.0" is "an important consideration in a branding context"; 3) that "tech" and "shop" are common in makerspaces/generic terms; and 4)

that lost licensing revenue is not "an appropriate model for determining the value of the TechShop brand".

Dr. Bunger is not an attorney and does not hold himself out as a licensing, damages, statistics, trademark, or likelihood of confusion expert., etc. Instead, Dr. Bunger's background and training is in marketing and he claims expertise in "branding" and "brand value/brand equity".

TechShop objects to Dr. Bunger's proposed slides on a variety of grounds as follows:

<u>Relevance, Confusion/Prejudice to the Jury</u>

At base, TechShop objects to all of Bunger's proposed testimony/slides on the grounds of relevance. The issues before the Court are: 1) whether the TechShop trademarks are valid; and 2) if TechShop was damaged by Defendants' unauthorized use of the marks and, if so, how much? None of Bunger's proposed testimony addresses these issues. Regardless of whether TechShop's "brand equity" went up or went down, etc., that has no bearing on whether the marks are invalid or whether TechShop was damaged and, if so, how much.

Indeed, as defined by Dr. Bunger, "brand equity" focuses on what consumers would be willing to pay for a product/service from one provider as opposed to another, *not*, e.g., what a hypothetical license to the marks in suit would be worth. Indeed, by focusing on consumers, Dr. Bunger misses the point of focusing on the status of the alleged infringer (i.e., Defendants) in a hypothetical negotiation.

<u>Not "Expert" Opinion/Irrelevant</u>

Slides 28-32 consist of Dr. Bunger's views on the distinctiveness of "TechShop" v. "TechShop 2.0". Again, Dr. Bunger does not offer that he has any specialized training or expertise in this area or any way that his opinion will be helpful to the jury. The jurors are in just as good a position as Dr. Bunger to reach conclusions in this regard and Dr. Bunger is not an "expert" in this regards. At base, this appear to be an effort to offer "expert" likelihood of confusion testimony.

<u>Hearsay</u>

The Bunger slides are filled with simply hearsay and, in that regard are inadmissible/should not be shown to the jury. For example, Slide 18 includes a hearsay claim that TechShop was a "Ponzi scheme". The prejudicial value of such claims outweighs their probabtive value, if any. See FED.R.EVID. 703.

Alleged "Genericness"

Slides 33-35 include Dr. Bunger's claims that "tech" and "shop" are generic, etc. This is both irrelevant and likely to result in confusion/prejudice of the jury.

Of course, when considering genericness, the trier of fact must consider the trademark as a whole, not the constituent parts. *See, e.g., Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 821 (9th Cir. 1996) ("The district court was clearly correct in evaluating the genericness of the of the name as a whole, rather than looking to its constituent parts individually."). Further, the actual test for genericness is whether the "primary significance of the term in the minds of consuming public is not the product but the producer." *See Elliott v. Google, Inc.*, 860 F.3d 1151, 1156 (9th Cir. 2017); *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, 684 F.2d 1316, 1319 (9th Cir. 1982).

Here, Dr. Bunger only offers that in his view, "tech" and "shop" are generic, not the trademarked term "TechShop." With regard to "TechShop", Dr. Bunger offers nothing such as survey data, etc. to indicate that the "primary significance" of the term is the product/service and not the producer. Even to the extent Dr. Bunger did so, his report does not disclose sufficient facts or data from which such a conclusion could be reached, such as a survey.

Slides 38-41

Slides 38-41 includes Dr. Bunger's claims regarding whether foreign licenses are a "valid measure" of "brand value". Again, "brand value" is simply not relevant to this case. Moreover, Dr. Bunger is not offered as a legal expert or a damages or licensing expert. Thus, he is both incompetent to offer opinions in this regard and his opinions are irrelevant. The only relevant issue is whether TechShop was damaged by Defendants' unauthorized use and, if so, how much? Dr. Bunger offers nothing in this regard.

Sufficient Facts or Data/ Reliable Application to Facts/Data

Of course, any expert opinion must be based on sufficient and sufficiently reliabel facts or data and the expert must reliable apply principle to those facdts or data in forming a conclusion. That did not occur here because, inter alia, Dr. Bunger never considered Mr. Rasure's own contemporaneous offers to license the marks in suit.

**Defendants' Closing Slides**

The parties are strictly enforcing this Court's Standing Order requiring disclosure of slides/exhibits by Noon the day before they are offered. At 2:39pm on Sunday, June 9, Defendants first disclosed their closing slides. Given the press of researching and drafting this brief, TechShop has not had an opportunity to review them but, assuming closing arguments are held on Monday, June 10, their disclosure was untimely and, on that basis, TechShop objects. To the extent hat closing arguments are held on Tuesday, June 11, TechShop remains willing to work with Defendants on an appropriate disclosure schedule.

## CONCLUSION

For the reasons set forth above, the proffered slides/testimony should be excluded.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff