1  Ann McFarland Draper (Bar No. 065669)
   courts@draperlaw.net
2  Draper Law Offices
   75 Broadway, Suite 202
3  San Francisco, California 94111
   Telephone:     (415) 989-5620
4
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Andrea Pallios Roberts (Bar No. 228128)
   andreaproberts@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
   Ed DeFranco (Bar No. 165596)
10 eddefranco@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
11 New York, NY 10010
   Telephone:     (212) 849-7000
12 Facsimile:     (212) 849-7100
13 John E. Nathan (Pro Hac Vice)
   jnathan155@yahoo.com
14 John E. Nathan LLC
   1175 Park Avenue
15 New York, NY 10128
   Telephone:     (917) 960-1667
16
   Attorneys for Defendants
17
                    **UNITED STATES DISTRICT COURT**
18
              **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**
19

20
   TECHSHOP, INC., a California corporation,      CASE NO. 4:18-CV-01044-HSG (JCS)
21 DORIS A. KLEIN, in her capacity as Chapter
   7 trustee for TECHSHOP, INC.,                  **DEFENDANTS' MOTION FOR**
22                                                **JUDGMENT AS A MATTER OF LAW AT**
              Plaintiff,                          **THE CONCLUSION OF PLAINTIFF'S**
23                                                **CASE**
          vs.
24                                                Trial: June 3, 2019, 8:30 a.m
   DAN RASURE, et al.,                            Judge: Haywood S. Gilliam, Jr.
25
              Defendants.
26

27 AND RELATED COUNTERCLAIMS

28

# TABLE OF CONTENTS

Page

I.    STATEMENT OF FACTS.................................................................................2

    A.    Nature of Plaintiff's Claims ................................................................2

    B.    Status of the Proceedings ....................................................................3

    C.    Overview of Evidence Presented During Plaintiff's Case ....................3

II.   ARGUMENT .............................................................................................6

    A.    Governing Law....................................................................................6

    B.    Plaintiff Failed to Prove that "TheShop.Build" Infringed....................8

    C.    Plaintiff Failed to Prove that "TechShop 2.0" Infringed.....................9

        1.    Plaintiff Consented to the Use of TechShop 2.0 Until at Least
            February 14, 2018 ...................................................................10

        2.    Plaintiff Failed to Show Defendants' Use of TechShop 2.0 After
            February 16, 2018 ...................................................................12

        3.    Plaintiff Failed to Show Likelihood of Confusion Based on
            Defendants' Use of TechShop 2.0 Between February 14, 2018, and
            February 16, 2018 ...................................................................13

III.  CONCLUSION .............................................................................................13

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page**

3

<u>**Cases**</u>

4

*555-1212.com, Inc. v. Commc'n House Int'l, Inc.*,
   157 F. Supp. 2d 1084 (N.D. Cal. 2001) .................................................................................. 13

5

*Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*,
   367 F. Supp. 3d 1072 (N.D. Cal. 2019) .................................................................................. 13

6

7

*Cargill Inc. v. Progressive Dairy Sols., Inc.*,
   No. CVF070349LJOSMS, 2008 WL 4532436 (E.D. Cal. Oct. 8, 2008),
   *aff'd*, 362 F. App'x 731 (9th Cir. 2010) ................................................................................. 2

8

9

*DeClemente v. Columbia Pictures Indus.*,
   860 F. Supp. 30 (E.D.N.Y. 1994) ........................................................................................... 9

10

*E.E.O.C. v. Go Daddy Software, Inc.*,
   581 F.3d 951 (9th Cir. 2009) ................................................................................................... 3

11

12

*Goos v. Shell Oil Co.*,
   No. C 07-6130 CRB, 2010 WL 1526284 (N.D. Cal. Apr. 15, 2010) ...................................... 7

13

*Karoun Dairies, Inc. v. Karlacti, Inc.*,
   Case No. 08-cv-1521 AJB (WVG), 2012 WL 12846088 (S.D. Cal. Sept. 28, 2012) ............... 13

14

*Ketab Corp. v. Mesriani Law Grp.*,
   CV 14-07241-RSWL-MRWx, 2016 WL 2902333 (C.D. Cal. May 18, 2016) .......................... 12

15

16

*Lakeside-Scott v. Multnomah County*,
   556 F.3d 797 (9th Cir. 2009) ................................................................................................... 7

17

*Monsanto Co. v. Bayer Bioscience N.V.*,
   No. 4:00CV01915 ERW, 2005 WL 3050636 (E.D. Mo. Nov. 15, 2005) ................................. 7

18

19

*Monster Cable Prods., Inc. v. Discovery Commc'ns, Inc.*,
   No. C 03-03250 WHA, 2004 WL 2445348 (N.D. Cal. Nov. 1, 2004) ..................................... 13

