James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S MOTION FOR JUDGMENT AS A MATTER OF LAW** <br><br> Trial: June 3, 2019 8:00am <br> Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Scheduling Order and Standing Civil Pretrial and Trial Order, files this motion for judgment as a matter of law ("JMOL").

### DISCUSSION

**LEGAL BACKGROUND**

Pursuant to Fed.R.Civ.P. 50, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the part; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense …" *See also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000).

In ruling on a motion for JMOL, the court is not to make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the non-moving

party. The court "must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151.

**CLAIMS/DEFENSES**

Abandonment

In order to prove abandonment, a party must prove: 1) discontinuance of trademark use; and 2) intent not to resume such use. *See, e.g., Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007). The parties dispute whether Defendants' must prove these elements by clear and convincing or merely a preponderance of the evidence. Resolution of that matter is not material because Defendants' have offered *no* evidence of intent not to resume use of the marks. Thus, there is simply no basis on which a reasonable jury could so find.

Ownership/Validity

As set forth in the Model Jury Instructions, when a trademark has been registered, it creates a rebuttable presumption of both ownership and validity. See NINTH CIRCUIT MODEL JURY INSTRUCTIONS § 158; 15 U.S.C. § 1115(a). In the present case, there is no dispute that the marks at issue have been registered. See TX-351 and TX-352. Thus, Defendants bore the burden of rebutting the presumption of ownership and validity. Here, Defendants offered *no* evidence of lack of ownership or invalidity. Thus, there is simply no basis on which a reasonable jury could find lack of ownership or invalidity.

Fraud

There is simply no evidence to support two elements of Defendants' fraud claim: 1) that there was a promise; and 2) assuming *arguendo* that there was a promise, that TechShop did not intend to perform that promise.

With respect to the existence of a promise itself, there is no evidence of one. Instead, there is merely evidence that the parties agreed on the proposed principal terms of a potential transaction to be negotiated. That is not a promise.

Even if construed as a promise to agree in the future, such contracts are not enforceable, of course. If construed as a promise to negotiate in the future (even if such contracts are enforceable), Defendants' have offered no evidence that TechShop did not perform that act.

Thus, there is simply no evidence of these essential elements of Defendants' fraud claim.

Moreover, of course, Defendants' fraud claim is founded on the idea that whatever the promise is alleged to be, TechShop did not intend to perform that promise *at the time TechShop made it* and, again, there is no evidence of that.

## CONCLUSION

For the reasons set forth above, judgment as a matter of law should be entered on the above claims/defenses.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff