James C. Pistorino (SBN 226496)
    james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW** <br><br> Trial: June 3, 2019  8:00am <br> Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), files this opposition to Defendants' motion for judgment as a matter of law ("JMOL").

## DISCUSSION

**LEGAL BACKGROUND**

In ruling on a motion for JMOL, the court is not to make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the non-moving party.  The court "must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000).

While TechShop does not believe that it is actually an issue in this case, the cases cited on page 7 of Defendant's brief are, at best, incomplete.  As TechShop set forth in its brief on

JMOL procedure (*see* Dkt. # 176), before a JMOL motion can be granted, the non-moving party must be given both notice of the alleged defect and an opportunity to cure.

**"TheShop.build"**

Frankly, it is difficult to even follow Defendants' argument that there was no evidence of infringement by "TheShop.build." As set forth in *AMF Inc v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), the trier of fact may apply a non-exclusive list of 8 factors in determining likelihood of confusion. In the present case, particularly relevant are the proximity of goods, similarity of marks, actual confusion, marketing channels, and intent factors. During its case in chief, TechShop presented evidence of Defendant's adoption of "TheShop.build", e.g., particularly in its logo form. "When an alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived.." *Id.* at 354. The simple offering of the evidence of the mark as adopted by Defendants' and the TechShop marks is evidence of likelihood of confusion.

TechShop does not even follow Defendants' claims with regard to time. Mot. at 8. The evidence offered during TechShop's case in chief is that Defendants' began using "TheShop.build" around February 19, 2018. Regardless of TechShop's witnesses' position at any time frame, they offered evidence that Defendant's were using "TheShop.build."

**"TechShop 2.0"**

Frankly, it is difficult to take Defendant's motion with regard to TechShop 2.0 (Mot. at 9-13)seriously.

Viewing the evidence in the light most favorably to TechShop, TechShop consented only to the use of the name TechShop 2.0 for use as a vehicle to acquire the assets of TechShop. TechShop never consented to Defendants' operating a makerspace using the marks without TechShop's consent. Thus, when Defendants announced their intention to open a makerspace using the name TechShop 2.0 without TechShop's consent, Defendants infringed. This covers all the period from at least February 9, 2018 through trial.

Even assuming consent through February 14, then the evidence is that Defendants continued to use the infringing TechShop 2.0 name on and after that date. For the period after February 16, in TechShop's view, given the prior infringement, that is actually irrelevant. Once Defendants infringed, they infringed and it is irrelevant how long that infringement lasted.

With respect to likelihood of confusion, again the simple application of the *Sleekcraft* factors (in the light most favorable to TechShop) defeats Defendants' motion.

### CONCLUSION

For the reasons set forth above, Defendants' motion should be denied.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff