# EXHIBIT B

# James Pistorino

**From:** James Pistorino
**Sent:** Wednesday, June 5, 2019 9:03 PM
**To:** Andrea P Roberts
**Cc:** 'John Nathan'; 'Ann Draper'; QETechShop
**Subject:** RE: Disclosure for June 6

Andrea,

I am drafting a brief on the two issues discussed at 7:00pm and do not have time to deal with this now.

We can talk after 10:00pm.

Call me after then if you would like to discuss.

Regards,
James

**From:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Sent:** Wednesday, June 5, 2019 9:01 PM
**To:** James Pistorino <james@dparrishlaw.com>
**Cc:** 'John Nathan' <jnathan155@yahoo.com>; 'Ann Draper' <ann@draperlaw.net>; QETechShop <qetechshop@quinnemanuel.com>
**Subject:** RE: Disclosure for June 6

James,

We're only trying to accommodate your witness. That's the reason for the change of order. We'll need to get guidance from the Court as to how to handle Mr. Newton's schedule.

We believed that the Court resolved the issues as to fraud. We did not know that you disagreed with that. We will need to get guidance from the Court on that as well. Again, we don't know what you are seeking preclude. For Mr. Newton, we are calling him to testify about subject matter that you covered on direct, so I don't see how you can have disclosure concerns. It's my understanding that you raised this objection as to Mr. Rasure as well so we need to understand what you're objecting to.

Andrea


**From:** James Pistorino [mailto:james@dparrishlaw.com]
**Sent:** Wednesday, June 5, 2019 8:44 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** 'John Nathan' <jnathan155@yahoo.com>; 'Ann Draper' <ann@draperlaw.net>; QETechShop <qetechshop@quinnemanuel.com>
**Subject:** RE: Disclosure for June 6

**[EXTERNAL EMAIL]**

1

Andrea,

In terms of the order of Newton testifying, hearing that he will be testifying little more than 12 hours before he is to do so does not enable me to prepare to question him as a witness while other matters are being addressed and a brief being written. That is one reason why we disclose the order of the witnesses. While I also want to accommodate him, again, I see no reason why he could not testify on Monday.

In terms of the scope of Newton's testimony, during the discovery period, Defendants Initial Disclosures did not indicate that Mr. Newton had any information regarding alleged fraud, e.g. Defendants' trial witness list does. The Court has not addressed Defendants failure to comply with their disclosure obligations yet. Instead, the Court has only decided that it did not like the way I wrote my motion in limine and, for that, reason denied it.

If this was a change Defendants intended to propose, then it should have been discussed at 7:00pm, not disclosed to me as I near a deadline to file another brief. I simply do not have time to also address that matter at this late hour.

Regards,
James


**From:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Sent:** Wednesday, June 5, 2019 8:28 PM
**To:** James Pistorino <james@dparrishlaw.com>
**Cc:** 'John Nathan' <jnathan155@yahoo.com>; 'Ann Draper' <ann@draperlaw.net>; QETechShop <qetechshop@quinnemanuel.com>
**Subject:** RE: Disclosure for June 6

James,

We're not disclosing exhibits because we aren't seeking to introduce any through Mr. Newton other than impeachment. Thus, there is no issue with the disclosure time.

Also, tomorrow is Thursday. I'm not sure when all of the witnesses will be done. Defendants can't put Mr. Newton at the end of the case and expect to call him on Monday and run the risk of not being able to call him if we all finish up on Friday. I think that's unlikely to happen, but Defendants cannot take that risk. Nor should we have to do that as we are entitled to put on our case as we see fit and Mr. Newton is under subpoena. We're trying to be accommodating here.

As for the scope of his testimony, he will be called to rebut testimony that's been presented by TechShop in this trial, including through Mr. Newton's own testimony. As for fraud, I'm not certain what you are saying Mr. Newton or Mr. Rasure cannot testify about regarding fraud. The Court already denied Plaintiff's motion in limine to preclude evidence in support of the fraud claim. Can you please articulate what exactly you don't think we're allowed to present? We likely need to include this in the brief due tonight at 10 pm.

Further, it is worth adding, that we've now disclosed all of our witnesses and their order (*save for this change to accommodate Mr. Newton). We did that yesterday. I point that out to you because your email below suggests that we have not.

Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** James Pistorino [mailto:james@dparrishlaw.com]
**Sent:** Wednesday, June 5, 2019 8:08 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** 'John Nathan' <jnathan155@yahoo.com>; 'Ann Draper' <ann@draperlaw.net>; QETechShop <qetechshop@quinnemanuel.com>
**Subject:** RE: Disclosure for June 6

**[EXTERNAL EMAIL]**

Andrea,

While I do not object to a change in order, I do not believe that I have an exhibit disclosure for Mr. Newton. Given that any such disclosure would have been due at 4:00pm and we are at 8:00pm with a brief due in two hours, even if disclosed to me now, I would not be in a position to effectively review it to prepare (and possibly disclose counter-exhibits) before he would testify tomorrow. Thus, I object on that basis. Further, I object to Defendants' offer of Mr. Newton on any topic not identified in Defendants' Initial Disclosures (e.g., fraud).

I do not see any reason why Mr. Rasure could not testify tomorrow and presumably on Thursday, whereupon you could call Johnson (whom you have disclosed) or any other witness with appropriate disclosure (e.g., Bunger, or Busch). That would allow you to call Newton on Monday.

Please let me know if we should add this to tonight's briefing.

Regards,
James

**From:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Sent:** Wednesday, June 5, 2019 7:52 PM
**To:** James Pistorino <james@dparrishlaw.com>
**Cc:** 'John Nathan' <jnathan155@yahoo.com>; 'Ann Draper' <ann@draperlaw.net>; QETechShop <qetechshop@quinnemanuel.com>
**Subject:** Disclosure for June 6

James,

As I mentioned may be the case today, we will need to change our witness order to accommodate Mr. Newton's request that he not testify on Friday so he can attend his child's graduation. According to his counsel, Mr. Newton is unavailable during the day on Friday. Accordingly, we will likely call Mr. Newton ahead of Mr. Rasure.

Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.