# EXHIBIT C

# James Pistorino

**From:** James Pistorino
**Sent:** Sunday, June 9, 2019 7:38 PM
**To:** Andrea P Roberts
**Subject:** RE: TechShop v. Rasure

So be it.

**From:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Sent:** Sunday, June 9, 2019 7:37 PM
**To:** James Pistorino <james@dparrishlaw.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** RE: TechShop v. Rasure

The Court already addressed this and it was my impression that the Court does not want to hear about it again.

Andrea

**From:** James Pistorino [mailto:james@dparrishlaw.com]
**Sent:** Sunday, June 9, 2019 6:58 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** TechShop v. Rasure

**[EXTERNAL EMAIL]**

Andrea,

Further to our discussion, I want to revisit the Newton issue.

Right now, I believe that the Court has been left with the impression that I was unreasonable, etc. with regard to Mr. Newton when, in my view, I certainly was not.
I am not prepared to allow that perception to stand without addressing it.

As we discussed, after the meet and confer and while in the process of drafting a brief under a deadline, I received multiple requests to address issues that were not the subject of the briefing (e.g., modified versions of TX-1070).
As you know, I am effectively solo counsel and do not have the bandwidth to field a variety of things while I draft briefs.
Further, the proposed change in order came hours after I disclosed the Rasure cross exhibits.
In my mind, this raised the prospect of gamesmanship because I had no idea why Newton was being recalled or how long his proposed testimony would last.

Thus, I responded to your initial query by rejecting it but indicating that I was prepared to discuss it once the brief was on file at 10:00pm.
Knowing that things must be discussed in-person or by phone, I worked on the brief and awaited your call.
After the brief was on file, I did not receive a call from you, so I assumed that whatever the problem was, it was either resolved or would be addressed the next day in some way.

As solo counsel, I have to make choices of where to spend my limited time.
I have nobody that is comparable to Olga or Mr. Nathan (both of whom I think are doing a fine job).

1

Accordingly, I did not read the brief you filed before the matter was address by the Court the next morning.
Thus, I was stunned when the Court both addressed the matter (which I had not briefed) and appeared to express its displeasure at me for a situation it believed to be my doing.
I was, and am, less than pleased with that outcome.

As we discussed, if you had discussed the matter with me and informed me of the reason Mr. Newton was being recalled, I would have gladly stipulated to a variety of alternatives to get that same information before the jury.
I would have agreed to the Court saying it from the bench, for your witness to say it., etc.
To be clear, Mr. Newton is not "my witness."
He is represented by the Arent Fox firm, from whom I am able to secure cooperation as they see fit (e.g., I would have much preferred to have more time to prepare the witnesses).

Respectfully, I believe that it would go a long way toward smoothing things and also reflect favorably on you were you to address this issue with the Court without me forcing it.
Call it a mistake, miscommunication, or whatever - but I do not want the Court to have the impression that I was forcing Mr. Newton to choose between trial and attending his son's graduation or otherwise being unreasonable.
That is the impression I believe that the Court currently has.

As I say, I will continue to address this until the fact that I had nothing to do with this is made clear to the Court.
If I have your commitment to address this with the Court at the first opportunity, I am prepared to withdraw my objections to your slides, etc. and work with you on a more reasonable disclosure schedule of closing materials, etc.
Of course, I may still object on other grounds to the slides.
Please let me know how you would like to proceed (ideally, before I file the next brief at 9:00pm).

Regards,
James Pistorino