1    Ann McFarland Draper (Bar No. 065669)
     courts@draperlaw.net
2    Draper Law Offices
     75 Broadway, Suite 202
3    San Francisco, California 94111
     Telephone:     (415) 989-5620
4
     QUINN EMANUEL URQUHART & SULLIVAN, LLP
5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Andrea Pallios Roberts (Bar No. 228128)
     andreaproberts@quinnemanuel.com
7    555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, California 94065-2139
8    Telephone:     (650) 801-5000
     Facsimile:     (650) 801-5100
9
     Ed DeFranco (Bar No. 165596)
10   eddefranco@quinnemanuel.com
     51 Madison Avenue, 22nd Floor
11   New York, NY 10010
     Telephone:     (212) 849-7000
12   Facsimile:     (212) 849-7100

13   John E. Nathan (*Pro Hac Vice*)
     jnathan155@yahoo.com
14   John E. Nathan LLC
     1175 Park Avenue
15   New York, NY 10128
     Telephone:     (917) 960-1667
16
     Attorneys for Defendants and Counterclaimants
17
                    **UNITED STATES DISTRICT COURT**
18
          **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**
19
     TECHSHOP, INC., a California              Case No: 4:18-cv-01044-HSG (JCS)
20   corporation, DORIS A. KAELIN, in her
     capacity as Chapter 7 bankruptcy trustee for   **DECLARATION AND VERIFICATION OF**
     TECHSHOP, INC.,                          **ANN MCFARLAND DRAPER IN SUPPORT**
21                                            **OF DEFENDANTS' BILL OF COSTS**
22              Plaintiff,
                                              Complaint Filed:   **February 26, 2018**
23        v.                                  Trial Date:        **June 3, 2019**

24   DAN RASURE et al.

25              Defendants.

26   _____

27   AND RELATED COUNTERCLAIMS

28

1    I, Ann McFarland Draper, declare as follows:

2    1.  I am an attorney at law duly licensed to practice law in the State of California.  I am an

3    attorney at the law firm of Draper Law Offices.  I am one of the counsel of record for Defendants

4    and Counterclaimants ("Defendants").  I was the original counsel of record for Defendants in this

5    action and was their sole counsel in this case during discovery and until mid-January of 2019.  I

6    am also the attorney of record for Defendants in the Chapter 7 bankruptcy case filed by Plaintiff

7    TechShop, Inc. ("TechShop").  I have personal knowledge of the factual matters set forth in this

8    declaration.  If called as a witness, I could and would competently testify thereto.

9    2.  I make this declaration in support of the Bill of Costs filed concurrently herewith.

10   3.  I have personally compiled and reviewed the invoices and documentation for the taxable

11   costs paid or incurred through my firm, as distinguished from costs paid or incurred through one

12   of my co-counsel firms, which are included in the Bill of Costs but not covered by this

13   declaration or its attachments and exhibits.

14   4.  The taxable costs paid or incurred through my firm total $76,037.82.  Attached to this

15   declaration is a spreadsheet entitled *Separate and Specific Statements of Each Item Claimed*,

16   which lists the individual items of costs claimed that were paid or incurred through my firm,

17   grouped in the categories specified in 18 U.S.C. § 1920, Civil L.R. 54-3 and Form CAND 133.

18   5.  Each item sought to be recovered is correctly stated in the attached *Separate and Specific*

19   *Statements of Each Item Claimed,* was necessarily incurred, and the services for which fees have

20   been charged were actually and necessarily performed.

21   6.  The costs for the Original and one Copy of Reporters' Transcripts and for one copy of the

22   Audio recordings of proceedings containing rulings from the bench, total $364.50.  See 28 U.S.C.

23   § 1920(2); see, also, Civil L.R. 54-3(b)(2), (b)(3) and (d)(1).  Attached as exhibits hereto are true

24   and correct copies of supporting documentation showing that the transcripts and audio recordings

25   were ordered and paid for in the amounts stated:

26   a.  Exhibit A, consisting of:  order for transcript of discovery proceedings of

27   September 13 and October 12, 2018; email exchanges with reporter Joan Marie

28   Columbini regarding deposit amount and calculation of additional amount due;

1     face page and last page of each transcript to support the calculation;

2        b.  Exhibit B, consisting of the reporter's invoice for transcript of case management

3            proceedings of October 23, 2018;

4        c.  Exhibit C, consisting of the NEF for efiling of the order for audio recording of

5            discovery proceedings of October 12, showing the amount and receipt of payment;

6            and

7        d.  Exhibit D, consisting of the NEF for efiling of the order for the audio recording of

8            case management proceedings of October 23, showing the amount and receipt of

9            payment.

10    For the proceedings of October 12 and October 23, it was necessary for me to order both the

11    Audio and a Reporter's Transcript, because the audio for those proceedings had not been posted

12    online at the time I ordered the reporters' transcripts and I was informed that in order to obtain an

13    expedited transcript (which I needed) I would also have to order the Audio.  I needed the

14    transcripts expedited because the case was in the final weeks of fact discovery, there had been a

15    number of discovery disputes, and having the transcript available quickly would be of help in

16    getting through anticipated further disputes over discovery issues.

17        7.  The costs for Depositions, including the costs of an Original and one Copy of the

18    transcript, one copy of the video, reproduction of exhibits and notary fee, total $2,895.50, all of

19    which relate to the deposition of Dr. Eric Matolo.  See Civil L.R. 54-3(c) and Form CAND 133.

20    Attached hereto as Exhibit E is a true and correct copy Invoice #527864 from Barkley Court

21    Reporters, the reporting service who handled the deposition and produced the transcript and

22    video.  The deposition was necessary to the case, as Dr. Matolo is Plaintiff's retained damages

23    expert, and testified at trial.

24        8.  The costs for Disclosure / formal discovery documents total $72,083.17 .  See Civil L.R.

25    54-3(d)(2) and discussion under **Reproduction & Exemplification: Guidance Re: Electronic**

26    **Discovery** on the **Instructions** page of Form CAND 133 (Rev. 02/2017).  Attached as exhibits

27    hereto are true and correct copies of supporting documentation showing that the transcripts and

28    audio recordings were ordered and paid for in the amounts stated:

08876-00001/10844039.2

a. Exhibit F, consisting of Invoice #1431 from Spinnaker Technical Solutions LLC for EDiscovery services from August 28 through October 29, 2018;

b. Exhibit G, consisting of Lilian Loescher-Gracie's TimeSheet Entries for ED Projects for this case for the period July 30 through October 22, 2018;

c. Exhibit H, consisting of Shauna Hardeman's TimeSheet Entries for ED Projects for this case for the period September 22 through October 22, 2018; and

d. Exhibit I, consisting of Stephanie Pinkham's TimeSheet Entries for ED Projects for this case for the period August 23 through October 22, 2018.

9.    This case had substantial unexpected EDiscovery needs, resulting in sizeable expenses for document production activities.  The volume of documents being produced was overwhelming and far beyond what could have been anticipated before discovery commenced.  This was in part because of the disproportionately large volume of emails for the small size of the business and in part because of the high level of activity on social media resulting from abrupt closure of all of TechShop's U.S. operations.  Former members and employees of TechShop were prolific communicators via email, SMS test messages, and the FaceBook Messenger platform.  These communications were stored on a number of platforms owned by tech companies but over which Defendants had some access or control rights.  When Plaintiff propounded broadly framed document requests basically seeking all communications, it was necessary for Defendants to use a vendor to access and gather data and convert it into usable form for production.

10. Spinnaker Technical Solutions LLC is the vendor utilized by Defendants.  In general terms, the vendor had to identify the data sources for each type of communication, locate where the data was stored and determine an efficient and cost-effective way to access the data, extract the data and convert it into a Windows- or Mac-accessible format that could be searched, organized, indexed and used to generate document productions in PDF format.   The EDiscovery project was much more complex than just scanning boxes of pages or searching a lot of email files.  In this case, the vendor had to deal with a wide variety of platforms, data types, and security issues just to access and extract the data.  The vendor extracted and processed over 50,000 SMS text messages; and at the end of this process, my office had bates#d over 60,000

1    pages of emails, SMS messages, and Facebook Messenger messages.  I am familiar with the cost

2    of EDiscovery in this area.  Flat-rate pricing would have been prohibitively expensive in this case.

3    The vendor's hourly rate is consistent with the community for the type of work he does,

4    particularly when considering his use of automation and virtual machines to increase efficiency.

5         11. In addition to the vendor, I utilized project workers for portions of the discovery

6    production.  Each of the three project workers has years of experience in working with document

7    production.  The work done by the project workers is described on their timesheet entries, but

8    generally consists of the following kinds of activities:  data validation and error checking for data

9    format conversions; document coding; metadata extraction; and generating deliverables.

10        12. In addition, the project workers performed extensive redaction of customer identifying

11   information.  Redaction was necessary because counsel for plaintiff (James Pistorino) had been a

12   founder and the Chief Financial Officer of Maker Nexus – a competitor of Defendants –

13   immediately prior to filing this action and was seen to maintain close relations with core

14   management of Maker Nexis even following Mr. Pistorino's resignation as CFO of Maker Nexus.

15   There were concerns that this action had been institute for anti-competitive reasons.  Mr.

16   Pistorino instituted discovery seeking to obtain Defendants' customer list and sought (albeit

17   unsuccessfully) to compel production of Defendant's customer list.  As a result, it was necessary

18   for Defendants to redact customer identifying information in the emails and messaging

19   documents before production.  The redaction activities have been separately identified and

20   tabulated in the supporting documentation.

21        13. Costs for Reproduction of Trial Exhibits through this firm total $694.65.  See Civil L.R.

22   54-3(d)(4).  These expenses consist of the cost of specialized paper, different from the regular

23   copy paper, in that it was pre-punched for binders, had a heavier weight (24#) and higher

24   brightness (96 or 97), together with printing 3 sets of a portion of the trial exhibits for use in trial

25   binders and witness binders.  The trial exhibits that I printed were primarily those that Plaintiff

26   had designated "attorneys eyes only" and the printing was done on my office equipment, which

27   automatically logs copying and printing activity by client and job.  My staff reads the machine's

28   counter every few months.  Attached as Exhibit L hereto is a true and correct copy of the line

1    item taken from my office records showing the total number of copies and prints for printing trial

2    exhibits.  I am familiar with the rates charged for copying and printing, both at facilities such as

3    FedEx Office and through venders that service litigation firms.  The rates of 10 cents/page (b&w)

4    and 25 cents/page (color) are at or below the customary rates that an outside vendor would have

5    charged in the San Francisco Bay Area.

6

7        I declare under penalty of perjury under the laws of the United States of America that the

     foregoing is true and correct.

8

9        Executed this 10th of July, 2019 at San Rafael, California.

10

11                                              */s/ Ann McFarland Draper*
                                              Ann McFarland Draper

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-                          Case No. 4:118-CV-01044-HSG (JCS)

08876-00001/10844039.2