James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.<br><br>Defendants. | Case Number: **4:18-cv-01044-HSG-JCS**<br><br>**TECHSHOP'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

    Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), pursuant to files these objections to Defendants' Bill of Costs.

    All of Defendants' bill of costs should be denied.

    First, Defendants were not the "prevailing party" under FED.R.CIV.P. 54(d)(1). Under the Rule, there is only one "prevailing party." FED.R.CIV.P. 54(d)(1) ("… costs should be allowed to *the* prevailing party."). Defendants were found to have willfully infringed the two trademarks at issue, lost on all of their affirmative defenses, and further lost on their claim of fraud. Because Defendants were not the "prevailing party", no costs are available to them under the Rule. TechShop is the "prevailing party."

    Second, many of the costs claimed are barred as a matter of law.

    Defendants seek $4,795.70 under Rule 54-3(b)(1) for a copy of the trial transcript for appeal. In this case, there has been no appeal for which costs were "necessarily" obtained.

Page **1**

Under the Rule, costs of such transcripts are recoverable only if the judge makes an oral ruling that is supposed to be reduced to a formal order by counsel. Defendants make no such claim. Under Rule 54-3(b)(3), the costs of other transcripts may not be recovered unless, before the cost is incurred, it is approved by the judge or stipulated. No such prior approval or stipulation is alleged. Accordingly, these costs are not allowable. *See, e.g., Hesterberg v. U.S.*, 75 F.Supp.3d 1220, 1224-25 (N.D. Cal. 2014) (Corley, J.) (trial transcript not allowable cost).

Defendants claim $233.00 under 54-3(a)(2) for service of a subpoena by someone other than the marshal. Under the Rule, only costs associated with service of a summons or by the marshal may be claimed. The cost of service of subpoenas is not allowable.

Defendants claim $652.00 under Rule 54-3(b)(2) for copies of transcripts of hearings. Under the Rule, costs of such transcripts are recoverable only if the judge makes an oral ruling that is supposed to be reduced to a formal order by counsel. Defendants make no such claim. Under Rule 54-3(b)(3), the costs of other transcripts may not be recovered unless, before the cost is incurred, it is approved by the judge or stipulated. No such prior approval or stipulation is alleged. Accordingly, these costs are not allowable.

Defendants claim $72,083.17 under Rule 54-3(d)(2) for disclosure/formal discovery documents. The alleged support for these charges is contained in the Draper' declaration and Exhibits F, G, H, and I attached thereto. As described there, the charges relate to both discovery and an "extensive redaction" project. Draper Decl. at ¶ 12. It is well settled that fees for "reproduction and exemplification" are "permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *See, e.g., Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). As a starting point, as revealed in the Draper declaration, Defendants voluntarily chose to engage in a "redaction" project.[1] Defendants' "extensive redaction" project had nothing to do with physical preparation and duplication. Instead, it was "intellectual effort" barred by the Rules. As described by Defendants, the charges

---

[1] Indeed, Plaintiff contends that this was done in violation of Defendants' discovery obligations.

associated with this task are $20,034.50.  In addition, Exhibits G, H, and I include $14,311.17 for a "document coding project."  Again, this is not allowable under the Rules and is not related to the "physical preparation and duplication" of the documents.  Finally, Exhibit F is a charge for $37,440.00 for a multitude of tasks, including phone calls/emails with counsel, "organizing", "processing", etc.  Again, these are barred under the Rule.  Because of the nature of the entries themselves, TechShop cannot disambiguate which costs may be allowable.  Accordingly, none of the costs should be allowed.  *See, e.g., Hesterberg*, 75 F.Supp.3d at 1224 ("… the burden is on the party seeking costs … to establish the amount of compensable costs and expenses to which it is entitled.").

Defendants seek $5,509.81 under Rule 54-3(d)(4) for trial exhibits.  As disclosed in the Roberts' declaration, $2,355.92 of this amount was for the preparation of "binders" for use with witnesses.  See Roberts' Decl. at ¶ 7.  The "binders" themselves were not "trial exhibits" nor were any of the materials therein.  The "trial exhibits" were the materials described in Para. 6 of the Roberts' declaration.  Likewise, the $73.92, $36.29, and $33.39 charges mentioned in ¶ 7 of the Roberts' declaration were not for "trial exhibits."  The $5,509.81 is also supported by Exhibits J, K, and L of the Draper declaration.  Again, those materials do not indicate that the costs were actually for "trial exhibits" as opposed to binders, etc.  Further, simply adding up all the claimed costs only comes out to $4,928.86 not $5,509.81.  Because Defendants have not carried their burden to establish the compensable costs to which they are entitled, these costs should not be allowed.  *See, e.g., Hesterberg*, 75 F.Supp.3d at 1224 ("… the burden is on the party seeking costs … to establish the amount of compensable costs and expenses to which it is entitled.").

Pursuant to Civil Local Rule 54-2(b), the parties met and conferred on July 19, 2019 and agreement was not reached.

1 | Respectfully submitted,
2 |                     ___/s/ James Pistorino

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff