Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**<br><br>Trial: June 3, 2019, 8:30 a.m<br>Judge: Haywood S. Gilliam, Jr. |

On July 9, 2019, Plaintiff Doris A. Kaelin, in her capacity as Trustee for the estate of TechShop, Inc. ("Plaintiff" or "TechShop"), filed a Bill of Costs requesting $1,301.44 to be taxed against Defendants Dan Rasure et al. ("Defendants").

Defendants object to Plaintiff's Bill of Costs on the ground that Plaintiff is not entitled to any costs as it is not the "prevailing party" as required by law.[1]  Defendants' counsel made a good faith effort to meet and confer with Plaintiff's counsel but the parties were unable to resolve their disagreements about TechShop's lack of entitlement to costs.  (Roberts Dec., ¶ 3.)

## I.  BACKGROUND

Plaintiff filed this action against Defendants on February 16, 2018, alleging federal trademark infringement.  (Dkt. 1.)  Trial began on June 3, 2019, and the case was submitted to the jury on June 11, 2019.  (Dkt. 216.)  On June 12, 2019, the jury returned a verdict finding that Defendants infringed Plaintiff's marks but that Plaintiff was not entitled to any damages or other monetary award in connection with the same.  (Dkt 217.)  Despite Plaintiff's failure to be awarded any damages or other monetary award, Plaintiff filed a Bill of Costs on July 9, 2019 (Dkt. 226) seeking $1,301.44 from Defendants for costs associated with its trademark infringement claims.[2]

## II.  GOVERNING LAW

Under Federal Rule of Civil Procedure 54(d)(1), only "the prevailing party" is entitled to costs.  Fed. R. Civ. P. 54(d)(1); *see Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002).[3]  To be the "prevailing party" under Ninth Circuit law, a party must "achieve[] a material alteration in the legal relationship of the parties that is judicially sanctioned." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (quoting *Klamath Siskiyou Wildlands Ctr. v.*

---

[1]  Defendants will also be objecting to any award of costs to Plaintiff on the ground that, based on the legal and equitable arguments being made to the Court in the post-trial motions filed concurrently herewith, Plaintiff will continue to not be the "prevailing party".

[2]  The costs Plaintiff seeks all relate to its infringement case: filing fees and docket costs, service of process fees, stamping trial exhibits and visual aids for the infringement case.  (Dkt. 226).

[3]  "The term 'prevailing party' . . . is a term of art that courts must interpret consistently throughout the United States Code." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)).

*U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009)); *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009). A party is not considered the "prevailing party" when the "'lawsuit brought about a voluntary change in the defendant's conduct without a 'judgment on the merits or a court-ordered consent decree.'" *Cadkin*, 569 F.3d at 1148 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)). In the context of fees and costs, a <u>*plaintiff*</u> is considered the prevailing party only if the plaintiff obtains "actual relief" from the defendant. *Klamath,* 589 F.3d at 1030. Conversely, a <u>*defendant*</u> is considered the prevailing party simply by virtue of "*defeating* such an alteration." *Overstreet v. Farm Fresh Co. Target One, LLC*, No. CV-13-02358-PHX-NVW, 2014 WL 4371427, at *3 (D. Ariz. Sept. 4, 2014) ("If a party prevails by winning a judicially sanctioned material alteration in the legal relationship, then *defeating* such an alteration must also be sufficient.") (emphasis in original). In other words, where a plaintiff fails to obtain any actual relief from the defendant, the defendant is considered the prevailing party, and the plaintiff may not recover fees and costs. *See id*; *Klamath*, 589 F.3d at 1030.[4]

## III. ARGUMENT

Plaintiff cannot be considered the prevailing party because Plaintiff was awarded no damages or any other form of material relief. (Dkt. 217.) In order to be considered the prevailing party in the context of fees and costs, it is not enough for a plaintiff to achieve a "purely technical or de minimis" judgment that does not "affect the obligations of the defendants toward the plaintiff." *Park, ex rel. Park v. Anaheim Union High School*, 464 F.3d 1025, 1036 (9th Cir. 2006). Instead, the plaintiff must obtain "actual relief" in the form of damages or some similar relief that materially alters the parties' positions. *See Klamath,* 589 F.3d at 1031. A mere "moral victory . . . is not enough." *Id*. In the instant case, while it is true that the jury entered a finding of infringement

---

[4] *See also Hewitt v. Helms*, 482 U.S. 755, 759–60 (1987) (concluding that opinion holding plaintiff's constitutional rights were violated is insufficient to confer prevailing-party status where defendant's entitlement to official immunity precluded damages award); *Poland v. Chertoff*, 494 F.3d 1174, 1186–87 (9th Cir. 2007) (denying prevailing-party status to plaintiff whose damages award was vacated on appeal because plaintiff had not obtained "any relief on the merits of his claims," despite holding that plaintiff had established liability on one of his claims).

1  against the Defendants, this finding was purely technical in nature as it did not result in a damages
2  or other monetary award, and thus did not materially impact the Defendants' obligations toward the
3  Plaintiff. *See Park*, 464 F.3d at 1036. Moreover, the verdict did not provide Plaintiff with the actual
4  relief that it sought—monetary relief. In its bankruptcy filing, Plaintiff reported that the value of
5  this lawsuit was at least "$5,000,000, as listed in the Debtor's valuation of the Trademarks, and all
6  demands contained in the case." *In re TechShop, Inc.*, Case No. 18-50398, p. 13 Dkt. 1 (N.D. Cal.
7  Bankr. Feb. 26, 2018). Yet, Plaintiff took nothing from the case. And, while Defendants ceased
8  use of the name "TechShop 2.0" and a logo for "TheShop.build" that Plaintiff claimed was
9  infringing, such changes were made voluntarily and without a "judgment on the merits or a court-
10 ordered consent decree." *Cadkin*, 569 F.3d at 1148. As such, the judgment of infringement is a "de
11 minimis" judgment that does not confer prevailing party status on the Plaintiff. *Id*.

12         In this regard, the *Milton H. Greene* case is instructive. *Milton H. Greene Archives, Inc. v.
13 Julien's Auction House, LLC*, No. CV 05-7686 AHM (FMOx), 2007 WL 4898365, at *3 (E.D. Cal.
14 Dec. 20, 2007), *aff'd*, 345 F. App'x 244 (9th Cir. 2009). In *Milton H. Greene*, plaintiff brought
15 copyright infringement claims against various defendants alleging improper use of eight
16 photographs. *Id*. at *1. At summary judgment, the Court found that some of the Defendants (the
17 "Barclay Defendants" or "Barclay") infringed the copyright covering one of the photos. *Id*. At trial,
18 however, the jury awarded no damages for this single instance of infringement, and found that
19 Barclay did not infringe any of the other photographs. *Id*. Barclay subsequently moved for
20 attorneys' fees. Id. In opposing Barclay's motion, the plaintiff argued that Barclay could not be
21 considered the prevailing party given that Barclay was found to infringe one of the plaintiff's
22 copyrights. *Id* at *3. The Court rejected plaintiff's argument, and found that the Barclay was the
23 prevailing party despite the finding of infringement. Specifically, the Court found that Barclay
24 "achieved substantially all the benefits [it] hoped to achieve in defending the suit"—namely, the
25 freedom to operate without having to pay any damages, and without any further interference from
26 the plaintiff. *See id*. (noting how the Court's final judgment "prevents Plaintiff from pursuing"
27 subsequent claims against Barclay). Given this result, it was immaterial that Plaintiff had obtained
28 a judgment of infringement—a finding of infringement without any award of damages was a "de

minimis judgment . . . that confer[red] no rights" on the plaintiff and, correspondingly, "d[id] not affect the obligations of the defendants toward the plaintiff." *Id*. (citing *Park v. Anaheim Union High School District,* 464 F.3d 1025, 1036 (9th Cir. 2006)).  As such, the Court found Barclay to be the prevailing party—*not* the plaintiff.

The Court should reach the same conclusion here.  Given that this lawsuit "confer[red] no rights" on Plaintiff and did not "affect the obligations of the defendants," Plaintiff cannot be considered the prevailing party on its trademark infringement claims.  As such, Plaintiff's request for costs should be denied.[5]

## IV.     CONCLUSION

The Court should not award Plaintiff its costs because Plaintiff is not the prevailing party and is therefore not entitled to costs under the law.

---

[5] Additionally, a court may, in its discretion, deny a request for costs even if the request is made by a "prevailing" party. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010). "Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance." *Id*. (quoting *Champion Produce, Inc. v. Ruby Robinson* Co., 342 F.3d 1016, 1022 (9th Cir. 2003) (omission in original) (internal quotation marks omitted)).  Should the Court find that Plaintiff is the prevailing party in this action, it should nonetheless decline to award Plaintiff its costs given Defendants' limited financial resources.

| | | |
|---|---|---|
| DATED:  July 23, 2019 | By | */s/ Andrea Pallios Roberts* |

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants