James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S MOTION FOR PERMANENT INJUNCTION** <br><br> Hearing Date: November 7, 2019 2:00pm <br> Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), hereby moves for the entry of a permanent injunction. After an 8 day jury trial, the jurors found that the two TechShop trademarks at issue were valid, owned by TechShop, and that Defendants willfully infringed by Defendants through their use of TechShop 2.0 and TheShop.build.

**LEGAL BACKGROUND**

In *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), the Supreme Court affirmed that the traditional four factor test to applying injunctions applies even in cases where infringement has already been found. *eBay*, 547 U.S. at 391. Thus, in order to obtain a permanent injunction, a plaintiff must demonstrate: 1) that it has suffered an irreparable injury; 2) that remedies at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in

equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction. While eBay involved a patent, this same standard applies to trademark actions. *See, e.g., Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1137-38 (9th Cir. 2006).

### Irreparable Injury

"Loss of control over business reputation and damage to goodwill may constitute evidence of irreparable injury supporting permanent injunctive relief for trademark infringement." *See, e.g., Versace v. Versace 19.69 Abbigliamento Sportivo SRL*, 328 F.Supp.3d 1007, 1032 (N.D. Cal. 2018) (Gilliam, J.) (internal citations/quotations omitted); Sream, Inc. v. Sahebzada, 2019 WL 2180224 at *9 (N.D. Ca.) (Ryu, J. March 7, 2019). "[I]ntangible injuries, such as damage to ongoing recruitment efforts and goodwill qualify as irreparable harm." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

### Remedies at Law Inadequate to Compensate

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Sream*, at *10. "Loss of goodwill and damage to reputation are not easily measured, often rendering money damages inadequate." *CrossFit, Inc. v. Davalos*, 2017 WL 733213 at * 5 (N.D. Ca.) (Freeman, J. February 24, 2017) (internal citations and quotations omitted).

### Balance of Hardships

In determining whether injunctive relief is appropriate, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *See, e.g., Klein v. City of San Clemente*, 584 F.3d 1196, 1199-1200 (9th Cir. 2009). "There is no hardship to a defendant when a permanent injunction would merely require the defendant to comply with the law." *Versace*, 328 F.Supp.3d at 1032-33 (internal citations and quotations omitted).

**Public Interest**

"The public has an interest in avoiding confusion between two companies' products." *Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009). "In addition to the harm caused the trademark owner, the consuming public is equally injured by an inadequate judicial response to trademark infringement." *See Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982). "[I]n the trademark context, the public interest is usually the right of the public not to be deceived or confused." *CrossFit, Inc. v. Davalos*, 2017 WL 733213 at * 5 (N.D. Ca.) (Freeman, J. February 24, 2017) (internal citations and quotations omitted).

## DISCUSSION

A permanent injunction is clearly appropriate in this case. As found by the jury, Defendants willfully infringed both of TechShop's trademarks by using "TechShop 2.0" and "TheShop.build."

After the jury verdict of infringement in this case, Defendants have continued to use the "TechShop 2.0" and "TheShop.build" names. For example, as of the date of this filing, Defendants operate the websites theshop.build and techshop2.com (which forwards to theshop.build) and the Facebook group TheShop.build-Makerspace. Screen shots of each of these is attached as Exhibits A and B and described in the Pistorino Declaration attached hereto.

A permanent injunction barring further infringement is appropriate.

**Irreparable Injury**

As Mssrs Newton, Woods, Busch, and Spurlock testified at trial, TechShop invested a considerable amount of time, effort, and money in developing its business reputation and goodwill using the "TechShop" trademarks over the period of more than a decade. Defendants further infringement of the marks will result in a loss of control of the marks and ongoing damage to TechShop's goodwill.

Simply as an example, at trial, *e.g.*, Mr. Rasure testified that, at that point, he only had a single location open rather than the nationwide coverage TechShop had developed an

international reputation for.  Likewise, at trial, several witnesses (including Mr. Rasure) testified about his abusive and physically threatening conduct with those he disagreed with.  That negative reputation/goodwill is not something that was ever associated with TechShop and associating the TechShop marks with that conduct irreparably damages the goodwill and reputation TechShop spent over a decade developing.

These "intangible injuries" are an irreparable harm to TechShop.

**Remedies at Law Inadequate**

Money damages are inadequate to compensate TechShop for further infringement.  As noted in *Crossfit*, "loss of goodwill and damage to reputation are not easily measured." *Crossfit*, at * 5.  As noted above, simply as an example, the association of Mr. Rasure's abusive conduct and the TechShop' marks clearly damages TechShop's goodwill and reputation in ways not easily measured.

Further, absent a permanent injunction, TechShop's only remedy for Defendants' continuing infringement would be to repeatedly sue Defendants for that infringement.  Thus, remedies at law are inadequate to remedy the injury suffered by TechShop occasion by further infringement.  *See Versace*, 328 F.Supp.3d at 1032.

**Balance of Hardships**

As noted in *Versace*, the Defendants suffer no hardship when the injunction merely requires Defendants to comply with the law.  Conversely, without an injunction, TechShop would suffer the hardship of loss of control of its marks and the goodwill and reputation associated with them.  This Court knows that Ms. Kaelin's role is to maximize the value of the TechShop' estate for the benefit of the creditors.  The trademarks in this case are one of the assets that Ms. Kaelin is seeking to sell and/or license as part of that effort.  Thus, if the trademarks are rendered worthless because they are not enforced, TechShop and its estate will suffer a hardship.

The balance favors TechShop and entry of an injunction.

**Public Interest**

Clearly, the public interest is served by enforcing trademark rights and avoiding confusion by/deception of the public.

## CONCLUSION

As discussed above, TechShop has demonstrated each of the four factors of the *eBay* test. Accordingly, this Court should enter a permanent injunction barring further infringement by Defendants. A proposed permanent injunction is attached as Exhibit C.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff