James C. Pistorino (SBN 226496)
    james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DAN RASURE, et al.<br><br>　　　　　Defendants. | Case Number: **4:18-cv-01044-HSG-JCS**<br><br>**TECHSHOP'S MOTION FOR A NEW TRIAL ON DAMAGES**<br><br>Hearing Date: November 7, 2019  2:00pm<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

　　　　Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), hereby moves, pursuant to FED.R.CIV.P. 59(a) for a new trial on damages.  In its verdict, the jury found that Defendants willfully infringed the two TechShop' trademarks at issue.  However, the jury did not award damages under either the lost licensing revenue or defendants' profits models.  This was so, though TechShop offered evidence under both models.  The jury's verdict is against the weight of the evidence and appears to be based on substantial errors in the admission of evidence.  In particular, the admission of "expert" testimony from Mr. Mark Binger regarding "licensing" and the perception of TechShop by the "makerspace community" and altered financial documents produced by Defendants after the close of discovery that were admitted over Plaintiff's objection.

Page 1

The very idea of willful infringement without damage is non-sensical where the trademark owner has put on evidence of such damages. After giving full respect to the jury's findings, it is clear that a mistake has been made.

Accordingly, a new trial on damages should be ordered to avoid a miscarriage of justice.

## LEGAL BACKGROUND

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59 gives the trial judge the power to prevent a miscarriage of justice. *Moist Cold Refrigerator Co. v. Lou Johnson Co.,* 249 F.2d 246 (9th Cir.1957). A new trial may be ordered to correct manifest errors of law or fact, but "the burden of showing harmful error rests on the party seeking the new trial." *Malhiot v. Southern California Retail Clerks Union,* 735 F.2d 1133 (9th Cir.1984).

A motion for new trial may invoke the court's discretion insofar as it is based on claims that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). Where a movant claims that a verdict is against the clear weight of the evidence, a new trial should be granted where, after giving full respect to the jury's findings, the judge "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Const. Co., Inc. v. Royal Bank of Canada,* 833 F.2d 1365, 1371-72 (9th Cir.1987). The authority to grant a new trial under Rule 59 "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam); *see Vickery v. Fisher Governor Co.,* 417 F.2d 466, 470 (9th Cir.1969) (trial court has "wide judicial discretion" in considering new trial motion). A trial court may grant a motion for a new trial if the verdict is "contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a

miscarriage of justice." *Roy v. Volkswagen of America, Inc.*, 896 F.2d 1174, 1176 (9th Cir.1990) (quoting *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir.1976).

## DISCUSSION

### SUBSTANTIAL ERRORS OF ADMISSION OF EVIDENCE

#### Bunger

As set forth in in TechShop's <u>Daubert</u> and other motions related to Mr. Munger (see Dkt. #114, 126, 201, and 206), none of Mr. Munger's testimony/slides should have been admitted/shown to the jury. Those same arguments were presented to the Court during the pre-trial *voir dire* arguments. As TechShop repeatedly pointed out, *e.g.*, Mr. Bunger's report contained no information establishing his "expertise" in licensing (either by training or expertise) or connecting any alleged "expertise" in licensing to the facts of this case. Defendants' countered the Mr. Bunger could testify as to such though it was not in his "expert" report. Ultimately, pointing to the fact that the Bunger reports had been served in November/December and trial was in June, the Court allowed the testimony (including base hearsay) over TechShop's objections (apparently in the belief that TechShop could have/should have taken/moved to take Mr. Bunger's deposition). Respectfully, that was a substantial error in the admission of evidence.

As disclosed in the Advisory Committee Notes to the 2000 amendments to FED.R.EVID. 702:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.

Of course, none of that was the in the Bunger "expert" report. Further, as disclosed in the Advisory Committee Notes to the 1993 amendments to FED.R.CIV.P. 26, because of the default exclusion of information not disclosed/established in an expert report under FED.R.CIV.P. 37, the idea of the report itself "may eliminate the need for a deposition." Further, as TechShop has repeatedly pointed out, the burden is on the party offering "expert" testimony to show that it is

admissible/its admission would be harmless. The burden was never on TechShop to disprove the admissibility of the Bunger testimony. Thus, the Court's apparent view that TechShop should have deposed Mr. Bunger to determine his expertise not disclose in his report or the bases for his opinions has the burdens and duties exactly backwards. Because any alleged "expertise" of Mr. Bunger was no disclosed in his report and his report also did not disclose any alleged experience in accordance with the Rules, the Bunger testimony should have been excluded. *See, e.g., 640 Octavia, LLC. v. Pieper*, 2019 WL 1201581 (N.D. Ca. March 14, 2019) (Alsup, J.) at *2.

The admission of the Bunger testimony was a substantial error because there was no other evidence to counter TechShop's damages evidence and appears to have led to confusion by the jurors.

### Late Produced Financial Information

At trial, the Court allowed Defendants to introduce evidence of expenses, etc. produced months after the close of discovery over TechShop's objections. *See, e.g.*, Dkt. #199, 201. As noted in those papers and at trial, the documents in question had been altered by Defendants to remove, without basis or authority, information Defendants simply wanted to hide. Thus, even putting aside their production well after the close of the discovery period (and thus automatic exclusion), the documents were no longer "originals" within the Rules. The admission of these documents (and testimony related thereto) was a substantial error because: 1) it precluded Plaintiff (and the jurors) from determining the reliability of the information; 2) operated as an ambush on Plaintiff; and 3) was directly contrary to, *e.g.*, FED.R.CIV.P. 37(c). Avoiding that is the very purpose of the Rules.

The erroneous admission of this information was a substantial error because it was the only evidence offered to counter TechShop's evidence of Defendants' revenues.

### AGAINST THE WEIGHT OF THE EVIDENCE

At trial, TechShop introduced evidence of its licensing program, actual licenses entered into by TechShop, the proposed transaction between the parties, Defendants' efforts to mimic the TechShop' mark (e.g., by using a "theShop.build" logo that mimicked TechShop's), Defendants'

revenues, and Dr. Matolo's expert opinions based thereon. Thus, the jury's finding of no damages was against the weight of the evidence.

Indeed, even assuming that no damages related to Defendants' profits were considered appropriate and further that the licenses previously entered into were completely ignored, the evidence in the case was of TechShop's decade long efforts to establish goodwill and the success of those efforts. Thus, disregarding any specific damages number, clearly, the evidence was that TechShop was damaged in at least a nominal amount (*e.g.*, $5) of the value of a license that it Defendants would have paid to have rightful use of TechShop's marks. Thus, the jury's finding of zero damages is both against the weight of the evidence and is simply a mistake.

## CONCLUSION

For the reasons set forth above, a new trial on damages should be ordered. A proposed Order is attached.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff