Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:      (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:      (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:      (917) 960-1667

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al., <br><br> Defendants. <br><br> ——————————————————— <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS) <br><br> **DEFENDANTS' MOTION FOR REVIEW OF COSTS TAXED AGAINST DEFENDANTS (DKT. 250), TO RETAX COSTS AGAINST PLAINTIFF (DKT. 251), OR IN THE ALTERNATIVE, FOR STAY** <br><br> Hearing Date: January 16, 2020 <br> Time: 2:00 pm <br> Judge: Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE pursuant to Federal Rule of Civil Procedure 54(d)(1) and Civil L.R. 54-1 et seq., Defendants Dan Rasure, TheShop.build, LLC, and TheShop.build San Francisco, LLC (collectively "Defendants") hereby respectfully move the Court to review the Clerk's Taxation of Costs against Defendants, to retax costs against Plaintiff as claimed on Defendants' Bill of Costs, or in the alternative, to stay the Clerk's Order awarding costs to the Plaintiff.  This Motion is set to be heard on January 16, 2020 at 2:00 pm by the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 on the 4th Floor of the United States District for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the other records and papers provided to the Court herewith, any oral argument, and all other evidence the Court may consider in hearing this Motion.

Defendants' Motion is made on the ground that, based on the jury's verdict awarding Plaintiff no damages or other monetary relief, Defendants are the prevailing party for purpose of an award of costs.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The Court should decline to tax costs against Defendants Dan Rasure, TheShop.build, LLC, and TheShop.build San Francisco, LLC (collectively "Defendants") because Defendants, and not Plaintiff, are the prevailing party in this litigation.  Rather, the Court should award Defendants their taxable costs because they are the prevailing party.

Defendants are the "prevailing party" because the jury did not award Plaintiff any "actual relief" for infringement of the TECHSHOP marks.  Plaintiff did not "achieve[] a material alteration in the legal relationship of the parties that is judicially sanctioned."  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (quoting *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009)).  Rather, Defendants defeated Plaintiff's attempt to obtain nearly $5 million in damages and materially alter the legal relationship.  With Plaintiff obtaining no damages or other monetary relief, Defendants are the "prevailing party."  Accordingly, this Court should review the costs taxed against Defendants, and retax costs against Plaintiff.

Alternatively, Defendants respectfully request this Court stay the Clerk's award of costs to Plaintiff pending determination of Defendants' Amended Renewed Motion for Judgment of a Matter of Law (Dkt. 254) and resolution of the equitable defenses (Dkts. 255, 256), currently set for hearing on November 7, 2019.

## BACKGROUND

This is a trademark infringement action.[1]  Plaintiff alleged federal trademark infringement based on Defendants' alleged unauthorized use of Plaintiff's marks for the word TECHSHOP, which were registered with the U.S. Patent and Trademark Office.  (*See* TX0351, TX0352).  Defendants answered and denied infringement.  (Dkt. 50).  Defendants sought dismissal of the

---

1   While the marks at issue in this case are technically service marks, the parties have repeatedly referred to them as "trademarks."

1   action, cancellation of Plaintiff's registrations, and an award of attorneys' fees and costs.  (*Id.*;

2   Dkt. 42).[2]

3   Trial commenced on June 3, 2019, at which Plaintiff argued that Defendants' use of the

4   names "TechShop 2.0" and "TheShop.build," and use (for 3 days) of a logo for "TheShop.build"

5   infringed the TECHSHOP marks.[3]  After the seven-day trial, the jury returned a verdict finding

6   that "TechShop 2.0" and "The Shop.build" willfully infringed Plaintiff's marks, but awarded no

7   damages or other monetary relief to Plaintiff.  (Dkt. 217.)  The jury determined that Plaintiff

8   suffered no actual damages, suffered $0 in lost licensing revenue as a result of the infringement,

9   and that the Plaintiff should be awarded $0 in Defendants' profits.  (*Id.*)

10   Following the verdict, and pursuant to Court order (*see* Dkt. 220), the parties jointly

11   requested that the Court delay entering judgment until after the Court ruled on Plaintiff's motion

12   for a new trial on damages and on Defendants' renewed motion for judgment as a matter of law

13   and their equitable defenses, and for that reason did not submit a proposed judgment.  (Dkt. 222.)

14   The Court set a schedule for post-trial briefing, but declined to delay entering judgment.  (Dkt.

15   224.)  On June 26, the Court entered an order of final judgment in favor of Plaintiff.  (Dkt. 223.)

16   Plaintiff submitted a Bill of Costs on July 9 (Dkt. 226), to which Defendants objected.  (Dkt. 232.)

17   Defendants submitted a Bill of Costs on July 10 (Dkt. 228), to which Plaintiff objected.  (Dkt.

18   231.)  On August 6, the Clerk of the Court taxed costs against Defendants in the amount of

19   $1301.41 (the full amount claimed by Plaintiff) and disallowed all costs claimed by Defendants,

20   citing Reason Code "E" ("outside the ambit of Civil Local Rule 54-3").  (Dkts. 250, 251; *see*

21   *generally* L.R. 54-4, Form CAND 133.)

22   **LEGAL STANDARD**

23   A party claims costs under Fed. R. Civ. P. 54(d)(1) by filing a Bill of Costs, and the Clerk

24   of the Court may tax costs no sooner than 14 days thereafter.  Fed. R. Civ. P. 54(d)(1); Civil L.R.

25   54-4(b).  The Clerk is required to consider any objections filed pursuant to Civil L.R. 54-2 before

26   _____

27   2  Defendant Dan Rasure also counterclaimed alleging a fraud cause of action. (Dkt. 42).

28   3 The evidence presented at trial is discussed in detail in Defendants' Amended Motion for
Judgment as a Matter of Law.  (Dkt. 254.)

determining whether to tax costs.  Civil L.R. 54-4(b).  Within seven days after the Clerk serves the notice taxing costs, a party may make a motion for judicial review of the Clerk's actions.  Fed. R. Civ. Pro. 54(d)(1). The District Court reviews the Clerk's determination de novo.  *Lopez v. S.F. Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000-01 (N.D. Cal. 2005).

Section 1117 of the Lanham Act allows a party who prevails in litigation brought under Section 1114 of the same title the possibility of recovering "the costs of the action." 15 U.S.C. § 1117 (a); *see, e.g.*, *Zynga Inc. v. Waas*, 2011 WL 588147, at *1 (N.D. Cal. Jan. 31, 2011), *report and recommendation adopted*, WL 588050 (N.D. Cal. Feb. 10, 2011) (citing 15 U.S.C. § 1117(a)); *see also* Fed. R. Civ. P. 54(d); *see generally* Civil L.R. 54.  To be the "prevailing party" under the Lanham Act, a party must "achieve[] a material alteration in the legal relationship of the parties that is judicially sanctioned."  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015).[4]  By virtue of "*defeating* such an alteration," the defendant is considered the prevailing party.  *Overstreet v. Farm Fresh Co. Target One, LLC*, 2014 WL 4371427, at *3 (D. Ariz. Sept. 4, 2014) ("If a party prevails by winning a judicially sanctioned material alteration in the legal relationship, then *defeating* such an alteration must also be sufficient."); *cf.*, *Klamath*, 589 F.3d at 1030 (noting a plaintiff is considered the prevailing party only if the plaintiff obtains "actual relief" from the defendant).

## **ARGUMENT**

## I.   **DEFENDANTS ARE THE PREVAILING PARTY**

Defendants are the prevailing party in this case because the jury awarded Plaintiff no damages or any other form of material relief.[5]  (Dkt. 217.)  To be considered the prevailing party, it is not enough for a plaintiff to achieve a "purely technical or de minimis" judgment that does not "affect the obligations of the defendants toward the plaintiff."  *Park, ex rel. Park v. Anaheim*

---

4  "The term 'prevailing party' . . . is a term of art that courts must interpret consistently throughout the United States Code."  *Klamath*, 589 F.3d at 1030 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)).

5  Defendants' argument in support of the position that they are the prevailing party in this litigation is set out in more detail in Defendants' Amended Renewed Motion for Attorneys' Fees and Costs (Dkt. 257.)

*Union High School*, 464 F.3d 1025, 1036 (9th Cir. 2006).  A mere "moral victory . . . is not enough."  *Klamath,* 589 F.3d at 1031.  Instead, the plaintiff must obtain "actual relief" such as damages or some similar relief that materially alters the parties' positions.  *See id.*  Absent such a result, it is the defendant who is properly considered the prevailing party.  *See id.* at 1030; *Overstreet,* 2014 WL 4371427, at *3.  For example, a jury that returns a verdict of copyright or trademark infringement but awards no damages or other relief has granted the plaintiff no "actual relief" and effected no "material alteration" in the legal relationship between the two parties; it has only delivered the plaintiff a moral victory.  *See, e.g.*, *Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*, 2007 WL 4898365, at *3 (E.D. Cal. Dec. 20, 2007), *aff'd*, 345 Fed. App'x 244, 249 (9th Cir. 2009); *see also Poland v. Chertoff*, 494 F.3d 1174, 1186–87 (9th Cir. 2007) (denying prevailing-party status to plaintiff whose damages award was vacated on appeal because plaintiff had not obtained "any relief on the merits of his claims," despite holding that plaintiff had established liability on one of his claims).  This is not enough to award the plaintiff "prevailing party" status; rather, it is the defendant who has in fact prevailed in the litigation.  *See Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (holding that a plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail").

Here, although the jury entered a finding of infringement against Defendants, the jury also declined to award Plaintiff any monetary relief.  The jury's finding was purely technical in nature: it did not materially impact the Defendants' obligations toward the Plaintiff.  *See Park*, 464 F.3d at 1036.  Despite reporting in its bankruptcy filings that the value of the lawsuit was at least $5,000,000, Plaintiff took nothing from this case.  *In re TechShop, Inc.*, Case No. 18-50398, Dkt. 1, p. 13 (N.D. Cal. Bankr. Feb. 26, 2018).  And, although Defendants ceased their two-day use of the name "TechShop 2.0" and their three-day use of the allegedly infringing logo for "TheShop.build," such changes were made voluntarily and without a "judgment on the merits or a court-ordered consent decree."  *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009).  As such, the judgment of infringement is a "*de minimis*" judgment that does not confer prevailing party status on Plaintiff.  *Park*, 464 F.3d at 1036.

1    Instead, Defendants should be considered the prevailing party in this litigation. *See*

2    *Overstreet*, 2014 WL 4371427, at *3; *see also Milton H. Greene Archives* at *3, (holding that the

3    defendant was the prevailing party when the judgment for plaintiff without any award of damages

4    was a ***"de minimis judgment . . . that confer[red] no rights"*** on the plaintiff and, correspondingly,

5    ***"d[id] not affect the obligations of the defendants toward the plaintiff"***), *aff'd*, 345 F. App'x 244

6    (9th Cir. 2009).

7    As the jury's verdict in this case "confer[red] no rights" on Plaintiff and did not "affect the

8    obligations" of Defendants, Defendants are the prevailing party.  Accordingly, Defendants request

9    (1) that the Court reverse the Clerk's action taxing costs against Defendants (Dkt. 250) and

10   disallow all costs claimed by Plaintiff, and (2) that the Court reverse the Clerk's action

11   disallowing all costs claimed by Defendants (Dkt. 251) and tax all such costs against Plaintiff.

12   **II.    DEFENDANTS' REQUESTED COSTS ARE RECOVERABLE.**

13   The Clerk's reason for disallowance of Defendants' costs was listed as "E" for "total

14   costs."  The Clerk did not provide a reason for disallowance as to any of the individual categories

15   of costs.  Thus, Defendants understand that the basis for the disallowance is the Clerk's apparent

16   incorrect belief that Plaintiff was the prevailing party.  As discussed above, Defendants are the

17   prevailing party.

18   To the extent Defendants' costs were disallowed for other reasons, the Clerk did not state

19   the basis for doing so, and there was no valid basis for doing so.  Defendants are entitled to all of

20   the costs requested.  Plaintiff previously filed objections to certain of Defendants' requested costs

21   (Dkt. 231), but those objections lacked merit.  Plaintiff objected to Defendants' request for costs

22   associated with obtaining trial transcripts on the basis that a notice of appeal has not been filed.

23   Costs for trial transcripts are recoverable even before a notice of appeal is filed.  *City of Alameda,*

24   *Cal. v. Nuveen Mun. High Income Opportunity Fund*, 2012 WL 177566, at *4 (N.D. Cal. Jan. 23,

25   2012).  "Courts in the Northern District generally allow for recovery of costs for one copy of the

26   trial transcript." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2014 WL 4745933, at *7 (N.D. Cal. Sept.

27   19, 2014) (citing *TransPerfect Global, Inc. v. MotionPoint Corp.*, 2014 WL 1364792, at *3 (N.D.

28   Cal. Apr. 4, 2014) ).  Moreover, "various courts in the Northern District tax the costs for pretrial

hearing transcripts for claim construction and summary judgment hearings." *Id.* (citations omitted).  And, while the costs of other transcripts are not usually recoverable, parties "reasonably could incur the expense of obtaining transcripts of all of the court proceedings" where a case is "contentiously litigated, and the parties ... often made arguments based on the words very recently spoken by participants or by the court, sometimes using strained interpretations of the words or pulling them out of context." *Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113, at *2 (citing *Intermedics, Inc. v. Ventritex*, 1993 WL 515879, at *4 (N.D. Cal. Dec. 2, 1993) ); *Phoenix Techs. Ltd. v. VMWare, Inc.*, 2018 WL 4700347, at *3 (N.D. Cal. Sept. 30, 2018); *Vectren Communications Servs. v. City of Alameda*, 2014 WL 3612754, at *3 (N.D. Cal. July 22, 2014).

Plaintiff also objected to the fees for service of subpoenas for someone other than the marshal. Local Rule 54-3(a)(2), however, allows "[f]ees for service of process *by someone other than the marshal* acting pursuant to Fed. R. Civ. P. 4(c)."  (emphasis added).

Plaintiff objected to Defendants' copy fees for preparing witness binders, claiming that the binders were not trial exhibits.  Courts in this District, however, have allowed recovery of costs associated with creating witness binders.  *See, e.g., Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, 2007 WL 832935, at *5 (N.D. Cal. Mar. 19, 2007) (allowing recovery of costs associated with trial exhibits and necessary witness binders); *Emblaze Ltd. v. Apple Inc.*, 2015 WL 1304779, at *6 (N.D. Cal. Mar. 20, 2015) (allowing "recovery for blowbacks created for trial"); *Apple Inc. v. Samsung Elecs. Co.*, 2015 WL 4967769, at *12 (N.D. Cal. Aug. 20, 2015) (allowing Apple to recover the costs of producing the witness binders containing exhibits, as those binders were "necessarily obtained for use in the case.")  Plaintiff further objected to the reproduction costs reflected in Draper Exs. J, K, and L, which reflect printing of trial exhibits, saying that it was not clear that they were trial exhibits as opposed to witness binders.  As discussed above, even if they were witness binders, those costs are taxable.  But, the costs referenced in Draper Exs. J, K, and L were copies of trial exhibits so that there would be hard copies available during trial.  Indeed, Defendants submitted hard copies of the admitted exhibits to the Courtroom Deputy as required by this Court's procedures.  These costs are recoverable regardless of whether all of the printed trial exhibits were admitted.  *In re Ricoh,* 661 F.3d at 1367; *see also Apple I* Costs Order

*8 (Civil Local Rule 54–3(d)(5) "allows recovery for materials 'to be used' at trial and does not require actual use of each item so prepared"). *Apple Inc. v. Samsung Elecs. Co.*, 2015 WL 4967769, at *13 (N.D. Cal. Aug. 20, 2015).

Contrary to Plaintiff's arguments, Defendants' expenses of producing e-discovery documents, including redactions, are recoverable, both under 28 USC 1920(2) as well as under the Local Rules. Exemplification and copying includes more than old-fashioned photocopies, particularly where, as here, the documents at issue are electronically stored. ESI cannot be produced until it can be located, separated from other data, extracted and converted into a usable form, and transferred to a storage device for delivery. That this is recoverable is evident from the section entitled "Reproduction & Exemplification: Guidance re: Electronic Discovery" on the last page of the Form CAND 133 (Bill of costs), which states:

> While there may be special circumstances in individual cases, the following kinds of document production costs are generally considered taxable unless a stipulation or order in the case provides otherwise:
>
> Auto feed scanning of hard copy documents
> Bates stamp
> Blowback scanning of paper documents
> **Conversion of native files to different format for production**
> **Data archive**
> **Document coding**
> **Electronic Discovery deliverables**
> **Electronic label/Bates numbering**
> **External hard drive used for production; copying files to storage media for production**
> Heavy litigation scanning
> **Image endorsing (electronic labeling or numbering)**
> **Load file creation**
> **Metadata extraction**
> OCR (optical character recognition)
> Slip sheets
> **TIFF conversion**

The activities utilized here, and for which costs were claimed, are identified by bolding. As explained in the Declaration of Ann McFarland Draper (Dkt. 228-20, ¶¶ 9-12), the volume of documents was overwhelming and it was necessary to run algorithms and searches to identify responsive documents and privileged documents. This involved automation, not intellectual effort, and the cost is recoverable.

1    Likewise, the cost of redaction is recoverable.  As discussed in the Draper Declaration (*id.*

2  ¶ 12), Plaintiff's counsel had a relationship with Maker Nexus, a competitor of Defendants; the

3  document requests Plaintiff propounded were extremely broad and included customer information,

4  business plans and other trade secrets.  Plaintiff sought—albeit unsuccessfully—to obtain

5  Defendants' customer list.  To the extent that the responsive electronic information contained

6  protected data, it had to be redacted to prevent disclosure to the competitor.  Defendants should

7  not have to bear the redaction expense, which was uniquely attributable to the association between

8  the competitor and Plaintiff's counsel.

9    Thus, to the extent that the Clerk disallowed any of Defendants' costs on the basis that the

10  costs are not recoverable, that decision was incorrect.  Each of the costs requested by Defendants

11  are allowable.  Since Defendants are the prevailing party, the Court should retax Defendants' costs

12  against Plaintiff.

13  **III.    THE COURT SHOULD STAY ANY AWARD OF COSTS WHILE DEFENDANTS POTENTIALLY CASE-DISPOSITIVE MOTIONS REMAIN PENDING.**

14

15    As noted above, the parties previously jointly requested that the Court delay entering final

16  judgment while certain, potentially case-dispositive, motions remained outstanding.  In particular,

17  Defendants' Amended Renewed Motion for Judgment as a Matter of Law (Dkt. 254) and

18  Defendants' briefing on equitable defenses of acquiescence, estoppel, and laches (Dkts. 255, 256)

19  remain pending before the Court.

20    Defendants are the prevailing party even if these motions are not granted, for the reasons

21  discussed above.  However, if the Court grants Defendants' motion for judgment as a matter of

22  law or rules in favor of Defendants on any of the equitable defenses, it would be indisputable that

23  Defendants are the prevailing party in this litigation, and any award of costs against Defendants

24  would be improper.  In light of these pending motions, the Court should, at the very least, stay any

25  order taxing costs until after the resolution of Defendants' pending motions.

26

27

28

IV.     **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' motion and reverse the

Clerk's action taxing costs against Defendants, and should instead tax against Plaintiff the costs

claimed in Defendants' Bill of Costs.


DATED:  August 13, 2019                           By      */s/ Andrea Pallios Roberts*
                                                              Ann McFarland Draper (Bar No. 065669)
                                                              courts@draperlaw.net
                                                              Draper Law Offices
                                                              75 Broadway, Suite 202
                                                              San Francisco, California 94111
                                                              Telephone:     (415) 989-5620

                                                              QUINN EMANUEL URQUHART &
                                                              SULLIVAN, LLP
                                                              Kevin P.B. Johnson (Bar No. 177129)
                                                              kevinjohnson@quinnemanuel.com
                                                              Andrea Pallios Roberts (Bar No. 228128)
                                                              andreaproberts@quinnemanuel.com
                                                              555 Twin Dolphin Drive, 5th Floor
                                                              Redwood Shores, California 94065-2139
                                                              Telephone:     (650) 801-5000
                                                              Facsimile:     (650) 801-5100

                                                              Ed DeFranco (Bar No. 165596)
                                                              eddefranco@quinnemanuel.com
                                                              51 Madison Avenue, 22nd Floor
                                                              New York, NY 10010
                                                              Telephone:     (212) 849-7000
                                                              Facsimile:     (212) 849-7100

                                                              John E. Nathan (P*ro Hac Vice*)
                                                              jnathan155@yahoo.com
                                                              John E. Nathan LLC
                                                              1175 Park Avenue
                                                              New York, NY 10128
                                                              Telephone:     (917) 960-1667

                                                              Attorneys for Defendants and Counterclaimants