Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Cross-Complainants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS)<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' OPPOSITION TO TECHSHOP'S MOTION FOR A NEW TRIAL ON DAMAGES (DKT NO. 238)**<br><br>Hearing Date:  November 7, 2019<br>Time: 2:00 pm<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................................1

LEGAL STANDARD ...........................................................................................................................2

ARGUMENT ........................................................................................................................................2

I.    PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL ON DAMAGES BASED ON ANY ALLEGED INCONSISTENCY OR INSUFFICIENT EVIDENCE. ....................2

    A.    Plaintiff Waived This Argument By Failing To Object To the Verdict. ....................2

    B.    The Jury's Findings Of Both Infringement And Zero Damages Are Not Legally Problematic. .................................................................................................3

    C.    The Jury's Damages Verdict Was Supported By Substantial Evidence In Any Event. ...............................................................................................................4

    D.    TechShop Waived Any Right To Nominal Damages. ..............................................6

II.    PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL BASED ON ALLEGED EVIDENTIARY ERRORS. ...................................................................................................7

    A.    The Court Acted Well Within Its Discretion In Admitting Mr.Bünger's Testimony. ..................................................................................................................8

    B.    The Court Acted Well Within Its Discretion In Admitting Financial Documents That Plaintiff Itself Used. .....................................................................11

CONCLUSION ..................................................................................................................................12

**TABLE OF AUTHORITIES**

**Page**

CASES

*Acevedo-Luis v. Pagan,*
    478 F.3d 35 (1st Cir. 2007) .................................................................................................. 7

*Cline v. Contra Costa Cty., Health Servs. Dep't,*
    No. C 03-00332 JSW, 2005 WL 151929 (N.D. Cal. Jan. 24, 2005).................................... 7

*Harper v. City of Los Angeles*,
    533 F.3d 1010 (9th Cir. 2008)......................................................................................... 2, 7

*Home Indemn. Co v. Lane Powell Moss & Miller,*
    42 F.3d 1322 (9th Cir. 1995).............................................................................................. 3

*Johnson v. Paradise Valley Unified Sch. Dist.,*
    251 F.3d 1222 (9th Cir. 2001)............................................................................................ 4

*Kode v. Carlson*,
    596 F.3d 608 (9th Cir. 2010).............................................................................................. 3

*Landes Const. Co. v. Royal Bank of Canada*,
    833 F.2d 1365 (9th Cir. 1987)............................................................................................ 2

*Mariolle v. Volvo Group North America, Inc.,*
    No. C 09-1209 MMC, 2012 WL 12920641 (N.D. Cal Sep 4, 2012)…………………….…7

*Merrick v. Farmers Ins. Grp.*,
    892 F.2d 1434 (9th Cir. 1990)............................................................................................ 7

*Monster Energy Co. v. Integrated Supply Network, LLC*,
    No. ED CV 17-548-CBM-RAOx, 2019 WL 2781402 (C.D. Cal. July 2, 2019) ................ 4

*Mosesian v. Peat, Marwick, Mitchell & Co.,*
    727 F.2d 873 (9th Cir.1984)............................................................................................... 5

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    420 F. Supp. 2d 1070 (N.D. Cal. 2006) ............................................................................. 3

*Oliver v. Falla*,
    258 F.3d 1277 (11th Cir. 2001).......................................................................................... 7

*Olsen v. Pac. Indem. Co.,*
    CV-15-01004-PHX-JJT, 2019 WL 1877357 (D. Ariz. April 26, 2019)……………………7

*OneSource Facility Servs., Inc. v. Mosbach*,
    No. 2:05-cv-525-FtM-34DNF, 2008 WL 11430023 (M.D. Fla. Nov. 18, 2008)................ 7

*Philippine Nat'l Oil Co. v. Garrett Corp.,*
    724 F.2d 803 (9th Cir. 1984)................................................................................... 1, 3, 4, 7

*Platypus Wear, Inc. v. Horizonte Ltda.*,
    558 F. App'x 929 (11th Cir. 2014) ................................................................................... 4

*Reeves v. Sanderson Plumbing Prods., Inc.*,
    530 U.S. 133 (2000) ..................................................................................................... 4, 5

*Shimko v. Guenther*,
    505 F.3d 987 (9th Cir. 2007) ............................................................................................ 2

*Transbay Auto Serv., Inc. v. Chevron USA, Inc.*,
    No. 09-cv-4932, 2013 WL 496098 (N.D. Cal. Feb. 7, 2013) .......................................... 9

*Truong Giang Corp. v. Twinstar Tea Corp.*,
    No. C 06-03594 JSW, 2007 WL 1545173 (N.D. Cal. May 29, 2007) ............................ 4

*United States v. Segall*,
    833 F.2d 144 (9th Cir. 1987) .......................................................................................... 12

*Williams v. Gaye,*
    895 F.3d 1106 (9th Cir. 2018) .......................................................................................... 3

## RULES

Fed. R. Civ. P. 48, 49 ............................................................................................................... 3

Fed. R. Civ. Pro. 37 ......................................................................................................... 10, 11

# INTRODUCTION

Unsatisfied with the jury's careful weighing of the evidence presented over the seven days of trial and ultimate rejection of its damages claims, Plaintiff TechShop ("Plaintiff" or "TechShop") now seeks a complete damages redo, (Dkt. No. 238 ("Mot.")), claiming that the jury could not possibly have found both willful infringement and no damages, and rearguing evidentiary issues that this Court already considered and rejected multiple times. This is not a proper use of Rule 59, and Plaintiff's motion should be denied.

Preliminarily, Plaintiff never objected to the verdict form or the Court's instructions on damages. It did not seek to poll the jury to determine whether its verdict of willful infringement was somehow inconsistent with its decision not to award damages. For these reasons, Plaintiff's amorphous argument that the jury's damages verdict was a "mistake," or could not have been supported by substantial evidence, has been waived. *See Philippine Nat'l Oil Co. v. Garrett Corp.,* 724 F.2d 803, 806 (9th Cir. 1984). But even had the argument been preserved, the jury's rejection of Plaintiff's damages claim was supported by the overwhelming weight of the evidence, including evidence that Plaintiff had torpedoed any value its marks may have had by abruptly closing its doors, declaring an intent to file for bankruptcy, leaving customers in a lurch, and sustaining substantial resulting negative press (in print, online, and on social media) long before Mr. Rasure entered the picture or any alleged infringement began. The jury was not required to disregard this undisputed evidence, and Plaintiff's generalized assertions that the $0 verdict was unfair or wrong is insufficient as a matter of law.

In the end, the jury heard competing opinions from the parties' damages experts (Dr. Matolo for Plaintiff, Mr. Bünger for Defendants). It clearly accepted Mr. Bünger's opinion that the TechShop brand had negative value after Plaintiff's catastrophic collapse, and rejected Dr. Matolo's opinion that the marks were worth more in the U.S. after the bankruptcy. The resolution of this conflict was entirely within the jury's duties and responsibilities and is not a ground for a new trial.

Plaintiff's request to re-litigate its lost evidentiary challenges fare no better. At this stage of the proceeding, Plaintiff must show that the Court abused its discretion in admitting the

challenged evidence and that its admission was prejudicial. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). Plaintiff can prove neither. As this Court already ruled in its *Daubert* Order and at trial, Defendants' damages expert Mr. Bünger was sufficiently qualified to proffer his opinions at trial, which were all well-supported by his decades of expertise and careful analysis of the record evidence. And the Court likewise acted well within its discretion in allowing Defendants to introduce evidence of their expenses to rebut Plaintiff's claim of entitlement to Defendants' profits, particularly given that Plaintiff's own expert relied on the same financial documents to show Defendants' revenues and given that Defendants produced these financial documents before trial at Plaintiff's request.

For all of these reasons, Plaintiff's motion should be denied.

## LEGAL STANDARD

A district court may grant a new trial under Rule 59 "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007) (internal citations and quotation marks omitted). A judge should not grant a new trial unless he "is left with the definite and firm conviction that a mistake has been committed." *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987) (internal citations and quotation marks omitted).

## ARGUMENT

I. **PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL ON DAMAGES BASED ON ANY ALLEGED INCONSISTENCY OR INSUFFICIENT EVIDENCE.**

   A. **Plaintiff Waived This Argument By Failing To Object To the Verdict.**

While not entirely clear, the thrust of Plaintiff's motion generally, and the final section of its brief specifically, is that there could not possibly be substantial evidence to support the jury's award of no damages because "the jury found that Defendants willfully infringed the two TechShop[] trademarks at issue." (Mot. at 1; *see generally id.* at 4-5.) In particular, Plaintiff argues that the "very idea of willful infringement without damage is non-sensical" and so must be a "mistake." (*Id.* at 2.)

Any such argument along these lines has been waived. The Ninth Circuit has made clear that a party waives its right to argue that a zero damages award is inconsistent with liability when it fails to object to the verdict prior to jury discharge. *See Williams v. Gaye,* 895 F.3d 1106, 1130 (9th Cir. 2018) ("A party 'waive[s] its objection to the jury's verdict . . . by not objecting to the alleged inconsistency prior to the dismissal of the jury.'" (quoting *Home Indemn. Co v. Lane Powell Moss & Miller,* 42 F.3d 1322, 1331 (9th Cir. 1995)); *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010) ("[M]otions for a new trial challenging a zero damages award as inconsistent with liability are waived when . . . the moving party does not object before jury discharge."); *Philippine Nat'l Oil Co,* 724 F.2d at 806 (holding that plaintiff "waived its right to object to the verdict by failing to object when the verdict was read").

Here, Plaintiff never objected to the verdict form or the Court's instructions on the grounds that they might provoke an inconsistent verdict. Plaintiff declined to poll the jury when the Court explicitly asked whether "either party wish[ed] to have the jury polled" and failed to object to the jury's verdict of infringement and zero damages as inconsistent prior to jury discharge. (Trial Tr. Vol. 8 at 1187:9-13; *see* Fed. R. Civ. P. 48, 49.) Accordingly, its argument now, substantially after the fact, that "[t]he very idea of willful infringement without damage is non-sensical," (Mot. at 2), and that the no damages verdict must be "a mistake," (*Id*. at 5), is waived. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070, 1078 (N.D. Cal. 2006), *aff'd*, 221 F. App'x 996 (Fed. Cir. 2007) ("If [plaintiff] wished to remedy the possible inconsistency in the verdict, it should have objected before the Court discharged the jury. Because it decided not to do so, it has waived its right to object to the jury's possible inconsistent findings."). Plaintiff's generalized complaints about the weight of the evidence, and that the damages verdict is inconsistent with a finding of liability, should therefore be dismissed on this ground alone.

B.     **The Jury's Findings Of Both Infringement And Zero Damages Are Not Legally Problematic.**

Waiver aside, the infringement verdict alongside the zero damages award is not in itself inconsistent or legally problematic. "[A] failure to award damages does not by itself render a verdict invalid." *Philippine Nat. Oil Co.,* 724 F.2d at 806 (collecting cases). As the plaintiff

bears the burden of proving actual damages from the infringing activity with reasonable certainty, *see Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *13 (N.D. Cal. May 29, 2007), a jury's finding of "no damages" after its finding of liability "no more indicates an inconsistent verdict than it does a failure of proof of damages." *Platypus Wear, Inc. v. Horizonte Ltda.,* 558 F. App'x 929, 931–32 (11th Cir. 2014).

Plaintiff similarly misses the mark here, as it essentially argues that because it offered some facts relating to damages—like "evidence of its licensing program, actual licenses entered into by [it], the proposed transaction between the parties, Defendants' efforts to mimic the TechShop[] mark. . ., Defendant's revenues, and Dr. Matolo's expert opinions based thereon," (Mot. at 4-5),—the jury should have granted it damages and its failure to do so must have been "a mistake." Such an argument misses the point, as it fails to recognize that the jury is not *required* to credit Plaintiff's evidence just because it was offered. The jury was well within its proper charge to reject Dr. Matolo's opinion in favor of Mr. Bünger's opinion. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 151 (2000). It also ignores the possibility that Plaintiff simply failed to meet its burden and the jury was not persuaded that Plaintiff suffered any harm from Defendants' infringement. *See Philippine Nat. Oil Co.,* 724 F.2d at 806 ("The jury could have found that [plaintiff] sustained no damage."); *Monster Energy Co. v. Integrated Supply Network, LLC*, No. ED CV 17-548-CBM-RAOx, 2019 WL 2781402, at *4 n.9 (C.D. Cal. July 2, 2019) ("The jury's award of $0 in compensatory damages in this case indicates Defendant's infringement was not damaging to Plaintiff's business reputation or goodwill."). A no damages finding is in no way inconsistent with an infringement verdict. *See Platypus Wear,* 558 F. App'x at 931–32.

C. **The Jury's Damages Verdict Was Supported By Substantial Evidence In Any Event.**

Moreover, the jury's damages verdict was well supported by substantial evidence on the merits. *See Johnson v. Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1227 (9th Cir. 2001) ("A jury's verdict must be upheld if it is supported by substantial evidence."). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a

contrary conclusion from the same evidence." *Id*. The court may not order a result it finds more reasonable if substantial evidence supports the jury verdict. *Mosesian v. Peat, Marwick, Mitchell & Co.,* 727 F.2d 873, 877 (9th Cir.1984). While the court should review the record as a whole, "it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves,* 530 U.S. at 151. Here, there is more than substantial evidence demonstrating that Plaintiff did not suffer any actual damages from lost licensing revenue due to Defendants' alleged infringement.

   First, Plaintiff failed to provide any evidence that showed that its marks retained any value at the time of infringement, when its brand was suffering. Specifically, Plaintiff only offered evidence of foreign licenses from ***over a year to three years before*** its business started failing, which is not indicative of its value in the U.S. at the time of infringement. (Trial Tr. Vol. 4 at 595:17-24; *see also* Trial Tr. Vol. 2 at 216:6-16; Trial Tr. Vol. 4 at 550:14-19.) Further, there was substantial evidence showing that the TechShop name had no value at the time of infringement. Plaintiff's witnesses testified to the fact that their business model "wasn't as a profitable as [they] thought it would be," (Trial Tr. Vol. 2 at 123:21-24), and it reached the point that they had to "close the store and terminate[] the employees," (*Id*. at 125:4-7), and "seek bankruptcy protection," (*Id*. 128:9-12.) Plaintiff further admitted that at the time when Mr. Rasure approached it to discuss acquiring its assets, Plaintiff was in such dire straits that the only money it had left was set specifically aside for bankruptcy proceedings. (*Id*. at 129:8-13.) Simultaneously during that time, Plaintiff's members were vocal about their frustration with the company and its abrupt closure leaving them to suffer the repercussions. (Trial Tr. Vol. 3 at 470:5-472:24; Trial Tr. Vol. 5 at 762:6-768:22.) A reasonable jury could therefore easily conclude that no one would be interested in licensing or being associated with the marks, meaning that the subsequent alleged infringement did not cause any actual loss in the value of the marks. Such evidence alone supports the jury's conclusion that Plaintiff did not suffer any damages.

   Second, Plaintiff provided no evidence that showed the value of its marks in the United States, where Defendants allegedly used them. In particular, Plaintiff admitted it had never successfully licensed its trademark in the United States. (Trial Tr. Vol. 2 at 216:6-16.) Therefore,

it was only able to offer evidence of foreign licenses and the value of its marks abroad, years before the alleged infringement and before Plaintiff imploded, which is completely irrelevant to this case as Defendants' only activity was in the United States. (*See* Trial Tr. Vol. 4 at 558:18-25; 595:17-21.) Further, Plaintiff's expert admitted that the foreign licenses relied on did not reflect the value of the mark in isolation, as the licenses included ancillary features such as proprietary software and training courses. (Trial Tr. Vol. 4 at 557:19-558:12.) In light of the dearth of evidence presented by Plaintiff, along with the admissions Plaintiff and its expert were forced to make, a reasonable jury could easily conclude that Plaintiff had not met its burden to prove any actual damages as a result of the alleged infringement.

Third, even setting aside the lack of evidence presented by Plaintiff—which alone suffices to support the $0 verdict given that it was TechShop, as plaintiff, that bore the burden of proof— the jury's verdict was plainly supported by the substantial, affirmative evidence that Defendants presented showing that Plaintiff suffered no losses that could even conceivably be tied to the alleged infringement. Mr. Rasure testified, for instance, that he was interested in potentially acquiring Plaintiff's assets despite the fact that Plaintiff's brand was tarnished and had little value. (*See* Trial Tr. Vol. 5 at 766:12-17; 789:12-15; 818:15-23; 886:17-22; *see also* Trial Tr. Vol. 3 470:21-471:6.) And Defendants' damages expert, Mr. Bünger, testified that as a result of Plaintiff's financial troubles, Plaintiff's brand had negative equity during the period of supposed infringement and that the value of any license at that time would have been worthless. (Trial Tr. Vol. 6 at 966:19-22; 974:9-979:7; 991:24-992:20.)

In sum, there was substantial evidence on the record for the jury to conclude that Plaintiff's marks had no value in the United States during the relevant period. Accordingly, a new trial on damages is not warranted.[1]

### D. TechShop Waived Any Right To Nominal Damages.

---

[1] It is not clear from Plaintiff's Motion whether it also takes issue with the zero dollar award for lost profits. Regardless, there was substantial evidence showing that Defendants did not make any profit since they started their business and actually had negative net income when their expenses were taken into account. (Trial Tr. Vol. 5 at 903:24-904:6; 905:9-12; 906:15-18.) Thus, the jury's findings in this respect should be upheld as well.

Plaintiff next argues that even if there was no evidence of actual damages, it is at least entitled to nominal damages, and the jury's failure to award nominal damages was error. (Mot. at 5.) But a party's failure to request an instruction on nominal damages is a waiver of its potential right to such damages. *See Oliver v. Falla*, 258 F.3d 1277, 1281 (11th Cir. 2001), *cert. denied*, 535 U.S. 906 (2002). Here, because Plaintiff did not request a jury instruction or a verdict form on nominal damages, (*see* Dkt. Nos. 152, 154, 213), did not ask the jury to award nominal damages in closing argument or at any point during trial, (Trial Tr. Vol. 7 at 1090:16-1091:6; 1091:19-25), and did not raise the issue until the filing of this Motion well after the jury was discharged, Plaintiff forfeited and waived any potential claim for nominal damages. *See OneSource Facility Servs., Inc. v. Mosbach*, No. 2:05-cv-525-FtM-34DNF, 2008 WL 11430023, at *6 (M.D. Fla. Nov. 18, 2008); *Acevedo-Luis v. Pagan,* 478 F.3d 35, 39 (1st Cir. 2007). And even if it had, the jury was not required to award nominal damages for trademark infringement if (as here) it did not believe that Plaintiff had proven any actual damages, and its failure to do so does not warrant a new trial. *See Philippine Nat. Oil Co.,* 724 F.2d at 806 ("[A] failure to award damages does not by itself render a verdict invalid."). Thus, Plaintiff cannot argue it was reversible error for the jury to fail to award nominal damages that the jury was never instructed on, and that Plaintiff never asked the jury to award.

## II.   PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL BASED ON ALLEGED EVIDENTIARY ERRORS.

Plaintiff's request for a new trial based on alleged evidentiary errors fares no better. Where a party seeks a new trial based on unfavorable evidentiary rulings, it must establish that the trial court's rulings were both an abuse of discretion and substantially prejudicial. *Cline v. Contra Costa Cty., Health Servs. Dep't,* No. C 03-00332 JSW, 2005 WL 151929, at *1 (N.D. Cal. Jan. 24, 2005), *aff'd sub nom. Cline v. Contra Costa Cty.,* No. 05-15337, 2006 WL 3698678 (9th Cir. Dec. 13, 2006); *Mariolle v. Volvo Group North America, Inc.*, No. C 09-1209 MMC, 2012 WL 12920641 (N.D. Cal Sep 4, 2012); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008); *Olsen v. Pac. Indem. Co.,* CV-15-01004-PHX-JJT*,* 2019 WL 1877357 (D. Ariz. April 26, 2019). Harmless evidentiary errors do not justify disturbing a jury's verdict. *Merrick v.*

*Farmers Ins. Grp.*, 892 F.2d 1434, 1439 (9th Cir. 1990).  Plaintiff cannot meet its burden to show any abuse of discretion in the admission of evidence here.

### A.  The Court Acted Well Within Its Discretion In Admitting Mr. Bünger's Testimony.

Plaintiff first argues that it is entitled to a new trial on damages because the Court abused its discretion in admitting Mr. Bünger's testimony.  (Mot. at 3-4.)  In doing so, Plaintiff simply rehashes an argument is has twice lost, and raises again to lose for the third time.

During discovery, Defendants timely and properly disclosed Mr. Bünger as their damages expert, and served accompanying opening and rebuttal expert reports, as well as an appendix detailing his qualifications and publications.  As those reports and accompanying appendices amply explained, Mr. Bünger is a brand and licensing expert who earned a Bachelor' degree in International Market Research from the University of Texas, Austin, and has worked in market research and corporate technology strategy for over twenty-five years.  (Dkts. 126-3 (Bünger Rpt.) at 1, 19-20; 114-8 (Bünger Rpt. App'x II) at 1.)  He has advised dozens of Fortune 500 companies and international equivalents on the maker movement and makerspaces, including, specifically, "analyzing" and "valuing brands," and "consulting for licensing terms and pricing for intellectual property."  (Dkt. 126-4 (Bünger Rebuttal Rpt.) at 1.)  He is also widely published in this area, including authoring papers related to valuation issues and speaking on intellectual property issues at the "Licensing Executives Society annual meeting."  (Dkt. 114-8 (Bünger Rpt. App'x II) at 1-2, 6.)

Based on his extensive experience and expertise, review of the record, and independent analysis, Mr. Bünger opined, among other things, (1) that when Plaintiff closed its doors, the TechShop brand had negative value, (Dkt. 126-3 (Bünger Rpt.) at 1-2, 4, 13), and (2) that the opinion of Plaintiff's damages expert was flawed because it was based on alleged lost licensing revenues from very different licenses, outside of the United States and before TechShop imploded, (Dkt. 126-4 (Bünger Rebuttal Rpt. at 6-7)).  His qualifications, opinions, and the reasons and bases therefore were all laid out in his two expert reports, which spanned 30 pages, nearly 40 footnotes and cited several dozen sources of information.  (*See id.*)

1    Plaintiff elected not to depose Mr. Bünger, but challenged the admissibility of his opinions
2 in a *Daubert* motion, (Dkt. 124), and again prior to his testimony at trial.  This Court rejected both
3 challenges.  The Court first denied Plaintiff's *Daubert* motion, explaining that "Plaintiff's
4 arguments do not merit excluding Mr. Bünger's testimony; rather, Plaintiff should challenge the
5 weight of his conclusions through cross-examination and presentation of competing experts and
6 evidence." (Dkt. 158 at 5.)  Plaintiff then challenged the *Daubert* ruling under the guise of
7 objecting to the demonstratives Mr. Bünger intended to use at trial.  (Dkts. 205, 206.)  The Court
8 again rejected this argument.  (Trial Tr. Vol. 6 at 944:13-22.)

9    Despite these rulings, Plaintiff now argues, for the third time, that Mr. Bünger's testimony
10 should have been excluded, and that it was an abuse of discretion for this Court to find otherwise.
11 (Mot. at 3-4.)  In so arguing, however, Plaintiff no longer appears to dispute that Mr. Bünger is, in
12 fact, a credentialed and well-seasoned expert who is qualified to offer these opinions on the merits.
13 Instead, Plaintiff argues solely that it was an abuse of discretion to allow him to testify because the
14 Court was required to exclude his testimony as a sanction for Defendants' alleged violation of
15 Rule 26's disclosure requirements.  Plaintiff's argument has no merit.

16    *First*, Plaintiff's arguments are no different than the arguments it has raised, and lost, twice
17 before, and should be denied on that ground alone.  *See, e.g.*, *Transbay Auto Serv., Inc. v. Chevron
18 USA, Inc.*, No. 09-cv-4932, 2013 WL 496098, at *6 (N.D. Cal. Feb. 7, 2013), *rev'd on other
19 grounds*, 807 F.3d 1113 (9th Cir. 2015) (denying Rule 59 motion where party merely reiterated its
20 Rule 702 arguments "[f]or the third time in this case").

21    *Second*, Plaintiff's arguments fail on the merits.  There can be little doubt that Defendants
22 complied with Rule 26.  As explained above, the reports contained a detailed analysis with Mr.
23 Bünger's opinions, reasoning, experience, publications and educational history.  The reports were
24 more than sufficient to meet the requirements of Rule 26.

25    Notably, Plaintiff does not identify any specific information that it believed was missing
26 from the reports or any information or credentials that it learned about only for the first time in the
27 days or weeks leading up to trial (much less when Mr. Bünger took the stand).  Instead, Plaintiff's
28 arguments appear to rely solely on its mistaken belief that Defendants and the Court somehow

agreed with Plaintiff that the reports were deficient, but allowed Mr. Bünger to testify anyway. (*See, e.g.*, Mot. at 3 ("Defendants countered that Mr. Bünger could testify as to such though it was not in his 'expert' report" (citing nothing)); *id.* at 4 ("[T]he Court's apparent view [was] that TechShop should have deposed Mr. Bünger to determine his expertise not disclose[d] in his report." (citing nothing).)  Neither Defendants nor the Court said any such thing.  To the contrary, in their briefing and at argument, Defendants explained that Mr. Bünger's expertise, reasoning and opinions were, in fact, all contained in his expert reports and had all been timely disclosed.  (Dkt. 205; Trial Tr. Vol. 6 at 942:2-944:22).  The Court agreed:

> I don't think there's actually any question that the opinion was adequately disclosed. . . . This report with the opinion was disclosed on December 3, 2018, essentially six months before the trial.  **The opinion itself that is being offered right now is laid out in substantial detail in the rebuttal report** at pages 5 through 7.  And to the extent there's a motion being made, in essence, now to exclude the opinion based on a violation of Rule 26 and the way the report was drafted, that is overruled.  The witness can be cross-examined on the basis for the opinion.

(Trial Tr. Vol. 6 at 942:18-19; 944:14-22) (emphasis added).  Plaintiff's Motion is therefore premised on a fundamentally incorrect recitation of what happened, and its Motion should be denied on this ground as well.

*Third*, even if the reports were somehow lacking (which they were not), Plaintiff cannot demonstrate prejudice, which is a requirement for exclusion.  *See* Fed. R. Civ. P. 37.  Here, even though Plaintiff never sought to depose Mr. Bünger, the Court offered to allow Plaintiff the opportunity to question Mr. Bünger outside the presence of the jury before he took the stand, and to make a threshold determination of the admissibility of the testimony under Rule of Evidence 702 at that time.  (Trial Tr. Vol. 6 at 938:19-23.)  Defendants did not object, stating they would "be happy to have Mr. Bünger come to the stand to explain his experience," but believed it was unnecessary given that this experience was ample and already disclosed.  (*Id*. at 938:24-939:13.)  The Court then expressed its belief that the witness had sufficient expertise to give his opinions, but again offered to allow Plaintiff to conduct voir dire outside the presence of the jury.  (*Id*. at 939:14-23.)  Plaintiff declined, seeking automatic exclusion instead.  (*Id.* at 939:24-940:8.)  The Court declined to grant that relief.  (*Id*. at 944:14-22.)  Under these circumstances, and having strategically decided against questioning Mr. Bünger on any alleged gaps in his expertise or

reasoning prior to the admission of his testimony, Plaintiff cannot possibly demonstrate any prejudice from any alleged non-disclosure in the expert reports.

At bottom, the Court carefully considered, and rejected, Plaintiff's objections to Mr. Bünger's testimony on multiple occasions. It even allowed Plaintiff's counsel to conduct a voir dire examination of this witness. Plaintiff's latest attempt offers nothing new and falls far short of demonstrating that the Court abused its discretion, as required under Rule 59.

### B. The Court Acted Well Within Its Discretion In Admitting Financial Documents That Plaintiff Itself Used.

Lastly, Plaintiff argues for a new trial because, according to Plaintiff, this Court abused its discretion in admitting certain financial documents reflecting Defendants' expenses. (Mot. at 4.) Plaintiff's argument is meritless. As Defendants explained in their trial brief, Plaintiff's own expert relied on these financial documents to calculate Defendants' alleged revenues and presented that testimony in its case in chief. (*See* Dkt. 202 at 2.) Defendants therefore properly sought to introduce the very same documents through the witness who created them in order to show Defendants' expenses. (*Id.*) At argument, Plaintiff did not dispute that the expense figures at issue were in the same documents that Plaintiff's expert reviewed, and on which he had already testified. (Trial Tr. Vol. 5 at 719:15-720:6.) Plaintiff cannot seriously contend that it is an abuse of discretion for the Court to admit the very financial documents on which Plaintiff's own expert relied. Instead, its Motion fails to address this issue at all. (Mot. at 4.)

Nor do Plaintiff's other arguments—which have all already been rejected by the Court—have any merit. Defendants produced financial information during discovery, and supplemented that production in a timely manner before trial at Plaintiff's request. (Dkt. 202 at 2.) The timing of the supplemental production was thus substantially justified and harmless, and so does not warrant exclusion. *See* Fed. R. Civ. Pro. 37. Further, as this Court has already ruled, Defendants did not "remove, without basis or authority, information Defendants simply wanted to hide." (Mot. at 4.) Rather, the documents were redacted solely to withhold customer names, which were irrelevant to the integrity of the financial information or the reliability of the documents. (Dkt. 202 at 4; *see also* Trial Tr. Vol. 5 at 720:7-721:9.) Thus, even if Plaintiff had not opened the door

to the admission of these documents via its own expert's testimony, *see United States v. Segall*, 833 F.2d 144, 148 (9th Cir. 1987), the admission of these documents was still plainly proper, and so cannot possibly justify a new trial on damages.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for a new trial on damages should be denied.

DATED:  August 20, 2019

By  */s/ Andrea Pallios Roberts*
Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:    (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:    (917) 960-1667

Attorneys for Defendants and Counterclaims