James C. Pistorino (SBN 226496)
    james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br> Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS FEES** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Order of June 26, 2019 (*see* Dkt. #224), files this opposition to Defendants' motion for attorneys fees.

Defendants' motion should be denied in its entirety.

## DISCUSSION

**TechShop Was the "Prevailing Party"**

Before turning to TechShop's claim, it is important to remember that this case was about far more than TechShop's claims. In particular, Defendants brought their own claims of trademark invalidity (*see* Dkt. #42 at ¶¶ 22-41) and fraud (*see* Dkt. #42 at ¶¶ 43-83). Of course, TechShop was victorious on each of these. As even the cases cited by Defendants indicate, a defendant (as TechShop was with respect to these claims) may be the "prevailing party" when it defeats the claims against it. The legal relationship between the parties has been materially

altered because Defendants will never be able to bring those claims again. Further, during the meet and confer held on July 9, 2019, Defendants conceded that TechShop was the "prevailing party" with respect to the claims brought by Defendants. Tellingly, Defendants are silent in this regard. TechShop was the prevailing party.

Turning to TechShop's own claims, TechShop was victorious on its claims of ownership and validity of the two marks at issue as well as infringement, indeed willful infringement, by both of Defendants' uses. Currently before the Court is TechShop's motion for a permanent injunction and judgment has already been entered in TechShop's favor. *See* Dkt. #223, 240. Indeed, the vert first item of relief sought by TechShop in the Complaint is a permanent injunction. *See* Dkt. #45 at 9. Defendants make much of the fact that no damages have been awarded to TechShop – yet. That is of no moment as the very cases cited by Defendants state. *See Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Management*, 589 F.3d 1027, 1030 (9th Cir. 2009) ("prevailing party" means "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.") (internal quotations and citations omitted). Indeed, trademark plaintiffs frequently seek only an injunction barring further infringement and are still the prevailing party. *See, e.g., Carmax Auto Superstores West Coast, Inc. v. Carmax, LLC*, 2008 WL 4197741 (D. Colo. Sept. 9, 2008) at *3-4 (no damages, injunction entered, costs/fees awarded to plaintiff).

As TechShop has pointed out in other papers, there can only be one "prevailing party" in a litigation. *See* FED.R.CIV.P. 54(d)(1) ("… should be allowed to *the* prevailing party.") (emphasis added). That party was TechShop. Accordingly, because Defendants were not the "prevailing party" no fees of any kind should be awarded to them.

**Defendants Were Not the "Prevailing Party"**

Defendants' claim to "prevailing party" status does not pass even momentary scrutiny. Mot. at 7-8. Defendants are entirely silent as to the loss of their own claims. In and of itself, Defendants' loss on their own claims would make TechShop the prevailing party.

With respect to TechShop's claims, as detailed above, TechShop was the "prevailing party" and the cases cited by Defendants' say nothing different. Defendants cite *Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*, 2007 WL 4898365 (E.D. Cal. Dec. 20, 2007), a copyright case where the plaintiff won on infringement but was awarded no damages or an injunction and, it appears, the validity of the copyrights was put at issue only as a defense, not an affirmative claim by the defendants. Subsequently, the Court there held that the plaintiff was not the "prevailing party" finding that the result did not affect the obligations of the defendants towards the plaintiff.

The contrast with the present case is clear. Here, Defendants brought affirmative claims of invalidity and fraud that were entirely defeated by TechShop. Thus, if no other claims of any kind had been brought in this case, TechShop would clearly be the "prevailing party." Further, in this case, pending before the Court is TechShop's motion for entry of a permanent injunction. *See* Dkt. #240.

Defendants were not the "prevailing party."

**"Exceptional" Case**

Of course, TechShop contends that this case was "exceptional" and, therefore, does not oppose a finding of exceptional status on grounds different than those offered by Defendants. Indeed, the arguments offered by Defendants support TechShop's motion.

In support of their claim to exceptional status, Defendants offer three arguments: two that demonstrate the unreasonable manner in which Defendants have litigated this case and one that is merely baseless.

Defendants first offer that TechShop's case "lacked substantive strength." Mot. at 9-13. In support of that claim, Defendants offer four pages of fantasy where Defendants simply ignore the evidence offered at trial. To pick but a single example, Defendants contend that Defendants' used the "TechShop 2.0" name "without consent at most on February 15, and 16, 2018". Mot. at 11. However, at trial, when questions by Defendants' counsel, Mr. Rasure testified that he was not able to change everything on February 16, 2018. Tr. 745 ("Q: Were you able to change

everything that used the name TechShop 2.0 on February 16, 2018? A. We were not."). Indeed, Mr. Rasure testified about Defendants continued use of the "TechShop 2.0" name for months after this case was filed. *See* Tr. 747, 837-840, 844, 855, 847-53.

Defendants next offer that this case was filed for "anti-competitive" reasons. Mot. at 13. In short, Defendants contend that, Wizard of Oz like, this case was controlled by or pursued, in "bad faith", for the benefit of third-party Maker Nexus. This presupposes, *inter alia*, that the original TechShop Board violated its fiduciary duties to TechShop in filing the case. Likewise, because Ms. Kaelin independently made the decision to pursue this litigation and hire counsel, that Ms. Kaelin violated her duties both as a lawyer and trustee in pursuing this case. Further, of course, the fundamental premise is that TechShop's counsel, Mr. Pistorino, also violated his ethical duties in representing TechShop. Of course, there is not an iota of evidence in support of any of this. Instead, it is made without the slightest hint of a good faith basis. Ms. Roberts signed the pleading.

Defendants close their exceptional case argument with a factual misrepresentation and general complaints about opposing counsel. Mot. at 14-21. In particular, Defendants contend that Mr. Pistorino "reneged" on an agreement to pay $316.34 for copying and delivery of Chambers Copies. Mot. at 18. That is false. As shown below, Quinn Emanuel deposited those funds no later than June 7, 2019 (copy attached as Exhibit A).



8157            Front  06/07/19              $316.34



8157            Back   06/07/19              $316.34

When arguing that opposing counsel's conduct was so bad that fees should be awarded, you would think you would at least get the facts right. Not so with Defendants. Again, Ms. Roberts signed the pleading.

The rest of Defendants' arguments are not worthy of individual response. In short, Defendants complain that they did not like the way Plaintiff did things and wanted things done the way Defendants preferred. Defendants complain that Plaintiff produced only ~900 documents, not that Plaintiff failed in any of its discovery obligations. Defendants also complain that, when they violated the parties' agreements and the Court's Order, Plaintiff cancelled the agreements. None of these, or all of these collectively, would merit "exceptional case" status.

**Defendant's Requested Fees**

Of course, because they were not the "prevailing party", no fees should be awarded to Defendants. TechShop comments on the requested fees because they demonstrate that TechShop's requested fees are so reasonable.

Plaintiff has no comment on the hourly rates themselves except to say that, in light of a first-year (Ms. Thai) charging $595/hour, Plaintiff's counsel should raise his rates. That said, it is very difficult to understand the hours allegedly expended and the charges themselves. As detailed in TechShop's motion for attorney's fees, since February 16, 2018, TechShop's counsel expended 704.7 hours on this case. *See* Dkt. #227 at 9. That was for everything.

By contrast, Defendants have offered declarations stating that, through June 30, 2019, the following hours were expended.

| Name | Hours Claimed | Billing Rate | Total |
| --- | --- | --- | --- |
| Andrea Roberts | 588.8 | $950/hour | $559,360 |
| John Nathan | 598.7 | $750/hour | $449,025 |
| Ann Draper | 759.4 | $500/hour | $379,700 |
| Evan Boetticher | 283.3 | $865/hour | $245,054 |
| Olga Slobodyanyuk | 268.2 | $695/hour | $186,399 |
| Thao Thai | 139.4 | $595/hour | $82,943 |
| Michael Kang | 72.8 | $865/hour | $62,972 |
| William Pilon | 65.3 | $860/hour | $56,158 |
| Stephanie Pinkham | 320.25 | $85/hour | $27,221 |
| Lilian Loescher-Gracie | 66.05 | $85/hour | $5,614 |
| Ann Harrington | 16.25 | $300/hour | $4,875 |
| Shauna Hardeman | 31.52 | $85/hour | $2,679 |

Particularly impressive are the hours charged by Quinn Emanuel and Mr. Nathan. Mr. Nathan's declaration indicates that he began his involvement on January 3, 2019 and Quinn Emanuel appeared on January 14, 2019, both after discovery closed. Together, Quinn and Mr. Nathan billed more than 1,733 hours to this case, from seven different billers, over less than a six month period. That is an astonishing 246% more hours than Mr. Pistorino billed for the entire case. Excluding weekends and holidays, Quinn/Nathan averaged nearly 14 hours billed - everyday - to the TechShop matter between January 3 and June 30, 2019.

Ms. Draper's indicated hours are equally impressive. Ms. Draper, and those she says were working at her direction, billed more than 1,193 hours to this matter (*i.e.*, 169% of Mr. Pistorino's total hours). This is particularly impressive in light of the fact that Ms. Draper did not participate in the trial.

Combined, Defendants' alleged attorney fees are nearly 6.5 times the amount of Plaintiff's attorneys fees. Further, the hours allegedly expended by 12 different billers[1] are more than 4 times the number of billed hours by Plaintiff's counsel.

## CONCLUSION

Defendants' motion should be denied in its entirety.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

---

[1] Throughout this case, Plaintiff's counsel only had contact/communicated with Mses. Draper, Roberts, and Slobodyanyuk and Mr. Nathan.