James C. Pistorino (SBN 226496)
    james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.<br><br>Defendants. | Case Number: **4:18-cv-01044-HSG-JCS**<br><br>**TECHSHOP'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR JMOL**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Order of June 26, 2019 (*see* Dkt. #224), files this opposition to Defendants' "renewed" JMOL motion.

Defendants' motion should be denied in its entirety.

**FACTUAL BACKGROUND**

At trial, TechShop offered percipient fact testimony from James Newton, Dan Woods, Doug Busch, and Ryan Spurlock.  Essentially, Newton, Woods, and Busch testified to the same things:

1) TechShop had two registered trademarks in the term "TECHSHOP" and TechShop never intended to abandon its marks;

2) Mr. Rasure had to complete the transaction to have the right to use the TechShop' trademarks;

3) TechShop never told, or hinted to, Mr. Rasure he had the right to use the TechShop trademarks to open/operate a makerspace;

4) The trademarked term "TECHSHOP" actually appears in the name "TechShop 2.0";

5) As soon as TechShop learned of Mr. Rasure's intention to open TechShop's former San Francisco location using the name "TechShop 2.0", TechShop took steps to enforce its trademarks;

6) Mr. Rasure was offering a makerspace offering the same services and targeting the same customers as TechShop using the trademarked term "TECHSHOP";

7) TechShop explicitly notified Mr. Rasure that he had no right to use the TechShop' trademarks in a letter sent February 14, 2018;

8) Mr. Rasure continued to use the "TechShop 2.0" name through at least February 16, 2018;

9) On February 16, 2018, TechShop sued Mr. Rasure for infringing the TechShop' marks by using "TechShop 2.0" to operate a makerspace and for using any confusingly similar variations of the TechShop' marks;

10) Mr. Rasure told Mr. Spurlock that he was using the name "TechShop 2.0" because he did not think that TechShop could afford to hire a lawyer to do anything about it;

11) Sometime after being sued Mr. Rasure began using "theShop.build", including by using a logo designed to mimic TechShop's logo; and

12) "theShop.build" was confusingly similar to the trademarked term "TECHSHOP" (indeed, a "joke", "comical").

13) There was confusion in the marketplace as a result of Mr. Rasure's use of "TechShop 2.0" and "theShop.build".

*See, e.g.,* Tr. at 148-9; 176-7; 179; 181-90; 199-200; 202-3; 262; 301; 314-23; 399-401; 404; 443; 445-7; 449; 450-2; 473-4; 629-31.  Dr. Matolo also testified that the spreadsheet of income showed that Mr. Rasure was taking in monies using the name "TechShop 2.0" starting as early as

February 6, 2018 and his damages opinions. *See, e.g.*, TX. 6; 288; 324, 81; 29; 337; 351; 352; 324; 377.

Mr. Rasure also testified. During his testimony, Mr. Rasure testified that:

1) He used "TechShop 2.0" at the insistence of the Board (which the jurors could disbelieve);
2) He offered memberships using the name "TechShop 2.0" staring on February 12, 2018;
3) He was not able to change everything using the name "TechShop 2.0" on February 16, 2018 and changing some things took longer than a week;
4) He never told TechShop of his intention to open 926 Howard using the name "TechShop 2.0" before announcing his intention to do so;
5) Mr. Rasure used the name "TechShop 2.0" to operate a makerspace;
6) Mr. Rasure took in money using the name "TechShop 2.0";
7) Mr. Rasure knew he was being sued for using "TechShop 2.0" and confusingly similar variations of the "TECHSHOP" marks;
8) Mr. Rasure continued to use the name "TechShop 2.0" after February 16, 2018;
9) Mr. Rasure offered his claims that "theShop.build" and the logo manner it was presented were so different that no one could be confused (which the jurors could disbelieve);
10) Mr. Rasure did not file a change of name until April 2018;
11) Mr. Rasure sought to discount instances of actual confusion (which the jurors could disbelieve).

*See, e.g.*, Tr. at 730; 738-41; 745; 747; 749; 800-2; 826-7; 830; 837-40; 844-5; 847-53; 856-60; 863; 875-885; TX. 100; 148.

## PROCEDURAL BACKGROUND

At the close of Plaintiff's case, Defendants made an oral motion for JMOL, without disclosing the bases of the motion, on June 6, 2019. *See* Tr. at 658. Later that same day, after

Defendants began presenting their case in chief, Defendants provided the bases for a motion. *See* Tr. at 705-9. There, with respect to "TechShop 2.0", Defendants moved for JMOL on the grounds that TechShop failed to prove: 1) ownership; 2) use without consent; 3) use in commerce; and 4) damages. *See* Tr. at 706, 708. With respect to "theShop.build", Defendants moved for JMOL on the grounds that TechShop failed to prove: 1) ownership; 2) lack of consent; 3) likelihood of confusion; and 4) damages. *See* Tr. at 707-8. The Court then ordered a written motion to be filed by June 10, 2019. See Tr. at 708, 710.

Thereafter, Mssrs. Rasure and Johnson testified in Defendants' case-in-chief on both June 6 and June 7, 2019. *See* Tr. at 661-892 (Rasure); 893-925 (Johnson).

On June 10, 2019, Defendants filed a JMOL motion. *See* Dkt. #207. There, with respect to "TechShop 2.0", Defendants argued that TechShop failed to prove: 1) that Defendants use of the name "TechShop 2.0" through February 14, 2018 was without consent (*Id.* at 10-12); 2) that Defendants used the name "TechShop 2.0" after February 16, 2018 (*Id.* at 12-13); and 3) likelihood of confusion between February 14 and 16, 2018 (*Id.* at 13). With respect to "theShop.build", Defendants argued that TechShop failed to prove likelihood of confusion generally. *Id.* at 13.

After the jury verdict on June 12, 2019 (*see* Dkt. #217), Defendants filed a "renewed" JMOL motion on July 23, 2019. *See* Dkt. #233. There, with respect to "TechShop 2.0", Defendants argued that TechShop failed to prove that: 1) Defendants' use was without consent before February 14, 2019 (*Id.* at 11-14); 2) Defendants used "TechShop 2.0" after February 16, 2019 (*Id.* at 14-16). With respect to "theShop.build", Defendants argued that: 1) TechShop failed to prove that Defendants' use was without consent (*Id.* at 16); 2) the logo of "theShop.build" cannot infringe as a matter of law (Id. at 17); 3) there was no evidence that the "name" "theShop.build" infringes on the grounds that there was no evidence on: a) the strength of the mark; b) the proximity of goods; c) similarity of marks; d) actual confusion; e) customer care; and f) Defendants' intent. *Id.* at 18-24.

## DISCUSSION

Simply put, there is a series of procedural defects to Defendants' motion. Further, substantively, Defendants' motion is without merit.

**Procedural Defects**

Before even addressing Defendants' arguments, TechShop notes the procedural defects/infirmities with the JMOL practice employed in this case. As TechShop previously noted, it is lack letter law in this Circuit that, before a motion under FED.R.CIV.P. 50 can be granted, there must be both notice of the alleged deficiency and an opportunity to cure. *See* Dkt. #176; *Reed v. Lieurance*, 863 F.2d 1196, 2110 (9th Cir. 2017). In the present case, while notice is addressed below, of course, no opportunity to cure any alleged defect was provided. Thus, even if the Court were inclined to believe that JMOL should be/should have been granted, because no opportunity to cure was provided, granting JMOL at this stage is barred.

Additionally, "[a] party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *See, e.g., Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). As noted above, Defendants "renewed" JMOL motion is replete with arguments, principally those related to "theShop.build", not presented in its pre-verdict motions. In light of the fact that those arguments were not presented in the pre-verdict motion(s) and that granting JMOL on those bases would be improper, TechShop disregards the "renewed" motion and focuses on the pre-verdict motion(s).

**Defendants' Motion(s) Are Meritless**

As noted above, the bases for Defendants' JMOL motion were different at different times. In any event, the motions are totally without merit. Of course, when viewing the evidence, the Court must do so in the light most favorable to TechShop, including all reasonable inferences. Further, JMOL can only be granted when the evidence presented permits only one reasonable conclusion. *See, e.g., Reed*, 863 F.3d at 1204, 1211.

**"TechShop 2.0"**

Dealing first with the June 6th motion, at trial, TechShop offered evidence of its trademark registrations. TX351; 352. Those registrations created a presumption that the marks were valid and that TechShop was their owner. Likewise, TechShop's witnesses testified to the same. At trial, TechShop's witnesses testified that they never authorized or consented to Mr. Rasure using the name "TechShop 2.0" to operate a makerspace. Indeed, the jurors were free to consider the testimony of Mr. Rasure's concealment of his plans to open the former TechShop' facility using the name "TechShop 2.0" as evidence that Mr. Rasure knew he was not authorized to use the TechShop' marks to do so. Further, of course, the Newton, Woods, Busch, and Spurlock testimony was replete with testimony about TechShop's use of the marks in commerce as well as Mr. Rasure's use of the marks in connection with operating a makerspace using the name "TechShop 2.0". *See, e.g.*, TX6. With respect to damages, *e.g.*, the entirety of Dr. Matolo's testimony was offered in this regard. Viewing this evidence in the light most favorable to TechShop, a reasonable jury could decide for TechShop and against Defendants on each and every one.

With regard to the June 10th motion, in addition to all of the evidence cited above, at trial, Mr. Rasure testified that about the both the lack of explicit authorization to use "TechShop 2.0" to operate a makerspace, his failure to complete the deal, etc. Further, Mr. Rasure testified about his continued use of the name "TechShop 2.0" after February 16, 2018. With respect to the period between February 14 and 16, 2018, the jurors had the evidence of Defendants' use of the name "TechShop 2.0", including in the logo format. *See, e.g.*, TX377. Viewing this evidence in the light most favorable to TechShop, a reasonable jury could decide for TechShop and against Defendants on each and every one.

**"theShop.build"**

With regard to the June 6th motion, TechShop offered evidence of its trademark registrations. TX351; 352. Those registrations created a presumption that the marks were valid and that TechShop was their owner. Likewise, TechShop's witnesses testified to the same.

Likewise, TechShop's witnesses testified that they never authorized Mr. Rasure to use the marks or confusingly similar variations of them to operate a makerspace. With respect to likelihood of confusion, TechShop presented evidence of the way Mr. Rasure used the "theShop.build", including his effort to mimic the TechShop logo by duplicating the colors and style. With respect to damages, *e.g.*, the entirety of Dr. Matolo's testimony was offered in this regard. Viewing this evidence in the light most favorable to TechShop, a reasonable jury could decide for TechShop and against Defendants on each and every one.

With regard to the June 10th motion, again, in addition to the above evidence, the jurors had Mr. Rasure's additional evidence, which they were free to disbelieve (*e.g.*, the logo for "theShop.build" was Mr. Rasure's effort to make the logos look completely different). Again, Viewing this evidence in the light most favorable to TechShop, a reasonable jury could find that there was a likelihood of confusion.

Not to belabor the point, legally, of course, a registered word mark, like TechShop's covers every form of lettering, including script containing the mark or likely to cause confusion with respect to the mark as Defendants' own cases state. Thus, with respect to "TechShop 2.0", that mark, in logo form, actually contains the trademarked term "TECHSHOP" and is directly covered by TechShop's registrations.

Further, when considering likelihood of confusion, some of the S*leekcraft* factors include: proximity of the goods; the similarity of the marks; and defendant's intent in selecting the marks. Thus, with respect to "theShop.build", a reasonable juror could consider the similarity of "TECHSHOP" and "THESHOP", the similarity (indeed, identity) of the goods; and Mr. Rasure's intent in selecting that mark (as evidenced by his effort to mimic the TechShop' logo) and conclude that there was a likelihood of confusion.

## CONCLUSION

For the reasons set forth above, Defendants' motion should be denied.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff