Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al., <br><br> Defendants. | CASE NO. 4:18-CV-01044-HSG (JCS) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** <br><br> Hearing Date: November 7, 2019 <br> Time: 2:00 pm <br> Judge: Haywood S. Gilliam, Jr. |
| AND RELATED COUNTERCLAIMS | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

LEGAL STANDARD ...........................................................................................................3

ARGUMENT ........................................................................................................................5

I.  PLAINTIFF IS NOT THE PREVAILING PARTY WITH RESPECT TO ITS
    INFRINGEMENT CLAIMS. ....................................................................................5

II. PLAINTIFF CANNOT SHOW THAT THIS CASE IS EXCEPTIONAL SUCH
    THAT IT IS ENTITLED TO FEES AND COSTS. ...................................................8

    A.  Defendants' Litigation Position Was Strong. ...............................................9

    B.  Defendants Did Not Litigate Unreasonably—Plaintiff Did ......................10

        1.  There Was No "False Certificate of Service" ...............................13

        2.  There Was No "Improper Threat" to the Trustee. .........................13

        3.  Defendants Did Not Fail to Meet and Confer Regarding Mr.
            Newton. .........................................................................................14

III. PLAINTIFF CANNOT CLAIM ATTORNEY'S FEES AND COSTS DURING
     THE VAST MAJORITY OF THIS CASE WHEN DEFENDANTS DID NOT
     WILLFULLY INFRINGE. .....................................................................................16

IV.  PLAINTIFF FAILED TO SEGREGATE FEES AND COSTS ASSOCIATED
     WITH NON-LANHAM ACT CLAIMS. ...............................................................17

CONCLUSION ...................................................................................................................17

# TABLE OF AUTHORITIES

**Page**

## Cases

*Boren ex rel. N.L.R.B. v. Continental Linen Servs., Inc.*,
No. 1:10-CV-562, 2011 WL 2261537 (W.D. Mich. June 8, 2011) ............................................ 4

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
532 U.S. 598 (2001) ..................................................................... 3, 4, 6, 7

*Cadkin v. Loose*,
569 F.3d 1142 (9th Cir. 2009).......................................................... 3, 4, 6, 7

*E & J Gallo v. Proximo Spirits, Inc.*,
No. CV-F-10-411 LJO JLT, 2012 WL 3639110 (E.D. Cal. Aug. 23, 2012) ............................ 11

*E & J Gallo Winery v. Proximo Spirits, Inc.*,
No. 1:10-CV-00411-LJO, 2012 WL 2995672 (E.D. Cal. July 23, 2012) ............................... 11

*E. Iowa Plastics, Inc. v. PI, Inc.*,
832 F.3d 899 (8th Cir. 2016)................................................................... 8

*Edge Games, Inc. v. Elec. Arts, Inc.*,
745 F. Supp. 2d 1101 (N.D. Cal. 2010) ........................................................... 6

*FameFlynet, Inc. v. Jasmine Enterprises Inc.*,
No. 17 C 4749, 2019 WL 3733592 (N.D. Ill. Aug. 8, 2019) ........................................ 10

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
778 F.3d 1059 (9th Cir. 2015)........................................................... 1, 3, 4, 6

*Florentine Art Studio, Inc. v. Vedet K. Corp.*,
891 F. Supp. 532 (C.D. Cal. Jan. 4, 1995) ........................................................ 8

*Glacier Films (USA), Inc. v. Turchin*,
896 F.3d 1033 (9th Cir. 2018)................................................................... 16

*Gracie v. Gracie*,
217 F.3d 1060 (9th Cir. 2000)........................................................... 8, 10, 17

*Hewitt v. Helms*,
482 U.S. 755 (1987) ........................................................................... 4

*Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*,
589 F.3d 1027 (9th Cir. 2009)........................................................... 1, 3, 4, 5

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
2019 WL 1170777 (N.D. Cal. Mar. 13, 2019) ................................................ 11, 13

*M2 Software, Inc. v. M2 Commc'ns, L.L.C.,*
    281 F. Supp. 2d 1166 (C.D. Cal. 2003) ................................................................. 11

*Mattel, Inc. v. Walking Mountain Prods.,*
    353 F.3d 792 (9th Cir. 2003) ................................................................................... 3

*Maxwell v. KPMG LLP,*
    520 F.3d 713 (7th Cir. 2008) ................................................................................. 14

*Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC,*
    No. CV 05-7686 AHM(FMOx), 2007 WL 4898365 (E.D. Cal. Dec. 20, 2007) .................... 4, 7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
    572 U.S. 545 (2014) .......................................................... 1, 4, 5, 11, 13, 16

*Overstreet v. Farm Fresh Co. Target One, LLC,*
    No. CV-13-02358-PHX-NVW, 2014 WL 4371427 (D. Ariz. Sept. 4, 2014) ..................... 3, 4, 7

*Park v. Anaheim Union High School District,*
    464 F.3d 1025 (9th Cir.2006) ....................................................... 4, 5, 6, 8

*Poland v. Chertoff,*
    494 F.3d 1174 (9th Cir. 2007) ................................................................................. 4

*Riviera Distributors, Inc. v. Jones,*
    517 F.3d 926 (7th Cir. 2008) ................................................................................. 10

*SRI International, Inc, v. Cisco Systems, Inc.,*
    930 F.3d 1295 (Fed. Cir. 2019) .................................................................. 2, 16, 17

*SunEarth, Inc. v. Sun Earth Solar Power Co.,*
    839 F.3d 1179 (9th Cir. 2016) ................................................................. 3, 5, 16

*In re TechShop, Inc.,*
    Case No. 18-50398, Dkt. 1, p. 13 (N.D. Cal. Bankr. Feb. 26, 2018) .......................... 6

**Statutory Authorities**

15 U.S.C. § 1117 ............................................................................................. 3, 8

15 U.S.C. § 1117(a) ....................................................................................... 3, 17

28 U.S.C. § 1927 ............................................................................................... 14

**INTRODUCTION**

This Court should deny Plaintiff TechShop Inc.'s (hereinafter "TechShop" or "Plaintiff") Motion for Attorney's Fees and Costs.  Plaintiff has not and cannot satisfy the standard for a fee or costs award under Section 1117 of the Lanham Act.  *First*, Plaintiff is not the "prevailing party." Defendants are the "prevailing party" because the jury did not award Plaintiff any "actual relief" for infringement of its mark.  Thus, Plaintiff did not "achieve[] a material alteration in the legal relationship of the parties that is judicially sanctioned[,]" which is required for a plaintiff to be awarded its fees and costs. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (quoting *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009)).  Instead, Defendants defeated Plaintiff's attempt to materially alter the legal relationship, and thus Defendants are the prevailing party.

*Second*, Plaintiff has not shown that this case was "exceptional" with respect to the Defendants' litigation conduct.  An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Plaintiff cannot meet this burden.  Plaintiff's litigation position was weak on the merits, while Defendants' position was strong, as evidenced by the jury's decision to award Plaintiff no damages or other form of material relief.  Moreover, Defendants did not litigate this case unreasonably—Plaintiff did.  Plaintiff did not take a single deposition—"a first" as the Court observed.  It could have satisfied itself that this was a fight over nothing if it had taken just the one deposition of Mr. Rasure.  Instead, it plowed ahead with full-scale litigation generating 250+ docket entries and a seven-day jury trial, which yielded exactly what Plaintiff was entitled to ($0), and which crushed Mr. Rasure in the process.  (*See* Dkt. 257 at 2-3.)  And while Plaintiff accuses Defendants of committing many "unreasonable" acts, Plaintiff's Motion repeatedly fails to offer evidence to support those accusations.  Plaintiff's accusations are baseless and do not constitute "exceptional" conduct on Defendants' part.  Notably, Plaintiff's Motion cites no legal support for the premise that Defendants' accused conduct renders the case "exceptional."

1       ***Third,*** Plaintiff makes an omnibus claim of willful infringement as a ground for granting its

2   motion.  But Plaintiff makes no showing that Defendants engaged in willful infringement throughout

3   the entire case.  Nor could it, since the proof at trial established that, at most, Defendants used

4   "TechShop 2.0" without Plaintiff's consent for only two days and the allegedly infringing gear logo

5   for only three days.  It was nine months into the case before Plaintiff charged that the name

6   "TheShop.build" infringed, and even then it presented no proof at trial to substantiate its belated

7   claim.  Apropos here is the Federal Circuit's recent decision that relief for willfulness must be

8   apportioned and cannot be granted during the time when the defendant did not engage in willful

9   infringement.  *SRI International, Inc, v. Cisco Systems, Inc.*, 930 F.3d 1295, 1308-1311, (Fed. Cir.

10  2019) (enhanced damages and fee awards vacated because they covered time when defendant did

11  not willfully infringe).  Plaintiff's motion makes no effort to apportion its fees and costs between

12  the alleged willful infringement (five days, total) and the rest of the case.  Plaintiff's motion also

13  makes no effort to apportion its fees and costs between Mr. Rasure's fraud counterclaim and the rest

14  of the case.  Plaintiff cannot recover fees and costs associated with the fraud claim.

15      Having failed to meet the requirements for an award of attorney's fees and costs under

16  Section 1117 of the Lanham Act, Plaintiff's Motion should be denied.

17      **<u>BACKGROUND</u>**

18      Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 227) arises from this action brought

19  under the Lanham Act, in which Plaintiff alleges federal service mark infringement.  Plaintiff's

20  infringement claim is based on Defendants' alleged unauthorized use of Plaintiff's service marks

21  for the word TECHSHOP, which were registered with the U.S. Patent and Trademark Office.

22  (TX0351, TX0352).  Defendants answered and denied infringement.  (Dkt. 50).  Defendants sought

23  dismissal of the action, cancellation of Plaintiff's registrations, and an award of attorney's fees and

24  costs.  (*Id.*; Dkt. 42).  Defendants asserted several affirmative defenses.  (Dkt. 50.)  Defendant Dan

25  Rasure also counterclaimed alleging a fraud cause of action. (Dkt. 42).

26      Trial before a jury commenced on June 3, 2019.  At trial, Plaintiff argued that Defendants'

27  use of the names "TechShop 2.0" and "TheShop.build," and use of a gear logo for "TheShop.build"

28  infringed the TECHSHOP marks.  The evidence presented at trial is discussed in detail in

1   Defendants' Amended Renewed Motion for Judgment as a Matter of Law.  (Dkt. 254.)  After a

2   seven-day trial, on June 12, the jury returned a verdict finding that "TechShop 2.0" and "The

3   Shop.build" infringed Plaintiff's mark, and that such infringement was willful, but found that

4   Plaintiff had suffered no actual damages as a result of the infringement and awarded no damages or

5   other monetary relief to Plaintiff.  (Dkt. 217.)  The jury determined that Plaintiff suffered $0 in lost

6   licensing revenue as a result of the infringement, and that the Plaintiff should be awarded $0 in

7   Defendants' profits.   Accordingly, Plaintiff took nothing from the litigation.   Additionally,

8   Defendants submitted to the Court its Amended Post-Trial Brief and Amended Proposed Findings

9   of Fact and Conclusions of Law regarding three equitable affirmative defenses: acquiescence,

10  estoppel and laches.  (Dkts. 256, 255.)  Those equitable defenses are still pending before this Court.

11                                      **LEGAL STANDARD**

12      Section 1117 of the Lanham Act permits the Court to award attorneys' fees and costs in

13  trademark infringement cases.  15 U.S.C. § 1117; *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d

14  792, 816 (9th Cir. 2003).  A fees award under the Lanham Act requires that (a) the party seeking

15  fees is considered the "prevailing party" and (b) the case is considered "exceptional."  *SunEarth,*

16  *Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (citing 15 U.S.C. § 1117(a)).

17      **Prevailing Party.**   To be the "prevailing party" under the Lanham Act, a party must

18  "achieve[] a material alteration in the legal relationship of the parties that is judicially sanctioned."

19  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (quoting

20  *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir.

21  2009)); *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009).[1]   In this context, a plaintiff is

22  considered the prevailing party only if the plaintiff obtains "actual relief" from the defendant.

23  *Klamath*, 589 F.3d at 1030.  Conversely, a defendant is considered the prevailing party simply by

24  virtue of "*defeating* such an alteration."  *Overstreet v. Farm Fresh Co. Target One, LLC*, No. CV-

25  13-02358-PHX-NVW, 2014 WL 4371427, at *3 (D. Ariz. Sept. 4, 2014) ("If a party prevails by

26

27      [1]   "The term 'prevailing party' . . . is a term of art that courts must interpret consistently

28  throughout the United States Code."  *Klamath*, 589 F.3d at 1030 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)).

1    winning a judicially sanctioned material alteration in the legal relationship, then *defeating* such an

2    alteration must also be sufficient.") (emphasis in original).  In other words, where a plaintiff fails to

3    obtain any actual relief from the defendant, the defendant is considered the prevailing party.  *See id*;

4    *Klamath*, 589 F.3d at 1030.  A party is not considered the "prevailing party" when the "'lawsuit

5    brought about a voluntary change in the defendant's conduct' without a 'judgment on the merits or

6    a court-ordered consent decree.'"  *Cadkin*, 569 F.3d at 1148 (quoting *Buckhannon Bd. & Care

7    Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)).[2]

8          "A party need not succeed in all of its claims to be the prevailing party."  *A.V.E.L.A.*, 778

9    F.3d at 1078.  Thus, a defendant who wins on some but not all claims may be considered the

10   prevailing party.  *See Overstreet*, 2014 WL 4371427, at *3 (concluding defendant was prevailing

11   party where it defeated the "central" portion of injunctive relief sought by plaintiff despite plaintiff

12   obtaining some injunctive relief); *Boren ex rel. N.L.R.B. v. Continental Linen Servs., Inc.*, No. 1:10-

13   CV-562, 2011 WL 2261537, at *2 (W.D. Mich. June 8, 2011) (same).  Notably, a defendant may

14   be the prevailing party where the jury returns a verdict of infringement but no damages.  *Milton H.

15   Greene Archives, Inc. v. Julien's Auction House, LLC*, No. CV 05-7686 AHM (FMOx), 2007 WL

16   4898365, at *3 (E.D. Cal. Dec. 20, 2007), *aff'd*, 345 Fed. App'x 244, 249 (9th Cir. 2009); *see also

17   Poland v. Chertoff*, 494 F.3d 1174, 1186–87 (9th Cir. 2007) (denying prevailing-party status to

18   plaintiff whose damages award was vacated on appeal because plaintiff had not obtained "any relief

19   on the merits of his claims," despite holding that plaintiff had established liability on one of his

20   claims).

21          **<u>Exceptional Case.</u>**  "[A]n 'exceptional' case is simply one that stands out from others with

22   respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in

23   which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545

24

25   ───────────────

26          2   *See also Hewitt v. Helms*, 482 U.S. 755, 759–60 (1987) (concluding that opinion holding
     plaintiff's constitutional rights were violated is insufficient to confer prevailing-party status where
27   defendant's entitlement to official immunity precluded damages award); *Park, ex rel. Park v.
     Anaheim Union High School*, 464 F.3d 1025, 1036 (9th Cir. 2006) ("Attorney's fees may be properly
28   denied '[w]here the plaintiff's success on a legal claim can be characterized as purely technical or
     de minimis.' . . . De minimis judgments are those that . . . do not affect the obligations of the
     defendants toward the plaintiff.").

(2014).  Courts assess the totality of the circumstances to determine whether a case is exceptional.  *SunEarth*, 839 F.3d at 1181 (adopting the *Octane Fitness* standard for Lanham Act cases).  Although there is no "precise rule or formula for making these determinations," relevant factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1180–81 (quoting *Octane Fitness*, 572 U.S. at 554 n.6) (internal quotation marks omitted).

A case may also be "exceptional" based on the unreasonable manner in which it was litigated.  *Octane Fitness*, 572 U.S. at 554.  Unreasonable conduct need not be "independently sanctionable" to make a case "exceptional." *Id.* at 555.  Exceptionality must be established by a preponderance of the evidence. *Id.* at 557–58.

## ARGUMENT

### I.    PLAINTIFF IS NOT THE PREVAILING PARTY WITH RESPECT TO ITS INFRINGEMENT CLAIMS.

Plaintiff is not the "prevailing party" on its infringement claims and therefore is not entitled to an award of its attorney's fees and costs.  Instead, Defendants are the prevailing party in this case because the jury awarded Plaintiff no damages or any other form of material relief.  (*See* Dkt. 217 at 3-4; Dkt. 257 at 7-8.)   Notably, Plaintiff ***does not cite to a single case*** demonstrating that a plaintiff who recovered no damages or other tangible relief can be considered the "prevailing party."  Such a plaintiff simply is not the prevailing party under Ninth Circuit law.

To be considered the prevailing party in the attorneys' fees context, it is not enough for a plaintiff to achieve a "purely technical or de minimis" judgment that does not "affect the obligations of the defendants toward the plaintiff." *Park, ex rel. Park v. Anaheim Union High School*, 464 F.3d 1025, 1036 (9th Cir. 2006).  Instead, the plaintiff must obtain "actual relief" such as damages or some similar relief that materially alters the parties' positions. *See Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1031 (9th Cir. 2009).  A mere "moral victory . . . is not enough." *Id*.  In the instant case, although the jury entered a finding of infringement against Defendants, this finding was purely technical in nature as it did not result in a damages award, and

thus did not materially impact Defendants' obligations toward Plaintiff.  *See Park*, 464 F.3d at 1036.
Moreover, the verdict did not provide Plaintiff with the actual relief that it sought—monetary relief.
In its bankruptcy filings, Plaintiff reported that the value of the lawsuit was at least "\$5,000,000, as
listed in the Debtor's valuation of the Trademarks, and all demands contained in the case."  *In re
TechShop, Inc.*, Case No. 18-50398, Dkt. 1, p. 13 (N.D. Cal. Bankr. Feb. 26, 2018).  Yet, Plaintiff
took nothing from this case.  And, while Defendants ceased use of the name "TechShop 2.0" and an
allegedly infringing logo for "TheShop.build," such changes were made voluntarily and without a
"judgment on the merits or a court-ordered consent decree."  *Cadkin*, 569 F.3d at 1148.  As such,
the judgment of infringement is a "de minimis" judgment that does not confer prevailing party status
on Plaintiff. *Park*, 464 F.3d at 1036.

Plaintiff's motion incorrectly claims that the "legal relationship between the parties has been
materially altered" by this de minimis judgment.  (Dkt. 227 at 3.)  Specifically, Plaintiff incorrectly
argues that there was a material alteration because "Defendants will be barred from challenging the
validity of TechShop's marks or that Defendants' uses infringe."  *Id*.  As to the first point, Plaintiff
cites to no law suggesting that the material alteration standard is satisfied when a party is precluded
from challenging a mark's validity.  And, in any event, Defendants are not barred from challenging
the marks' validity in a future action, because Defendants could theoretically show that the marks
are abandoned in the future should Plaintiff continue to fail to use the marks in commerce or fail to
maintain the marks with the U.S. Patent & Trademark Office.   Such abandonment would
undoubtedly render the marks invalid.  *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101,
1115 (N.D. Cal. 2010) (noting that if "plaintiff's marks have been abandoned, [this] would also
render them invalid.").  As to the second point, the finding of infringement did not materially alter
the parties' relationship because Defendants had ***voluntarily ceased their use*** of the name
"TechShop 2.0" on the day this lawsuit was filed and ceased using the allegedly infringing logo a
few days later, respectively.  Such voluntary changes do not satisfy the requirement that the material
alteration be "judicially sanctioned."  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d
1059, 1078 (9th Cir. 2015).  As the Supreme Court held in *Buckhannon*, a plaintiff is not considered
a "prevailing party" where its "lawsuit brought about a ***voluntary change*** in the defendant's

conduct." *Cadkin*, 569 F.3d at 1148 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001)) (emphasis added).  "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" that is required for a fees award.  *Buckhannon*, 532 U.S. at 605 (emphasis in original).  In light of these points and the fact that Plaintiff was awarded no damages, Plaintiff simply has not achieved the requisite material alteration, and thus cannot be considered the prevailing party.  Instead, Defendants must be considered the prevailing party by virtue of having defeated Plaintiff's attempt to obtain a material alteration.  *See Overstreet*, 2014 WL 4371427, at *3.

In this regard, the *Milton H. Greene* case is instructive.  *Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*, No. CV057686AHMFMOX, 2007 WL 4898365, at *3 (E.D. Cal. Dec. 20, 2007), *aff'd*, 345 F. App'x 244 (9th Cir. 2009).  In *Milton H. Greene*, the plaintiff brought copyright infringement claims against various defendants alleging improper use of eight photographs.  *Id.* at *1.  At summary judgement, the Court found that some of the defendants (the "Barclay Defendants" or "Barclay") infringed the copyright covering one of the photos.  *Id.*  At trial, however, the jury awarded no damages for this single instance of infringement, and found that Barclay did not infringe any of the other photographs.  *Id.*  Barclay subsequently moved for attorneys' fees.  *Id.*  In opposing Barclay's motion, the plaintiff argued that Barclay could not be considered the prevailing party given that Barclay was found to infringe one of the plaintiff's copyrights.  *Id* at *3.  The Court rejected the plaintiff's argument, and found that the Barclay ***was the prevailing party despite the finding of infringement***.  *Id.*  Specifically, the Court found that Barclay "achieved substantially all the benefits [it] hoped to achieve in defending the suit"—namely, the freedom to operate without having to pay any damages, and without any further interference from the plaintiffs.  *See id.* (noting how the Court's final judgment "prevents Plaintiff from pursuing" subsequent claims against Barclay).  Given this result, it was immaterial that the plaintiff had obtained a judgment of infringement—***a finding of infringement without any award of damages was a "de minimis judgment . . . that confer[red] no rights" on the plaintiff and, correspondingly, "d[id] not affect the obligations of the defendants toward the plaintiff.***"  *Id.*

(citing *Park v. Anaheim Union High School District,* 464 F.3d 1025, 1036 (9th Cir.2006)) (emphasis added).  As such, the Court found Barclay to be the prevailing party, and awarded Barclay its fees associated with defending the lawsuit.  *Id.*; *see also Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 542 (C.D. Cal. Jan. 4, 1995) (holding that defendant was entitled to attorney's fees in copyright action despite being found to have infringed two copyrights).

The Court should reach the same result here.  Given that this lawsuit "confer[red] no rights" on Plaintiff and did not "affect the obligations" of Defendants, Plaintiff cannot be considered the prevailing party.  Instead, prevailing party status belongs to the Defendants.  Indeed, as at least one United States Circuit Court of Appeals has held, "there is no basis for concluding that [a plaintiff is] the prevailing party" under the Lanham Act where the plaintiff "obtained no damages" or similar form of material relief.  *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 906 (8th Cir. 2016) ("Having obtained no damages, injunction, or cancellation from its section 38 claim, there is no basis for concluding that EIP was the prevailing party on that claim, which EIP agrees is a precondition to receiving attorney's fees").  Given that Plaintiff failed to obtain any such material relief in this case, it cannot be considered the prevailing party.  *Id.*[3]

## II.   PLAINTIFF CANNOT SHOW THAT THIS CASE IS EXCEPTIONAL SUCH THAT IT IS ENTITLED TO FEES AND COSTS.

Plaintiff argues that this case is "exceptional" based on (i) the alleged weakness of Defendants' substantive litigation positions, and (ii) Defendants' allegedly "unreasonable" litigation conduct.  Plaintiff's argument fails on both grounds.  First, Defendants' litigation position was not weak, as evidenced by the jury's decision to award no damages after trial.  Second, Defendants did not litigate this case unreasonably.  To the contrary, it was Plaintiff who litigated unreasonably by pursuing weak claims for an anti-competitive purpose, and who consistently litigated the case in an unreasonable manner.  (*See* Dkt. 257 at 13-21.)  Although Plaintiff's Motion propounds a number

---

[3]  As noted in Plaintiff's Motion for Attorney's Fees, Plaintiff did prevail on Defendants' fraud claim.  (Dkt. 227 at 2).  However, that is of no moment here because Section 1117 only covers claims "arising under" the Lanham Act (*see* 17 U.S.C. § 1117), which does not cover Mr. Rasure's fraud claim.  *See Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000) ("[A] prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims.").

of accusations of unreasonable conduct against Defendants, Plaintiff offers little or no evidence to support any of those accusations.  As such, Plaintiff has not shown that this case is "exceptional" based on Defendants' conduct, and therefore its Motion should be denied.

### A.  <u>Defendants' Litigation Position Was Strong.</u>

Although the jury found that Plaintiff suffered no harm as a result of Defendants' conduct, Plaintiff argues that Defendants' litigation positions were "exceptionally weak" while Plaintiff's positions were "exceptionally strong."  This is not only hyperbole; it is incorrect.  From the dawn of this case, it was readily apparent that a damages award against Defendants (if any) would be nominal.  As explained in Defendants' Motion for Attorneys' Fees and Costs (Dkt. 257 at 9-13), this is because (1) before the case was filed, Plaintiff consented to Defendants' use of the name "TechShop 2.0", and as soon as Plaintiff objected, Defendants changed their name; (2) Defendants used an allegedly infringing logo for "TheShop.build" for only three days, and Plaintiff presented <u>no evidence</u> of a likelihood of confusion between its marks and the name "TheShop.build;" and (3) Plaintiff's brand had negative brand equity.  That the jury awarded Plaintiff $0 for Defendants' brief use of the name "TechShop 2.0" and $0 for Defendants' use of a gear logo and the name "TheShop.build" reveals the lack of substantive merit to Plaintiff's claims.  Indeed, the TECHSHOP marks sued upon are word marks that did not even include rights to the unregistered gear logo or color scheme on which Plaintiff focused at trial and in its brief.  (Dkt. 227 at 3; TX351, TX352.) Thus, at bottom, Plaintiff's entire lawsuit boiled down to: (1) Defendants' use of the name "TechShop 2.0" without consent for at most ***only two days***—from February 14, 2018 (the date of TechShop's letter to Defendants) to February 16, 2018 (the date TechShop filed suit); (2) Defendants' use of an allegedly infringing logo for ***only three days***; and (3) Defendants' use of the name "TheShop.build," which ***Plaintiff knew about but did not object to for nine months***.  Such use—which caused no appreciable harm to Plaintiff—did not result in an "exceptionally strong" litigation position for Plaintiff.  To the contrary, Plaintiff's position was incredibly weak, as demonstrated by the jury's decision to award no relief.  Moreover, Defendants have strong equitable affirmative defenses of acquiescence, estoppel, and laches, that have not even been decided yet. (Dkt. 255, 256.)

1   At minimum, Plaintiff could have minimized the costs of litigation—and the burden it

2   created for this Court and the parties—had it recognized what common sense should have revealed:

3   that Plaintiff's case was incredibly weak, and that it suffered no harm and was thus entitled to no

4   damages.  In other words, "[t]he past [year]-and-a-half . . . of litigation could have been avoided"

5   had Plaintiff conceded that it was fighting for—at most—a Pyrrhic victory.  *FameFlynet, Inc. v.*

6   *Jasmine Enterprises Inc.*, No. 17 C 4749, 2019 WL 3733592, at *6 (N.D. Ill. Aug. 8, 2019).  While

7   Plaintiff now seeks hundreds of thousands of dollars for litigation fees and costs, Plaintiff knew all

8   along that its case was worth nothing.  (*See* Dkt. 257 at 9-14.)  For Plaintiff to "incur hundreds of

9   thousands of dollars in fees" to litigate a case worth nothing "***simply makes no sense***, and [Plaintiff]

10  should not be rewarded for what should have been a straightforward case."  *Id.* (emphasis added).

11  In other words, Plaintiff is "the party responsible for creating excessive legal costs [and therefore]

12  must bear them itself in the end."  *Id.* (*quoting Riviera Distributors, Inc. v. Jones*, 517 F.3d 926,

13  929 (7th Cir. 2008)).  Plaintiff should not be rewarded for aggressively pursuing a worthless case;

14  its Motion should be denied.

15  Plaintiff also argues that Defendants' affirmative claim for fraud was also "exceptionally

16  weak." (Dkt. 227 at 4.)  Whether true or not, this is irrelevant.  The Ninth Circuit has held that "a

17  prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys'

18  fees *only for work related to the Lanham Act claims*."  *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th

19  Cir. 2000) (emphasis added).  Thus, Defendants' fraud claim is not relevant to the fees' analysis

20  under the Lanham Act.

21  **B.**  **Defendants Did Not Litigate Unreasonably—Plaintiff Did**

22  Next, Plaintiff argues that "Defendants litigated this case unreasonably."  This is incorrect.

23  As Defendants explained in their Amended Renewed Motion for Attorneys' Fees and Costs (Dkt.

24  257 at 14-21), it was Plaintiff who litigated unreasonably.

25  Initially, Plaintiff discusses a hodgepodge of conduct that it claims "make this case

26  'exceptional.'" (Dkt. 227 at 4.)  Not so.  *First*, Plaintiff points to Defendants' alleged "long-standing

27  discovery misconduct, for which Defendants were ultimately sanctioned."  *Id.*  Although Defendants

28  were sanctioned for failing to produce documents on time, Plaintiff ignores key details underlying

Defendants' late production of documents.  Defendants' document production was comprehensive, consisting of over 56,900 pages of documents produced in response to Plaintiff's broad document requests, compared to only 803 pages of documents produced by Plaintiff.  (Declaration of Ann McFarland Draper, ¶ 3.)  Given the large volume of Defendants' production, it took a significant amount of time for Defendants to compile, prepare, and transmit the documents to Plaintiff.  (*Id.*)  Although some of these documents were served after the Court-imposed deadline, Plaintiff does not claim that it was prejudiced by the late production.[4]  In any event, "sloppy discovery conduct" is insufficient to support an "exceptional case" finding.  *See M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 281 F. Supp. 2d 1166, 1177 (C.D. Cal. 2003).  Instead, the Ninth Circuit requires a showing of bad faith for a discovery violation to support a fees' award.  *E & J Gallo Winery v. Proximo Spirits, Inc.,* No. 1:10-CV-00411-LJO, 2012 WL 2995672, at *6 (E.D. Cal. July 23, 2012), *report and recommendation adopted in part, rejected in part sub nom. on other grounds E & J Gallo v. Proximo Spirits, Inc.*, No. CV-F-10-411 LJO JLT, 2012 WL 3639110 (E.D. Cal. Aug. 23, 2012).  Plaintiff has not alleged that the late production of documents was made in bad faith, much less proven it by a preponderance of the evidence as the law requires.  *See Octane Fitness*, 572 U.S. at 557-58; *LegalForce, Inc. v. LegalZoom.com, Inc.*, 2019 WL 1170777, at *2 (N.D. Cal. Mar. 13, 2019) (explaining moving party's "burden to show [exceptionality] by a preponderance of the evidence.")

    *Second*, Plaintiff alleges that Defendants "baselessly tarnished the names of Messrs. Newton and Woods" by making fraud claims against them, but failing to serve them with the "Complaint making those allegations."  (Dkt. 227 at 4.)  There was nothing improper with Defendants' decision to not serve Messrs. Newton and Woods.  As Defendants explained to the Court, Defendants chose

---

[4]    To the contrary, at the October 12, 2018 hearing on discovery disputes, Judge Spero noted that Plaintiff had not shown prejudice, made choices based on tactics, and could have avoided any purported prejudice by agreeing to a further short discovery extension.  (Reporter's Transcript of Proceedings of October 12, 2018, 6:19, 10:23.)  Likewise, at the October 23, 2018 hearing on Defendants' administrative motion to adjust the case schedule, this Court noted that it was "100% clear" that Plaintiff's counsel was making a strategic choice and the Court would not entertain any argument that Plaintiff had not had enough time.  (Reporter's Transcript of Proceedings of October 23, 2018, 10:5-9.)

not to pursue the claims against them personally for economic reasons, and accordingly dismissed them from the case voluntarily.  (Dkts. 90, 91.)

*Third*, Plaintiff alleges that Defendants' counsel, Ms. Draper, made a "false representation of compliance with Judge Spero's discover Order."  (Dkt. 227 at 4).  In support of this allegation, Plaintiff cites to its Motion in Limine (Dkt. 135 at 2), which references an exchange between the Court and Ms. Draper in which the Court asked Ms. Draper if she complied with a discovery order by Judge Spero.  That discovery order required the Defendants to produce certain "agreed" materials within 12 days of the order.  (*Id.*; *see* Dkt. 65 at 2-4.)  Defendants subsequently produced all the agreed-upon materials in their possession, custody, or control, as indicated by Ms. Draper's statement to the Court that she had completed the production ordered by Judge Spero.  Although Defendants subsequently produced additional documents after the hearing, those were documents in the possession, custody and control of third parties  (Draper Dec., ¶ 6.)  As such, Defendants counsel's representations about the status of the production ordered by Judge Spero were not false.

*Fourth*, Plaintiff alleges that Defendants made an "improper disclosure of more than 45% of the exhibits on Defendants' trial exhibit list months after the close of discovery[.]" (Dkt. 227 at 4.)  Significantly, the vast majority of these exhibits were publicly available documents to which Plaintiff already had access, such as printouts of public webpages cited in Mr. Bünger's expert reports, documents filed in Plaintiff's bankruptcy proceedings, and the PTO file histories of the service marks at issue.[5]  Thus, there could be no prejudice to Plaintiff by their production.  Nevertheless, Defendants voluntarily removed these documents from their trial exhibit list, so Plaintiff suffered no prejudice as a result of the same.

Finally, Plaintiff argues there were "three other incidents that bear on the 'exceptional' nature of this case." (Dkt. 227 at 4.)  As explained below, there is no merit to Plaintiff's arguments concerning these three incidents.

---

[5]   In fact, counsel for Plaintiff and Defendant had agreed that Defendants need not produce the PTO file histories or documents filed in the Bankruptcy Case. (Draper Dec., ¶ 7.)

### 1.  There Was No "False Certificate of Service"

Plaintiff alleges that Ms. Draper submitted a "false certificate of service" stating that certain discovery responses were mailed on August 13, 2018.  (Dkt. 227 at 5.)  Plaintiff offers no evidence in support of this allegation, merely conjecture.  More importantly, Plaintiff's assertion is false.  Ms. Draper mailed the discovery responses to Plaintiff's counsel on August 13, 2018, as reflected in her certificate of service.  (Draper Dec., ¶ 4.)  And in any event, at Plaintiff's request, Ms. Draper sent Plaintiff's counsel PDF versions of the responses on August 21, just 8 days after Mr. Draper originally mailed the responses.  (*Id.*)  Moreover, if Plaintiff believed that the certificate of service was falsified back in August of 2018, it could have raised that concern before Judge Spero when the parties appeared on September 13, 2018 to address the issues they had not resolved by agreement— but it did not.  Further, this alleged incident was not raised in the multiple discovery motions Plaintiff filed after that date.  (*See* Dkt. 53, 69, 85, 93.)  And even if Plaintiff's allegation was true (it is not), Plaintiff does not allege it was prejudiced by an 8-day delay, much less prove prejudice by a preponderance of the evidence.  *See Octane Fitness*, 572 U.S. at 557-58; *LegalForce, Inc.*, 2019 WL 1170777, at *2.  As such, this allegation cannot support an exceptional case finding.[6]

### 2.  There Was No "Improper Threat" to the Trustee.

Next, Plaintiff alleges that Defendants made an "improper threat" to the bankruptcy Trustee (Ms. Kaelin).  (Dkt. 227 at 5-6.)  Not so.  Because Defendants expected to be the prevailing party given the lack of merit to Plaintiff's claims, and because Plaintiff is in bankruptcy proceedings, Defendants were (and are) concerned about whether they will be able to recover from Plaintiff the

---

[6] Plaintiff's arguments regarding the alleged false certificate of service exemplify how **Plaintiff's** conduct made this case exceptional.  Plaintiff notes in its brief that Defendants requested an extension of time to respond to Plaintiff's document requests and, according to Plaintiff, its counsel has never seen such a request for an extension in 20 years of practice.  This statement highlights the unreasonable behavior that Defendants have had to deal with throughout the litigation.  As Plaintiff is well aware, Defendants requested an extension because Mr. Rasure's wife suffered from a stroke and delivered their newborn son six weeks early.  (Draper Dec., ¶ 5; Rasure Dec. ¶ 3; Dkt. 87 at 4.)  Mr. Rasure was unavailable to assist in responding to discovery requests during that trying time for his family.  (Draper Dec., ¶ 5; Rasure Dec. ¶¶ 4-5.)  That Plaintiff would even comment in its brief that there was a request for an extension and Plaintiff granted it under these circumstances is remarkable.  Who wouldn't grant an extension in those circumstances?  Further, Plaintiff's argument that its counsel has never seen a request for an extension to respond to discovery responses in 20 years of practice is difficult to believe.  Parties routinely request and are granted extensions of time to respond to discovery.  That is certainly the experience of Defendants' counsel.

attorneys' fees and costs that they should be granted under Section 1117.  Accordingly, Defendants emailed Ms. Kaelin's counsel to give notice to Ms. Kaelin that Defendants would seek to recover what they are owed from Ms. Kaelin in her personal capacity.  (Roberts Dec., Ex. 1.)  In the email, Defendants cited *Maxwell v. KPMG LLP*, 520 F.3d 713, 718 (7th Cir. 2008) for the general proposition that a bankruptcy trustee's pursuit of a lawsuit that is not "reasonably likely to benefit" the plaintiff (or the plaintiff's bankruptcy estate) is sanctionable.  There is nothing improper with Defendants' email to Ms. Kaelin's counsel.[7]  Plaintiff cites no authority that sending such an email is exceptional.

It is worth noting that Defendants' email was sent to multiple attorneys representing Ms. Kaelin and the bankrupt TechShop estate, including Plaintiff's trial counsel here.  Not one of them (not even Plaintiff's trial counsel) ever voiced any objection to the notice given in the email. (Roberts Dec. ¶ 2.)

### 3.    Defendants Did Not Fail to Meet and Confer Regarding Mr. Newton.

Plaintiff devotes over two pages of argument to the issue of the re-calling of Mr. James Newton to testify.  Plaintiff attempts to pin all of the blame for that situation on Defendants, when Defendants were merely trying to accommodate Plaintiff's witness.  Defendants served Mr. Newton with a trial subpoena in March—over two months before trial.  (Dkt. 119.)  Nevertheless, it was not until Tuesday, June 4 that Mr. Newton's counsel informed Defendants' counsel that Mr. Newton's child was graduating from high school on Friday, June 7, and requested that the witness' schedule be accommodated.  (Roberts Dec., ¶ 4.)  The following day, Defendants' counsel informed Plaintiff's counsel verbally in court that Defendants may need to change their witness order to accommodate Mr. Newton's schedule and would let Plaintiff's counsel know if that was the case as soon as possible.  (*Id.*, ¶ 4.)  After court that day, Defendants learned that, because of the time of the graduation, Mr. Newton could not be in court at all on Friday, June 7.  (*Id.*, ¶ 4.)  Accordingly, Defendants advised Plaintiff by email that Mr. Newton would need to testify before Mr. Rasure to accommodate his schedule.  (*Id.*, ¶ 4.)  Plaintiff objected.  (*Id.*, ¶ 4.)  Because Plaintiff objected,

---

[7]   Defendants mistakenly cited 28 U.S.C. § 1927 in their letter, which only covers attorneys, and not their clients.

Defendants informed Plaintiff that it would need to seek advice from the Court, and included the issue in their evidentiary brief due that night.  (*Id.*, ¶ 4; Dkt. 198.)  Defendants were between a rock and a hard place in that they needed to make sure they could present their defense, but had no intention of making Mr. Newton miss his child's graduation.  That Defendants sought guidance from the Court on this issue hardly makes the case exceptional.

Further, Plaintiff apparently did not know that Defendants had included this issue in their evidentiary brief because Plaintiff's counsel did not read Defendants' brief.  That is not Defendants' fault, and certainly does not make the case exceptional because of Defendants.

Finally, Defendants are aware that the Court did not appreciate that Mr. Newton was called back to testify for only a short period of time.  Defendants regret that as well.  Defendants believed it was necessary because Plaintiff spent a great deal of time questioning Mr. Newton (and every other witness) regarding Mr. Rasure's alleged interest in obtaining Plaintiff's customer list.  Plaintiff did not disclose in its trial witness list that Mr. Newton or any other witness would testify on that subject. (Dkt. 190.)  Because Plaintiff did not disclose that subject matter, Defendants did not have all of the materials needed to cross-examine Mr. Newton on that issue when he was called in Plaintiff's case.  Nor did Defendants know during Mr. Newton's testimony that Plaintiff would spend so much time at trial on that issue that was not relevant to any of the claims in the case.  Thus, Defendants determined it was necessary to re-call Mr. Newton to clarify points relating to the customer list claims.  Although it is possible that the parties could have come up with an alternative way to make those points, given the very late timing of when Defendants learned of Mr. Newton's conflict and the deadline to file briefs regarding evidentiary disputes, there was not sufficient time to do so.[8]  Defendants were merely trying to do their best to accommodate Mr. Newton's schedule and present their defense.  This does not make the case exceptional.

In sum, Plaintiff failed to show that this case was exceptional because of Defendants' conduct.  This is an independent basis for denying Plaintiff's request for attorneys' fees and costs.

---

[8] Examples of Plaintiff's unreasonable litigation conduct are described in Defendants' Motion for Attorneys' Fees and Costs.  (Dkt. 257.)  In light of how little Plaintiff cooperated in even the most basic of pretrial tasks, Defendants are not certain that the parties could have reached agreement regarding Mr. Newton's testimony.

Thus, even if Plaintiff is the prevailing party—it is not—it should not be awarded its attorneys' fees and costs because the case is not exceptional.

### III. PLAINTIFF CANNOT CLAIM ATTORNEY'S FEES AND COSTS DURING THE VAST MAJORITY OF THIS CASE WHEN DEFENDANTS DID NOT WILLFULLY INFRINGE.

Among the factors that courts consider to determine exceptionality are (i) a party's "motivation" and (ii) the "need in particular circumstances to advance considerations of . . . deterrence." *SunEarth*, 839 F.3d at 1180-81 (quoting *Octane Fitness*, 572 U.S. at 554 n.6).  There is no doubt that, to help further this policy goal of deterrence, the consideration of a defendant's willfulness "bears on the calculus of whether to award fees."  *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1039 (9th Cir. 2018).  However, when a court considers willfulness as a factor for determining whether fee-shifting is appropriate, the relief for willfulness must be apportioned—relief cannot be granted during the time when defendant did not engage in willful infringement. *SRI International,* 930 F.3d at 1308-1311 (enhanced damages and fee awards vacated because they covered time when defendant did not willfully infringe).

In this case, Plaintiff makes an omnibus claim of willful infringement as a ground for granting its Motion.  But Plaintiff makes no showing that Defendants engaged in willful infringement throughout the entire case.  Nor could it, since the proof at trial established that, at most, Defendants used "TechShop 2.0" without Plaintiff's consent for only two days and an allegedly infringing gear logo for only three days.  Plaintiff was well aware that Defendant had changed its name to theShop.build, yet Plaintiff waited nine months before Plaintiff charged that the name "TheShop.build" infringed, and even then presented no proof at trial to substantiate its belated claim.  As such, Plaintiff cannot be entitled to fees on the basis of "willful infringement" for any time period beyond the five days (max) during which the "willful infringement" occurred.  *SRI International,* 930 F.3d at 1311 (vacating award of attorneys' fees and remanding for recalculation to exclude time period when no willful infringement occurred).  Despite this, Plaintiff's motion makes no effort to apportion its fees and costs between the alleged willful infringement (five days, total) and the rest of the case.  At a minimum, this Court should limit Plaintiff's fees to the period

of five (or fewer) days during which the "willful" infringement occurred.  *See SRI International,* 930 F.3d at 1311.

## IV.     PLAINTIFF FAILED TO SEGREGATE FEES AND COSTS ASSOCIATED WITH NON-LANHAM ACT CLAIMS.

"[U]nder 15 U.S.C. § 1117(a), attorneys' fees are recoverable only for work performed in connection with claims filed under the Lanham Act."  *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000).  As such, a party seeking fees under Section 1117 must apportion out fees and costs related to claims not arising from the Lanham Act.  *See id.*  The instant case involved a mix of claims, including a fraud counterclaim brought by Defendants that did not arise under the Lanham Act.  Plaintiff, however, does not appear to have even attempted to apportion out the fees and costs associated with work concerning the non-Lanham Act claims.  Instead, Plaintiff seeks to recover fees and costs for *all* work performed for this matter.  This is improper, and requires an adjustment of Plaintiff's fee request.  *Gracie*, 217 F.3d at 1069.  Accordingly, if this Court finds that Plaintiff is entitled to fees under Section 1117—it should not—Plaintiff's award should be limited to the amount associated with work performed for the Lanham Act claims.  *See id.*

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorney's Fees and Costs should be denied.

1   DATED:  August 20, 2019                    By        */s/ Andrea Pallios Roberts*
2                                                      Ann McFarland Draper (Bar No. 065669)
                                                       courts@draperlaw.net
3                                                      Draper Law Offices
                                                       75 Broadway, Suite 202
4                                                      San Francisco, California 94111
                                                       Telephone:     (415) 989-5620
5
                                                       QUINN EMANUEL URQUHART &
6                                                      SULLIVAN, LLP
                                                       Kevin P.B. Johnson (Bar No. 177129)
7                                                      kevinjohnson@quinnemanuel.com
                                                       Andrea Pallios Roberts (Bar No. 228128)
8                                                      andreaproberts@quinnemanuel.com
                                                       555 Twin Dolphin Drive, 5th Floor
9                                                      Redwood Shores, California 94065-2139
                                                       Telephone:     (650) 801-5000
10                                                     Facsimile:     (650) 801-5100
11                                                     Ed DeFranco (Bar No. 165596)
                                                       eddefranco@quinnemanuel.com
12                                                     51 Madison Avenue, 22nd Floor
                                                       New York, NY 10010
13                                                     Telephone:     (212) 849-7000
                                                       Facsimile:     (212) 849-7100
14
                                                       John E. Nathan (P*ro Hac Vice*)
15                                                     jnathan155@yahoo.com
                                                       John E. Nathan LLC
16                                                     1175 Park Avenue
                                                       New York, NY 10128
17                                                     Telephone:     (917) 960-1667
18                                                     Attorneys for Defendants and Counterclaimants
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS