1  Ann McFarland Draper (Bar No. 065669)
   courts@draperlaw.net
2  Draper Law Offices
   75 Broadway, Suite 202
3  San Francisco, California 94111
   Telephone:     (415) 989-5620
4
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Andrea Pallios Roberts (Bar No. 228128)
   andreaproberts@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
   Ed DeFranco (Bar No. 165596)
10 eddefranco@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
11 New York, NY 10010
   Telephone:     (212) 849-7000
12 Facsimile:     (212) 849-7100

13 John E. Nathan (P*ro Hac Vice*)
   jnathan155@yahoo.com
14 John E. Nathan LLC
   1175 Park Avenue
15 New York, NY 10128
   Telephone:     (917) 960-1667
16
   *Attorneys for Defendants and Counterclaimants*
17

18                    **UNITED STATES DISTRICT COURT**

19              **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., | CASE NO. 4:18-CV-01044-HSG (JCS) |
| Plaintiff, | **DECLARATION OF ANN MCFARLAND DRAPER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| vs. | |
| DAN RASURE, et al., | Jury Trial held June 3-11, 2019. |
| Defendants. | Judge: Haywood S. Gilliam, Jr. |
| AND RELATED COUNTERCLAIMS | |

I, Ann McFarland Draper, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an attorney at Draper Law Offices, counsel for Defendants Dan Rasure, et. al. ("Defendants"). I have personal knowledge of the matters set forth in this declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion for Attorney's Fees and Costs.

3. In response to Plaintiff's discovery requests in this case, I worked with the Defendants to search for, compile, and produce over 56,900 pages of documents. Plaintiff, on the other hand, produced only 803 pages of documents to the Defendants. Given the large volume of pages in Defendants' production, it took a significant amount of time to search for, compile, prepare, and transmit the documents to Plaintiff.

4. On August 13, 2018, I served Defendants' discovery responses to the Plaintiff via U.S. mail. Consistent with my practice, the mailed responses included an unsigned proof of service page. Subsequent to mailing the responses, I executed the office copy of the proof of service, which truthfully stated that I had mailed the responses. At the request of Plaintiff's counsel, I emailed a PDF version of the discovery responses to him on August 21, 2018. I scanned my office copy of the responses on that date to create the PDF version to send to Plaintiff's counsel.

5. Prior to serving the aforementioned discovery responses, I had asked Plaintiff's counsel for a two-week extension to produce the responses. In my experience, it is common for such extensions to be granted as a matter of professional courtesy. In this case, I asked for an extension on Defendants' behalf because Dan Rasure's participation was essential in gathering responsive materials and preparing the responses, but Mr. Rasure was unavailable to assist in responding to discovery requests during the responsive period due to unexpected medical emergency of his wife and (then) unborn son. The discovery requests were served at 4:29 p.m. on the afternoon of June 26, 2018. That same afternoon, I became aware that Mr. Rasure's pregnant wife suffered a stroke in Kansas, and had to be airlifted to a hospital in Denver; the following day,

the Rasures' son was delivered six weeks premature; the newborn child was unable to breath on his own and remained in the Denver NICU (Neonatal Intensive Care Unit) for an extended period of time.  As a result, I had little access to Mr. Rasure for an extended period of time.

6. During a hearing before this Court on October 23, 2018, I was asked by the Court whether the production ordered by Judge Spero was complete.  Judge Spero's orders had required Defendants to produce certain agreed-upon materials to Plaintiff by a stated deadline.  At the time of that hearing, I truthfully answered that Defendants had completed the required production, although some of the materials had gone through that morning (rather than on the 22nd).  Defendants did produce additional documents after the hearing (on October 24 and very late on October 23), but these were not documents required under Judge Spero's Order; these were third-party documents outside the possession, custody or control of Defendants that Defendants had been seeking and then produced promptly when obtained.

7. During the 4½ hour discovery "meet and confer" on September 13, 2018, Mr. Pistorino and I agreed that Defendants were not required to produce any of the documents filed in Plaintiff's bankruptcy proceedings in response to the discovery requests; Mr. Pistorino specifically stated that he did not want to receive those documents.  The Notices of Electronic Filing ("NEFs") that I receive from the Bankruptcy Court for filings in Plaintiff TechShop, Inc.'s bankruptcy case show that Plaintiff Trustee, Doris Kaelin, receives all of those filings directly from the Bankruptcy Court.  During this same "meet and confer" session, Mr. Pistorino and I also discussed that Defendants were not required to produce the PTO file histories in response to the discovery requests; we also discussed that someone would need to get them for the trial, and it would likely be Mr. Pistorino.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Rafael, California, on Tuesday, August 20, 2019.

By /s/ *Ann McFarland Draper*
Ann McFarland Draper

*Attorney for Defendants and Counterclaimants*