James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>DAN RASURE, et al.<br><br>    Defendants. | Case Number: **4:18-cv-01044-HSG-JCS**<br><br>**TECHSHOP'S OPPOSITION TO DEFENDANTS' BRIEF RE: ACQUIESCENCE; ESTOPPEL; AND LACHES**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), in accordance with the Court's Order of June 26, 2019 (*see* Dkt. #224), files this opposition to Defendants' brief regarding acquiescence, estoppel, and laches.

Defendants' motion should be denied in its entirety.

## DISCUSSION

### I. Acquiescence

Respectfully, it is very difficult to follow the import of Defendants' acquiescence claim. As posited by Defendants, they seek only a finding of acquiescence through February 14, 2018. Mot. at 12. Assuming, *arguendo*, that acquiescence through that period of time were found, it would do nothing to address the period after that for which infringement has been found. There is no such thing as *de minimus* infringement, just as there is no such thing as "I only stole your

car for a few days", etc. There is just infringement. So, even if the Court were to find acquiescence (which it should not), it would have precisely zero impact on any of the issues.

In any event, Defendants have not proven acquiescence by a preponderance of the evidence. At trial, the evidence was only that TechShop did not object to Mr. Rasure's use of the name "TechShop 2.0" for the purposes of acquiring the assets of TechShop. There is simply no evidence (much less a preponderance) that TechShop ever acquiesced to anybody using the name "TechShop 2.0" to open/operate a makerspace without TechShop's permission. Indeed, the evidence was that Mr. Rasure hid his intention/efforts to do so from TechShop and that, the moment TechShop learned of them, TechShop took steps to enforce its trademark rights.

Defendants' claim that TechShop "actively represented" that would not assert the "TECHSHOP" marks against Defendants' use of "TechShop 2.0" is wholly unsupported. Mot. at 12. Again, the most that the evidence would support is that TechShop did not object to use of that name for the purposes of acquiring TechShop's assets, nothing further. There is simply no evidence (much less a preponderance) that TechShop acquiesced to anyone opening/operating a makerspace using the TechShop' marks.

Indeed, the evidence is to the contrary. Because there was no such acquiescence, Mr. Rasure hid his efforts to do so and then did so in the apparent belief that TechShop did not have the resources to enforce its rights. *See, e.g.*, Spurlock testimony at Tr. 629-30. Further, once TechShop did learn of Mr. Rasure's efforts, TechShop took immediate steps to enforce its rights.

## II. Estoppel

Defendants offer estoppel against both "TechShop 2.0" and "theShop.build." Unlike laches, estoppel requires an affirmative act by the right holder on which the allegedly infringing party relied. Thus, to the extent that estoppel relies on inaction or silence, there must have been an affirmative duty to act/speak under the circumstances as even the cases cited by Defendants state. *See A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992).

**"TechShop 2.0":**

At trial, the evidence was only that TechShop did not object to Mr. Rasure's use of the name "TechShop 2.0" for the purposes of acquiring the assets of TechShop. There is simply no evidence (much less a preponderance) that TechShop ever did anything (or failed to do anything) that could have led anybody to reasonably believe that TechShop would not object to someone using the TechShop' marks (including "TechShop 2.0"), to open a makerspace without TechShop's permission/acquiring TechShop's assets.

Indeed, the evidence was that Mr. Rasure hid his intention/efforts to do so from TechShop and that, the moment TechShop learned of them, TechShop took steps to enforce its trademark rights.

**"theShop.build":**

With respect the "theShop.build", Defendants' estoppel argument is totally baseless. Mot. at 17-19. The predicate to alleged estoppel is that the plaintiff did something that "reasonably" led the defendant to believe that plaintiff did not intend to enforce its rights.

Here, there is simply no evidence (much less a preponderance) to support that claim. The moment TechShop learned that Defendants intended to use "TechShop 2.0" other than as part of a transaction to acquire the assets of TechShop, TechShop moved to enforce its trademark rights including by filing suit in February 16, 2018. There, TechShop explicitly notified Defendants that it was accusing not only "TechShop 2.0" but also any confusingly similar variations of the TechShop marks. No reasonable person could have formed the good faith that TechShop did not intend to enforce its marks against not only "TechShop 2.0" but any confusingly similar variations of the TechShop' marks, such as "theShop.build".

Defendants complaints regarding "theShop.build" and Plaintiff's interrogatory answers go nowhere. As this Court may recall, Defendants did not serve interrogatories until literally 30 days before the end of discovery and the interrogatories they did serve were defective. In accordance with one line of cases, Plaintiff partially answered the defective interrogatories. Though it was in violation of this Court's Standing Order, the Defendants then moved Judge

Spero to compel additional responses, which request Judge Spero partially granted. In accordance with Judge Spero's Order, Plaintiff's provided additional responses. Those are the very thing Defendants now complain of. The Court addressed all of this in rejecting Defendants' *motion in limine* on "theShop.build." *See* Dkt. #128. Thus, Plaintiff fully complied with all the Rules and Orders and there is simply no evidence (much less a preponderance) from which a reasonable person could have formed the good faith belief that TechShop did not intend to enforce its trademarks, including as against "theShop.build."

### III. Laches

Respectfully, it is very difficult to follow Defendants' argument on laches. As even the cases cited by Defendants indicate, the predicate to showing laches is an unreasonable delay in filing suit. *See* Mot. at 12. Here, Defendants do not contend that TechShop delayed in filing suit when TechShop did so even before Defendants began using "theShop.build." Instead, Defendants appear to take issue with pleading standards, discovery, etc. Mot. at. 19-24. While such arguments might be the basis for other motions (*e.g.*, motion for more definite statement, *in limine*, etc.), they are not a basis for asserting laches. Clearly, "theShop.build" was at issue in this case as one of the "confusingly similar variations" of the marks used by Defendants. Accordingly, because Defendants do not even get past the entire premise for asserting laches, their motion must fail because there is no evidence (much less a preponderance) that TechShop delayed in filing suit.

The other points made by Defendants are equally baseless. In the interest of brevity, only some of them are addressed.

**Strength/Value:**

At trial, the evidence admitted showed that TechShop had used the marks for more than 10 years, across multiple locations in the United States, was the subject of repeated national and international articles/exposure, that thousands of people were trained/members of locations offering services under the marks, etc. Thus, the evidence was that the strength of the marks was strong.

With respect to value, the evidence admitted at trial showed that TechShop had licensed the marks for millions of dollars. The evidence also showed that Defendants sought to purchase the marks (as part of a broader package) for in excess of $21,000,000 in consideration. Most critically, after the bankruptcy filing and mere weeks before suit was filed, the evidence showed that Defendants sought to license the marks to others for millions of dollars. Thus, the evidence was that the marks had significant value.

As TechShop has noted before, the testimony of Mr. Bunger of "negative brand value" is not "expert" testimony. Of course, TechShop objected to such testimony at every opportunity.

**Diligence:**

Given that TechShop actually filed suit asserting its trademark rights before Defendants began using "theShop.build", not only is there not a preponderance of evidence to suggest that TechShop was anything less than diligent – there is literally NO EVIDENCE in support of that assertion. As noted above, the Complaint accused all "confusingly similar variations" of the TechShop' marks. At trial, the evidence of Defendants' use of the "theShop.build" and effort to mimic TechShop's logo was admitted, including testimony that it was a "joke" and a "comical" effort to avoid infringement. *See, e.g.*, Tr. at 631.

Defendants' claims regarding Odyssey Expo (Mot. at 22) is wide of the mark by a mile. Defendants were allowed to even offer evidence of the Odyssey Expo because it occurred so close to trial that the Court waived the closure of discovery to allow it. As shown at TX1075, this was an event that occurred in March 2019. Indeed, there is no evidence that TechShop even knew about it until after it happened. Thus, putting aside the issue that it appears to be outside the ambit of the registrations, clearly, it says nothing about diligence of filing suit more than year earlier.

**Plaintiff Will Suffer Harm:**

In this regard, clearly, there is simply no evidence (much less a preponderance) that TechShop will suffer no harm if its marks are appropriated by Defendants without compensation. That notion is so illogical it is not worthy of response.

**Defendants Did Not Have A Good Faith Belief of No Objection:**

In this regard, of course, the evidence of the "joke"/"comical" mimicking of the TechShop marks/logo was offered at trial. No reasonable person could have had a good faith belief that "theShop.build" did not infringe/that TechShop did not object when Defendants were actually being sued for such infringement. Moreover, the jurors found not only infringement, but willful infringement.

In short, there is simply nothing, much less a preponderance of evidence to support Defendants' laches claim.

## CONCLUSION

For the reasons set forth above, Defendants' motion should be denied.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff