1   Ann McFarland Draper (Bar No. 065669)
    courts@draperlaw.net
2   Draper Law Offices
    75 Broadway, Suite 202
3   San Francisco, California 94111
    Telephone:     (415) 989-5620
4
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
5   Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Andrea Pallios Roberts (Bar No. 228128)
    andreaproberts@quinnemanuel.com
7   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065-2139
8   Telephone:     (650) 801-5000
    Facsimile:     (650) 801-5100
9
    Ed DeFranco (Bar No. 165596)
10  eddefranco@quinnemanuel.com
    51 Madison Avenue, 22nd Floor
11  New York, NY 10010
    Telephone:     (212) 849-7000
12  Facsimile:     (212) 849-7100
13  John E. Nathan (Pro Hac Vice)
    jnathan155@yahoo.com
14  John E. Nathan LLC
    1175 Park Avenue
15  New York, NY 10128
    Telephone:     (917) 960-1667
16
    *Attorneys for Defendants and Counterclaimants*
17

18                  **UNITED STATES DISTRICT COURT**

19      **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

20  TECHSHOP, INC., a California corporation,        CASE NO. 4:18-CV-01044-HSG (JCS)
    DORIS A. KAELIN, in her capacity as
21  Chapter 7 trustee for TECHSHOP, INC.,           **DEFENDANTS' REPLY IN SUPPORT OF**
                                                     **THEIR AMENDED RENEWED MOTION**
22                  Plaintiff,                       **FOR JUDGMENT AS A MATTER OF**
                                                     **LAW PURSUANT TO FED R. CIV. P.**
23          vs.                                      **50(b)**

24  DAN RASURE, et al.,
                                                     Hearing Date:  November 7, 2019
25                  Defendants.                      Time:  2:00 p.m.
                                                     Judge: Haywood S. Gilliam, Jr.
26  _____

27  AND RELATED COUNTERCLAIMS

28

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ...................................................................................................................................2

I.      PLAINTIFF FAILS TO IDENTIFY A SPECIFIC FACTUAL DISPUTE, WHICH ALONE ENTITLES DEFENDANTS TO JUDGMENT AS A MATTER OF LAW. ...........2

II.     PLAINTIFF CITES NO EVIDENCE THAT "TECHSHOP 2.0" INFRINGED BEFORE FEBRUARY 14 OR AFTER FEBRUARY 16, 2018............................................3

        A.     Plaintiff Does Not Deny That It Never Objected to Defendants' Use of "TechShop 2.0" Prior to February 14. .....................................................................3

        B.     Plaintiff Cites No Evidence that Defendants Used "TechShop 2.0" After February 16. ...........................................................................................................5

III.    PLAINTIFF CITES NO EVIDENCE THAT "THESHOP.BUILD" INFRINGED PLAINTIFF'S MARKS. ........................................................................................6

        A.     Plaintiff Does Not Dispute that It Consented to Defendants' Use of "TheShop.build." ..........................................................................................6

        B.     Plaintiff Fails to Refute that "TheShop.build" *Logo* Cannot Infringe As A Matter of Law. ......................................................................................................6

        C.     Plaintiff Fails to Show that "TheShop.build" *Name* Infringes. .................7

IV.    PLAINTIFF WAS ON NOTICE OF THE ARGUMENTS PRESENTED IN DEFENDANTS' RENEWED JMOL MOTION. ............................................................10

V.     PLAINTIFF HAS HAD EVERY OPPORTUNITY TO "CURE" THE DEFECTS IN ITS CASE; ANOTHER OPPORTUNITY WILL NOT CHANGE ANYTHING. ........11

CONCLUSION ..............................................................................................................................13

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## Cases

4

*555-1212.com, Inc. v. Commc'n House Int'l, Inc.*,
157 F. Supp. 2d 1084 (N.D. Cal. 2001) ................................................................ 7

5

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) ................................................................................ 7

6

*Bello v. Romeo*,
424 F. App'x 130 (3d. Cir. 2011) ......................................................................... 2

7

8

*Chartis Specialty Ins. Co. v. Aqua Scis. Engineers, Inc.*,
2014 WL 2730442 (N.D. Cal. June 16, 2014) .................................................... 11

9

*Clark v. Golden Specialty, Inc.*,
2017 WL 108465 (W.D. Wash. Jan. 11, 2017),
*appeal dismissed*, 2017 WL 3444052 (9th Cir. May 31, 2017) ......................... 12

10

11

*Goos v. Shell Oil Co.*,
2010 WL 1526284 (N.D. Cal. 2010) ................................................................... 12

12

*Karoun Dairies Inc. v. Los Altos Food Prod. Inc.*,
107 F. App'x 785 (9th Cir. 2004) .......................................................................... 8

13

*Keenan v. Allan*,
91 F.3d 1275 (9th Cir. 1996) ................................................................................ 2

14

*Kennedy v. Applause, Inc.*,
90 F.3d 1477 (9th Cir. 1996) ................................................................................ 3

15

*Lillie v. ManTech Int'l. Corp.*,
2019 WL 3387732 (C.D. Cal. July 26, 2019) ................................................... 2, 3

16

17

*Locomotor USA, Inc. v. Korus Co., Inc.*,
46 F.3d 1142 (9th Cir. 1995) ............................................................................ 6, 9

18

*M2 Software, Inc. v. Madacy Entm't*,
421 F.3d 1073 (9th Cir. 2005) .............................................................................. 9

19

*Marrese v. Deaconess Hosp.*,
966 F.2d 1456 (7th Cir. 1992) .............................................................................. 2

20

21

*Mattel, Inc. v. MCA Records, Inc.*,
28 F. Supp. 2d 1120 (C.D. Cal. 1998),
*aff'd*, 296 F.3d 894 (9th Cir. 2002) ...................................................................... 9

22

23

*Monsanto Co. v. Bayer Bioscience N.V.*,
2005 WL 3050636 (E.D. Mo. 2005) ................................................................... 11

24

*Motorola, Inc. v. Interdigital Tech. Corp.*,
930 F. Supp. 952 (D. Del. 1996) ......................................................................... 10

25

*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
578 F.3d 1154 (9th Cir. 2009) ........................................................................... 7, 8

26

*Optimum Techs. Inc. v. Henkel Consumer Adhesives, Inc.*,
496 F.3d 1231 (11th Cir. 2007) ............................................................................ 5

27

*Quality Semiconductor, Inc. v. QLogic Corp.*,
1994 WL 409483 (N.D. Cal. May 13, 1994) ...................................................... 10

28

*Reed v. Lieurance,*
    863 F.3d 1196 (9th Cir. 2017) ............................................................... 12

*Reeves v. Sanderson Plumbing Prods., Inc.,*
    530 U.S. 133, 149 (2000) ...................................................................... 12

*Scottish Heritable Tr., PLC v. Peat Marwick Main & Co.,*
    81 F.3d 606 (5th Cir. 1996) ................................................................... 11

*Summers v. Delta Air Lines, Inc.,*
    508 F.3d 923 (9th Cir. 2007) ................................................................. 12

*Villiarimo v. Aloha Island Air, Inc.,*
    281 F.3d 1054 (9th Cir. 2002) ................................................................. 3

*Waters v. Young,*
    100 F.3d 1437 (9th Cir. 1996) ............................................................... 12

**Rules and Regulations**

Fed. R. Civ. P. 50 .................................................................................... 12

## PRELIMINARY STATEMENT

Defendants moved for judgment as a matter of law based on Plaintiff's complete failure at trial to introduce *any* evidence that Defendants' use of "TechShop 2.0" infringed Plaintiff's "TECHSHOP" marks for more than two days (February 14-16, 2018), or that Defendants' use of "TheShop.build" infringed *at all*.  Specifically, Plaintiff introduced *no evidence* that it objected to Defendants' use of "TechShop 2.0" before February 14, 2018, and in fact the evidence at trial affirmatively showed that Plaintiff itself used "TechShop 2.0" to refer to Defendants' business extensively before that date.  Plaintiff also introduced *no evidence* that (1) Defendants used "TechShop 2.0" after February 16, 2018, (2) Plaintiff objected to Defendants' use of "TheShop.build" before November 23, 2018, or (3) there was any likelihood of confusion between Plaintiff's registered marks and "TheShop.build."

In Opposition to Defendants' Motion, Plaintiff does not dispute any of these facts or identify any additional evidence.  Instead, Plaintiff offers only a handful of unsupported, misleading, and outright inaccurate characterizations of the record that, even if taken at face value, still fail to raise a genuine issue of material fact.

*First*, Plaintiff claims that it did not explicitly authorize Defendants to use "TechShop 2.0" or "TheShop.build" and did not believe it had consented.  This claim is rebutted by the uniform documentary evidence that Plaintiff's witnesses themselves used the name "TechShop 2.0" to refer to Defendants' business, and did not object to the name "TheShop.build."  In any case, however, Plaintiff does not argue that it communicated any objections to Defendants.

*Second*, Plaintiff relies on Mr. Rasure's testimony that it took him a few days to take down the "TechShop 2.0" website and some time to change the company's legal name as evidence that Mr. Rasure used "TechShop 2.0" after February 16, 2018, but fails to point to any evidence that Mr. Rasure continued to use the name to operate a makerspace or provide services to customers.

*Third*, Plaintiff claims that the jury could have found a likelihood of similarity between "TECHSHOP" and "TheShop.build" simply by comparing the names and logos, completely ignoring the remainder of the *Sleekcraft* factors.  As discussed in Defendants' opening brief, comparison of the names is insufficient as a matter of law to support a finding of likelihood of

confusion, *inter alia* because the only similarity between the names is the unprotectable descriptive word "shop," Plaintiff's registered word marks specifically does not cover color, size, font or style, and the logo itself has never been registered.

Plaintiff's main argument appears to be that Defendants' JMOL motion did not give sufficient notice of the defects in Plaintiff's case, and that it now needs an opportunity to cure. This is incorrect.  Defendants' renewed motion is based on the same arguments Defendants made throughout trial and in their Rule 50(a) motion, which Defendants made orally at the close of Plaintiffs' case on June 6 and, at the Court's direction, supplemented with a written brief on June 10.  Moreover, Plaintiff never requested any opportunity to cure; it declined to put on any rebuttal case; and it still does not identify any additional evidence to be submitted if given the opportunity. Defendants are entitled to judgment as a matter of law that (1) Defendants' use of the name "TechShop 2.0" did not infringe Plaintiff's marks for more than two days (February 15-16, 2018); and (2) Defendants' use of the "TheShop.build" did not infringe Plaintiff's registered marks.

<u>**ARGUMENT**</u>

**I.**     <u>**PLAINTIFF FAILS TO IDENTIFY A SPECIFIC FACTUAL DISPUTE, WHICH ALONE ENTITLES DEFENDANTS TO JUDGMENT AS A MATTER OF LAW.**</u>

To defeat a motion for judgment as a matter of law, Plaintiff must come forward with "specific facts" to show a genuine issue that can be decided by a jury.  *Lillie v. ManTech Int'l. Corp.*, 2019 WL 3387732, at *9 (C.D. Cal. July 26, 2019); *Bello v. Romeo*, 424 F. App'x 130, 133 (3d. Cir. 2011) ("A party asserting that there is a genuine dispute as to a material fact must support that assertion with specific citations to the record.").  However, rather than directing the Court to specific factual citations in the record, Plaintiff provided a list of  "facts" followed by a list of 92 pages of the trial transcript plus 12 trial exhibits (Dkt. 261 at 1-3), leaving Defendants and the Court to guess how to match up the two lists.  *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (a court need not "scour the record in search of a genuine issue of triable fact"); *see also Marrese v. Deaconess Hosp.*, 966 F.2d 1456, at *9 (7th Cir. 1992) ("Judges are not like pigs, hunting for truffles buried in briefs.").  Moreover, Plaintiff's list of "facts" (which is unconstrained

by specific citations to the record) repeatedly overstates or misrepresents the testimony at trial.[1]

For example, Plaintiff claims that "Mr. Rasure was offering a makerspace offering the same

services and targeting the same customers as TechShop using the trademarked term

'TECHSHOP.'"  (Dkt. 261 at 2.)  There was of course no suggestion at trial that Mr. Rasure ever

used the term "TECHSHOP;" the record is clear that his companies were called "TechShop 2.0"

and "TheShop.build" and that he did not use "TechShop."  (*See, e.g.*, Trial Tr. at 661:11-14;

675:8-11.)  Plaintiff's failure to provide specific record citations, and its mischaracterization of the

record, is alone sufficient reason to grant judgment as a matter of law.  *See Lillie*, 2019 WL

3387732, at *9; *Keenan*, 91 F.3d at 1279.

## II.   PLAINTIFF CITES NO EVIDENCE THAT "TECHSHOP 2.0" INFRINGED BEFORE FEBRUARY 14 OR AFTER FEBRUARY 16, 2018.

### A.   Plaintiff Does Not Deny That It Never Objected to Defendants' Use of "TechShop 2.0" Prior to February 14.

As discussed in Defendants' opening brief, the evidence at trial affirmatively established

that Plaintiff consented to Defendants' use of "TechShop 2.0" until at least February 14, 2018, and

in fact Plaintiff itself repeatedly used "TechShop 2.0" to refer to Defendants.  (Dkt. 254 at 12-14.)

Plaintiff does not dispute these facts and points to no evidence to the contrary.

Instead, as Defendants anticipated (*see* Dkt. 254 at 13), Plaintiff tries to create a material

dispute of fact by citing the self-serving testimony of its own witnesses that they never consented

to Defendants' use of "TechShop 2.0."[2]  (Dkt. 261 at 6.)  Plaintiff's testimony is flatly rebutted by

the uniform documentary evidence showing Plaintiff itself frequently used "TechShop 2.0" to

refer to Defendants' business.  (*See* Dkt. 254 at 19 (collecting 20 trial exhibits and trial testimony

---

[1]  In addition, many of Plaintiff's listed "facts" are irrelevant to Defendants' Motion.  For example, Defendants do not argue in this Motion that Plaintiff abandoned its trademarks.  (*Cf.* Dkt. 261 at 1.)

[2]  Plaintiff also overstates the record.  No witness actually testified that they did not consent to Defendants' use of "TechShop 2.0" before February 14.  Mr. Newton and Mr. Busch testified that TechShop never explicitly ***told*** Defendants they "had the right to use the TechShop trademarks." (Trial Tr. at 177:15-18; Tr. 473:24-474:3.)  Mr. Woods testified that the TechShop board felt Mr. Rasure was "appropriating our ***logo***" (not the name) (Trial Tr. at 321:3-9) (emphasis added), and that Mr. Rasure never acquired the right to use "TECHSHOP" from Plaintiff.  (Trial Tr. at 400:10-11.)

showing Plaintiff's use of "TechShop 2.0"); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("this court has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (affirming grant of summary judgment for the defendant where only evidence submitted by plaintiff was "uncorroborated and self-serving" deposition testimony that "flatly contradicts her prior sworn statements and the medical evidence.").  In fact, TechShop Board member Doug Busch testified that he told Mr. Rasure that it was "totally your call" whether to use the name "TechShop 2.0."  (Trial Tr. 464:4-7.)  And even if taken at face value, Plaintiff's assertion that TechShop personnel subjectively believed they did not consent to Defendants' use of "TechShop 2.0" does not negate their own use of the term and failure to object to Defendants' use.

Plaintiff also asserts that Mr. Rasure "conceal[ed] his plans to open the former TechShop facility using the name 'TechShop 2.0.'"  Again, Plaintiff overstates the record.  Mr. Newton testified that he was not aware that Mr. Rasure was opening a "TechShop 2.0" at 926 Howard St., and had not communicated with him about it, but neither he nor any other witness claimed that Mr. Rasure "concealed" anything from them.  (Trial Tr. at 179:8-10.)  To the contrary, the testimony at trial established that Mr. Rasure announced to the public that he was opening "TechShop 2.0," which is completely inconsistent with an inference that Mr. Rasure believed his use was unauthorized.  (*See, e.g.* Trial Tr. at 179:4-7.)  That Mr. Rasure did not tell Plaintiff that he was opening "TechShop 2.0" before the public does not refute Plaintiff's own use of "TechShop 2.0" to refer to Defendants' business and failure to object to Defendants' use.

Finally, Plaintiff claims that Mr. Rasure testified he had no explicit authorization to use "TechShop 2.0."  Again, this is inaccurate.  Mr. Rasure in fact testified that he understood that the TechShop board "permitted and authorized" him to use the name "TechShop 2.0" when it signed the Memorandum of Understanding with "TechShop 2.0 LLC" as TechShop's counterparty. (Trial Tr. at 738:20-739:3.)  Plaintiff appears to be referring to Mr. Rasure's testimony that he did not obtain Plaintiff's permission before opening a makerspace at 926 Howard on February 19, 2018 (Trial Tr. at 856:4-7), but those two statements are not inconsistent.  And again, whether or

1    not Plaintiff told Defendants they could use "TechShop 2.0" does not undermine the other

2    undisputed evidence that Plaintiff used "TechShop 2.0" to refer to Defendants' business and did

3    not object to Defendants' use of that name until no earlier than February 14, 2018.

4               **B.     Plaintiff Cites No Evidence that Defendants Used "TechShop 2.0" After**
                         **February 16.**

5            Plaintiff also does not dispute that Defendants switched from "TechShop 2.0" to

6    "TheShop.build" by February 16 (within two days of what Plaintiff calls its February 14 cease-

7    and-desist letter) and that Plaintiff's CEO was aware of the name change by the following day.

8    Plaintiff asserts that Mr. Rasure testified he "continued to use the name 'TechShop 2.0' after

9    February 16, 2019" (Dkt. 261 at 3), but that assertion is not supported by the record.  As discussed

10   in Defendants' opening brief, Mr. Rasure testified that while he "work[ed] to change the name as

11   quickly as he could" after receiving notice that Plaintiff objected to his use of "TechShop 2.0," he

12   was not able to change "everything that used the name 'TechShop 2.0' on February 16, 2019"

13   because it was a holiday weekend.  (Trial Tr. at 745:10-17.)  Specifically, the website was still live

14   for a few days, there were some lingering references to "TechShop 2.0" in emails and on the

15   website for a few weeks, and the name of the legal entity was not changed until April 6.  (Trial Tr.

16   at 840:6-9; 863:17-20.)  Mr. Rasure's candid admission that Defendants were not able to

17   completely transition to a new business name overnight does not create a material factual dispute

18   where there is no evidence that Defendants ever offered any makerspace services to customers

19   under the name "TechShop 2.0."  (*See* Dkt. 254 at 15 (citing *Optimum Techs. Inc. v. Henkel*

20   *Consumer Adhesives, Inc.*, 496 F.3d 1231, 1242-44 (11th Cir. 2007) (affirming summary

21   judgment based on evidence that defendant "ceased its 'use in commerce'" and plaintiff offered

22   "*no evidence* that [the defendant] ever sold its [allegedly infringing] product with the [allegedly

23   infringing mark] affixed to it.")

24

25

26

27

28

**III.     PLAINTIFF CITES NO EVIDENCE THAT "THESHOP.BUILD" INFRINGED PLAINTIFF'S MARKS.**

   **A.     Plaintiff Does Not Dispute that It Consented to Defendants' Use of "TheShop.build."**

Defendants' proof that Plaintiff consented to Defendants' use of "TheShop.build" is wholly uncontested. (Dkt. 254 at 16.) As set out in Defendants' opening brief, Plaintiff was on notice of Defendants' use of the name "TheShop.build" by February 17, 2018 and yet did not object to the use of the new name until November 23, 2018, nine months into the litigation. (*Id.*) Plaintiff never disputes these facts, or points to any evidence that it ever objected to the use of "TheShop.build." The closest Plaintiff comes is the vague statement that Plaintiff "never authorized Rasure to use the marks or confusingly similar variations of them in the marketplace." (Dkt. 261.) As discussed above, failing to explicitly authorize Defendants' use of a name is not the same as objecting to it, and does not imply a lack of consent, especially when Defendants had no reason to believe the name infringed (since they selected the name in an attempt to honor Plaintiff's objection to "TechShop 2.0"). Further, Plaintiff's argument is circular—it presumes that "TheShop.build" is "confusingly similar" to "TECHSHOP." As discussed below, Plaintiff utterly failed to establish any likelihood of confusion between "TECHSHOP" and "TheShop.build."

Since Plaintiff fails to establish any dispute as to whether Plaintiff consented to Defendants' use of "TheShop.build," Defendants are entitled to judgment as a matter of law that "TheShop.build" did not infringe Plaintiff's marks.

   **B.     Plaintiff Fails to Refute that "TheShop.build" *Logo* Cannot Infringe As A Matter of Law.**

Plaintiff's TECHSHOP marks are registered only as a word mark. As explained in Defendants' opening brief, the Ninth Circuit has held as a matter of law that word marks do not protect the style, size, or color of the mark. (*See* Dkt. 264 (citing *Locomotor USA, Inc. v. Korus Co., Inc.*, 46 F.3d 1142, at *3 (9th Cir. 1995)). Plaintiff offers no authority to the contrary. Instead, Plaintiff asserts, without support, that "a registered word mark like TechShop's covers *every* form of lettering." (Dkt. 261 at 7.) This assertion is directly contrary to Ninth Circuit

1   precedent, as well as to the language of Plaintiff's own registrations, which expressly state that

2   they are "without claim to any particular font, size, or color."  (TX0351, TX0352.)  As explained

3   in Defendants' opening brief (Dkt. 254, p.17), any likeness in the font, size, or color between

4   Plaintiff's unregistered logo and the gear logo briefly used by Defendants is irrelevant as a matter

5   of law.

6          Moreover, the undisputed evidence is that Defendants used this logo only for a very brief

7   period:  February 19, 20 and 21, 2018.  Plaintiff failed to point to any evidence that Defendants

8   used the allegedly infringing "gear logo" after February 21, 2018, even though Defendants

9   identified this defect in their opening brief.  (*See* Dkt. 254 at 18.)[3]  Plaintiff attempts to overcome

10  the deficiency in evidence by arguing that the jury was "free to disbelieve" Mr. Rasure's

11  testimony, but that attempt must fail, as Plaintiff points to **no evidence** in the record that the jury

12  was free to **believe**; in other words, any evidence that could support the jury's verdict as to the

13  logo.  Thus, Defendants are entitled to judgment as a matter of law that "TheShop.build" logo

14  does not infringe Plaintiff's registered marks.

15         **C.**     **Plaintiff Fails to Show that "TheShop.build" *Name* Infringes.**

16         Defendants showed in their opening brief that Plaintiff completely failed to present any

17  evidence of likelihood of confusion between "TheShop.build" and "TECHSHOP," based on

18  application of the factors set out in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir.

19  1979).  *See* Dkt. 254 at 18.  Without evidence of likelihood of confusion, Plaintiff's infringement

20  claim fails as a matter of law.  *See id.*; *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d

21  1154, 1165 (9th Cir. 2009) (affirming summary judgment for defendant because "no reasonable

22  factfinder could find a likelihood of confusion..."); *555-1212.com, Inc. v. Commc'n House Int'l,*

23  *Inc.*, 157 F. Supp. 2d 1084, 1092–93 (N.D. Cal. 2001) ("Without sufficient admissible evidence of

24  likelihood of confusion, plaintiff cannot survive defendant's motion for summary judgment.").

25

26

27         [3]    Even if the Court were to consider the stylistic aspects of the logo—which it should not—

28  the logo could not have infringed for more than three days, and Defendants would be entitled to
    judgment as a matter of law that such infringement was limited to three days.

1    Plaintiff's Opposition devotes only six lines of text to this issue.  (Dkt. 261 at 7:19-24.)

2  Plaintiff lists (but does not discuss) only three of the eight *Sleekcraft* factors and completely

3  ignores the other five (strength of mark (factor 1), actual confusion (factor 4), convergence of

4  marketing channels (factor 5), customer care (factor 6), and likelihood of expansion (factor 8),

5  thus conceding that there is ***no evidence*** supporting a finding of infringement as to each of these

6  factors.  The three factors Plaintiff addresses ***at all*** are proximity of goods (factor 2), similarity of

7  the marks (factor 3), and intent (factor 7).  (Dkt. 261 at 7:19-24.)  Even taking Plaintiff's factual

8  assertions at face value, Plaintiff completely fails to point to any evidence or raise an issue of

9  material fact as to likelihood of confusion.

10    Regarding factor 3 (similarity of the marks), Plaintiff argues (without authority) that "a

11  reasonable juror could consider the similarity of "TECHSHOP" and "THESHOP."  (Dkt. 261 at

12  7.)  Plaintiff's comparison is misleading; it leaves out the third and fourth words of Defendants'

13  name, "dot build," which of course have no similarity to Plaintiff's marks.  Defendants' name is

14  "TheShop.build," and Plaintiff presented no evidence that Defendants use the name "TheShop" in

15  isolation.  But, even if Defendants did refer to their business as "TheShop," the similarity between

16  the two names is the word "shop."  Plaintiff does not dispute that the word "shop" is an

17  unprotectable descriptive word that lacks secondary meaning, and thus cannot support a finding of

18  similarity.  (*See* Dkt. 254 at 22); *Karoun Dairies Inc. v. Los Altos Food Prod. Inc.*, 107 F. App'x

19  785, 788 (9th Cir. 2004) (holding "Byblos California Cheese" and "Karoun's California Cheese"

20  are not confusingly similar as a matter of law because "the only words of the marks that are

21  similar are 'California Cheese,' which …is an unprotectable descriptive phrase that lacks

22  secondary meaning").  Moreover, Plaintiff makes no effort to explain how "TheShop.build" has a

23  similar sight, sound, or meaning to "TECHSHOP."  *See One Indus., LLC v. Jim O'Neal Distrib.,*

24  *Inc.*, 578 F.3d 1154, 1165 (9th Cir. 2009).  In fact, the two phrases are quite different in sound

25  (and syllabic emphasis).  Thus, contrary to Plaintiff's assertions, comparison of the names

26  "TECHSHOP" and "TheShop.build" weighs against likelihood of confusion and cannot support a

27  finding of likelihood of confusion as a matter of law.

28

1        With respect to factor 2 (proximity of goods), Plaintiff argues (without authority) that the

2   jury could have considered the "similarity (indeed, identity) of the goods" to support a finding of

3   infringement.  (Dkt. 261 at 7.)  But Plaintiff does not address the undisputed fact that Plaintiff

4   never competed for customers with Defendants.  (*See* Dkt. 254 at 19.)  As pointed out in

5   Defendants' opening brief, Plaintiff closed its doors on November 15, 2017—over three months

6   before Defendants opened their first makerspace—and Plaintiff has no intention of reopening.  *Id.*[4]

7   Under these circumstances, similarity or even identity of goods cannot support a finding of

8   likelihood of confusion.  *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1085 (9th Cir.

9   2005) (no likelihood of confusion as a matter of law where two record companies did not directly

10  compete against one another).

11       Finally, on factor 7 (intent), Plaintiff argues (again, without authority) that the supposed

12  similarity between the TechShop logo and the allegedly infringing "gear logo" that Defendants

13  used for three days supports an inference that Mr. Rasure intended to cause confusion.  (Dkt. 261

14  at 7.)  As discussed above, any similarities between the style, size, and color of the logo cannot

15  support a finding of infringement of Plaintiff's registered word marks that do not include a logo.[5]

16  Such intent cannot be inferred from a non-infringing use and Plaintiff offers no other evidence of

17  intent.  Moreover, Plaintiff completely ignores the evidence cited in Defendants' opening brief

18  that Mr. Rasure did ***not*** intend to cause confusion; this evidence includes Defendants' prompt

19  name change upon learning that Plaintiff objected to the use of the name "TechShop 2.0" as well

20  as Defendants' ***voluntary*** discontinuance of the allegedly infringing "gear logo" after just ***three***

21  ***days***.  (Dkt. 254 at 24); *see Mattel, Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1142 (C.D.

22  Cal. 1998), *aff'd*, 296 F.3d 894 (9th Cir. 2002) (finding no evidence of intent where defendants

23

24  ―――――――――――――――――

25      [4] Indeed, Defendants' business is now closed so the parties still are not competing with one
another.  (*See* Dkt. 262-1.)

26      [5] *See Locomotor*, 46 F.3d 1142, at *3 ("Where the marks arguably resemble one another is in

27  their graphic representation on a logo tag containing numerous unregistered design elements, such
as banners, color combinations and coats of arms. However, these trade dress elements are

28  protected under Section 43(a)'s false designation of origin provision, not under Section 32(1)'s
trademark infringement provision.").

1   "attempted to disassociate themselves" from plaintiffs' mark by issuing a disclaimer); *Quality*

2   *Semiconductor, Inc. v. QLogic Corp.*, 1994 WL 409483, at *4 (N.D. Cal. May 13, 1994) (finding

3   no evidence of intent where defendant tried to "design a mark to avoid" potential trademark

4   issues).  No reasonable jury could find that Defendants intended to cause confusion based solely

5   on such brief style and color similarity with an unregistered logo that Defendants discontinued

6   after three days, especially in light of this evidence that Defendants tried to ***avoid*** confusion.

7   **IV.    PLAINTIFF WAS ON NOTICE OF THE ARGUMENTS PRESENTED IN
        DEFENDANTS' RENEWED JMOL MOTION.**

8

9            Plaintiff's argument that Defendants' motion should be denied because it is "replete with

10   arguments . . . not presented in [Defendants'] pre-verdict motions" is frivolous.  (Dkt. 261 at 5.)

11   Defendants' Rule 50(a) and Rule 50(b) motions make nearly identical arguments on all points.[6]

12   With respect to "TechShop 2.0," both motions argue that Plaintiff "consented to Defendants' use

13   until at least February 14, 2018."  (Dkt. 207 at 10; Dkt. 254 at 12; *see also* Trial Tr. at 706:13-14

14   (articulating as a basis for Defendants' motion that "Plaintiff failed to prove that defendants used

15   'TechShop 2.0' without the consent of the Plaintiff.")).  Both motions also argue that Plaintiff

16   failed to show Defendants used the name "TechShop 2.0" after February 16, 2018.  (Dkt. 207 at

17   12; Dkt. 254 at 14; *see also* Trial Tr. at 706:17-19 (articulating as a basis for Defendants' motion

18   that "Plaintiff admitted that TechShop 2.0 could be used in the negotiations and there's no

19   evidence that TechShop 2.0 was used thereafter.").)

20            _____

21   [6]   Plaintiff treats Defendants' oral articulation of the bases for their Rule 50(a) motion on June
     6 as a separate motion from the written brief Defendants filed on June 10 pursuant to the Court's
22   direction.  These are the same motion.  (*See* Trial Tr. at 705:24-706:3 ("THE COURT: So as far as
     the Rule 50 motion, what I generally find most efficient is for you to put it in writing if you want
23   to just state the bases generally on the record, you can do that, but then why don't we talk about a
     schedule for briefing it."); 708:23-24 (setting briefing for Monday, June 10).  And regardless,
24   Defendants articulated the same arguments on June 6, June 10, and July 23 (when the instant
     motion was filed).  Further, the Court made clear that it did not desire or require additional
25   elocution of the bases for the motion at the time it was made.  (*See* Trial Tr. at 706:4-5 ("[THE
     COURT: "You don't need detailed factual recounting, just the grounds"); 707:5-6 ("THE
26   COURT: So now you are going further than I wanted.");  *Motorola, Inc. v. Interdigital Tech.
     Corp.*, 930 F. Supp. 952, 961 (D. Del. 1996), *aff'd in part, rev'd in part on other grounds,* 121
27   F.3d 1461 (Fed. Cir. 1997) (holding Rule 50(b) renewed JMOL motion was fairly presented where
     "the Court made clear that it did not require or desire additional argument at the time the motion
28   was made").

1   With respect to "TheShop.build," both motions argue that Plaintiff presented no evidence

2   of a likelihood of confusion between Plaintiff's "TECHSHOP" mark and "TheShop.build."  (Dkt.

3   207 at 8-9; Dkt. 254 at 17-24; Trial Tr. at 707:14-16 ("Plaintiff has not shown a likelihood of

4   confusion under the Sleekcraft factors with respect to TheShop.build.").  And both motions argue

5   that Plaintiff consented to Defendants' use of "TheShop.build."  (Trial Tr. at 707:13-14 ("Plaintiff

6   did not prove the Defendants used TheShop.build without the consent of the Plaintiff."); Dkt. 254

7   at 16-17.)  Every argument raised in the instant motion was raised in Defendants' previous Rule

8   50(a) motion, which was more than sufficient to place Plaintiff on notice of the deficiencies in

9   their case before the case went to the jury.  *See, e.g.*, *Chartis Specialty Ins. Co. v. Aqua Scis.*

10  *Engineers, Inc.*, 2014 WL 2730442, at *8 (N.D. Cal. June 16, 2014) (granting renewed JMOL

11  motion); *see also Scottish Heritable Tr., PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 610 (5th

12  Cir. 1996) (holding that even failure to bring a pre-trial JMOL motion may not waive renewed

13  motion if the opposing party is "alerted to insufficiency before the case is submitted to the jury.").

14  **V.   PLAINTIFF HAS HAD EVERY OPPORTUNITY TO "CURE" THE DEFECTS IN ITS CASE; ANOTHER OPPORTUNITY WILL NOT CHANGE ANYTHING.**

15

16  Plaintiff argues that judgement as a matter of law is procedurally "barred" because "no

17  opportunity for cure was provided."  As an initial matter, Plaintiff is wrong on the facts; the Court

18  afforded Plaintiff every opportunity to cure the defects in its case.  *See Monsanto Co. v. Bayer*

19  *Bioscience N.V.*, 2005 WL 3050636, at *3 n.1 (E.D. Mo. 2005) (granting JMOL where "Plaintiff

20  has not presented any evidence or argument that the Court did not permit it to be 'fully heard' on

21  the issues related to Defendant's instant motion.").  Plaintiff was on notice of the defects in its case

22  no later than the filing of Defendants' written Rule 50(a) motion on June 10.[7]  (Dkt. 207.)  After

23  that date, the Court offered Plaintiff an opportunity for rebuttal, which Plaintiff declined.  (Trial

24  Tr. at 1027:5-8 ("[THE COURT:] The Plaintiff then has the opportunity for what is called a

25

26  _____

27  [7]  Plaintiff was actually on notice of the defects in its case much earlier.  Defendants stated, in their opening statement, that the evidence would show Plaintiff consented to Defendants' use of "TechShop 2.0" (Trial Tr. at 43:25-44:3), used "TechShop 2.0" itself without objection (Trial Tr. at 45:4-21), knew of Defendants' prompt name change to "TheShop.build" (Trial Tr. at 47:18-20), and did not object to the new name for nine months (Trial Tr. at 49:15-50:2).

28

1  rebuttal case. Mr. Pistorino, any rebuttal? MR. PISTORINO: No, Your Honor.")).  Plaintiff never

2  asked for an opportunity to cure and never moved to re-open evidence.  *See Clark v. Golden*

3  *Specialty, Inc.*, 2017 WL 108465, at *1 (W.D. Wash. Jan. 11, 2017), *appeal dismissed* 2017 WL

4  3444052 (9th Cir. May 31, 2017) (granting JMOL where "although defendants could have moved

5  to reopen the record to cure the evidentiary deficiency, they failed to do so.").  Nor did Plaintiff

6  ever identify the evidence that it would submit if given the opportunity.

7          Further, contrary to the assertion in Plaintiff's opposition papers, it is not "[b]lack letter

8  law" that a party opposing a motion for judgment as a matter of law must always receive an

9  opportunity to cure.  To the contrary, Rule 50 permits courts to make judgments as a matter of law

10  after a "party has been fully heard on an issue and there is no legally sufficient evidentiary basis

11  for a reasonable jury to find for that party on that issue."  *Reeves v. Sanderson Plumbing Prods.,*

12  *Inc.*, 530 U.S. 133, 149, (2000) (quoting Fed. R. Civ. P. 50); *Goos v. Shell Oil Co.*, 2010 WL

13  1526284, at *1 (N.D. Cal. 2010) (granting JMOL at close of Plaintiffs' case); *see also Monsanto*,

14  2005 WL 3050636, at *3 n.1 ("Normally, parties are expected to present all of their evidence in

15  their case in chief. … If this Court were to adopt Plaintiff's reasoning, it would follow that a

16  defendant would never be entitled to judgment as a matter of law at the close of a plaintiff's

17  presentation of its case-in-chief.").  The cases cited in Plaintiff's opposition brief all involved Rule

18  50(a) motions that the trial courts granted on grounds "wholly different" from the actual JMOL

19  motions.  *See Reed v. Lieurance*, 863 F.3d 1196, 1210 (9th Cir. 2017) (reversing judgment where

20  the trial court granted JMOL on entirely different grounds that "did not correspond with the

21  arguments in Defendants' oral motion" by reading from a prepared statement minutes after

22  Defendants made their motion.); *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 927 (9th Cir.

23  2007) (reversing judgment where the trial court granted JMOL on "three legal bases not raised in

24  Defendants' motion and not otherwise previewed to Plaintiffs"); *Waters v. Young*, 100 F.3d 1437,

25  1440-42 (9th Cir. 1996) (reversing judgment where trial court granted JMOL against pro se litigant

26  without explaining the bases, and despite the existence of evidence that "might have enabled him

27  to overcome at least some of the purported deficiencies").  That is not this case here, where

28  Defendants clearly stated the grounds for granting judgment as a matter of law in their moving

papers, and, as discussed above, put Plaintiff on notice of the grounds for this motion by filing a prior Rule 50(a) motion on the same grounds.  There is no procedural bar to granting judgment as a matter of law for Defendants.

### CONCLUSION

Defendants request that the Court grant their motion for judgment as a matter of law and enter judgment dismissing the First Amended Complaint with prejudice as set forth above.

DATED:  September 3, 2019

By */s/ Andrea Pallios Roberts*
Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone:     (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

*Attorneys for Defendants and Counterclaimants*