James C. Pistorino (SBN 226496)
 james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS A. KAELIN, as trustee for the estate of TECHSHOP, INC., <br><br>    Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al. <br><br>    Defendants. | Case Number: **4:18-cv-01044-HSG-JCS** <br><br> **TECHSHOP'S REPLY RE: MOTION FOR ENTRY OF A PERMANENT INJUNCTION** <br><br> Hearing Date: November 7, 2019, 2:00pm <br> Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Doris A. Kalein, as trustee for the estate of TechShop, Inc. (hereinafter, "TechShop"), after a jury trial with a verdict in its favor, files this reply in support of its motion for entry of a permanent injunction barring Defendants from further infringement of the TechShop's trademarks.

## I. DISCUSSION

In its opening papers, TechShop demonstrated that each of the four requirements for entry of a permanent injunction were present.

**Irreparable Injury**

Here, citing the evidence entered at trial, TechShop noted that it had expended considerable time effort and money in developing goodwill and its reputation as the pre-eminent makerspace in the United States (indeed, internationally) offering high quality classes at multiple locations. Defendants inferior offerings damaged the goodwill and reputation of TechShop. Just

one aspect of that was through Mr. Rasure's abusive conduct in dealing with others. Further, of course, absent an injunction, TechShop would lose control of the marks and its reputation and that is an irreparable injury.

In Opposition, Defendants merely seek to denigrate TechShop and the marks. Opp. at 3-6. Defendants' repeated claim that TechShop offers "no evidence" or that what TechShop does offer is merely "conclusory" or "speculative" ignores the week's worth of testimony at trial. Here, Defendants offer nothing with regard to the loss of control over TechShop's reputation, etc.

Defendants' offer the illogical claim that the TechShop' marks were toxic but that they willfully infringed them and then switched to yet another infringing term in a manner designed to mimic TechShop's logo (further evidencing an effort to trade off TechShop's goodwill). Opp. at 4-5. Defendants' claim that Dr. Matolo testified that the marks were worth more after TechShop closed the doors of its locations than before (Opp. at 6) is simply untrue. Dr. Matolo never stated that. Indeed, Dr. Matolo testified that the closure would have reduced the value of the marks somewhat but that the marks still retained significant value thereafter as evidenced by Mr. Rasure's own offers to license the marks mere weeks before this suit was filed.

Defendants' claim that they ceased operations using the infringing marks sometime around August 20, 2019 (i.e., after the verdict of willful infringement, after the entry of judgment, and after TechShop filed a motion for permanent injunction), is both unpersuasive and goes nowhere on the inquiry on this element. TechShop's loss of control of its reputation and goodwill are irreparable injuries. Indeed, the damage to TechShop from the inability to control that would damage the Trustee's ongoing efforts to liquidate the assets (including the marks) that is her duty as the Chapter 7 trustee is uncontradicted.

TechShop showed that it would be irreparably harmed absent an injunction.

**Remedies at Law Inadequate**

In Opposition, Defendants offer that remedies at law are adequate because they value the TechShop' marks at zero. Opp. at 7. Of course, that contradicts Mr. Rasure's offers to license

the marks mere weeks before suit was filed. Again, at trial, TechShop offered multiple witnesses that testified about TechShop's investment in developing its reputation and goodwill over more than a decade (Newton, Woods, Busch, Spurlock). Here, through at least the filing of the opening papers on this motion, Defendants continued to infringe and no remedy at law is adequate to address the injury to TechShop's reputation and goodwill from that continued infringement.

**Balance of Hardships**

As TechShop noted in its opening papers, in the absence of an injunction, TechShop would lose the ability to control its reputation and goodwill. Further, as the Chapter 7 trustee, Ms. Kaelin's duty it to dispose of the assets of TechShop (including the marks) to satisfy the creditors. Absent an injunction, the marks would be rendered worthless because they are not enforced. Mot. at 4. In Opposition, Defendants offer that there is no evidence of this hardship, or Ms. Kaelin's role, etc. Opp. at 8-9. Respectfully, the evidence of Ms. Kaelin's role is in the caption itself and her duties as the Chapter 7 trustee are those imposed by law. Thus, TechShop showed that it would suffer a hardship if no injunction were entered.

With regard to Defendants alleged hardship, Defendants contend that Mr. Rasure's reputation would be harmed if he was enjoined from further infringing the TechShop' marks. Opp. at 9-10. As TechShop noted in its opening papers, there is no harm to Defendants when an injunction merely requires Defendants to comply with the law. Mot. at 2, 4. Thus, there is zero harm to Defendants.

Balancing the harm to TechShop and the absence of harm to Defendants, the balance of hardships weighs in TechShop's favor and an injunction should issue.

**Public Interest**

As TechShop noted in its opening papers, the public interest is served by avoiding confusion. Conversely, the public interest is injured by inadequate judicial response to trademark infringement. Mot. at 3. In the present case, the jurors already found that both of

Defendants' uses were likely to cause confusion, evidence of actual confusion was introduced at trial, and the jurors also found that Defendants' infringement was willful.

In Opposition, Defendants first misapprehend the nature of the public interest inquiry. Opp. at 10-12. The "public interest" inquiry is whether the public interest would be disserved by an injunction, not whether Mr. Rasure feels that his willful infringement was "innocent."

Defendants' repeated claim that their infringement was "innocent" is directly contradicted the jury's willfulness finding. There was nothing innocent about Defendants misappropriation of TechShop's trademarks, continued infringement after notice on February 14, 2018, continued infringement after the suit was filed, use of "TheShop.build" in a logo form designed to mimic TechShop's logo, and use the "TheShop.build" even as people told Mr. Rasure that that name was still too close to TechShop. Likewise, Defendants' claim that they "immediately" ceased infringement of "TechShop 2.0" was contradicted by Mr. Rasure's own testimony at trial. See Dkt. #261 at 3 (*citing* Rasure' testimony).

There is no evidence to suggest that the public interest would be disserved by an injunction. Indeed, the public interest in avoiding confusion and in a judicial response to trademark infringement would be disserved if an injunction barring further infringement were not entered.

## II.   CONCLUSION

For the reasons set forth above, a permanent injunction barring further infringement should be entered.

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff