UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSHOP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DAN RASURE, et al.,<br><br>    Defendants. | Case No. 18-cv-01044-HSG<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 127, 129, 173 |

Defendants filed administrative motions to file documents under seal in connection with their motions in limine and responses to Plaintiff's motions in limine. Dkt. Nos. 127, 129, 173. For the reasons articulated below, the Court **DENIES** the motions.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.
3  Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because motions in limine are nondispositive motions, the Court will apply the lower good cause standard. Here, Defendants seek to file under seal: (1) portions of their Motion in Limine No. 1; (2) Exhibit 1 to the Declaration of Andrea Pallios Roberts in Support of Motion in Limine No. 1; (3) portions of their Motion in Limine No. 2; and (4) Exhibits 1, 3–15 to the Declaration of Ann McFarland Draper in Support of Defendants' Response to Plaintiff's Motion in Limine No. 2. *See* Dkt. Nos. 127, 129, 173.

The only proffered justification for sealing is that the information was designated as "confidential" or "highly confidential" by Plaintiff. *See* Dkt. No. 127-1 at ¶ 4, Dkt. No. 129-1 at ¶ 4, Dkt. No. 173-1 at ¶ 4. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is

2

considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)).  Thus, Defendants' motions do not comply with Civil Local Rule 79-5(d)(1)(A).  In addition, as the designating party for the materials, Plaintiff did not comply with Civil Local Rule 79-5(e)(1), because it did not file a declaration within four days of Defendants' motions.  *See* Civ. L.R. 79-5(e)(1).

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendants' administrative motions to file under seal. Dkt. No. 127, 129, 173.  The Court **DIRECTS** Defendants to file public versions of all documents for which the proposed sealing has been denied within seven days of this order.  Defendants may also file new motions to seal within seven days of this order according to the requirements discussed above.

**IT IS SO ORDERED.**

Dated: 3/10/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge