Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al., <br><br> Defendants. <br><br><br> AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS) <br><br> **DEFENDANTS' AND COUNTERCLAIMANTS' MOTION IN LIMINE NO. 1** <br><br> **RE: PLAINTIFF'S NEW CLAIM THAT "THE SHOP.BUILD" INFRINGES PLAINTIFF'S "TECHSHOP" SERVICE MARKS, FIRST DISCLOSED AFTER FACT DISCOVERY CLOSED** <br><br> Pre-Trial Conference: April 30, 2019 3:00 p.m. <br> Trial: June 3, 2019, 8:30 a.m. <br> Judge:  Hon. Haywood S. Gilliam, Jr. |

## PRELIMINARY STATEMENT

Defendants and Counterclaimants ("Defendants") move to exclude Plaintiff from introducing any evidence, argument, or testimony that Defendants' new name "TheShop.Build"[1] and logo infringes Plaintiff's "TECHSHOP" service marks (the "Marks"). Since February 17, 2018, Plaintiff knew Defendants changed their name from "TechShop 2.0" to "TheShop.Build." For over nine months, Plaintiff litigated this case on the premise that Defendants' infringement was based on use of "TechShop 2.0" and variations thereof. Plaintiff did not disclose that it contends "The Shop.Build" infringes the Marks until after fact discovery ended. Defendants never had the chance to take discovery on this new theory of liability. Plaintiff's failure to disclose this information before the close of fact discovery is neither substantially justified nor harmless. Plaintiff should be precluded from presenting this theory at trial.

## BACKGROUND

After months of negotiations regarding Defendant Dan Rasure's attempt to acquire the defunct Plaintiff, during which both Mr. Rasure and Plaintiff referred to Mr. Rasure's company as "TechShop 2.0" (*See e.g.,* Dkt. 124-12, 124-13), on February 16, 2018, Plaintiff filed a trademark infringement suit against Defendants. (Dkt. 1.) Plaintiff alleged that Defendants' use of the name "TechShop 2.0" was an unauthorized use of the Marks. (Dkt. 1, *passim*.) The Complaint references Mr. Rasure incorporating TechShop 2.0 LLC and TechShop 2.0 San Francisco LLC, registering the domain name www.techshop2.com, forming the Facebook group "TechShop 2.0", and announcing the opening of a maker space called "TechShop 2.0" in Plaintiff's abandoned San Francisco location. (*Id.*, ¶¶ 22-26.) Plaintiff pled that Defendants' "use of the name TechShop 2.0 resulted in numerous instances of actual confusion." (*Id.*, ¶ 27.) Incorporating those allegations, Plaintiff pled that Defendants were using "confusingly similar variations" of the Marks. (*Id.*, ¶¶ 31, 35, 39.) The Complaint did not reference TheShop.Build.

On February 17, the very next day, Plaintiff's CEO Dan Woods learned that Defendants

---

[1] Defendants' business name is also referred to as "The Shop dot Build." References to "TheShop.Build" herein should be understood to refer to both variations.

changed the name of their business from TechShop 2.0 to TheShop.Build.  (Ex. 1.)  On June 1, 2018, over three months after the filing of the Complaint and Defendants' name change, the parties filed a Joint Case Management Statement.  (Dkt. 31.)  Plaintiff noted the name change, but gave no notice that it contended that TheShop.Build infringed the Marks.  Rather, Plaintiff's statement affirmatively suggested that it was not pursuing a claim based on TheShop.Build:

> After the suit was filed, Mr. Rasure and the TechShop 2.0 entities [Defendants] continued to use the TechShop 2.0 name *before switching to other names*. Currently, Mr. Rasure and the Techshop entities are operating the former TechShop facility at 926 Howard St using the name "theShop.Build."

(*Id.*, p. 5) (emphasis added).

On June 15, 2018, Plaintiff served its Initial Disclosures.  (Ex. 2.)  Plaintiff listed five individuals likely to have discoverable information about "infringement," but gave no specifics about the alleged infringement.  No mention was made of Defendants' new name, TheShop.Build.

On June 26, 2018, Plaintiff served its First Set of Requests for Production (Nos. 1-13). (Ex. 3.)  Plaintiff specifically requested documents relating to TechShop 2.0 LLC, TechShop 2.0, TechShop 2.0 San Francisco LLC and images using "2.0".  (*Id.*, Definition C, and Requests 2, 12.) TheShop.Build was never mentioned anywhere in the Requests.[2]

On August 13, 2018, six months after the filing of the Complaint and Defendants' name change, Plaintiff filed a First Amended Complaint to name the bankruptcy trustee as plaintiff. (Dkt. 45.)  Plaintiff repeated its allegations from the original Complaint *verbatim* regarding Defendants' incorporation of TechShop 2.0, LLC and TechShop 2.0 San Francisco LLC, registering the domain www.techshop2.com, creating the TechShop 2.0 Facebook group, and announcing the opening of TechShop 2.0.  (*Id.*, ¶¶ 26-30.)  And, Plaintiff again pled that Defendants' "use of the name TechShop 2.0 resulted in numerous instances of actual confusion." (*Id.*, ¶ 31.)  And again, incorporating these allegations, Plaintiff pled that Defendants were using "confusingly similar variations" of the Marks.  (*Id.*, ¶¶ 35, 39, 43.)  Like the original Complaint, the First Amended Complaint did not identify TheShop.Build as one of those variations.

---

[2] Plaintiff served only one set of document requests, and did not serve any interrogatories or requests for admission.

CASE NO. 4:18-CV-01044-HSG (JSC)
DEFENDANTS' AND COUNTERCLAIMANTS' MOTION IN LIMINE NO. 1
RE: NEW CLAIM "THESHOP.BUILD" IS AN INFRINGEMENT

08876-00001/10797243.1

1    On October 31, 2018, over eight months after the filing of the Complaint and Defendants'

2   name change, Plaintiff served its Supplemental Initial Disclosures. (Ex. 4.) While Plaintiff

3   identified "infringement and "adoption of the TechShop 2.0 name" as subjects of information for

4   various witnesses, Plaintiff did not mention the new name TheShop.Build.

5    Similarly, on November 2, 2018, the last day of fact discovery (Dkt. 37), Plaintiff served

6   responses to Defendants' interrogatories and did not mention TheShop.Build. Interrogatory No. 1

7   asked for Plaintiff to describe the factual basis for each asserted claim. (Ex. 5, p. 2.) TechShop

8   did not provide a substantive response, and did not articulate any claim based on the name

9   TheShop.Build, merely pointing Defendants to broad swaths of other discovery. (*Id.*, p. 3.)

10   Interrogatory No. 2 asked Plaintiff to identify each "confusingly similar variation" referred to in

11   the First Amended Complaint. (*Id.*, p. 3.) Plaintiff's response identified TechShop 2.0,

12   techshop2.com, and the TechShop 2.0 Facebook group. (*Id.*, p. 4.) Plaintiff stated "[t]he name

13   TechShop 2.0 wrongly suggests that there was/is some affiliation, approval, or sponsorship

14   between TechShop and Defendants resulting in confusion." (*Id.*) Plaintiff's November 2 response

15   to Interrogatory No. 2 did not identify TheShop.Build. *(Id.)* From the filing of the Complaint

16   through fact discovery, Plaintiff's case was about TechShop 2.0 and variations thereof.

17    On November 19, 2018, Plaintiff served its opening expert report on damages from Dr.

18   Eric Matolo. (Dkt. 123-3, p. 11.) The report states that Dr. Matolo was not asked for an opinion

19   on infringement (*id.*, p. 2), and in the section of his report setting forth his "Opinion/Analyses," he

20   does not offer an opinion on infringement. (*Id.*, p. 6-11.) In the "Background" section, however,

21   he mentions that Defendants changed the name from TechShop 2.0 to TheShop.Build and, in

22   doing so, "adopted a name/look that mimicked the TechShop mark and logo." (*Id.*, p. 6.)

23    Then, on November 23, 2018, three weeks after the close of fact discovery, and after a

24   Court Order to supplement its response to Interrogatory No. 2 (Dkt. 97, p. 2), Plaintiff served a

25   supplemental interrogatory response that stated for the first time a new theory of infringement that

26   TheShop.Build infringes the TECHSHOP service marks. (Ex. 6, p. 5.)[3]

27   _____

28    [3] Plaintiff's November 23, 2018 response to Interrogatory No. 2 also alleged that variations
of TheShop.Build infringed. (*Id.*)

## ARGUMENT

Plaintiff should be precluded from introducing any testimony, evidence, or argument that TheShop.Build, or variations thereof, infringe the TECHSHOP service marks because this theory was not disclosed before the close of fact discovery. Federal Rule of Civil Procedure 37 empowers the Court to address failures to comply with the discovery requirements of Rule 26:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1)'s automatic exclusion requirement was instituted to ensure that parties comply with these requirements and to prevent the very conduct at issue here, i.e. late disclosure of facts, information, or theories. Advisory Comm. Note (1993) ("Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)"); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."); *Patent Category Corp. v. Target Corp.*, 2008 WL 11336468, *8 (C.D. Cal. July 17, 2008) (holding plaintiff could not present willfulness theory that was not disclosed in interrogatory responses); *Accentra Inc. v. Staples, Inc.*, 2010 WL 8450890, at *6 (C.D. Cal. Sept. 22, 2010) (excluding new infringement theories offered on the eve of trial that "were never pled in Accentra's complaint, never provided in five iterations of Accentra's infringement contentions, and not pursued during discovery").

Courts consider four factors to decide a motion to exclude a theory for failure to disclose it under Rule 37: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). All four factors weigh in favor of exclusion. **First,** Defendants were surprised by Plaintiff's late-disclosed theory and will be severely prejudiced if Plaintiff is permitted to pursue it. Plaintiff was aware of Defendants' name change on February

-4-

17, 2018.  Yet, despite repeated opportunities to do so, Plaintiff did not disclose a theory based on TheShop.Build.  In particular, Plaintiff did not mention TheShop.Build in its August 13, 2018 First Amended Complaint or in its November 2, 2018 response to Interrogatory No. 2.  Plaintiff thus deprived Defendants of the ability to conduct discovery on this theory.  *Accentra*, 2010 WL 8450890, at *6; *Goold v. Hilton Worldwide*, 2014 WL 4968268, *2 (E.D. Cal. Sept. 29, 2014) (plaintiff prejudiced by inability to conduct a deposition when information was disclosed two days before the close of discovery); *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 499 (9th Cir. 2009) (finding harmful a disclosure made four days before the close of discovery).

*Second*, discovery is now closed and trial is just eight weeks away.  There is no means to cure the prejudice to Defendants under the current case schedule.  Continuing the trial date will only further prejudice Defendants because their business has suffered as a result of the black cloud created by this litigation.

*Third*, introducing a new theory that has not been explored through discovery could only serve to disrupt the trial and waste time.  In contrast, precluding Plaintiff's new theory will not disrupt trial; it will simply limit Plaintiff to the case it pled and pursued for the entirety of discovery—one based on Defendants' use of TechShop 2.0.

*Fourth,* preclusion of the TheShop.Build theory will not "amount to dismissal of a claim," and so the Court need not consider Plaintiff's bad faith or willfulness.  *R & R Sails, Inc. v. Insurance Co. of Pennsylvania,* 673 F.3d 1240, 1247 (9th Cir. 2012).  But in any event, that Plaintiff did not disclose this theory earlier suggests that it either did not believe this new name infringed, or hid this theory of liability from Defendants throughout discovery in bad faith.

## CONCLUSION

For the foregoing reasons, and pursuant to Rule 37(c)(1), the Court should preclude Plaintiff from (1) asserting any claim at trial that TheShop.Build, or variations of TheShop.Build, infringe Plaintiff's TECHSHOP service marks, and (2) introducing any evidence, argument, or testimony during the trial that TheShop.Build, or variations of TheShop.Build, infringe the TECHSHOP service marks.

1  DATED:  April 9, 2019

2                                                      By      /s/ Andrea Pallios Roberts

3                                                          Ann McFarland Draper (Bar No. 065669)
                                                           courts@draperlaw.net
4                                                          Draper Law Offices
                                                           75 Broadway, Suite 202
5                                                          San Francisco, California 94111
                                                           Telephone: (415) 989-5620

6
                                                           QUINN EMANUEL URQUHART &
7                                                          SULLIVAN, LLP
                                                           Kevin P.B. Johnson (Bar No. 177129)
8                                                          kevinjohnson@quinnemanuel.com
                                                           Andrea Pallios Roberts (Bar No. 228128)
9                                                          andreaproberts@quinnemanuel.com
                                                           555 Twin Dolphin Drive, 5th Floor
10                                                         Redwood Shores, California 94065-2139
                                                           Telephone:    (650) 801-5000
11                                                         Facsimile:    (650) 801-5100

12                                                         Ed DeFranco (Bar No. 165596)
                                                           eddefranco@quinnemanuel.com
13                                                         51 Madison Avenue, 22nd Floor
                                                           New York, NY 10010
14                                                         Telephone:    (212) 849-7000
                                                           Facsimile:    (212) 849-7100

15
                                                           John E. Nathan (Pro Hac Vice)
16                                                         jnathan155@yahoo.com
                                                           John E. Nathan LLC
17                                                         1175 Park Avenue
                                                           New York, NY 10128
18                                                         Telephone:    (917) 960-1667

19                                                         Attorneys for Defendants and Counterclaimants

20

21

22                              **CERTIFICATE OF CONFERENCE**

23          On April 9, 2019, counsel for Defendants (Andrea Pallios Roberts) and counsel for

24  Plaintiff (James Pistorino) met and conferred telephonically regarding the subject matter of this

25  motion.  The parties were not able to reach a resolution.

26

27                                                     /s/ Andrea Pallios Roberts
                                                           Andrea Pallios Roberts
28