Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

John E. Nathan (*Pro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:     (917) 960-1667

Attorneys for Defendants and Counterclaimants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TECHSHOP, INC., a California corporation, DORIS A. KAELIN, in her capacity as Chapter 7 trustee for TECHSHOP, INC., <br><br>Plaintiff, <br><br> vs. <br><br> DAN RASURE, et al., <br><br>Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 4:18-CV-01044-HSG (JCS) <br><br> **DEFENDANTS' AND COUNTERCLAIMANTS' MOTION IN LIMINE NO. 2** <br><br> **RE: EXCLUDING PLAINTIFF FROM SEEKING DOUBLE RECOVERY** <br><br> Pre-Trial Conference: April 30, 2019 3:00 p.m. <br> Trial: June 3, 2019, 8:30 a.m. <br> Judge: Hon. Haywood S. Gilliam, Jr. |

# PRELIMINARY STATEMENT

Defendants and Counterclaimants ("Defendants") respectfully request the Court to preclude any request from Plaintiff for double recovery of lost licensing revenue and Defendants' profits for the alleged infringement of Plaintiff's TECHSHOP service marks ("Marks"). .

# BACKGROUND

The Plaintiff is a failed business that used to operate "maker spaces," to which consumers could purchase memberships, receive trainings, and use tools and equipment. On November 15, 2017, Plaintiff shut down all of its U.S. locations and ceased operations, without any prior notice to any of its customers or even its employees. (Dkt. 124-3.) Plaintiff did not intend to resume operations; to the contrary, it filed for a Chapter 7 bankruptcy on February 26, 2018. (Dkt. 124-6.) In the interim period between its total shutdown and bankruptcy, Plaintiff and Defendant Dan Rasure negotiated a potential acquisition of Plaintiff's maker space business. (Dkt. 124-4; Dkt. 124-5, Dkt. 124-15.) During the negotiations, and with Plaintiff's authorization, consent, and acquiescence, both Plaintiff and Defendants referred to Defendants' prospective business as "TechShop 2.0." (*Id.*) After inducing Mr. Rasure to make payments for various wind-down costs of Plaintiff's business, Plaintiff did not uphold its part of the deal, and instead sued Defendants, claiming that Defendants infringed the Marks. (Dkt. 1, 42, 45.) Defendants deny Plaintiff's claims and assert claims of cancellation of the U.S. registrations for the Marks based on abandonment, and of fraud. (Dkt. 42, 50.)

In its First Amended Complaint, Plaintiff asked for, *inter alia*, the following relief: "That Defendants be required to account to Plaintiffs for all profits realized by Defendants from Defendants' unauthorized use of Plaintiff's TECHSHOP® Marks and for all damages sustained by Plaintiff on account of the infringement." (Dkt. 45, p. 9). Similarly, Plaintiff's damages expert, Dr. Matolo, reached the following conclusion: "Plaintiff's damages in the form of lost licensing revenue amount to $1-$1.48 million, and damages in the form of Defendants' profits amount to $1.1 million."[1] (Dkt. 124-2, p. 11.) For lost licensing revenue, Dr. Matolo computed the value of

---

[1] Defendants separately seek to exclude Dr. Matolo's opinions under *Daubert*. (Dkt. 124.)

a hypothetical license for Defendants' use based on foreign license agreements Plaintiff had made several years earlier, when it was operational, which gave the foreign companies rights to use Plaintiff's trademarks, among many other terms such as use of Plaintiff's software, instructional materials, store design and business methods, together with services and assistance in setting up and operating foreign maker space locations.  (*Id.*, p. 4-9.)  For Defendants' profits, Dr. Matolo tabulated all of Defendants' revenues from February through September 2018, which predominantly include projected revenues earned after Defendants changed their business name from TechShop 2.0 to TheShop.Build.  (*Id.*, p. 11.)[2]

## ARGUMENT

### I.  THE COURT SHOULD PRECLUDE PLAINTIFF FROM SEEKING A DOUBLE RECOVERY.

The Court should preclude Plaintiff from seeking at trial both lost licensing revenue (i.e. Plaintiff's lost profits) and Defendants' profits as damages for Defendants' alleged infringement. Permitting Plaintiff to recover both (to the extent Plaintiff proves infringement) would amount to double recovery.  "The recovery of both plaintiff's lost profits *and* disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 841, 847 (9th Cir. 2014) (citations omitted, emphasis in original) (granting a new trial on damages in part due to the jury's "apparent duplicative awards" where the jury awarded "both [defendant's] profits earned from infringing [plaintiff's] trademarks and [plaintiff's] profits lost due to [defendant's] infringing activity"); *see also TriPharma, LLC v. First Fruits Bus. Ministry,* No. SACV-12-404 JVS (ANx), 2013 WL 12129386, at *4 (C.D. Cal. Apr. 2, 2013) ("Notwithstanding the statutory language that appears to allow both 'defendant's profits' and plaintiff's actual 'damages' to be recovered, it is clear that both may not be recovered in the same action."); McCarthy on Trademarks and Unfair Competition § 30:73 (5th ed.) ("[D]amages and profits cannot be awarded simultaneously if it

---

[2]  Defendants are separately moving *in limine* to preclude any testimony, evidence, or argument on Plaintiff's new theory that "TheShop.Build," or variations thereof, is infringing.  (*See* Defendants' MIL No. 1.)

would result in over-compensation."); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, No. 14-CV-585 (AJN), 2018 WL 4253181, at *16 (S.D.N.Y. Sept. 5, 2018) ("While the Lanham Act uses the word 'and' in between 'defendant's profits' and 'damages sustained by the plaintiff,' suggesting that a prevailing plaintiff may recover both its damages and defendant's profits, it is also well-settled that both should *not* be awarded simultaneously if it would result in over-compensation.") (emphasis in original).

For example, in *Stonefire Grill, Inc. v. FGF Brands, Inc.,* the Court found that "[w]hile Plaintiff's pleadings list multiple theories of recovery available under the Lanham Act, Plaintiff could not be entitled to an award of all these damages.  For example, while Plaintiff requests that the Court award both actual and compensatory damages and disgorgement of Defendant's profits in its Complaint and FAC, under *Nintendo*, Plaintiff cannot seek both an award of its lost profits and disgorgement of Defendant's profits."  No. CV 11-8292-JGB (PJWX), 2013 WL 12126773, at *4 (C.D. Cal. June 27, 2013) (citing *Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1010 (9th Cir. 1994)).

Likewise, in *Choice Hotels Int'l, Inc. v. Patel*, the plaintiff "contend[ed] that it is entitled to recover pursuant to the Lanham Act all estimated revenue generated by Defendants during the nine months of infringing activity … , and the monthly royalty fees Choice Hotels would have received from Defendants had Defendants remained franchisees during the infringing period."  No. 12-CV-3042-WQH-WMC, 2013 WL 12114787, at *3 (S.D. Cal. June 11, 2013).  However, the Court, citing the double recovery prohibition, found "that the appropriate measure of damages is the amount of royalties [plaintiff] would have received." *Id.*

Similarly, here, Plaintiff is not entitled to an award for both its lost profits and Defendants' revenues.  The Court should require Plaintiff to choose one theory of damages and proceed in trial with that theory to avoid over-compensation.  *See also Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012) ("[T]he Court will not award both Plaintiff's lost profits and Defendants' profits."); *Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 264 (E.D.N.Y. 2008) (refusing to award plaintiff defendant's profits from infringing sales in addition to plaintiff's lost profits as "an impermissible double recovery").

## II. PLAINTIFF SHOULD NOT BE PERMITTED TO PRESENT TWO DAMAGES THEORIES UNDER RULE 403.

The Court should require Plaintiff to choose a theory of recovery to try to the jury at the outset, rather than presenting alternative theories. As set forth above, there is ample authority precluding a plaintiff from recovering both the plaintiff's damages and the defendant's profits. As a result, the probative value of presenting multiple damages theories is greatly outweighed by the danger of confusing the issues and misleading the jury, as well as undue delay and wasting time. Fed. R. Evid. 403. If the jury hears testimony regarding two different damages theories, the jury may get confused, or be misled, into thinking that Plaintiff may be entitled to damages under both theories—it is not. Indeed, Dr. Matolo's report itself is confusing in that it does not clearly state that it is his opinion that Plaintiff is entitled to recover both lost licensing revenue and Defendants' profits. Further, permitting Plaintiff to present two damages theories, when it can only recover (at most) one, will cause undue delay and waste time. Accordingly, Plaintiff should be precluded from presenting both damages theories at trial under Rule 403.

## CONCLUSION

For these reasons, the Court should issue an order precluding Plaintiff from seeking at trial damages based on both lost licensing revenue and Defendants' profits. No later than May 7, 2019, Plaintiff should be required to select a damages theory to present to the jury before trial.

DATED: April 9, 2019

By    */s/ Andrea Pallios Roberts*

Ann McFarland Draper (Bar No. 065669)
courts@draperlaw.net
Draper Law Offices
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 989-5620

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrea Pallios Roberts (Bar No. 228128)
andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Ed DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

John E. Nathan (P*ro Hac Vice*)
jnathan155@yahoo.com
John E. Nathan LLC
1175 Park Avenue
New York, NY 10128
Telephone:   (917) 960-1667

Attorneys for Defendants and Counterclaimants

## CERTIFICATE OF CONFERENCE

On April 9, 2019, counsel for Defendants (Andrea Pallios Roberts) and counsel for Plaintiff (James Pistorino) met and conferred telephonically regarding the subject matter of this motion. The parties were not able to reach a resolution.

*/s/ Andrea Pallios Roberts*
Andrea Pallios Roberts