20

*Nat'l Motosport Ass'n, LLC v. ABC Race Ass'n, Inc.*,
   No. CIV-12-113-L, 2013 WL 12091164 (W.D. Okla. Feb. 15, 2013) ................................. 8, 9

21

*Navarro v. DHL Global Forwarding*,
   No. CV15-5510-CAS(EX), 2017 WL 4442871 (C.D. Cal. Oct. 4, 2017) ................................. 7

22

23

*Optimum Techs. Inc. v. Henkel Consumer Adhesives, Inc.*,
   496 F.3d 1231 (11th Cir. 2007) ............................................................................................. 12

24

*Parker v. Alexander Marine Co.*,
   SA CV 12-1994-DOC (ANx), 2015 WL 12712083 (C.D. Cal. May 26, 2015) ......................... 3

25

*Pierce Cty. Hotel Employees & Rest. Emps. Health Trust v. Elks Lodge, B.P.O.E. No. 1450*,
   827 F.2d 1324 (9th Cir. 1987) ................................................................................................. 2

26

27

*Shakey's Inc. v. Covalt*,
   704 F.2d 426 (9th Cir. 1983) ................................................................................................... 9

28

*Tie Tech, Inc. v. Kinedyne Corp.*,
    296 F.3d 778 (9th Cir. 2002).................................................................................................. 8

*VMR Prods., LLC v. V2H ApS*,
    No. 2:13-cv-7719-CBM-JEM, 2016 WL 7669497 (C.D. Cal. Dec. 29, 2016)........................... 9

**<u>Statutes</u>**

15 U.S.C. § 1114(1) ....................................................................................................... 9, 11

Fed. R. Civ. P. 50(a)......................................................................................................... passim

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

Pursuant to leave granted by the Court at the close of Plaintiff's case on June 6, 2019,

3 Defendants hereby submit this motion for judgment as a matter of law under Fed. R. Civ. P. 50(a)

4 ("JMOL").  The judgment sought is dismissal with prejudice of the First Amended Complaint.

5 (Dkt. 45).  This motion for judgment as a matter of law is made on the grounds that no reasonable

6 jury could can find that:  (1) Defendants' use of their new name "TheShop.Build" infringed

7 Plaintiff's TECHSHOP mark; and (2) Defendants' use of "TechShop 2.0" infringed Plaintiff's

8 TECHSHOP mark, because, *inter alia*, Plaintiff consented to that use.

9

This motion is based on this memorandum of points and authorities and the records of this

10 Court regarding the trial proceedings from June 3, 2019, until June 6, 2019, when Plaintiff rested

11 its case.

12

Defendants respectfully request that the Court enter judgment as a matter of law that:  (1)

13 Defendants' use of "TheShop.Build" did not infringe Plaintiff's trademarks, and (2) Defendants'

14 use of "TechShop 2.0" did not infringe Plaintiff's trademarks.

15

A proposed Order accompanies this motion.

16

At the present time, there is no transcript of the proceedings, since Defendants were unable

17 to bear the cost of a daily transcript.  However, the events at issue were proven by numerous

18 contemporaneous documents, emails, and text messages.  Defendants base this Rule 50(a) motion

19 on the documentary record.  Plaintiff's failure to prove its case is apparent on the face of the

20 documents themselves, and therefore Defendants should prevail on the JMOL even in the absence

21 of transcript citations.

22

23

24

25

26

27

28

# I.  STATEMENT OF FACTS

## A.  <u>Nature of Plaintiff's Claims</u>

This is a trademark infringement action.[1]  Plaintiff alleges federal trademark infringement.[2]  Plaintiff's claim is based on Defendants' alleged unauthorized use of Plaintiff's service marks for TECHSHOP, which were registered with the U.S. Patent and Trademark Office.  (TX0351 [11/20/2012 registration for the TECHSHOP service mark], TX0352 [02/26/2013 registration for the TECHSHOP service mark]).

During trial, Plaintiff attempted to expand its claims by alleging that Defendants improperly used Plaintiff's customer list.  However, Plaintiff's First Amended Complaint alleged no cause of action based on use of Plaintiff's customer list.  Plaintiff's customer list is not even mentioned in the original Complaint (Dkt. 1) or the First Amended Complaint (Dkt. 45).  Plaintiff's so-called evidence on its customer list should be disregarded in its entirety.

Defendants answered and denied infringement.  (Dkt. 50).  Defendants sought dismissal of the action, cancellation of Plaintiff's trademark registrations, and an award of attorneys' fees and costs.  (*Id.*).  Defendant Dan Rasure counterclaimed alleging a fraud cause of action. (Dkt. 42).

Only Plaintiff's federal trademark infringement claim is the subject of this Rule 50(a) motion.

---

[1]  While the marks at issue in this case are technically service marks, the parties have repeatedly referred to them as "trademarks."

[2]  Although Plaintiff's First Amended Complaint alleged three causes of action—(1) federal trademark infringement, (2) contributory trademark infringement, and (3) vicarious trademark infringement (Dkt. 45)—the last two causes of action have been waived and should be dismissed. Plaintiff did not include allegations related to contributory trademark infringement or vicarious trademark infringement in either the Joint Pretrial Statement (Dkt. 155), the Proposed Jury Instructions (Dkt. 152), or its Proposed Verdict Form (Dkt. 154).  Consequently, these two causes of action are waived under Ninth Circuit black letter law.  *See Pierce Cty. Hotel Employees & Rest. Emps. Health Trust v. Elks Lodge, B.P.O.E. No. 1450,* 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); *Cargill Inc. v. Progressive Dairy Sols., Inc.,* No. CVF070349LJOSMS, 2008 WL 4532436, at *4 (E.D. Cal. Oct. 8, 2008), *aff'd,* 362 F. App'x 731 (9th Cir. 2010) (finding that plaintiff waived its right to an issue where plaintiff "failed to raise th[e] issue in the Pretrial Statement, in motions in limine, at any time during the trial, or at any time during the process of preparing jury instructions and the verdict form").

B.    **Status of the Proceedings**

Trial before a jury commenced on June 3, 2019.  Over a period of four days, Plaintiff presented the testimony of five witnesses:  James Newton (Plaintiff's founder and former director), Daniel Woods (Plaintiff's former CEO), Douglas Busch (Plaintiff's former outside director and investor), Dr. Eric Matolo (a damages expert), and Ryan Spurlock (the former General Manager of Plaintiff's San Francisco store).  A large number of exhibits were received into evidence during the direct and cross-examinations of these witnesses.

On June 6, Plaintiff rested its case.  Defendants then orally moved for judgment as a matter of law under Rule 50(a) and stated the grounds for the motion on the record.  As previously noted, the Court granted Defendants until June 10 to file this written motion for judgment as a matter of law under Rule 50(a).

This written motion sets forth only some of the grounds Defendants identified when it made its oral Rule 50(a) motion.  The grounds briefed below are sufficient for the Court to grant Defendants' motion to dismiss the First Amended Complaint in its entirety.  Defendants reserve the right to present its other grounds as events in the case warrant.[3]

C.    **Overview of Evidence Presented During Plaintiff's Case**

Plaintiff was founded in 2006 to provide a "makerspace" where members of the public could join and use tools to build projects.  (TX0028 at DR003067).  Starting with a single location in Menlo Park, Plaintiff expanded and ultimately operated makerspaces in ten locations around the United States.  (TX0028 at DR003063).  Plaintiff then ran into serious financial difficulty.  *See, e.g.* TX0306 [TechShop Board Resolution, dated 11/20/2016, stating, "The financial status of TechShop, Inc., as of this date, and the stated position of TechShop, Inc creditors regarding past due obligations, will result in severe financial damage to TechShop in early January, and likely result in it not being able to continue operation"].  On November 15, 2017, Plaintiff closed the

---

[3]  *See Parker v. Alexander Marine Co.*, SA CV 12-1994-DOC (ANx), 2015 WL 12712083, at *1 n.2 (C.D. Cal. May 26, 2015) ("Because oral motions suffice to preserve arguments for judgment as a matter of law, *see E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009), the Court considers both the oral and written motions in determining the scope of arguments preserved for Defendants' renewed motion for judgment as a matter of law.").

1   doors of all of its U.S. makerspaces, as well as its corporate offices.  Plaintiff filed for Chapter 7

2   bankruptcy on February 26, 2018.  (Dkt. 45, ¶ 9).  Plaintiff never reopened any of its U.S.

3   makerspaces.

4           Shortly after Plaintiff closed in the United States, Defendant Dan Rasure approached

5   Plaintiff.  (TX0032 [Rasure 11/17/2017 email]).  He proposed buying Plaintiff's assets and

6   reopening the shuttered makerspaces using the name "TechShop 2.0."  (TX0610 [Memorandum of

7   Understanding ("MOU"), executed 12/01/2017]).  Mr. Rasure negotiated for a deal over the next

8   two and a half months, up to at least February 15, 2018.  (TX0652 [Rasure 02/15/2018 email to

9   TechShop]).  Document after document was received in evidence during Plaintiff's case showing

10  that throughout the negotiations, Plaintiff never objected to Mr. Rasure's use of the name

11  TechShop 2.0 and in fact used the name TechShop 2.0 to refer to Mr. Rasure's company.  (*See*,

12  *e.g.*, TX0610 [MOU, executed 12/01/2017, using the name TechShop 2.0]; TX0639 [01/31/2018

13  email from Rasure to TechShop using the name TechShop 2.0]; TX0644 [02/01/2018 email from

14  Rasure to TechShop containing rental agreement using the name TechShop 2.0]; TX0645

15  [02/01/2018 email from Woods to Rasure using the name TechShop 2.0]; TX0646 [02/02/2018

16  email from Rasure to TechShop using the name TechShop 2.0]; TX0596 [11/29/2017 email from

17  Woods to Louise Larson, TechShop's Director of Marketing, using the name TechShop 2.0];

18  TX0597 [11/29/2017 email from Woods welcoming comments on public announcement regarding

19  the execution of the MOU, using the name TechShop 2.0]; TX0921 [11/2017 email chain between

20  Rasure and TechShop using the name TechShop 2.0]; TX0603 [11/2017 email chain between

21  Rasure and TechShop using the name TechShop 2.0]; TX0611 [12/01/2017 email from Elizabeth

22  Bobek to Rasure forwarding the public announcement regarding the MOU, using the name

23  TechShop 2.0]; TX0767 [12/01/2017 email from Woods to johnhuntdesign@gmail.com

24  forwarding the public announcement regarding the MOU, using the name TechShop 2.0]; TX0753

25  [08/19/2018 email from Bill Spangler to Rasure forwarding the public announcement regarding

26  the MOU, using the name TechShop 2.0]; TX0619 [12/04/2017 email from Lara Croushore to

27  Rasure forwarding the public announcement regarding the MOU, using the name TechShop 2.0];

28  TX501 [12/01/2017 TechShop Inc. Facebook post regarding the MOU, using the name TechShop

2.0]; TX0505 [12/01/2017 TechShop Brooklyn Facebook post regarding the MOU, using the name TechShop 2.0]; TX0527 [TechShop Austin Twitter tweet post regarding the MOU, using the name TechShop 2.0]; TX0528 [TechShop Instagram post regarding the MOU, using the name TechShop 2.0]; TX0530 [TechShop Instagram post regarding the MOU, using the name TechShop 2.0]; TX0613 [12/03/2017 email from Woods to Rasure and Robert Thomas, using the name TechShop 2.0]; TX0614 [12/03/2017 email from Rasure to Forbes using the name TechShop 2.0]; TX0615 [12/03/2017 email from Woods to Rasure and TechShop using the name TechShop 2.0]; TX0906 [12/2017 email chain between Rasure and TechShop using the name TechShop 2.0]; TX0622 [12/06/2017 email from Woods to Rasure using the name TechShop 2.0]; TX0919 [12/12/2017 email correspondence between Rasure, TechShop, and Tonkon Torp LLP, using the name TechShop 2.0]; TX0634 [01/07/2018 email from Rasure to Woods and Busch using the name TechShop 2.0]; TX0635 [01/08/2018 email from Woods to Rasure using the name TechShop 2.0]; TX0636 [01/13/2018 email from Woods to Rasure using the name TechShop 2.0]; TX0642 [01/31/2018 email from Woods to Ryan Lloyd using the name TechShop 2.0]; TX0566 [copy of Facebook post by Woods using the name TechShop 2.0]; TX0896 [02/13/2018 email from Woods to various third parties using the name TechShop 2.0]; TX0616 [12/03/2017 email from Busch to Rasure using the name TechShop 2.0]; TX0612 [12/03/2017 email from Busch to Rasure regarding the open letter to stakeholders using the name TechShop 2.0]; TX0050 [12/03/2017 press release announcing TechShop acquisition, using the name TechShop 2.0]; TX0617 [12/04/2017 email from Newton to Rasure and third party using the name TechShop 2.0]; TX0081 [02/13/2018 email from Woods to third parties using the name TechShop 2.0]).

Plaintiff alleged at trial that on February 14, 2018, it sent Mr. Rasure a letter giving notice that he could not use the TechShop 2.0 name.  (TX0029 [letter from TechShop, dated 02/14/2018]).  While Defendants dispute that there was such a notice, in the end this matters little.  The February 14 letter was quickly superseded by what transpired during the evening of Friday, February 16.  At 7:21 that night, Plaintiff's counsel emailed Mr. Rasure.  (TX0656 [Plaintiff's counsel's email to Rasure, dated 02/16/2018]).  The email attached a cease-and-desist letter demanding that Mr. Rasure and his companies stop using the TechShop 2.0 name.  (*Id.*)  The

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

1  email also attached a copy of a Complaint for trademark infringement filed in this Court earlier

2  that day against Mr. Rasure and his companies TechShop 2.0 LLC and TechShop 2.0 San

3  Francisco LLC.  (*Id.*)  That original Complaint (Dkt. 1) alleged the same federal trademark

4  infringement claim set forth in Plaintiff's First Amended Complaint (Dkt. 45).

5          The original Complaint identified only one allegedly unauthorized use of the mark

6  TECHSHOP:  Defendants' use of the name TechShop 2.0.  (Dkt. 1, ¶¶ 21-27).  Within a matter of

7  hours after receiving the February 16 email, Defendants changed their name to TheShop.Build.

8  Indeed, on February 17, 2018, the day after the original Complaint was filed, Mr. Woods (then

9  Plaintiff's CEO) became aware of Defendants' name change.  (TX 321 [02/17/2018 Woods email

10  with subject line "comment for name change (techshop is now TheShop.Build)"]).  He voiced no

11  objection to the new name.  (*Id.*)  Notably, TheShop.Build is nowhere mentioned in Plaintiff's

12  First Amended Complaint, which was filed on August 13, 2018, six months after Defendants

13  switched.  (Dkt. 45).  Official records in this case show that Plaintiff never objected to that new

14  name until November 23, 2018, nine months after the original Complaint was filed and

15  Defendants changed their name.  (Dkt. 128-7 [Supplemental Response to Int. 2 at p. 5, line 6]).

16  **II.     ARGUMENT**

17          **A.     <u>Governing Law</u>**

18      Rule 50(a) provides:

19          (1) *In General.* If a party has been fully heard on an issue during a jury trial and the

20      court finds that a reasonable jury would not have a legally sufficient evidentiary basis to

21      find for the party on that issue, the court may:

22          (A) resolve the issue against the party; and

23          (B) grant a motion for judgment as a matter of law against the party on a claim or

24      defense that, under the controlling law, can be maintained or defeated only with a

25      favorable finding on that issue.

26          (2) *Motion.* A motion for judgment as a matter of law may be made at any time

27      before the case is submitted to the jury. The motion must specify the judgment sought and

28      the law and facts that entitle the movant to the judgment.

1         Under Fed. R. Civ. P. 50(a), JMOL is required where a plaintiff fails to present a legally

2   sufficient basis for a reasonable jury to rule in its favor.  *Lakeside-Scott v. Multnomah County*, 556

3   F.3d 797, 802 (9th Cir. 2009).

4         When a defendant moves for judgment as a matter of law at the close of the plaintiff's

5   case, pursuant to Rule 50(a), the Court may consider only the evidence presented up to that

6   point—that is, only the evidence adduced during the plaintiff's case-in-chief—in evaluating the

7   motion.  *See, e.g., Goos v. Shell Oil Co.*, No. C 07-6130 CRB, 2010 WL 1526284, at *1 (N.D. Cal.

8   Apr. 15, 2010) ("At the close of Plaintiff's case in chief, Defendant moved under Rule 50 for

9   [JMOL].  Defendant argues that the *evidence produced in Plaintiff's case in chief* establishes that

10  no reasonable juror could find in favor of Plaintiff, and that Defendant is therefore entitled to

11  [JMOL]. . . .  [T]his Court agrees.") (emphasis added), *aff'd*, 451 F. App'x 700 (9th Cir. 2011);

12  *see also Navarro v. DHL Global Forwarding*, No. CV15-5510-CAS(EX), 2017 WL 4442871, at

13  *5 (C.D. Cal. Oct. 4, 2017) ("DHL moved for judgment as a matter of law pursuant to Rule 50(a)

14  after the plaintiff rested his case-in-chief, and the Court reserved judgment. . . . Accordingly, for

15  the purposes of DHL's Rule 50(b) motion, the Court finds it appropriate to limit the inquiry to

16  plaintiff's case-in-chief."); *Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00CV01915 ERW,

17  2005 WL 3050636, at *3 (E.D. Mo. Nov. 15, 2005) ("Plaintiff cannot rely on evidence that may

18  be elicited in cross-examination to defeat a motion for judgment as a matter of law that is filed at

19  the close of plaintiff's case-in-chief.").  Evidence elicited during Defendants' case or during any

20  Plaintiff rebuttal may not be considered.

21        As set forth below, a reasonable jury would not have a legally sufficient evidentiary basis

22  to find that Plaintiff proved its trademark infringement claims.  Under Rule 50(a), the Court

23  should enter judgment as a matter of law against Plaintiff on its First Cause of Action of the First

24  Amended Complaint.[4]  (Dkt. 45, pp. 6-7).

25

26

27

_____

28      [4]  As noted *supra* n. 2, Plaintiff's Second and Third Causes of Action have been eliminated
from the case.

1

B.     **Plaintiff Failed to Prove that "TheShop.Build" Infringed**

2      Plaintiff failed to carry its burden of proof that TheShop.Build infringed.  "Overall, the

3 plaintiff retains the ultimate burden of persuasion in a trademark infringement action, namely

4 proof of infringement."  *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).

5 Without any such evidence, a reasonable jury would not have a legally sufficient evidentiary basis

6 to find for Plaintiff on this issue.  Under Rule 50(a), the Court should grant Defendants' motion

7 for judgment as a matter of law that the new name TheShop.Build did not infringe.

8      Specifically, plaintiff presented no documentary evidence that TheShop.Build infringed the

9 TECHSHOP marks.  What was proven was that Defendants switched to that new name right after

10 this litigation was filed.  (*See*, *e.g.*, (TX 321 [02/17/2018 Woods email with subject line "comment

11 for name change (techshop is now TheShop.Build)"]; TX 746 [March 16, 2018 graphics of new

12 name]; TX 290 at DR056070).

13      Plaintiff presented no testimony that the new name infringed.  Plaintiff did not present an

14 infringement expert.  Messrs. Newton, Woods, and Busch had no further duties at TechShop the

15 moment the bankruptcy case was filed on February 26, 2018.  They were therefore unable to

16 provide any evidence that from February 26, 2018, right up to trial the new name infringed.

17 Plaintiff's damages expert, Dr. Matolo, could not fill the evidentiary gap, since he assumed there

18 was infringement without making any such determination for the purposes of his damages

19 analysis.  Plaintiff's final witness, Ryan Spurlock, was also unable to provide any evidence that

20 the new name infringed.  Nor could he.  As General Manager of TechShop's San Francisco's

21 store, his duties ceased on November 15, 2017, when that shop closed.

22      Pertinent here is *Nat'l Motosport Ass'n, LLC v. ABC Race Ass'n, Inc.*, where the Court

23 granted a JMOL based on Rule 50(a) where "[t]he evidence presented during plaintiff's case in

24 chief failed to establish sufficient evidence which would support [plaintiff]'s trademark-based

25 claims" because "[t]here was no direct evidence that [defendant] violated [plaintiff]'s trademark

26 rights."  No. CIV-12-113-L, 2013 WL 12091164, at *1 (W.D. Okla. Feb. 15, 2013).  As there was

27 no evidence presented during Plaintiff's case-in-chief regarding the alleged violation by

28

1   TheShop.Build of the TECHSHOP marks, this Court should reach the same result as *Nat'l*

2   *Motosport Ass'n, LLC*.

3       Even if the Court finds that Plaintiff presented some evidence related to the alleged

4   infringement by Defendants' use of TheShop.Build, Plaintiff did not meet its burden of proof.  In

5   cases where plaintiffs attempt to present some evidence of the likelihood of confusion, courts

6   routinely grant JMOLs and other dispositive motions if the plaintiff does not meet its burden in

7   proving this element of trademark infringement.  For instance, in *Shakey's Inc. v. Covalt*, a case

8   between a pizza franchisor and a former franchisee, the Ninth Circuit found that "[t]he district

9   court properly directed verdicts for the defendant on the infringement and unfair competition

10  claims" because "[plaintiff] has presented insufficient evidence as a matter of law to establish that

11  the [] defendants created a likelihood of confusion."  704 F.2d 426, 431-33 (9th Cir. 1983).  Even

12  though the plaintiff presented "side-by-side comparison of names and slogans," the court found

13  them to be of "little persuasive force" due to a variety of factors that influence a consumer's

14  selection of a pizza parlor.  *Id.* at 431.  Likewise, in *VMR Prods., LLC v. V2H ApS*, the court

15  granted judgment as a matter of law for defendant on plaintiff's trademark infringement claim due

16  to plaintiff's failure to establish likelihood of confusion.  No. 2:13-cv-7719-CBM-JEM, 2016 WL

17  7669497, at *17 (C.D. Cal. Dec. 29, 2016); *see also DeClemente v. Columbia Pictures Indus.*, 860

18  F. Supp. 30, 51 (E.D.N.Y. 1994) (granting defendant's Rule 50(a) motion where plaintiff failed to

19  present evidence supporting likelihood of confusion).

20      Plaintiff has presented <u>no evidence</u> of a likelihood of confusion resulting from Defendants'

21  alleged use of TheShop.Build.  Such evidence is required to prove infringement of a registered

22  trademark.  15 U.S.C. § 1114(1)(a).  Without such evidence, a reasonable jury does not have a

23  legally sufficient evidentiary basis to find that Plaintiff proved its trademark infringement claims

24  against Defendants' use of "TheShop.Build."

25      **C.    <u>Plaintiff Failed to Prove that "TechShop 2.0" Infringed</u>**

26      Plaintiff's case regarding the alleged infringement of its marks by Defendants' use of

27  "TechShop 2.0" is similarly lacking.  First, Plaintiff's case-in-chief established that Plaintiff

28  consented to the use of TechShop 2.0 until at least February 14, 2018.  Second, Plaintiff failed to

1   show Defendants' use of TechShop 2.0 after February 16, 2018, when Defendants changed the

2   name to "TheShop.build."  And third, Plaintiff failed to show that TechShop 2.0 caused a

3   likelihood of confusion between February 14 and February 16, 2018.  These three facts, taken

4   together, show that Plaintiff failed to show infringement by TechShop 2.0 for any period of time.

5   Without such evidence, a reasonable jury does not have a legally sufficient evidentiary basis to

6   find that Plaintiff proved its trademark infringement claims against Defendants' use of TechShop

7   2.0.

8          1.       **Plaintiff Consented to the Use of TechShop 2.0 Until at Least February**
                    **14, 2018**
9

10          The evidence established that Plaintiff consented to Defendants' use of their original name

11   TechShop 2.0 until at least February 14, 2018.  Plaintiff itself used that name to refer to

12   Defendants.  *See supra* Section I.C.

13          Viewed most favorably for Plaintiff, its first objection was not expressed until February 14,

14   2018, two days before suit.  (TX0650 [02/14/2018 email from Woods to Rasure attaching letter

15   using the name TechShop 2.0]).  Once they received notice of the lawsuit, Defendants

16   immediately switched their name to TheShop.Build on February 16, 2018.  (TX 321 [02/17/2018

17   Woods email with subject line "comment for name change (techshop is now TheShop.Build)"]).

18   Thus, this case boils down to just the two days following February 14.

19          Specifically, during Plaintiff's case, the documentary record of Mr. Rasure's negotiations

20   with Plaintiff was introduced.  This spanned the period from November 17, 2017 (TX032

21   [11/17/2017 email from Rasure to TechShop]), to February 15, 2018 (TX0652 [02/15/2018 email

22   from Rasure to TechShop).  Over 30 contemporaneous exhibits covering this time period were

23   received into evidence in which both Mr. Rasure and Plaintiff referred to the new venture as

24   TechShop 2.0.  *See supra* Section I.C.  Plaintiff introduced no evidence that it ever objected to the

25   TechShop 2.0 name during that entire time period. Plaintiff ever objected to the TechShop 2.0

26   name.

27          Plaintiff's consent to TechShop 2.0 defeats its claims that Defendants' use of that name

28   constituted infringement.  Plaintiff's claims are based on alleged infringement of its registered

1  trademarks.  (Dkt. 45, ¶¶ 19-20; TX 351, TX 352).  However, infringement of a registered

2  trademark is governed by 15 U.S.C. § 1114(1), which covers only acts undertaken "without the

3  consent of the registrant":

4       (1) Any person who shall, **without the consent of the registrant**—

5       (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a

6       registered mark in connection with the sale, offering for sale, distribution, or

7       advertising of any goods or services on or in connection with which such use is

8       likely to cause confusion, or to cause mistake, or to deceive; …

9       shall be liable in a civil action by the registrant for the remedies hereinafter

10      provided. …

11      (emphasis added)

12      Given the undisputed documentary evidence of Plaintiff's consent, and the clear language

13  of 15 U.S.C. § 1114(1) that it does not cover activities undertaken with consent, Defendants are

14  entitled to judgment as a matter of law that their use of TechShop 2.0 until at least February 14,

15  2018, did not infringe.

16      Plaintiff's witnesses, such as Mr. Busch, claimed that TechShop consented to Mr. Rasure's

17  use of TechShop 2.0 solely for negotiations with TechShop.  However, these claims are squarely

18  refuted by the contemporaneous documentary evidence, in which Plaintiff used the name

19  TechShop 2.0 to refer to Mr. Rasure's company outside the context of the negotiations, such as in

20  public announcements and emails with third parties.  *See*, *e.g.*, TX0597 [11/29/2017 email from

21  Woods welcoming comments on public announcement regarding the execution of the MOU, using

22  the name TechShop 2.0]; TX0611 [12/01/2017 email from Elizabeth Bobek to Rasure forwarding

23  the public announcement regarding the MOU, using the name TechShop 2.0]; TX0767

24  [12/01/2017 email from Woods to johnhuntdesign@gmail.com forwarding the public

25  announcement regarding the MOU, using the name TechShop 2.0]; TX0753 [08/19/2018 email

26  from Bill Spangler to Rasure forwarding the public announcement regarding the MOU, using the

27  name TechShop 2.0]; TX0619 [12/04/2017 email from Lara Croushore to Rasure forwarding the

28  public announcement regarding the MOU, using the name TechShop 2.0]; TX501 [12/01/2017

TechShop Inc. Facebook post regarding the MOU, using the name TechShop 2.0]; TX0505 [12/01/2017 TechShop Brooklyn Facebook post regarding the MOU, using the name TechShop 2.0]; TX0527 [TechShop Austin Twitter tweet post regarding the MOU, using the name TechShop 2.0]; TX0528 [TechShop Instagram post regarding the MOU, using the name TechShop 2.0]; TX0530 [TechShop Instagram post regarding the MOU, using the name TechShop 2.0]; TX0614 [12/03/2017 email from Rasure to Forbes using the name TechShop 2.0]; TX0642 [01/31/2018 email from Woods to Ryan Lloyd using the name TechShop 2.0]; TX0647 [02/07/2018 email from Woods to Rasure regarding the status of the parties' negotiations, does not object to the use of the name TechShop 2.0]; TX0566 [copy of Facebook post by Woods using the name TechShop 2.0]; TX0921 [11/2017 email chain between Rasure and TechShop regarding public messaging using the name TechShop 2.0]; TX0612 [12/03/2017 email from Busch to Rasure regarding the open letter to stakeholders using the name TechShop 2.0]; TX0050 [12/03/2017 press release announcing TechShop acquisition, using the name TechShop 2.0]; TX0617 [12/04/2017 email from Newton to Rasure and third party using the name TechShop 2.0]; TX0616 [12/03/2017 email from Busch to Rasure using the name TechShop 2.0]; TX0081 [02/13/2018 email from Woods to third parties using the name TechShop 2.0].

## 2. Plaintiff Failed to Show Defendants' Use of TechShop 2.0 After February 16, 2018

Plaintiff did not present any evidence of Defendants' use of TechShop 2.0 after February 16, 2018, during its case-in-chief.  Without any evidence of use, no reasonable jury can find that Plaintiff proved its trademark infringement claims against Defendants' use of TechShop 2.0 after February 16, 2018.  *See Optimum Techs. Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1242-44 (11th Cir. 2007) (affirming summary judgment where plaintiff "failed to present sufficient evidence that [defendant] was responsible for the alleged 'misuses' of [its] mark" as necessary "to withstand summary judgment on its trademark infringement claim"); *Ketab Corp. v. Mesriani Law Grp.*, CV 14-07241-RSWL-MRWx, 2016 WL 2902333, at *5 (C.D. Cal. May 18, 2016) (granting Rule 52(c) motion for judgment as a matter of law where "Plaintiff failed to present any evidence showing that [defendants] used [plaintiff's mark]"); *Karoun Dairies, Inc. v.*

1   *Karlacti, Inc.*, Case No. 08-cv-1521 AJB (WVG), 2012 WL 12846088, at *5 (S.D. Cal. Sept. 28,

2   2012) (granting summary judgment where plaintiff "failed to demonstrate requisite use by

3   Defendants of the . . . mark as necessary to establish the prima facie elements of any of its

4   [Lanham Act] claims"); *555-1212.com, Inc. v. Commc'n House Int'l, Inc.*, 157 F. Supp. 2d 1084,

5   1092 (N.D. Cal. 2001) (granting summary judgment in part because plaintiff failed to show that

6   the defendant used the alleged infringing mark in commerce); *Monster Cable Prods., Inc. v.*

7   *Discovery Commc'ns, Inc.*, No. C 03-03250 WHA, 2004 WL 2445348, at *7 (N.D. Cal. Nov. 1,

8   2004) (granting summary judgment where plaintiff did not prove that defendant used plaintiff's

9   mark in plaintiff's market); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*,

10   367 F. Supp. 3d 1072, 1092-94 (N.D. Cal. 2019) (finding that use of the marks on some pages of a

11   website and on emails "does not constitute sufficient use 'in conjunction with' the actual sale of

12   the service" so as to constitute use in commerce).

13        **3.**   **Plaintiff Failed to Show Likelihood of Confusion Based on Defendants'**
             **Use of TechShop 2.0 Between February 14, 2018, and February 16,**

14                **2018**

15       Defendant did not present any evidence related to likelihood of confusion during its case-

16   in-chief based on Defendants' use of TechShop 2.0 between February 14, 2018, and February 16,

17   2018.  Without any evidence of likelihood of confusion, no reasonable jury can find that Plaintiff

18   proved its federal trademark infringement claim against Defendants' use of TechShop 2.0 between

19   February 14, 2018, and February 16, 2018.

20   **III.**   **CONCLUSION**

21       The Court should grant the motion and dismiss the First Amended Complaint with

22   prejudice as set forth above.

DATED:  June 10, 2019                          By      */s/ Andrea Pallios Roberts*

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants